UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                            :
**INDUSTRIA DE ALIMENTOS**                  :
**ZENU S.A.S.**,                            :     **Civil Action No. 16-6576 (KM)**
                                            :
      **Plaintiff,**         :
                                            :
    v.                          :     **ORDER**
                                            :
**LATINFOOD U.S. CORP. d/b/a**              :
**ZENU PRODS. CO., et al.**                 :
                                            :
      **Defendants.**        :
_____:

    This matter having come before the Court on the application of Sarah Levitan, Esq. ["the applicant"] of the law firm Reed Smith LLP, attorneys for Plaintiff Industria de Alimentos Zenu S.A.S., for the pro hac vice admission of Peter D. Raymond, Esq. ["counsel"], pursuant to L. Civ. R. 101.1;

    and the Court having considered the submissions in support of the application [D.E. 8], which reflect that counsel satisfy the requirements set forth in L. Civ. R. 101.1(c)(1);

    and there being no objection to this motion, and for good cause shown,

    **IT IS ON THIS 2nd day of November, 2016,**

    **ORDERED** that the application for the pro hac vice admission of counsel [D.E. 8] is **GRANTED**; and it is further

    **ORDERED** that counsel shall abide by all rules of this Court, including all disciplinary rules, and shall notify the Court immediately of any matter affecting any counsel's standing at the bar of any court; and it is further

    **ORDERED** that counsel are deemed to consent to the appointment of the Clerk of the

Court as the agent upon whom service of process may be made for all actions against counsel that may arise from counsels' participation in this matter; and it is further

**ORDERED** that the applicant shall (a) be attorney of record in this case in accordance with L. Civ. R. 101.1(c); (b) be served all papers in this action and such service shall be deemed sufficient service upon counsel; (c) sign (or arrange for a member of the firm admitted to practice in New Jersey to sign) all pleadings, briefs, and other papers submitted to this Court; (d) appear at all proceedings; and (e) be responsible for the conduct of the cause and counsel in this matter; and it is further

**ORDERED** that counsel shall make payments to the New Jersey Lawyer's Fund for Client Protection, pursuant to N.J. Court Rule 1:28-2, for each year in which counsel represent the client in this matter; and it is further

**ORDERED** that counsel shall each pay $150.00 to the Clerk of the United States District Court for the District of New Jersey for admission pro hac vice in accordance with L. Civ. R. 101.1(c)(3); and it is further

**ORDERED** that all terms of the Orders entered in this case, including all deadlines set forth therein, shall remain in full force and effect and no delay in discovery, motions, trial or any other proceeding shall occur because of the participation of counsel or their inability to be in attendance at proceedings.

                                                  s/Michael A. Hammer
                                                  **UNITED STATES MAGISTRATE JUDGE**