**REED SMITH LLP**
*Formed in the State of Delaware*
Peter D. Raymond, Esq. (admitted *pro hac*)
Sarah Levitan, Esq.
599 Lexington Avenue
New York, New York 10022
Tel: (212) 521-5400

Tracy Zurzolo Quinn, Esq.
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, New Jersey 08540
Tel: (609) 987-0050

*Attorneys for*
*Industria de Alimentos Zenú S.A.S.*
*and Cordialsa USA, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| INDUSTRIA DE ALIMENTOS ZENÚ S.A.S.<br><br>　　　　Plaintiff/Counter Defendant,<br><br>　v.<br><br>LATINFOOD U.S. CORP. d/b/a ZENÚ PRODUCTS CO. and WILSON ZULUAGA,<br><br>　　　　Defendants/Counter Claimants/<br>　　　　Third Party Plaintiffs,<br><br>　v.<br><br>CORDIALSA USA, INC.<br><br>　　　　Third Party Defendant. | **Civil Action No. 2:16-cv-06576-KM-MAH**<br><br><br>**ANSWER TO THIRD**<br>**AMENDED COUNTERCLAIM** |

Counter Defendant Industria de Alimentos Zenú S.A.S. ("Industria") and Third Party Defendant Cordialsa USA, Inc. ("Cordialsa," and with Industria, "Counter Defendants"), through their counsel, Reed Smith LLP, for their answer to the third amended counterclaim ("Counterclaim," ECF No. 89) of defendant Latinfood U.S. Corp. d/b/a Zenú Products Co. ("Latinfood")[1], state as follows:

## AS TO THE PARTIES

1. Counter Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Counterclaim, except admit that Latinfood U.S. Corp. d/b/a Zenú Products Co. is a registered New York corporation.

2. Counter Defendants admit the allegations contained in Paragraph 2 of the Counterclaim.

3. Counter Defendants admit the allegations contained in Paragraph 3 of the Counterclaim.

4. Counter Defendants admit the allegations contained in Paragraph 4 of the Counterclaim.

## AS TO JURISDICTION AND VENUE

5. Counter Defendants deny the allegations contained in Paragraph 5 of the Counterclaim, and respectfully refer all questions of law to the Court.

6. Counter Defendants deny the allegations contained in Paragraph 6 of the Counterclaim, and respectfully refer all questions of law to the Court.

---

[1] Defendants have stated that the Counterclaim is asserted by defendant Latinfood alone and is not asserted by defendant Wilson Zuluaga.

## AS TO FACTS COMMON TO ALL COUNTERCLAIMS

7. Counter Defendants deny the allegations contained in Paragraph 7 of the Counterclaim, except admit that Industria is a Colombian company.

8. Counter Defendants deny the allegations contained in Paragraph 8 of the Counterclaim.

9. Counter Defendants deny the allegations contained in Paragraph 9 of the Counterclaim, except admit that Industria filed three separate Section 44(e) filings bearing registration numbers 1,359,432; 1,404,280; and 1,733,331 that were each subsequently cancelled.

10. Counter Defendants deny the allegations contained in Paragraph 10 of the Counterclaim, except admit that Industria was assigned U.S. Reg. No. 2,848,103 that was originally filed under a Section 1(b) basis.

11. Counter Defendants deny the allegations contained in Paragraph 11 of the Counterclaim, except admit that Industria has two trademark applications pending with the U.S. Trademark Office bearing application serial numbers 86/459824 and 79/147515.

12. Counter Defendants deny the allegations contained in Paragraph 12 of the Counterclaim, except admit that Cordialsa is the marketing arm and distribution company for Grupo Nutresa and that Industria and Cordialsa are subsidiaries to Grupo Nutresa.

13. Counter Defendants deny the allegations contained in Paragraph 13 of the Counterclaim, except admit that Cordialsa has warehouses located in Houston, Texas and Los Angeles, California.

14. Counter Defendants admit the allegations contained in Paragraph 14 of the Counterclaim.

15. Counter Defendants deny the allegations contained in Paragraph 15 of the Counterclaim, except admit that Latinfood is a New York corporation and that Mr. Zuluaga is Latinfood's principal.

16. Counter Defendants deny the allegations contained in Paragraph 16 of the Counterclaim, except admit that on September 17, 2013, the United States Patent and Trademark Office issued a registration certificate for the ZENÚ mark (Reg. No. 4,402,942) in connection with "Bologna; Canned cooked meat; Canned fish; Chorizo; Hot dogs; Preserved meats and sausages; Processed meat; Sausages; Tuna fish" under International Class 29.

17. Counter Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Counterclaim, except deny that the ZENÚ mark identifies Latinfood as the exclusive source of products sold under the ZENÚ mark and signifies its goodwill of incalculable value.

18. Counter Defendants deny the allegations contained in Paragraph 18 of the Counterclaim.

19. Counter Defendants deny the allegations contained in Paragraph 19 of the Counterclaim, except admit that Mr. Zuluaga spoke with Mr. Yepes on or around July 15, 2015.

20. Counter Defendants deny the allegations contained in Paragraph 20 of the Counterclaim, except admit that Latinfood sent a cease and desist letter to Cordialsa on or around July 15, 2015 and that Cordialsa denied the allegations in the letter.

21. Counter Defendants deny the allegations contained in Paragraph 21 of the Counterclaim.

22. Counter Defendants deny the allegations contained in Paragraph 22 of the Counterclaim.

23. Counter Defendants deny the allegations contained in Paragraph 23 of the Counterclaim, and respectfully refer all questions of law to the Court.

### AS TO COUNTERCLAIM COUNT 1
### Tortious Interference with a Prospective Economic Advantage
### (Against all Counter Defendants)

24. Counter Defendants repeat and reallege each and every response to the allegations contained in paragraphs 1 through 23 of the Counterclaim as if fully set forth herein.

25. Counter Defendants deny the allegations contained in Paragraph 25 of the Counterclaim.

26. Counter Defendants deny the allegations contained in Paragraph 26 of the Counterclaim.

27. Counter Defendants deny the allegations contained in Paragraph 27 of the Counterclaim.

### AFFIRMATIVE DEFENSES
### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

1. The Counterclaim fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

2. Latinfood's claims against Counter Defendants are barred by the doctrines of waiver, estoppel and/or laches.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

3. Latinfood's claims against Counter Defendants are barred by the doctrine of unclean hands.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

4. Latinfood has not pled facts which demonstrate that it has suffered or is likely to suffer economic injury.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

5.   Counter Defendants reserve the right to assert additional affirmative defenses as may be revealed during discovery and as justice requires.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38(b) of the Federal Rules of Civil Procedure, Counter Defendants demand a trial by jury on all issues so triable.

**WHEREFORE**, Counter Defendants demand judgment dismissing the Counterclaim, together with costs and disbursements of this action, an award of attorney fees, and along with such other and further relief as to this Court may deem just and proper.

Dated:   New York, New York
         March 23, 2018

**REED SMITH LLP**

By:   *s/ Sarah Levitan*
      Peter D. Raymond, Esq. (admitted *pro hac*)
      Sarah Levitan, Esq.
      599 Lexington Avenue
      New York, New York 10022
      Tel: (212) 521-5400
      Fax: (212) 521-5450

      Tracy Zurzolo Quinn, Esq.
      Princeton Forrestal Village
      136 Main Street, Suite 250
      Princeton, NJ 08540
      Tel: (609) 987-0050
      Fax: (609) 951-0824

      *Attorneys for*
      *Industria de Alimentos Zenú S.A.S.*
      *and Cordialsa USA, Inc.*