

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

**Samuel Kadosh**
Direct Phone: +1 212 549 0451
Email: skadosh@reedsmith.com

February 4, 2019

**By ECF**

Hon. Michael A. Hammer, U.S.M.J.
United States District Court
for the District of New Jersey
50 Walnut Street
Newark, NJ 07102

**RE:** *Industria de Alimentos Zenú S.A.S. v. Latinfood U.S. Corp. d/b/a Zenú Prods. Co., et al.*,
<u>Civ. Action No. 2:16-cv-6576-KM-MAH</u>

Dear Judge Hammer:

      We represent plaintiff/counter defendant Industria de Alimentos Zenú S.A.S. and third party defendant Cordialsa USA, Inc. ("Industria") in the above-captioned action and write jointly with defendants, Latinfood U.S. Corp. d/b/a Zenú Products Co. and Wilson Zuluaga to update you on the status of the parties' discovery disputes.

      The parties met and conferred in person on December 13, 2018, and telephonically on numerous subsequent occasions. The parties were able to reach a resolution on all but one of their discovery issues: Defendants' responses to Plaintiffs' Second Set of Interrogatories. The parties set forth their positions on this issue below. Because this dispute involves a purely legal issue, the parties request that the Court rule on this issue without requiring an in-person appearance by the parties on February 7, 2019.[1]

## Plaintiffs' Position

      Industria's Second Set of Interrogatories seeks the factual basis for the various affirmative defenses asserted in Defendants' Answer. For example, Interrogatory 2 states: "Identify and describe the basis for Defendant's Second Affirmative Defense of Unclean Hands." Interrogatories 3 through 13 are the same, asking for the factual basis of each of Defendants' affirmative defenses. Defendants refused to answer each of these Interrogatories on the grounds that the information was protected by the work-product privilege.[2] Defendants maintained this position even after Industria clarified that it was only seeking the factual, and not legal basis for Defendant's affirmative defenses. Defendants' position is contrary to well-established case law holding that a party cannot withhold the factual basis of their pleadings by asserting a work-product privilege. *See e.g., Nobles v. Jacobs IMC (JIMC)*, 2002-cv-26,

---

[1] The parties are still in the process of producing documents pursuant to their agreements, and reserve the right to seek the Court's assistance if there are any deficiencies in the agreed-upon document productions once they are made.

[2] A copy of Defendants' Response to Industria's Second Set of Interrogatories is attached as <u>Exhibit A</u>.

ABU DHABI ♦ ATHENS ♦ AUSTIN ♦ BEIJING ♦ CENTURY CITY ♦ CHICAGO ♦ DUBAI ♦ FRANKFURT ♦ HONG KONG ♦ HOUSTON ♦ KAZAKHSTAN ♦ LONDON ♦ LOS ANGELES ♦ MIAMI ♦ MUNICH
NEW YORK ♦ PARIS ♦ PHILADELPHIA ♦ PITTSBURGH ♦ PRINCETON ♦ RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON



Michael A. Hammer, U.S.M.J.
February 4, 2019
Page 2

2003 WL 23198817 (D.V.I. July 7, 2003) (compelling response to interrogatory request seeking factual basis of affirmative defenses; "parties are entitled to know the factual basis of the claim, defenses, or denials of their opponents . . . [r]egarding affirmative defenses, Defendant must respond to interrogatories by stating all facts currently known to Defendant as requested by Plaintiff."); *Directory Dividends, Inc. v. SBC Commc'ns, Inc.*, No. CIV.A. 01-CV-1974, 2003 WL 23208804, at *3 (E.D. Pa. Dec. 31, 2003) (requiring plaintiff to answer contention interrogatories seeking the factual basis for its allegations, and rejecting work product privilege objection); *In re Auto. Refinishing Paint Antitrust Litig.*, No. MDL 1426, 2006 WL 1479819, at *7 (E.D. Pa. May 26, 2006) (same); *see also Auto Meter Prod., Inc. v. Maxima Techs. & Sys., LLC,* No. 05 C 4587, 2006 WL 3253636, at *2 (N.D. Ill. Nov. 6, 2006) ("When one party poses contention interrogatories after considerable discovery, and the opposing party refuses to answer the interrogatories, courts routinely compel the resisting party to answer the interrogatories . . . Contrary to Maxima's assertion, none of this information constitutes protected work product. Auto Meter is requesting the identification of facts, documents, individuals, statements, and products supporting Maxima's defenses and counterclaim, and not Maxima's legal theories or analyses."). Accordingly, Industria requests that the Court order Defendants to state the factual basis for their affirmative defenses in response to Interrogatories 2 through 13 of Industria's Second Set of Interrogatories. Alternatively, Industria requests that the Court preclude Defendants from introducing any facts at trial, or in opposition to a summary judgment motion, in support of their affirmative defenses.

