

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

**Samuel Kadosh**
Direct Phone:  +1 212 549 0451
Email:  skadosh@reedsmith.com

June 21, 2019

**By ECF**

Hon. Michael A. Hammer, U.S.M.J.
United States District Court
for the District of New Jersey
50 Walnut Street
Newark, NJ 07102

RE:  *Industria de Alimentos Zenú S.A.S. v. Latinfood U.S. Corp. d/b/a Zenú Prods. Co., et al.*,
     Civ. Action No. 2:16-cv-6576-KM-MAH

Dear Judge Hammer:

We represent plaintiff/counter defendant Industria de Alimentos Zenú S.A.S. ("Industria") and third party defendant Cordialsa USA, Inc., and write jointly with Defendants Latinfood U.S. Corp. ("Latinfood") and Wilson Zuluaga ("Zuluaga" and with Latinfood, "Defendants") pursuant to the Court's June 12, 2019 Order to advise the Court of the parties' respective positions concerning the July 15, 2019 discovery deadline, and other discovery disputes. The parties are available on June 28, and the afternoon of June 27, 2019, for a telephone status conference with the Court.

A.     **The July 15, 2019 Discovery Deadline**

**Plaintiff's Position**
It is not necessary to extend the discovery deadline to permit new discovery beyond July 15, 2019.  The parties are in the process of completing the final depositions – which are scheduled for June 28 (Wilson Zuluaga), July 9 (Gregario Perez) and July 11 (Cordialsa 30(b)(6) deposition), and resolving several discovery disputes.  As discussed in greater detail below, Defendants continually seek to extend the discovery deadline by generating pretextual and unnecessary discovery disputes.  They do so because discovery is one-sided.  Defendants have destroyed almost all the documents relevant to the case, and can therefore barrage Industria with costly discovery, while producing little discovery of their own. Discovery has been ongoing since February 2017, and the parties have had ample opportunity to conduct the necessary discovery.  Extending the discovery deadline yet again will prejudice Plaintiff.[1]

**Defendants' Position**
There are many open discovery matters which necessitate extending the current July 15, 2019 discovery deadline through September 16, 2019.   We are bewildered at Plaintiff's inexplicable refusal to consent to any extension of the July 15, 2019 fact discovery deadline.   This flies in the face of reason, given the

---

[1] If the Court finds that an extension of discovery is necessary, Industria requests that any such extension be limited to the existing discovery disputes and issues arising from the depositions of Wilson Zuluaga—individually and as the 30(b)(6) representative of Latinfood—and from the deposition of Luis Arango—as the 30(b)(6) representative of Cordialsa USA, Inc.

ABU DHABI ♦ ATHENS ♦ AUSTIN ♦ BEIJING ♦ CENTURY CITY ♦ CHICAGO ♦ DUBAI ♦ FRANKFURT ♦ HONG KONG ♦ HOUSTON ♦ KAZAKHSTAN ♦ LONDON ♦ LOS ANGELES ♦ MIAMI ♦ MUNICH
NEW YORK ♦ PARIS ♦ PHILADELPHIA ♦ PITTSBURGH ♦ PRINCETON ♦ RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON

Michael A. Hammer, U.S.M.J.
June 21, 2019
Page 2



upcoming depositions; flurry of discovery issues; judicial and personal vacation schedules during the summer months; and Plaintiff, a Columbian conglomerate's, routine, dilatory response time to account for.  For example only, we noticed the deposition of 3rd party Defendant CordialSA for a May 29th deposition.  After initially agreeing, opposing counsel subsequently pushed it back 1½ months[2] so that it would take place on July 11th, a scant 4 days before the current discovery deadline, understanding that there will likely be follow up requests (we have already been waiting 2+ months to receive supplemental documents from Plaintiff relating to the April 11-12 deposition taken of their 30(b)(6) witness Mr. Luis Salazar.  Furthermore, we are awaiting the Court's "So Order" of a Stipulation to Amend Defendants' Answer and Counterclaims, which Plaintiff will then be needing to reply to and perhaps conduct additional discovery on.

B.      **The Latinfood Rule 30(b)(6) Deposition Topics**

**Plaintiff's Position**
Defendants have objected to the seven topics in Industria's Rule 30(b)(6) Notice to Latinfood concerning Defendants' spoliation of discovery materials, on the grounds that Mr. Zuluaga was already asked about spoliation a year and a half ago, at his February 22, 2018 spoliation deposition.[3] Latinfood's argument fails for two reasons.

*First*, in the intervening time, Industria has collected a wealth of additional evidence of Defendants' spoliation and ongoing discovery abuses.  For example, Industria received from third parties emails and documents which were created after the purported destruction of Defendants' hard drive in February 2017, which were not produced by Defendants, indicating that Defendants have continued to intentionally delete or withhold relevant documents.  Similarly, Mr. Zuluaga falsely testified at his February 2018 deposition that the only email account he used for business purposes was hosted by Network Solutions, but Industria has since learned from third parties that Mr. Zuluaga used, but failed to disclose, a Gmail account through which he conducted Latinfood business.  Industria is entitled to ask Defendants about this new evidence.  Defendants do not dispute this point, but have demanded that Industria provide them with a list of the specific items Industria plans to ask about. However, Industria is under no obligation to provide Defendants with its deposition outline beyond the topics identified in the Rule 30(b)(6) notice.

