# EXHIBIT 1



**Peter D. Raymond**
Direct Phone:  +1 212 549 0364
Email:  praymond@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
Tel +1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

June 7, 2019

**Via Email**

Mark J. Ingber, Esq.
The Ingber Law Firm
374 Milburn Ave., Suite 301
Millburn, NJ  07041

RE:    *Industria de Alimentos Zenú S.A.S. v. Latinfood U.S. Corp. d/b/a Zenú Products Co. & Wilson Zuluaga*, No. 2:16-cv-06576-KM-MAH

Dear Mark:

I write in response to Latinfood's May 30, 2019 letter which seeks an additional Rule 30(b)(6) witness from Industria based on purported deficiencies with Mr. Salazar's testimony.  As stated in my May 10, 2019 and May 20, 2019 letters on this same topic, Mr. Salazar's two days of testimony was more than sufficient, and you have still failed to identify any basis for an additional deposition.

You claim for the first time, and without any explanation, that Mr. Salazar was not prepared or knowledgeable about noticed topics 1, 2, 6, 9, 12-17, 19-23, 25, 27-34 in the Amended Notice of Deposition to Luis Ignacio Salazar (the "Deposition Notice") is absurd on its face.  In your May 15 letter, you identified only a handful of topics that you allege Mr. Salazar was unprepared to discuss, and I addressed each of those concerns in detail in my May 20 letter.  Rather than respond to the points raised in my May 20 letter, you have doubled down by claiming that Mr. Salazar did not testify to almost all of the topics in the Deposition Notice, without providing any basis for these claims.

I already noted in my May 10 letter that you did not even ask Mr. Salazar any questions regarding topics 9, 16, 17, and 30, making it impossible for you to now allege that Mr. Salazar did not adequately testify concerning those topics.  Though you disagreed with this characterization in your May 15 letter, you conceded that "[t]opic 9 was asked and answered."  You further stated in your May 15 letter, regarding topic 30, that the purpose of that topic was for you "to confirm the existence of [Industria's] document retention policy," and that "Mr. Salazar was able to confirm its existence."  For you to now list topics 9 and 30 as topics for which Mr. Salazar "was not prepared or knowledgeable," when you have previously stated that he adequately addressed those topics, is proof that your new list of nearly all the noticed deposition topics has no basis in fact, and was only cobbled together in an attempt to force Industria to undergo an unnecessary and costly additional deposition that will have no effect on this litigation.

Regarding the other topics you identify in your May 30 letter, Mr. Salazar answered each question you asked satisfactorily.  For many of these topics, you only asked one or two questions, and did not even ask about all the subparts of the topics as written in the Deposition Notice.  Additionally, as I described in my May 20 letter, your questions were often poorly phrased, and your dissatisfaction with

Mark J. Ingber, Esq.
June 7, 2019
Page 2

the answers to those questions is the direct result of your failure to rephrase your questions or follow up with additional questions. Industria should not bear the cost of your inadequate questions. Moreover, as described below, Mr. Salazar adequately testified about each topic in the Deposition Notice that you identified.

**1.     The corporate structure of Industria, including each of its respective parents, subsidiaries, affiliates, officers and/or directors.**

Response: Mr. Salazar testified regarding the corporate structure of Industria and its affiliates at great length, including but not limited to the questions and answers at Tr. 10:9-11:2.

**2.     Plaintiff's development of the Zenú and Ranchera names for use on Plaintiff's products.**

Response: You asked briefly about the history of Zenú and Ranchera goods at Tr. 30:17-18, and Mr. Salazar answered your question at Tr. 30:19-23. You declined to ask any further about the development of these names.

**9.     Any investigation or due diligence performed by Plaintiff or by someone on Plaintiff's behalf, into the ownership or use of the Zenú and Ranchera names or marks in the United States.**

Response: This was asked about and answered at Tr. 56:6-13.

**12.    Any instances or possible instances of confusion between Plaintiff's and Defendants' use of the Zenú and Ranchera names or marks, including but not limited to misdirected mail, telephone calls, orders, complaints and inquiries as to affiliation, sponsorship, or relation.**

Response: Mr. Salazar repeatedly described the instances of confusion in detail throughout his deposition. He first mentions Gloria Moreno at Tr. 41:24, and Juana Solorzano at Tr. 105:18.

**13.    Plaintiff's ZENÚ and RANCHERA trademark applications.**

Response: Mr. Salazar testified regarding this topic, including but not limited to the testimony at Tr. 114:114:15-19.

**14.    Discussions with any Customers of Defendant including, but not limited to, Food Fair Supermarket, regarding sales of Defendant's Products.**

Response: Mr. Salazar testified regarding Gloria Moreno beginning at Tr. 41:24, and Juana Solorzano beginning at Tr. 105:18, both of whom were customers of Defendants. Mr. Salazar testified as to Industria's knowledge of Food Fair at Tr. 89:16-90:19. Mr. Salazar is only responsible for testifying as to Industria's knowledge, and to the extent that this topic seeks information from Cordialsa, this question is more appropriate for the Cordialsa Rule 30(b)(6) deposition.

