# EXHIBIT G



**Peter D. Raymond**
Direct Phone:  +1 212 549 0364
Email:  praymond@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
Tel +1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

May 20, 2019

**Via Email**

Mark J. Ingber, Esq.
The Ingber Law Firm
374 Milburn Ave., Suite 301
Millburn, NJ  07041

RE:   *Industria de Alimentos Zenú S.A.S. v. Latinfood U.S. Corp. d/b/a Zenú Products Co. & Wilson Zuluaga*, No. 2:16-cv-06576-KM-MAH

Dear Mark:

We write in response to Latinfood's May 3 and May 15, 2019 letters concerning Mr. Salazar's deposition, and in response to Latinfood's April 29, 2019 letter concerning the Rule 30(b)(6) deposition of Cordialsa USA, Inc. ("Cordialsa").

**First**, with respect to the supplemental document requests, Industria de Alimentos Zenu ("Industria") responds as follows:

   **1.   Industria's Document Retention Policy.**

Response: Industria objects to this Request on the grounds that it is irrelevant and overbroad.

   **2.   Marketing Strategy related to the Zenu/Ranchera branded products.**

Response: Industria objects to this Request as duplicative of Defendants' prior requests.  The parties reached an agreement regarding the scope of productions pursuant to those requests. Dkt. No. 138.  Latinfood's request for the same information violates the parties' prior agreement.  Industria further objects to this Request as irrelevant and not proportional to the needs of the case.  Industria has already produced all documents regarding any plans or discussions with respect to the United States market, so any additional documents responsive to this request would relate solely to Industria's marketing strategy in Colombia, which is not at issue in this action.

   **3.   Marquillas Report.**

Response: Industria objects to this Request as duplicative of Defendants' prior requests.  The parties reached an agreement regarding the scope of productions pursuant to those requests. Dkt. No. 138.  Latinfood's request for the same information violates the parties' prior agreement.  Notwithstanding the foregoing objections, Industria states that no written report exists regarding Marquillas' communication to Industria regarding the order for labels to be used in the United States.

Mark J. Ingber, Esq.
May 20, 2019
Page 2

**4.     Name of the person at Marquillas who stated that Latinfood "attempted to procure plaintiff's own labels from plaintiff's label provider in Medellin, Colombia."**

Response:  We will confer with our client regarding this Request.

**5.     Industria's current label designs.**

Response:  Industria objects to this Request as duplicative of Defendants' prior requests.  The parties reached an agreement regarding the scope of productions pursuant to those requests. Dkt. No. 138.  Latinfood's request for the same information violates the parties' prior agreement.  Industria further objects to this Request as irrelevant, overbroad and not proportional to the needs of the case.  Industria has already produced examples of labels used for its products, and the production of every single label of every product is not relevant to Latinfood's claims or defenses.

**6.     All Work for Hire documents in connection with the copyright registrations referenced in Paragraph 27 of the Amended Complaint.**

Response:  We will confer with our client regarding this Request.

**7.     Exhibit D to the Amended Complaint.**

Response: *See* ECF No. 31-4 for this Exhibit.

**8.     Verification of Plaintiff's Response to Latinfood's Second Set of Interrogatories.**

Response:  Industria will verify its responses to Latinfood's Second Set of Interrogatories.

**9.     Verification of Deposition Exhibit LS-P.**

Response: Industria will verify the responses in Deposition Exhibit LS-P.

**Second**, as stated in my May 10, 2019 letter, Mr. Salazar's testimony was more than sufficient, and you have still failed to identify any basis for an additional deposition.  You mischaracterize and take out of context certain statements by Mr. Salazar in order to build a false narrative that he was not prepared for the deposition.  Below, we respond to each of your purported examples of Mr. Salazar's lack of knowledge.

- **Knowledge on whether Marquillas ever provided a report that could substantiate Industria's claim that the Marquillas alerted Industria of Latinfood's activity regarding sales of products under the Zenú brand which was the main basis for investigating and instituting the instant lawsuit (49:21-23; 108:13-109:4; 110:13-17).**

Response:  As stated above, there is no written Marquillas report.  We will confer with Industria as to whether it has any record of the name of the individual at Marquillas who made this statement.

- **Whether Industria advertises its Zenú and Ranchera brands at US trade shows (69:2-3)**

Response: This question is not relevant in light of the January 29, 2019 Stipulation between the parties that Industria does not sell any Zenú or Ranchera products in the United States. Nonetheless, we will confer with our client to determine if any other individual at Industria has knowledge regarding the answer to this question.

- **Whether Industria has accused Latinfood's Zenú brand products of being the reason why Zenú brand products cannot be sold in the US (80:17-23).**

Response: Mr. Salazar was unable to answer the question at Tr. 80:17-20 due to the confusing form of the question. On the very next page, you asked a similar question, and Mr. Salazar answered your question in the affirmative. *See* Tr. 81:14-16. Mr. Salazar also repeatedly testified that Latinfood's current purported ownership of the Zenú mark is the reason why Industria is not selling Zenú products in the United States. See Tr. 37:6-9; 68:6-8; 74:5-10; 75:7-10; 81:14-20; 157:13-22.

- **Whether Industria ever had any direct discussions with Latinfood's business customers regarding sales of Latinfood's products (105:5-11).**

Response: Mr. Salazar was unable to answer the question at Tr. 105:5-7 due to the confusing form of the question. Immediately after the cited excerpt, you rephrased the question, and Mr. Salazar answered by referring to the conversation Industria had with Gloria Moreno. Tr. 105:12-17.

- **Whether any other companies in the US use the Zenú or Ranchera marks (110:25-111:3).**

Response: Mr. Salazar testified that Industria is not aware of any other companies in the United States that use the Zenú or Ranchera marks outside of Latinfood's infringing use. Industria stipulated on January 29, 2019 that it does not use the Zenú or Ranchera marks in the United States, and Industria cannot testify as to whether any company in the United States is using the marks without Industria's knowledge.

- **Whether Latinfood has any impact on Industria's sales of Ranchera and Zenú in Columbia (113:4-10).**

Response: We will confer with our client to determine if any other individual at Industria has knowledge regarding the answer to this question.

- **Whether Industria conducted any tests to determine if Latinfood's products are defective (130:9-12).**

Response: Mr. Salazar answered this question in the negative, but to the extent that he was equivocal, we confirm that no such tests were conducted.

Mark J. Ingber, Esq.
May 20, 2019
Page 4

**Third**, with respect to the deposition audio, we are still waiting for our client to review the full PDFs of the deposition transcript to determine that there are no errors in the translation. Moreover, given that you still dispute the adequacy of Mr. Salazar's testimony, it is premature to delete the recordings, which are the best evidence of Mr. Salazar's actual testimony. However, your concerns are unfounded, as no one has listened to the audio recording, and the audio recording has not been sent outside of Reed Smith.

**Finally**, Cordialsa stands on the objections identified in its March 25, 2019 letter to Latinfoods concerning the March 20, 2019 Amended Notice. As that letter states, Cordialsa has no obligation to testify on behalf of its corporate affiliate, Industria. This is particularly true, where, as here, Latinfoods already took a Rule 30(b)(6) deposition of Industria on April 11 and 12, 2019. Latinfoods cannot use the Cordialsa deposition to seek information it did not bother to ask the Industria witness.

Very truly yours,

*s/ Peter D. Raymond*

Peter D. Raymond