**Defendants' Position**

We represent defendants Latinfood U.S. Corp. d/b/a Zenú Products, Co. ("Latinfood") and Wilson Zuluaga (collectively, "Defendants"). We now write pursuant to the December 14th Amended Order (DKT 131) instructing the parties to submit a joint letter to the Court in connection with the discovery issues raised by both parties.

On November 26, 2018, Defendants responded to Plaintiff's Interrogatories relating to Defendants' affirmative defenses.

On December 12, 2018, Industria's Counsel emailed Defendants' Counsel alleging "Plaintiff's Second Set of Interrogatories sought the 'factual basis' for the various affirmative defenses in Defendants' Answer. Defendants objected on the grounds that the information was protected by the work-product privilege, and refused to answer these interrogatories."

It is Defendants' position that Plaintiff's Interrogatories cannot be viewed as anything other than an attempt to conduct a fishing expedition. Firstly, none of Plaintiff's Interrogatories ask for the "factual basis" of Defendants' Affirmative Defenses. Each interrogatory instead asks Defendants to "identify and describe the basis" for each Affirmative Defense:

1. Identify and describe the basis for Defendant's Second Affirmative Defense of Unclean Hands.

**Response**: Defendants Object to this Interrogatory to the extent that it seeks information protected by the work-product doctrine as recognized under federal law and will be withholding information on

Michael A. Hammer, U.S.M.J.  
February 4, 2019  
Page 3

ReedSmith

these grounds.

  2. Identify and describe the basis for Defendant's Third Affirmative Defense of No Economic or Reputational Injury.

**Response**: Defendants Object to this Interrogatory to the extent that it seeks information protected by the work-product doctrine as recognized under federal law and will be withholding information on these grounds.

  3. Identify and describe the basis for Defendant's Fourth Affirmative Defense of Failure to Mitigate Damages.

**Response**: Defendants Object to this Interrogatory to the extent that it seeks information protected by the work-product doctrine as recognized under federal law and will be withholding information on these grounds.

  4. Identify and describe the basis for Defendant's Fifth Affirmative Defense of Waiver.

**Response**: Defendants Object to this Interrogatory to the extent that it seeks information protected by the work-product doctrine as recognized under federal law and will be withholding information on these grounds.

  5. Identify and describe the basis for Defendant's Sixth Affirmative Defense of Laches.  
**Response**: Defendants Object to this Interrogatory to the extent that it seeks information protected by the work-product doctrine as recognized under federal law and will be withholding information on these grounds.

  6. Identify and describe the basis for Defendant's Seventh Affirmative Defense of Statute of Limitations.

**Response**: Defendants Object to this Interrogatory to the extent that it seeks information protected by the work-product doctrine as recognized under federal law and will be withholding information on these grounds.

  7. Identify and describe the basis for Defendant's Eighth Affirmative Defense of Estoppel.

**Response**: Defendants Object to this Interrogatory to the extent that it seeks information protected by the work-product doctrine as recognized under federal law and will be withholding information on these grounds.

  8. Identify and describe the basis for Defendant's Ninth Affirmative Defense of Fair Use.

**Response**: Defendants Object to this Interrogatory to the extent that it seeks information protected by

Michael A. Hammer, U.S.M.J.
February 4, 2019
Page 4



the work-product doctrine as recognized under federal law and will be withholding information on these grounds.

    9. Identify and describe the basis for Defendant's Tenth Affirmative Defense of Preemption.

**Response**: Defendants Object to this Interrogatory to the extent that it seeks information protected by the work-product doctrine as recognized under federal law and will be withholding information on these grounds.

    10. Identify and describe the basis for Defendant's Eleventh Affirmative Defense of No Damages.

**Response**:  Defendants Object to this Interrogatory to the extent that it seeks information protected by the work-product doctrine as recognized under federal law and will be withholding information on these grounds.