---

[2] It took months for opposing counsel to confirm that Cordialsa's 30(b)(6) witness Mr. Luis Arango did not need a translator.
[3] The specific topics that Latinfood seeks to strike from Industria's Amended Notice of Deposition to Defendant Latinfood, dated June 10, 2019, include:

> 28. Defendants' electronic storage practices.
> 29. Defendants' policies and practices regarding the preservation of documents for litigation.
> 30. Defendants' actions to preserve documents for the Action, including but not limited to any instructions given to Latinfood employees.
> 31. Defendants' efforts to search for documents responsive to Plaintiffs' discovery requests.
> 32. The hard drive failure taking place in or around February 2017.
> 33. The lost documents which were contained on the failed hard drive.
> 34. Defendants' efforts to recover the documents contained on the failed hard drive following the failure of the hard drive, including but not limited to Defendants' communications with Jaline Isidor and Cibao Meat Products Inc. regarding the recovery of Defendants' documents.



Second, the February 2018 spoliation deposition of Mr. Zuluaga was only in his individual capacity. Industria never had the opportunity to conduct a Rule 30(b)(6) deposition of Latinfood on the spoliation issues, where Mr. Zuluaga will be responsible to testify about all of Latinfood's corporate knowledge regarding the spoliation.

Accordingly, the Court should direct Latinfood to testify on regarding spoliation at Industria's Rule 30(b)(6) deposition notice.

**Defendants' Position**
After much discussion, Defendants agreed to the deposition of Latinfood and Wilson Zuluaga on June 28, 2019. However, Plaintiff now wants a 2nd bite of the apple in order to try and elicit testimony on the alleged "spoliation" issues that were previously addressed by Mr. Zuluaga at his February 22, 2018 "spoliation" deposition.[4] On June 14, 2019, we emailed Plaintiff's counsel seeking clarification and elaboration on what additional facts they have discovered that necessitate a redo of Latinfood's spoliation testimony:

> Firstly, you state you "have discovered additional facts concerning these topics." We request that you elaborate and identify what you are referring to in particular, which you believe necessitates maintaining Topics 28-34 in a deposition of Defendants.
>
> Secondly, we do not consent to providing Industria with a second bite of the deposition apple and have a wholesale redo of Defendants' February 22, 2018 "spoliation" deposition. Defendants have already testified in full as to "Topics for Examination" numbers 28-32, and it necessarily follows that they could not identify the "lost documents which were contained on the failed hard drive"(Topic #33) because the data was lost. Notwithstanding that, in the spirit of cooperation and in an effort to provide transparency, Defendants addressed Topic 34 by seeking the assistance of Latinfood's customers in an effort to secure any email communications that were lost due to their hard drive failure (see attached example). We also note that Cibao Meats provided responsive data in their document production that comprise of the missing communications between Defendant and Cibao Meats what appears missing from Defendants'(please refer to Betty Tufariello's April 3, 2019 email). **(Exhibit A)**

Defendants also withdrew their objections to Industria's subpoenas to Network Solutions and Google in a further sign of cooperation. Notwithstanding the foregoing, we have no objection to limited questions surrounding the email communications between Defendants & Cibao Meats provided in Cibao's document production and/or testimony on those email communications by Jaline Isidor Horta during her March 7, 2019 deposition.
On June 17, 2019, Defendants received the following email response attempting to camouflage the Plaintiff' intent to elicit unnecessary and unwarranted testimony.

---
[4] See attached Amended 30(b)(6) Deposition Notice to Industria.



Michael A. Hammer, U.S.M.J.
June 21, 2019
Page 4

> We are not going to provide you with an outline of our deposition of Mr. Zuluaga, so we decline your request that we provide you with the "additional facts" necessitating additional questions on the spoliation topics. Mr. Zuluaga's first deposition was a year and a half ago, and in the interim, Industria has conducted extensive third party discovery relevant to the spoliation issues. *Moreover, this is largely an academic dispute, as we also noticed a Rule 30(b)(1) deposition of Mr. Zuluaga.*" (Emphasis added). (**Exhibit B).**

Additionally, at the February 22, 2018 deposition of Latinfood U.S. Corp. d/b/a Zenú Products Co., represented by Wilson Zuluaga; opposing counsel stated:

> [w]e are here today to take a relatively short deposition just on the issue of spoliation.· I'm going to limit my questions to that issue.· We won't be talking about the merits of the underlying case. There will probably be another deposition down the road on that, but that's what this one is about." (Tr. 3:21-4:4). (**Exhibit C**).

To ensure that the witness clearly understood what the deposition was about, Counsel reiterated this point by stating "Okay.· I mentioned a few minutes ago that we're here for the issue of spoliation." (Tr. 5:13-15).