Mark J. Ingber, Esq.
June 7, 2019
Page 3

**15.     Discussions with any Customers regarding their complaints or concerns about Defendant's Products.**

Response: Mr. Salazar testified regarding Gloria Moreno beginning at Tr. 41:24, and Juana Solorzano beginning at Tr. 105:18, both of whom were customers of Defendants with complaints and concerns.

**16.     Discussions with any Customers regarding any statements made to the Customers by the Nutresa Parties.**

Response: In your May 20 letter, you noted that this topic seeks the knowledge of Nutresa, and not Industria, but conceded that Mr. Salazar testified as to Industria's knowledge of this topic at Tr. 24:25-26:3 and Tr. 89:16-91:23.  Mr. Salazar is only responsible for testifying as to Industria's knowledge.

**17.     Discussions with any Customers regarding the Nutresa Parties.**

Response: In your May 20 letter, you noted that this topic seeks the knowledge of Nutresa, and not Industria, but conceded that Mr. Salazar testified as to Industria's knowledge of this topic at Tr. 24:25-26:3 and Tr. 89:16-91:23.  Mr. Salazar is only responsible for testifying as to Industria's knowledge.

**19.     Plaintiff's allegation in Paragraph 72 of the Amended Complaint regarding "Defendants' attempt to procure 400,000 of Plaintiffs labels from Plaintiffs own Zenú label provider in Medellin, Colombia."**

Response: Mr. Salazar testified regarding this topic, including but not limited to the testimony at Tr. 53:25-56:13 and 108:13-109:7.

**20.     Plaintiff's allegation in Paragraph 88 of the Amended Complaint regarding Defendant selling "sub-par and non- inspected products" bearing the Ranchera and Zenú marks.**

Response: Industria does not have any other witness that would have more knowledge on this topic, but reserves the right to supplement.

**21.     Plaintiff's allegation in Paragraph 46 of Amended Complaint regarding "Plaintiffs 'famous trademarks,' logos, trade dress and package designs."**

Response: Mr. Salazar testified regarding this topic, including but not limited to the testimony at Tr. 61:22-63:8.

**22.     Plaintiff's allegation in Paragraph 63 of Amended Complaint regarding why "Plaintiff cannot offer its goods for sale in the United States under its own Zenú Mark."**

Response: Mr. Salazar testified regarding this topic, including but not limited to the testimony at Tr. 37:6-9 and 68:6-8.

Mark J. Ingber, Esq.
June 7, 2019
Page 4

23. **Plaintiff's allegation in Paragraph 83 of Amended Complaint regarding "Those who engage with the Latinfood sales representatives are led to believe they are buying products from the same source as Plaintiffs products from Colombia."**

Response: Mr. Salazar testified regarding Gloria Moreno beginning at Tr. 41:24.

25. **Any and all information, included but not limited to, the contact information of John Jairo and/or John Joiro.**

Response: Mr. Salazar testified regarding this topic, including but not limited to the testimony at Tr. 88:6-89:15.  Additionally, at the December 13, 2018 meet and confer between the parties, Reed Smith indicated that further information regarding John Joiro/Jairo is protected by the attorney work product privilege, and you agreed not to seek further documentation regarding John Joiro/Jairo.

27. **Plaintiff's electronic storage practices.**

Response: Mr. Salazar testified regarding this topic, including but not limited to the testimony at Tr. 32:22-37:5.

28. **Plaintiff's policies and practices regarding the preservation of documents for litigation.**

Response: Mr. Salazar testified regarding this topic, including but not limited to the testimony at Tr. 32:22-37:5.

29. **Plaintiff's actions to preserve documents for the Action, including but not limited to any instructions given to Latinfood employees.**

Response: Mr. Salazar testified regarding this topic, including but not limited to the testimony at Tr. 32:22-37:5.  Additionally, Defendant Latinfood can ask its own employees if Industria gave them instructions regarding Industria's document preservation.

31. **All matters relevant to the subject matter involved in this action.**

Response: Mr. Salazar testified regarding this topic, including but not limited to the testimony at Tr. 1:1-168:22.  Moreover, Mr. Salazar is only responsible for testifying as to Industria's knowledge, and to the extent that this topic seeks information from Cordialsa, this question is more appropriate for the Cordialsa Rule 30(b)(6) deposition.

32. **All allegations and claims asserted in Industria's Amended Complaint.**

Response: Mr. Salazar testified regarding this topic, including but not limited to the testimony at Tr. 1:1-168:22.  As discussed above, Mr. Salazar was able to testify regarding Industria's knowledge of every topic in the Deposition Notice relating to the allegations and claims asserted in the Amended Complaint.

Mark J. Ingber, Esq.
June 7, 2019
Page 5

**33.     All allegations and claims asserted in Latinfood's Third Amended Counterclaim.**

Response: Mr. Salazar is only responsible for testifying as to Industria's knowledge, and to the extent that this topic seeks information from Cordialsa, this question is more appropriate for the Cordialsa Rule 30(b)(6) deposition.

**34**.     **All allegations and defenses asserted in Industria's Answer to Latinfood's Third Amended Counterclaim.**

Response: Mr. Salazar is only responsible for testifying as to Industria's knowledge, and to the extent that this topic seeks information from Cordialsa, this question is more appropriate for the Cordialsa Rule 30(b)(6) deposition.

Very truly yours,

*s/ Peter D. Raymond*

Peter D. Raymond