    11. Identify and describe the basis for Defendant's Twelfth Affirmative Defense of Statutory Damages and Attorney's Fees.

**Response**: Defendants Object to this Interrogatory to the extent that it seeks information protected by the work-product doctrine as recognized under federal law and will be withholding information on these grounds.

    12. Identify and describe the basis for Defendant's Thirteenth Affirmative Defense of Copyright Invalidity.

**Response**: Defendants Object to this Interrogatory to the extent that it seeks information protected by the work-product doctrine as recognized under federal law and will be withholding information on these grounds.

    Furthermore, Industria's Counsel failed to cite any case which would support its claim that a party cannot assert a work-product privilege in response to an interrogatory seeking the factual basis of an "affirmative defense." Defendants' affirmative defenses are based on legal conclusions.  Decisional law is clear that Defendants do not need to respond to interrogatories regarding the basis of their affirmative defenses as they are based on legal conclusions. *See Nobles v. Jacobs IMC (JIMC)*, 2003 U.S. Dist. LEXIS 24083, at *6, 2003 WL 23198817 (D.V.I. July 7, 2003) (finding that defendant need not respond to any interrogatory concerning an affirmative defense based solely upon a legal proposition).

    Alternatively, Plaintiff's proposed "remedy" improperly seeks an Interlocutory Order precluding Defendants from introducing facts at trial to support their affirmative defenses. Such request is a premature motion *in limine*. Courts in this District will address *in limine* motions only after the Court's final pretrial order is entered. *See Williams v. Ponik*, 2019 U.S. Dist. LEXIS 5466, at *49 n.7, 2019 WL 168827 (D.N.J. January 11, 2019). The instant case is still in the discovery phase, which makes



Michael A. Hammer, U.S.M.J.
February 4, 2019
Page 5

Plaintiff's effort to preclude Defendants from introducing facts premature, untimely, and should be disregarded/denied.

    We thank the Court for its attention to this matter.

/s/ Samuel Kadosh
Samuel Kadosh

SK:jv

cc:    Mark J. Ingber, Esq.

# EXHIBIT A

MARK J. INGBER, ESQ.
The Ingber Law Firm
51 JFK Parkway
First Floor West, Suite 159
Short Hills, New Jersey 07078
Tel: (973) 921-0080
*Attorneys for the Defendants and Counter Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| INDUSTRIA DE ALIMENTOS ZENÚ S.A.S., <br><br> Plaintiff, <br> v. <br><br> LATINFOOD U.S. CORP. d/b/a ZENÚ PRODUCTS CO. and WILSON ZULUAGA <br><br> Defendants/Counter Plaintiff, | Civil Action No: 2:16-CV-06576 |
| LATINFOOD U.S. CORP. d/b/a ZENÚ PRODUCTS CO., <br><br> Defendant/Counter Plaintiff <br> v. <br><br> INDUSTRIA DE ALIMENTOS ZENÚ S.A.S and CORDIALSA USA, INC. <br><br> Counter Defendants. | |

**DEFENDANTS' RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES DIRECTED TO DEFENDANTS**

Pursuant to Federal Rule of Civil Procedure 33, Defendant and Counter Plaintiff Latinfood U.S. Corp. d/b/a Zenú Products Co. and Defendant Wilson Zuluaga ("Defendants"), by their counsel, The Ingber Law Firm, hereby respond and object to the Second Set of Interrogatories

1

Directed to Defendants by Plaintiff and Counter Defendant Industria de Alimentos Zenú S.A.S. ("Plaintiff"), dated November 6, 2018 (the "Interrogatories"), as follows.

## PRELIMINARY STATEMENT

The following responses are based upon information and documents presently available and known by Defendant after diligent search and reasonable inquiry. Defendant's discovery, investigation, and preparation for trial have not yet been completed as of the date of these responses. Defendant expressly reserves the right to conduct further discovery and investigation for information, which if presently within Defendant's knowledge, would have been included in these responses. Defendant specifically reserves the right to present additional information and/or documents as may be disclosed through their continuing discovery and investigation, and Defendant assumes no obligation to supplement or amend these responses to reflect information and/or documents discovered following the date of these responses.

These responses are neither intended as, nor shall in any way be deemed, an admission or representation that further information and/or documents relevant to the subject matter of the Interrogatories do not exist. Furthermore, these responses are given without prejudice to Defendant's right to use or rely on at any time, including trial, subsequently discovered materials. Similarly, by responding to the categories herein, Defendant does not in any way admit possession of any additional responsive information and/or documents.