Plaintiff is not entitled to a second bite of the apple on the spoliation issue and similarly because of opposing counsel's contention in his June 17, 2019 email above that "*this is largely an academic dispute, as we also noticed a Rule 30(b)(1) deposition of Mr. Zuluaga*." See *State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc*., 254 F.R.D. 227, 232-33 (E.D. Penn. 2008) where the District Court rejected defendant's attempt to depose a witness in his individual capacity after that witness has already been deposed as his organization's Rule 30(b)(6) designee because defendants already had sufficient opportunity to discover the information sought.

C.   **Additional Industria and Other Depositions**

**Plaintiff's Position**
Prior to the Rule 30(b)(6) deposition of Industria, Defendants demanded up to four days of testimony from the witness. After much negotiation, Defendants compromised on two days of testimony, and deposed Mr. Salazar, the Commercial Manager of Industria, on April 9 and 10. Notwithstanding Defendants' pre-deposition demand for additional time, Defendants ended the deposition at *noon* on the second day, after approximately eight hours of total testimony between the two days. Defendants did not even ask Mr. Salazar any questions regarding many of the topics in their deposition notice, including topics numbered 4 (Industria's customer base), 9 (any investigations into Zenú and Ranchera use in the United States), 11 (sales strategies for sales of Zenú and Ranchera use in the United States), 17 (discussions with customers regarding Industria or Cordialsa), 26 (Defendants' counterclaim damages), and 30 (Industria's efforts to search for documents).

Michael A. Hammer, U.S.M.J.
June 21, 2019
Page 5



Following the deposition, Defendants sent Industria a list of deposition topics for which Mr. Salazar allegedly did not provide testimony, and demanded *five* additional Industria witnesses from Columbia. In response, Industria wrote several detailed letters to Defendants addressing each deposition topic, and identifying Mr. Salazar's testimony on that topic.[5] Defendants have not provided any substantive response to these letters, instead repeating their conclusory assertion that Mr. Salazar's testimony was inadequate. In an attempt to resolve this dispute, Industria suggested that it would consider stipulating to specific issues identified in the Industria deposition notice that Mr. Salazar allegedly did not testify to.

Defendants waited until yesterday, June 20, to provide Industria with a lengthy stipulation, and demanded that Industria sign the stipulation today, or Defendants will seek the deposition of *five* additional Industria witnesses from Columbia.[6] Though Defendants frame the stipulation as a way for Defendants to obtain information that Mr. Salazar was unable to provide, in fact, the stipulation only seeks to recast Mr. Salazar's testimony to be more favorable to Defendants. The proposed stipulation even has cites to Mr. Salazar's transcript after each stipulated fact. The proposed stipulation does not address *any* of the topics that Defendants claim Mr. Salazar was unable to speak to. At bottom, Defendants are trying to "fix" the parts of Mr. Salazar's testimony that they dislike, and are threatening to depose five more Industria witnesses from Columba if Industria will not so stipulate. Defendants' attempts to fix their record and impose unnecessary costs on Industria should be denied. *State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc.*, 254 F.R.D. 227, 236 (E.D. Pa. 2008) (denying additional depositions following Rule 30(b)(6) deposition; "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action."); *Williams v. Arctic Cat, Inc.*, No. 3:11-CV-445, 2014 WL 1028476, at *4 (N.D.N.Y. Mar. 13, 2014) (denying additional depositions; "plaintiffs have already conducted a Rule 30(b)(6) deposition on corporate practices, and all the questions that Plaintiffs seek to have answered by Mr. Graskewicz could have been asked at that time.").

**Defendants' Position**
The Plaintiff produced Luis Salazar, their Marketing and Sales Director as Plaintiff's 30(b)(6) witness on April 11 -12, 2019. It became quickly obvious during his deposition, that Mr. Salazar was an improperly named and grossly inadequate 30(b)(6) witness on behalf of the Plaintiff. Mr. Salazar testified that he was the person most knowledgeable about **_all_** the topics set forth in the 30(b)(6) notice ("I believe I know all of them" - Tr. 10:2) for which he was testifying on behalf of Industria. However, Mr. Salazar expressed no familiarity with any of the pleadings in the case and was unable to respond with knowledge about the vast bulk of the allegations made by Industria in their 16-count lawsuit, outside of the areas of sales and marketing. Since the witness was not properly prepared or knowledgeable about all of the noticed topics, the Plaintiff is obligated to provide a substitute. *Marker v. Union Fid. Life Ins. Co.*, 125 F.R.D. 121,126 (M.D.N.C. 1989) (even where defendant in good faith thought deponent would satisfy the deposition notice, it had a duty to substitute another person once the deficiency of its designation became apparent during the deposition).[7]

---

[5] Industria's most recent letter to Defendants on this topic, dated June 7, 2019, is attached as **Exhibit 1**.

[6] Defendants clearly engineered this last-second issue to create an additional rationale for extending discovery and delaying the ultimate resolution of this case. A copy of Defendants' Proposed Stipulation is attached as **Exhibit 2**.