Specific objections to each Interrogatory are made on an individual basis in Defendant's responses. In addition, Defendant makes certain general objections to the Interrogatories, which are set forth below. These general objections are hereby incorporated by reference into the response made with response to each and every Interrogatory.

2

## **GENERAL OBJECTIONS**

The foregoing general objections are hereby incorporated into each of the following responses.

1. The information provided under any one specific Interrogatory may also be relevant to one or more other Interrogatory.

2. Defendant reserves all objections to the admissibility at any hearing, trial, or any other "proceeding" of any information and/or documents produced. The production of information and/or a document does not constitute an admission by Defendant that such document or the information contained therein is relevant to the instant action or to any other proceeding.

   Accordingly, Defendant reserves the right to object to further inquiry with respect to any subject matter.

3. Defendant objects to all Interrogatories as unduly burdensome, because they are not reasonably time limited. Therefore, representative information and/or documents may be produced in response to such open-ended demands.

4. Defendant objects to producing information and/or documents that are readily available to Plaintiff from public sources, on the ground that the burden of obtaining such documents is the same for Plaintiff as it would be for Defendant.

5. Defendant objects to each Interrogatory, to the extent it is vague or ambiguous. Defendant may interpret vague or ambiguous language, as Defendant understands it.

6. Defendant objects to the production of information and/or documents that Defendant considers to contain confidential or proprietary information.

7. Any specific objection based on any type of privilege, for example "attorney-client privilege", shall not be an admission or representation that such information exists or existed. Any such objection only indicates that the Interrogatory is of such a scope as to embrace documents or information that would be subject to such privilege.

8. Nothing contained herein shall constitute a waiver of Defendant's attorney-client and/or attorney work-product privilege.

9. To the extent that documents are produced by Defendant pursuant to each Interrogatory, such production will be made available for inspection and copying at Defendant's Counsel's place of business at a date and time to be mutually agreed upon.

10. To the extent that information becomes known hereafter or is otherwise omitted from these responses, Defendant may supplement, to the extent required by Rule 26 of the Federal Rules of Civil Procedure, its responses to Plaintiff's First Set of Interrogatories Directed to Defendant Latinfood U.S. Corp. d/b/a Zenú Products Co.

11. Defendant considers requests by Plaintiff for "all" or "each," "for example" "all documents," "all persons," "each person," "each file," as well as Interrogatories that require Defendant to "state in detail" as being unduly broad and indefinite and, therefore, overly burdensome and including irrelevant subject matter. However, Defendant will respond where appropriate with either the first of the acts inquired into or representative items of requested material, which are relevant and not objected to.

12. Defendant objects to each Interrogatory to the extent it seeks information or materials that are not relevant to the subject matter of this litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

13. Defendant objects to each Interrogatory to the extent it seeks information or materials beyond what is available to Defendant from a reasonable search of its own files and from reasonable inquiry of its present employees, on the ground that such discovery would be unreasonably cumulative, unduly burdensome, and unlikely to lead to the discovery of admissible evidence.

14. Defendant objects to each Interrogatory pursuant to the amendments to Fed. R. civ. P. 26(b)(1), discovery is allowed of "any nonprivileged matter than is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

15. Defendant objects to the definitions and instructions contained in these Interrogatories, to the extent they use definitions that impose any requirement, meaning, or obligation greater than or different from those under Local Rule 26.1.

16. Defendant objects to Plaintiff's definition of "you," "your," and "yours" to the extent that the definition potentially includes entities or persons outside of Defendant's control.

17. Defendant objects to the extent the request improperly calls for a legal conclusion.

18. These General Objections apply to each Interrogatory. To the extent specific objections are given that encompass these General Objections, they are provided because they are believed to be particularly relevant to the particular Interrogatory and shall not be construed as a waiver of any other General Objection otherwise applicable to such Interrogatory.

## **INTERROGATORIES**

The above General Objections are hereby incorporated into each of the following responses:

1. Identify all persons, other than your litigation counsel, answering or consulted to formulate answers to these Interrogatories. Each person shall be identified by full name, address, telephone number, employer, job title and state the basis of their knowledge.