[7] Industria must designate more than one deponent if multiple deponents are necessary that are knowledgeable on the subject matters identified in the notice to respond to all of the relevant areas of inquiry. *U.S. ex rel Fago v. M & T Mort. Corp.*, 235 F.R.D. 11, 22–23 (D.D.C. 2006), *See also, McKesson Corp. v. Islamic Republic of Iran,* 185 F.R.D. 70, 79 (D.D.C 1999) ("If

Michael A. Hammer, U.S.M.J.
June 21, 2019
Page 6



Defendants placed on the record during the truncated second day of Mr. Salazar testimony that they intended to seek to depose an additional witness from Industria because of the inadequacy of Mr. Salazar knowledge and testimony (Tr. 153:14 – 155:11, **Exhibit D**) and memorialized that request in its May 3, 2019 letter to the Plaintiff' counsel (see attached). Specifically, Defendants demanded that Industria provide them with substitute 30(b)(6) witness(es), along with proposed dates that they are prepared to be deposed at the Plaintiff' Counsel office by no later than Friday, May 10, 2019 and if Defendants fail to hear back from them satisfactorily, Defendants intend to try and get answers to their relevant and proportional questions, by reissuing amended notices and dates to the other previously noticed Industria witnesses, one by one as they determine to be necessary.[8]

Said deposition was further tainted by improper speaking objections. Specifically, opposing counsel made a large number of improper speaking objections which contravene the Federal Rules of Civil Procedure and New Jersey Court rules, both of which address attorney conduct during a deposition. Salazar Deposition Transcript, April 11, 2019, Tr. 56:23-59:12. (**Exhibit D**) Fed. R. Civ. P. 30(c)(1) provides that the "examination and cross-examination of a deponent proceed as they would at trial." While N.J. Rule 4:14-3(f) provides that "once the deponent has been sworn, there shall be no communication between deponent and counsel during the course of the deposition while testimony is being taken except with regard to the assertion of a claim of privilege, a right to confidentiality or a limitation pursuant to a previously entered court order."

Astonishingly, opposing counsel claimed at Tr. 57:9-12 that he has a right to consult with his client during a deposition (he even asked for relevant case law which might contradict his conduct). Pursuant to a May 3, 2019 letter, I advised opposing counsel that "courts in the 3rd Circuit have held that your position is untenable. *Hall v. Clifton Precision*, 150 F.R.D 525, 531-532 (E.D.Pa. 1993) ("All objections, except those which would be waived if not made at the deposition under Federal Rule of Evidence 32(d)(3)(B), and those necessary to assert a privilege, to enforce a limitation on evidence directed by the court, or to present a motion pursuant to Federal Rule of Evidence 30(d), shall be preserved. Therefore, those objections need not and shall not be made during the course of depositions.

• **Counsel shall not direct or request that a witness not answer a question, unless that counsel has objected to the question on the ground that the answer is protected by a privilege or a limitation on evidence directed by the court.**
• **Counsel shall not make objections or statements which might suggest an answer to a witness.**

---

an entity's designated witness lacks sufficient knowledge or fails to adequately respond to deposition requirements, the responding entity must designate additional witnesses capable of providing sufficient answers").

[8] If Industria fails to name substitute witness(es), the Court can also impose various sanctions that may include the preclusion of evidence at trial. *U.S. v. Taylor*, 166 F.R.D. 356, 362 (M.D.N.C. 1996) ("inadequate preparation of a Rule 30(b)(6) designee can be sanctioned based on the lack of good faith, prejudice to the opposing side, and disruption of the proceedings").



Michael A. Hammer, U.S.M.J.
June 21, 2019
Page 7

- **Counsels' statements when making objections should be succinct and verbally economical, stating the basis of the objection and nothing more.**
- **Counsel and their witness-clients shall not engage in private, off-the-record conferences during depositions or during breaks or recesses, except for the purpose of deciding whether to assert a privilege.**
- **Any conferences which occur pursuant to, or in violation of, guideline (5) are a proper subject for inquiry by deposing counsel to ascertain whether there has been any witness-coaching and, if so, what.**
- **Any conferences which occur pursuant to, or in violation of, guideline (5) shall be noted on the record by the counsel who participated in the conference. The purpose and outcome of the conference shall also be noted on the record.)"**

We therefore requested that opposing counsel abide by Federal and New Jersey State Rules as well as caselaw regarding speaking objections and discussions with your client(s) during the upcoming depositions.

Notwithstanding the foregoing, the parties were unable to resolve their differences because of the Plaintiff' repeated insistence that they will not provide any other Industria witness. As a result, and after weeks of unproductive negotiations, Defendants, left with no other choice, re-served the Amended Notices of Deposition on May 24, 2019, on Diego Medina, Santiago Jiménez, Francisco Ospina and Martha Elena Ochoa, who were identified as higher level employees and officers in Industria's February 16, 2017 Initial Disclosures. Subsequently, during a Meet and Confer on Friday, June 7, 2019, Opposing Counsel suggested that in lieu of producing additional Industria witnesses, the Plaintiff would be amenable to execute a Stipulation of Facts that would obviate the need to produce these witnesses. Defendants advised Plaintiff's counsel on June 14, 2019 that we expect to be "forwarding you a proposed Stipulation of Facts which might obviate the necessity of proceeding with a supplemental Industria 30(b)(6) witness and/or the noticed depositions of Industria witnesses, Diego Medina, Santiago Jimenez, Francisco Ospina and Martha Elena Ochoa Evans for the reasons set forth in our May 3 and May 30th letters. This issue will likely also need to be included in the joint status letter which is due on June 21, 2019."