**Response**:

Wilson Zuluaga, President
Latinfood U.S. Corp. d/b/a Zenú Products Co.
80B Keyland Ct.
Bohemia, NY 11716

Mr. Zuluaga has knowledge concerning the selection, adoption and use of Latinfood's ZENÚ and RANCHERA marks, the goods offered and provided under Latinfood's marks, and the advertising, marketing, promotion and sale of goods in connection with Latinfood's marks. Additionally, Mr. Zuluaga has knowledge regarding the day-to-day operations of the business conducted by Defendant Latinfood and has knowledge regarding Defendant Latinfood's use and promotion of its trademarks. Mr. Zuluaga is responsible for maintaining the various websites and emails associated with Defendant Latinfood.

2. Identify and describe the basis for Defendant's Second Affirmative Defense of Unclean Hands.

**Response**: Defendants Object to this Interrogatory to the extent that it seeks information protected by the work-product doctrine as recognized under federal law and will be withholding information on these grounds.

3. Identify and describe the basis for Defendant's Third Affirmative Defense of No Economic or Reputational Injury.

**Response**: Defendants Object to this Interrogatory to the extent that it seeks information protected by the work-product doctrine as recognized under federal law and will be withholding information on these grounds.

4. Identify and describe the basis for Defendant's Fourth Affirmative Defense of Failure to Mitigate Damages.

**Response**: Defendants Object to this Interrogatory to the extent that it seeks information protected by the work-product doctrine as recognized under federal law and will be withholding information on these grounds.

5. Identify and describe the basis for Defendant's Fifth Affirmative Defense of Waiver.

**Response**: Defendants Object to this Interrogatory to the extent that it seeks information protected by the work-product doctrine as recognized under federal law and will be withholding information on these grounds.

6. Identify and describe the basis for Defendant's Sixth Affirmative Defense of Laches.

**Response**: Defendants Object to this Interrogatory to the extent that it seeks information protected by the work-product doctrine as recognized under federal law and will be withholding information on these grounds.

7. Identify and describe the basis for Defendant's Seventh Affirmative Defense of Statute of Limitations.

**Response**: Defendants Object to this Interrogatory to the extent that it seeks information protected by the work-product doctrine as recognized under federal law and will be withholding information on these grounds.

8. Identify and describe the basis for Defendant's Eighth Affirmative Defense of Estoppel.

**Response**: Defendants Object to this Interrogatory to the extent that it seeks information protected by the work-product doctrine as recognized under federal law and will be withholding information on these grounds.

9. Identify and describe the basis for Defendant's Ninth Affirmative Defense of Fair Use.

**Response**: Defendants Object to this Interrogatory to the extent that it seeks information protected by the work-product doctrine as recognized under federal law and will be withholding information on these grounds.

    10. Identify and describe the basis for Defendant's Tenth Affirmative Defense of Preemption.

**Response**: Defendants Object to this Interrogatory to the extent that it seeks information protected by the work-product doctrine as recognized under federal law and will be withholding information on these grounds.

    11. Identify and describe the basis for Defendant's Eleventh Affirmative Defense of No Damages.

**Response**: Defendants Object to this Interrogatory to the extent that it seeks information protected by the work-product doctrine as recognized under federal law and will be withholding information on these grounds.

    12. Identify and describe the basis for Defendant's Twelfth Affirmative Defense of Statutory Damages and Attorney's Fees.

**Response**: Defendants Object to this Interrogatory to the extent that it seeks information protected by the work-product doctrine as recognized under federal law and will be withholding information on these grounds.

    13. Identify and describe the basis for Defendant's Thirteenth Affirmative Defense of Copyright Invalidity.

**Response**: Defendants Object to this Interrogatory to the extent that it seeks information protected by the work-product doctrine as recognized under federal law and will be withholding information on these grounds.

## CERTIFICATION

I hereby certify that the foregoing statement made by me are true. I am aware that if any of the foregoing statements made by me are knowingly false, I am subject to punishment.

Dated: November 26, 2018

Wilson Zuluaga, President

The foregoing objections are asserted and stated on behalf of Defendants Latinfood U.S. Corp. d/b/a Zenú Products Co. and Wilson Zuluaga.

Dated: Short Hills, New Jersey
November 26, 2018

Mark J. Ingber, Esq.
The Ingber Law Firm
51 JFK Parkway
First Floor West, Suite 159
Short Hills, New Jersey 07078
(973) 921-0080
*Attorneys for Defendants and Counter Plaintiff*

8