After reviewing its vast files and consulting with its clients, Defendants yesterday morning submitted a proposed Stipulation and sent same to the Plaintiff' counsel, wherein counsel immediately objected citing lack of time to review same with his client (See June 20, 2019 email from Opposing Counsel attached hereto as **Exhibit E**) and claiming that "this issue is not ripe to bring to the Court." For this reason alone, fact discovery cannot be completed on July 15, 2019 absent an executed Stipulation of Facts or the deposition of a supplemental Industria 30(b)(6) witness and/or other Industria witness(es) who can capably testify as to the issues outlined in the 16-count Complaint.

At least one further deposition is necessary for Defendant's counterclaim after highly suspect deposition testimony was given on May 22, 2019 by Alejandro Yepes, former Area Manager of CordialSA. After a long delay, the Industria Parties finally provided Defendants with Mr. Yepes address on April 8, 2019. On April 29, 2019, Defendants noticed Mr. Yepes Deposition for May 22, 2019 and were advised 17



days later on May 16, 2019 that the Industria Parties' counsel would be representing Mr. Yepes, whose employment with Cordialsa terminated on July 30, 2018. (See **Exhibit F**). During his deposition, Mr. Yepes made assertions that contradicted the testimony of Elvis Rodriguez, a non-party witness Food Fair Manager on March 18, 2019. After further investigation based on Mr. Yepes testimony, we have been able to identify another non-party witness, Gregorio Perez, who would corroborate Mr. Rodriguez's testimony. Defendants are in the process of trying to effectuate service of a subpoena on Mr. Perez, with a deposition currently scheduled for July 8, 2019.

D.     **Defendants' Supplemental Discovery Requests**

**Plaintiff's Position**
Following the Rule 30(b)(6) deposition of Industria, Defendants sent a lengthy list of additional document requests to Industria. Although these requests were cumulative and sought largely irrelevant information, Industria agreed to respond to most of the requests, and made several additional productions on June 13, 2019 and June 19, 2019.[9] Notwithstanding Industria's good-faith productions of additional documents, Defendants insist on the production of the following additional documents.

First, Defendants seek documents relating to the "global marketing strategy" for Industria's Zenú and Ranchera branded products. Industria objects to this request because Industria has already produced Colombian advertising materials, and additional documents relating to it its marketing strategy are not relevant to any issue in this case

Second, Defendants demand Industria's internal document retention policies, which are plainly irrelevant, as there has been no suggestion that Industria destroyed any documents. The only plausible explanation for this request is that Defendants are trying to create an illusion that Industria is somehow equally irresponsible with its documents. The Court should reject Defendants' transparent attempt at manufacturing a discovery issue regarding Industria's document retention, where no such issue exists. *See PersonalWeb Techs., LLC v. Google, Inc.*, No. C13-01317 EJD (HRL) 2014 WL 4088201, at *4 (N.D. Cal. Aug. 19, 2014) (quashing request for Google's document retention policies that plaintiff sought after it "committed spoliation by failing to timely institute its litigation hold;" "the Court cannot help but think that the motivation for [plaintiff's] renewed interest is retaliatory in nature.")

**Defendants' Position**
During the April 11-12, 2019 deposition of Industria's 30(b)(6) witness, Luis Salazar, Defendants requested the production of the certain documents and information and followed up with letters on May 3, 2019 and May 15, 2019. The requested documents/information were as follows:

---

[9] One particularly striking example of Defendants' disingenuous requests is their request that Industria identify an individual whose identity is known to Mr. Zuluaga. At the Industria 30(b)(6) deposition, Mr. Salazar testified that one of the ways Industria learned of Latinfood's copying of its trademarks was when it received a call from an individual at Marquillas, the company that produced Industria's labels, informing Industria that someone from the United States had tried to place an order for Zenu and Ranchera labels that were identical to the labels used by Industria. Following the deposition, Defendants demanded that Industria identify the individual at Marquillas. This request is a sham, as Mr. Zuluaga is the individual who ordered the labels from Marquillas, and can just as easily identify the individual that he spoke to.



- Industria's Document Retention Policy. *See Tr, 36:13-21*.
- Marketing Strategy related to the Zenu/Ranchera branded products. *See Tr. 38:6-18*.
- Marquillas Report. *See Tr. 50:4-6; 110:18-21*
- Name of the person at Marquillas who stated that Latinfood "attempted to procure plaintiff's own labels from plaintiff's label provider in Medellin, Colombia." *See Tr. 108:22-109:6*.
- Industria's current label designs. *See Tr. 138:11-16*.
- All Work for Hire documents in connection with the copyright registrations referenced in Paragraph 27 of the Amended Complaint. *See Tr. 141:6-13.; 144:24-145:4*.
- Exhibit D to the Amended Complaint. *See Tr. 149:16-25*
- Verification of Plaintiff's Response to Latinfood's Second Set of Interrogatories. *See Tr. 164:4-24*.
- Verification of Deposition Exhibit LS - P. *See Tr. 166:14 - 168:9*.

Plaintiff provided incomplete written responses on May 20, 2019 (Attached hereto as **Exhibit G**) and recently what appears to be undated Spanish language "work for hire" documentation. Opposing Counsel alleges that they do not possess English translations (we find it highly dubious that our English speaking opposing counsel would be producing Spanish language documents without having first seen an English translation). We need and have requested an **immediate** ETA on the above Meet and Confer documents/info that we have been seeking for months related to the Industria April 11-12, 2019 deposition. To date, we have received incomplete responses to our demands.

### E. Industria's Request for Defendants' Financial Records

**Plaintiff's Position**
One of the forms of relief sought by Industria is disgorgement of the profits Latinfood earned by selling products with Industria's Zenu and Ranchera trademarks. *See* Am Compl., Prayer for Relief, ECF No. 31. Accordingly, in discovery, Industria sought documents concerning Latinfood's sales and profits. In response, Defendants produced summary documents which purport to set forth Latinfood's sales and profits.[10] In order to verify that the numbers reported in these summary documents were accurate, Industria asked Defendants to produce the underlying documentation, such as bank records and invoices from 2014 through 2018, that support Latinfood's financial summaries. Defendants have refused to produce these documents, even though Mr. Zuluaga previously testified that these documents exist on his other computer that did not crash. Defendants' demand that Industria credulously accept the accuracy of Latinfood's financial summaries is unreasonable and unsupported by the law. Industria is entitled to the underlying financial documentation to accurately account for Latinfood's sales and profits, and the Court should order the production of those documents. *See W.L. Gore & Assocs., Inc. v. Tetratec Corp.*, No. CIV. A. 89-3995, 1989 WL 144178, at *5–6 (E.D. Pa. Nov. 28, 1989)(ordering the production of all documents "evidencing costs, expenses, overhead and profits of defendant" in patent infringement claim); *Kravitz v. Jewelry Basics, Inc.*, No. CIV. A. 89-2657, 1990 WL 44899, at *2-3 (E.D. Pa. Apr. 12, 1990) (ordering defendant to produce tax returns and financial statements; "because

---

[10] One page of this summary record is attached as **Exhibit 3**. Because the document is designated Attorneys' Eyes Only, Industria has redacted the actual numbers that appear on the document.



Michael A. Hammer, U.S.M.J.
June 21, 2019
Page 10

an accurate accounting of [plaintiff's] sales is essential to plaintiff's ability to determine the extent of his alleged damages, I conclude that this category of documents is relevant").

**Defendants' Position**
In response to Plaintiff's June 13, 2019 email requesting further production of Defendants "underlying documentation supporting its financial statements from 2014 through 2018," it is the Defendants' position that the requested data is not necessary, relevant or proportional and, furthermore, Defendants' compliance with the initial request was met with silence. Specifically, Plaintiff voiced no objections when the sales summaries were provided on August 9, 2017 and waited until May 28, 2019, almost 2 years later, to ask for the "underlying documentation." Latinfood is confused as to why Plaintiff needs these documents when the summaries provide the specificity necessary to identify Defendants' sales. Furthermore, the request is unduly burdensome, duplicitous and unnecessary because it would require Defendants to expend time and resources to produce several thousand single page invoices over several years. We believe that the sales summaries are sufficiently descriptive and informative to satisfy this recent discovery request. Moreover, such demands by Plaintiff are clearly intended to harass, oppress, and bully the Defendants.

The continued push by Plaintiff for Defendants' Bank Statements and invoices is the type of "fishing expedition" that courts typically view as an abuse of the liberal Rule 26 relevancy standard. *Justiano v. GS4 Secure Solutions, Inc.*, 291 F.R.D. 80, 83 (D. N.J. 2013) (Discovery should not serve as a fishing expedition during which a party searches for evidence to support facts not yet pleaded) citing Claude P. *Bamberger Intern., Inc. v. Rohm and Haas Co.*, C.A. No. 961041 (WGB), 1998 WL 684263, at *2 (D.N.J. April 1, 1998) ("while the standard of relevancy is a liberal one, it is not so liberal as to allow a party to roam in shadow zones of relevancy and to explore matter which does not appear germane merely on the theory that it might become so."). Additionally, Defendants provided the necessary product inventory information to precisely identify the associated sales of its Zenú and Ranchera branded products and as a result Defendants believe that no further identification is necessary.

F.      **Audio Recording of Mr. Salazar's Deposition**

**Plaintiff's Position**
Mr. Salazar, Industria's 30(b)(6) witness, required a Spanish interpreter for his deposition. Industria arranged to audio record the deposition, in order to preserve Mr. Salazar's original Spanish-language testimony, should there be any subsequent debate about his testimony. This concern proved to be well-founded, as the initial interpreter hired by Defendants was highly inaccurate, and abruptly stormed out of the deposition within the first three hours, requiring another interpreter to come to the deposition midway through the first day. Though Industria's counsel organized the recording process, Defendants' counsel insisted on maintaining control over when the recording would be stopped and started again, so that no off-the-record communications would be captured. Despite so insisting, Defendants now claim to be concerned that they failed to properly stop the recording at certain points on the second day of the deposition, leading to the potential accidental recording of privileged discussions. In order to address this issue, Industria proposed that Defendants review the recordings, and identify any privileged conversations, which would be deleted prior to Industria's review. Defendants rejected this proposal, and instead demand that Industria delete the recording in its entirety, without ever listening to the



Michael A. Hammer, U.S.M.J.
June 21, 2019
Page 11

recordings, and ensuring the accuracy of the translations. At the same time, Defendants complain about the sufficiency of Mr. Salazar's responses. Accordingly, Industria asks that the Court adopt its proposal, whereby Defendants will review the recordings for privilege, and direct Industria as to which portions of the recordings, if any, should be deleted.

**Defendants' Position**
Prior to Industria's 30(b)(6) witness, Luis Salazar, on April 11-12, 2019, Plaintiff requested, and Defendants agreed to an audio recording of the deposition by Plaintiff's counsel. The recording device was strategically placed so that anyone could mute any off the record communications or conversations during breaks. Unfortunately, some of the "off the record" communications, including those during breaks when Plaintiff's counsel was outside of the room and Defendants and counsel were having privileged communications were captured. Upon completion of the deposition, undersigned counsel immediately requested that opposing counsel delete the recordings and opposing counsel stated that they would do so once they confirmed that the written transcript was taken accurately. Undersigned counsel reached out to opposing counsel on April 13, 2019, one day after the deposition concluded and again on April 26, 2019 asking "whether you will be deleting the audio tape of the deposition." On April 26, 2019, opposing counsel stated that Plaintiff "will not make a decision regarding deleting the recording until we have reviewed the transcript with our client." (See attached **Exhibit H**). On the same day, Defendants requested that counsel "[p]lease confirm that neither your Firm, nor your clients, nor anyone else will transcribe the audio of the deposition, listen to the audio or do anything else with the audio it until such time as your Firm either confirms that it has been deleted/erased or until such time as there is either a court order or agreement between the parties governing the audio, as was done with Network Solutions." On April 29, 2019, opposing counsel stated that they "will not agree to any such limitation" because they notified Defendants "in advance that we were audiotaping the deposition in order to verify the accuracy of the translation. You did not object."

> Undersigned counsel immediately responded:
>
> "As it was your Firm that requested the audio, it was your Firm that had an obligation to ensure that it was turned on when we were on the record and off when we weren't.
> This clearly did not happen. Moreover, you were not there when I spoke with Peter and Jeremy about this issue after the deposition, whereby they told me that they didn't expect to need the audio and would let us know in a day if they would delete the audio. We also agreed that in any circumstance, you would not disseminate the audio which contained inadmissible and confidential communications (much like an inadvertent email) in any way without our agreement. It is now more than 2 weeks since the deposition and in view of your below email and position. it appears that you may have already listened to and disseminated the video.
> As a Member of the NJ Ethics Committee, such action would be a grievous violation of RPC 4.4. Accordingly, we want to have a Meet and Confer on this today. Please advise of your availability."

Michael A. Hammer, U.S.M.J.
June 21, 2019
Page 12



Opposing Counsel responded that "there have been and will be no ethical violations with respect to the audiotape, which will likely be destroyed once we confirm there were no translation errors." Undersigned counsel then responded, "Please let me know as soon as possible after you review and confirm that there were no translation errors and that the audiotape has been destroyed as you anticipate." (See **Exhibit I**).

On May 3, 2019, undersigned counsel again requested of opposing counsel to "[p]lease let me know as soon as possible after you review and confirm that there were no translation errors and that the audiotape of the Salazar deposition has been destroyed as you anticipated." Defendants then followed up again, via letter, on May 15, 2019 and was told in a May 20, 2019 email that "given that you still dispute the adequacy of Mr. Salazar's testimony, it is premature to delete the recordings, which are the best evidence of Mr. Salazar's actual testimony. However, your concerns are unfounded, as no one has listened to the audio recording, and the audio recording has not been sent outside of Reed Smith." After numerous exchanges between the parties on May 20, 2019, May 21, 2019, June 7, 2019, June 12, 2019, June 14, 2019, opposing counsel changed course and now advised in a June 17, 2019 letter that "in order to resolve this issue, we will provide you with copies of the recordings. You can identify any privileged communications that were captured by the recordings, and we will delete those sections." Such a response is unacceptable and disingenuous. Opposing counsel has had the recordings for over 2 months, since April 12, 2019 (evidencing further dilatory conduct), and had ample time to verify the accuracy of the deposition of Luis Salazar, and now wants to place the burden on defendants days before the current fact discovery deadline. Plaintiff's continued obstruction and delay tactics begs the question if they really need the recording in the first place, since they have clearly not attempted to verify the accuracy of the recording.

G.    **Metadata Accidentally Produced by Network Solutions**

**Plaintiff's Position**
Industria's March 15, 2019 subpoena to Network Solutions sought the metadata for emails between Defendants and Cibao Meat Products, Inc. *See* ECF No. 146, Exhibit A. Defendants initially moved to quash this subpoena, and then withdrew the motion after reviewing Industria's opposition brief. On June 17, 2019, Industria received a production from Network Solutions. Reed Smith provided Defendants' counsel with a copy of the production the same day. Upon reviewing the metadata, Reed Smith realized that Network Solutions produced the metadata of emails other than those between Defendants and Cibao, including the metadata of emails between Defendants and their counsel. Reed Smith immediately instructed its IT staff to segregate and delete the metadata for all emails between Defendants and their counsel, and notified Defendants' counsel of this fact on the morning of June 18.[11] Defendants however, seek to use Network Solution's error to impugn Reed Smith, and have accused Reed Smith of engaging in "problematic" acts, although they have refused to specify the nature of the problem. However, the record demonstrates that Reed Smith's actions are beyond reproach, as it immediately remediated the inadvertent production of the metadata by a third party.

**Defendants' Position**

---
[11] A copy of the email thread in which Industria notified Defendants of this deletion is attached as **Exhibit 4**.



Michael A. Hammer, U.S.M.J.
June 21, 2019
Page 13

Plaintiff served subpoenas on Network Solutions, LLC and Google, Inc. on March 15, 2019 and May 2, 2019 respectively, requesting metadata related to the Defendants' email accounts and any communications with third party Cibao Meats. (Subpoenas attached hereto as **Exhibit J**). Defendants objected to the subpoenas and filed a Motion to Quash (ECF #146) but the parties were able to resolve the dispute and the Motion to Quash was withdrawn (ECF # 148). Defendants advised Plaintiff's counsel that they have no objections to the subpoenas as long as they relate to the metadata described in the subpoenas.

Defendants also voiced concerns regarding Network Solutions' ability to handle this task of only collecting all metadata that is responsive to the subpoena, as it is probably not within their ambit. Specifically, Defendants believe that this would require Network Solutions to collect, process, review, analyze and produce documents without the benefit of a privilege review or search terms to narrow the scope of the production that would provide responsive documents. Defendants had advised Plaintiff that because of the uncertainty of Network Solutions capability to accomplish this task and because of the dangers of privileged communications being produced, that Plaintiff would be best served to by utilizing the services of an e-discovery vendor to ensure that the data is properly, safely and securely collected, vetted, reviewed, analyzed and produced without fear that a step was missed within the EDRM model. Plaintiff, however, vigorously declined and wrote Network Solution to produce the metadata. The metadata was received and transmitted by Plaintiff on just this past Monday, June 17, 2019.

On June 18, 2019, opposing counsel followed with an email stating:

> In reviewing the Network Solutions production today, we noticed that Network Solutions produced the metadata for emails other than communications between Latinfood and Cibao. We will have our IT staff search for any metadata of privileged communications, and delete that information from our database." (See **Exhibit K**).

Undersigned counsel has yet to have the opportunity to complete a detailed review of the Network Solutions produced metadata but a cursory review realized our worst fears - Network Solutions appears to have produced metadata, not just between the Defendants and Cibao Meats as requested, but for ***all*** email communications associated with the wilsonz@latinfoodus.com and wilson.zuluaga@latinfoodus.com. The wilson.zulauga@latinfoodus.com metadata (62 results) are all irrelevant as they have nothing to do with Cibao Meats and contains, among other things, assorted business solicitation on warehouse space and marketing opportunities. Similarly, the contents of Wilsonz@latinfoodus.com, which Defendants sampled, contains the following categories and results, and are likewise flawed:

    Deleted Items = 452
    Drafts = 12
    Sent Items = 154
    Sent = 157
    Spam = 686
    Trash = 156

Michael A. Hammer, U.S.M.J. 
June 21, 2019
Page 14

      Email = 19,894

Plaintiff's assertion in a June 20, 2019 email that "as soon as we realized that the Network Solutions production may have captured the metadata of communications between Latinfood and counsel, we segregated and deleted the data, and notified you of our actions" is not comforting since the production is rife with not only metadata pertaining to personal communications but to other business metadata that that will not yield admissible information. We alerted opposing counsel via email that day that "we find that your office's review of such production to be highly problematic."

Plaintiff will likely seek to question Defendant during their deposition and seek responsive emails based on whatever metadata they identified as being relevant to this litigation. This clearly provides a further basis for an extension of the fact discovery deadline.

Given the upcoming depositions, flurry of discovery issues and judicial and personal vacation schedules during the summer months[12], a 90-day stipulated extension of the current July 15, 2019 fact discovery deadline (past Labor Day) is necessary and will enable the parties to respond and follow up on deposition and discovery related issues. Pursuant to the foregoing, there is no basis for the Industria Parties' assertions that a further extension of the fact discovery deadline is unwarranted.

      We thank the Court for its attention to this matter.

/s/ Sam Kadosh
Samuel Kadosh

SK:jv

cc:    Mark J. Ingber, Esq.

---

[12] Finally, as previously advised to opposing counsel, I [Mark Ingber] am taking some family leave time due to the birth this week of my first grandchild, Molly Olivia, and this will directly impact my schedule for the balance of this month, and necessitates a postponement of the currently scheduled June 28th deposition of Wilson Zuluaga.