# EXHIBIT J

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of New Jersey

| | |
|---|---|
| INDUSTRIA DE ALIMENTOS ZENÚ S.A.S. | ) |
| *Plaintiff* | ) |
| v. | )  Civil Action No. 2:16-cv-06576-KM-MAH |
| LATINFOOD U.S. CORP. d/b/a ZENÚ PRODUCTS CO. and WILSON ZULUAGA | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Google LLC
c/o Corporation Service Company, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Attachment A hereto

| Place: Christopher J. Pulido, Esq.<br>Reed Smith LLP, 101 Second Second Street, Suite 1800, San Francisco, CA 94105 | Date and Time:<br><br>05/17/2019 12:43 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  04/29/2019

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
INDUSTRIA DE ALIMENTOS ZENÚ S.A.S. _____ , who issues or requests this subpoena, are:
Samuel Kadosh, 599 Lexington Avenue, NY, NY 10022, SKadosh@reedsmith.com, (212) 549-0451

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:16-cv-06576-KM-MAH

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

INDUSTRIA DE ALIMENTOS ZENÚ S.A.S,

Plaintiff,

v.

LATINFOOD U.S. CORP d/b/a ZENÚ
PRODUCTS CO. and WILSON ZULUAGA,

Defendants.

No.: 2:16-cv-06576-KM-MAH

**SUBPOENA *DUCES TECUM***

## ATTACHMENT A

## DEFINITIONS

1.      The terms used herein shall be construed as broadly as possible.

2.      "Google," "You" or "Your" shall mean Google LLC and each of its agents, representatives, employees, shareholders, directors, officers, members, managers, partners, servants, parents, subsidiaries, affiliates, predecessors-in-interest, successors-in-interest, attorneys, and any other person acting, directly or indirectly, on behalf of or in concert with the foregoing.

3.      "Latinfood" shall mean Latinfood U.S. Corp. d/b/a Zenú Products Co. a defendant in this action, and each of its agents, representatives, employees, shareholders, directors, officers, members, managers, partners, servants, parents, subsidiaries, affiliates, predecessors-in-interest, successors-in-interest, attorneys, and any other person acting, directly or indirectly, on behalf of or in concert with the foregoing, including Wilson Zuluaga.

4.      "Defendants" shall mean Latinfood and/or Wilson Zuluaga, the defendants in this action, and each of their agents, representatives, employees, shareholders, directors, officers, members, managers, partners, servants, parents, subsidiaries, affiliates, predecessors-in-interest,

successors-in-interest, attorneys, and any other person acting, directly or indirectly, on behalf of or in concert with the foregoing, including HWZ Distributors.

5.     "Communication" shall mean any contact between two or more persons, companies, subsidiaries or affiliates, including any of the directors, officers, employees, or representatives thereof, and shall include, without limitation, written contact by such means as letters, memoranda, telegrams, telex, or any other documents, oral contact by such means as face-to-face meetings and telephone conversations, and electronically or magnetically transferred or stored information that is or has been transmitted between any two persons or companies, including, but not limited to, email, instant message or voice mail.

6.     "Document" is used in the most comprehensive and inclusive sense permitted by applicable law and includes, but is not limited to, all forms of recorded information in your actual or constructive possession, custody or control, whether handwritten, typed, printed, or recorded or stored on computer data storage devices, diskettes, videotape, audio tape, or photographic film. Document means any drafts or versions thereof, and all copies on which any mark, alteration, writing, attachment or any other change from the original appears. It includes, by way of example and not by way of limitation:

    a. Letters, correspondence, memoranda, "e-mail" and other electronic communications, voice mail recordings, facsimile or telefax transmissions, telex, telegrams, and any other intra-company and inter-company communications;

    b. Minutes, transcripts, notes or records of meetings, conferences, telephone conversations, and interviews, including lists of persons attending the meetings or conferences;

    c. Calendars, date books, diaries;

    d. Blueprints, drawings, sketches, schematics, specifications, diagrams, photographs, maps, charts, and graphs;

e. Sales and promotional literature, brochures, press releases, advertisements, pamphlets, CD-ROMs, DVDs, web-based downloadable files and any other electronic-based media;

f. Reports, studies, analyses, projections, strategic plans, presentations, books, booklets, texts;

g. Forms, written offers for purchase or sale, purchase agreements, sales agreements, written contracts, licenses, assignments, legal pleadings or filings, deposition transcripts;

h. Ledgers, accounting records, sales and financial information;

i. Files, programs, applications, software (for example, source code, object code, executable code), and any other documentations, notes or other tangible information related thereto;

j. Archived records and expired files; and

k. Any retrievable word processor text, spreadsheet, slide presentation or other compilation of information stored on a hard disk in a personal computer or a server, including any e-mail messages, to be produced in native format unless otherwise agreed by the parties.

7.      The terms "relate" or "relating" shall mean concerning, regarding, pertaining to, mentioning, commenting on, connect with, discussing, describing, analyzing, explaining, showing, reflecting, setting forth, dealing with, comprising, consisting of, containing, constituting, resulting from, recording, or in any way relevant to a particular subject in whole or in part and either directly or indirectly.

8.      The terms "and" and "or" shall be construed conjunctively when such construction would bring within the requested information that would otherwise be outside of its scope, but shall be construed disjunctively when such construction would bring within the requested information that would otherwise be outside of its scope.  Similarly, the singular form of all words includes the plural form and the plural form of all words includes the singular form and the word "any" shall mean "any and all" and the word "each" shall mean "each and every."

- 3 -

## INSTRUCTIONS

1.      You shall answer each request for the production of documents ("Request")

separately.

2.      You shall produce any and all drafts and copies of each document that are

responsive to any Request, and all copies of such documents that are not identical in any respect,

including but not limited to copies containing handwritten notes, markings, stamps or

interlineations.

3.      All of these Requests are directed not only to those documents in the possession,

custody or control of you or your agents, employees, representatives and -- unless privileged --

legal counsel, but also to those documents in the possession, custody or control of any "person"

(as defined herein) that you control and to any documents in the possession, custody or control of

any agents, employees, representatives and -- unless privileged -- legal counsel of any such

person.  In addition, documents for which you have the legal right to obtain shall be considered

within your possession, custody or control.  For documents responsive to a Request whose

locations are unknown, state the names and addresses of any persons that might possess or know

the location of such documents.

4.      If you object to any of these Requests, then you shall state the reasons for each

such objection.  If you object to any part of a Request, then you shall further specify the part.

Similarly, if you do not object to a particular Request, but are unable to comply fully with that

Request, then you shall comply to the fullest extent possible and provide an explanation for your

lack of full compliance.

5.      If any information responsive to a Request is withheld on a claim that it is

privileged or subject to protection as work product or some other ground of privilege or

immunity, the claim shall be made expressly and each such document shall be identified as

follows, or by other description sufficient to enable the Court to evaluate the claim:

    a.   a description of the general type of document, *e.g.* letter, memorandum, report, note, etc., and the number of pages of which it consists;

    b.   the date and if no date appears thereon, the identification shall so state and shall give the date or approximate date the document was prepared;

    c.   if a signed document, the name of the person who signed such document and the name of the person who prepared such document if different from the signer;

    d.   if an unsigned document, the name of the person who prepared such document;

    e.   the organization, if any, with which the signer or preparer was then connected;

    f.   the names and addresses of all addressees and recipients;

    g.   the names and address of all other distributees;

    h.   the organization, if any, with which each addressee, recipient, or distributee was then connected;

    i.   a general summary of the subject matter;

    j.   the ground for refusal to produce such document; and

    k.   the present location of such document and each copy thereof known to you, including the title, identifying or descriptive code number, file number, index number, and label, if any, of the file in which the document is kept by you, or the file from which such document was removed, if removed for the purpose of this action or any other action involving you, and the name of the person having possession, custody or control of the document.

    6.     If any document which is responsive to a Request is produced in redacted form, those portions of the document which are redacted should be identified and your response should, with respect to such redaction, identify the basis for each redaction.

    7.     All documents requested shall be produced in the same file or other organization environment in which they are or were kept in the usual course of business.  For example, a document that is part of a file, docket or grouping should be physically produced together with all other documents from the file, docket or grouping responsive to the Request, in the same

order or manner of arrangement as the original.  You shall also produce the "file tab," name or other identification of the source of the documents.

8.      Each page of a produced document shall have a legible, unique page identifier ("Bates number" or "document control number") and, where applicable, a confidentiality legend, on the face of the image at a location that does not obliterate, conceal or interfere with information from the source document.  Any redactions should be clearly marked or stamped on the page in such a way that it is clear from review that a portion of the document or image has been redacted.

9.      If any information or data is withheld because such information or data is stored only electronically, it is to be identified by the subject matter of the information or data, the storage mode, and the place or places where such information is maintained.

10.     With respect to responsive documents in an electronic format, these documents should be produced in a single-page, Group IV, 300 DPI Tagged Image File Format ("TIFF") with Opticon (OPT) load file, except that Microsoft Excel and similar programs/applications should be produced in their native format with a TIFF placeholder and metadata file information (included in the .DAT file).  If any such Excel document requires redactions, said documents will not be produced natively but will be produced as single-page, TIFF images in a unitized manner.  For any native documents that are produced we request a native file field (Named "Native Link") within the data load file that confirms the appropriate document file path information as it resides in the production media. Each TIFF should be stamped with a unique Bates number in the bottom right corner and each TIFF file name shall match the corresponding Bates number.  We are prepared to provide detailed technical specifications for the formatting of Opticon (OPT) load files and format of the production volumes to either your technical staff or

vendor in charge of preparing the electronic production.  We request that electronic documents be produced via external USB drive or secure file transfer, depending on volume.  Our technical staff would be happy to confer with you regarding the final format of production to ensure that electronic documents are produced in a useable format.

      11.     To the extent possible and practicable, we request the production of the following metadata fields for electronically stored information: (a) Starting production number (b) Ending production number; (c) Attachment range beginning number (if applicable); (d) Attachment range ending number (if applicable); (e) Electronic document type; (f) Create date; (g) File name; (h) File location; (i) Custodian; (j) Last date modified; (k) Author; (l) Message From; (m)Message Recipient(s); (n) Message sent date; (o) Message Cc(s); (p) Message Bcc(s); (q) Message Subject; (r) Title; (s) Native Link - path to corresponding native file included with the production volume; and (t) the relative path to the corresponding TEXT or OCR files included with the production volume.  Metadata fields should be provided in a Concordance (.DAT) format file with the field definitions listed in the first row and should include instructions regarding specific delimiters used if the standard Concordance delimiters cannot be used.  Full Extracted text should be produced for all documents with the exception of paper and  redacted documents. Both Redacted documents and paper files should be OCR'd.  Text files should be provided in document-level text files, in a separate folder from the images.  Each Text file should match the corresponding starting production numbers. Files should not contain spaces, ashes or any values that could be interpreted as a delimiter.

      12.     In the event that any document called for by these Requests has been destroyed or discarded, that document is to be identified by indicating:  (i) the type of document (*e.g.*, letter, memo, etc.); (ii) the subject matter of the document; (iii) the date and title of the document; (iv)

author(s), addressee(s) and recipient(s) of the document; (v) number of pages; (vi) the identity of any enclosure(s) or attachment(s); (vii) persons to whom distributed, shown, or explained; (viii) date of destruction or discard and reason for destruction or discard; and (ix) persons authorizing and carrying out such destruction or discard.

13.     If any document is responsive to a Request, but not within the possession, custody or control of you or your representatives, you should submit a written statement that (i) describes the type of document (*e.g.*, letter, memo, etc.), (ii) identifies the author, (iii) specifies the date written or originated, (iv) identifies each person to whom the original or a copy was addressed and/or delivered, and (v) identifies each and every person who has ever had possession of the original or a copy of the documents.

14.     If any Request is deemed to call for disclosure of confidential or proprietary information, we are prepared to receive such data pursuant to an appropriate confidentiality order.

15.     The relevant time period for these Requests, unless otherwise specified, is January 1, 2013 to December 31, 2018.

## DOCUMENT REQUESTS

1.     Documents sufficient to show whether the emails, or backups of the emails, sent and received by the wilzul68@gmail.com account were stored on Google-owned servers or on other servers.

2.     Documents sufficient to show the document retention settings for the wilzul68@gmail.com account, and any changes made to the document retention settings.

3.     Documents sufficient to show whether the wilzul68@gmail.com account ever maintained an automated process through which emails associated with the email accounts was

- 8 -

deleted on a regular schedule, and the time periods during which such process was or is active.

      4.      Documents sufficient to show whether the wilzul68@gmail.com account ever altered, suspended, cancelled, or reactivated any automated process through which emails associated with those email accounts were deleted on a regular schedule.

      5.      Documents sufficient to show whether the wilzul68@gmail.com email account altered, suspended, cancelled, or reactivated any automated process through which emails were deleted on a regular schedule, at any point between May 1, 2017 and February 22, 2018.

      6.      Documents sufficient to show, on a monthly basis, the amount of data storage utilized by the wilzul68@gmail.com account on Google servers from January 1, 2013 through December 31, 2018.

      7.      The following metadata fields for any emails between (i) wilzul68@gmail.com and (ii) any email address at the @cibaomeat.com domain, including but not limited to jalinei@cibaomeat.com and jisidor@cibaomeat.com: date, time, sender, recipients, CC recipients, BCC recipients,  and the presence of attachments.

.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
District of New Jersey

| | | |
|---|---|---|
| INDUSTRIA DE ALIMENTOS ZENÚ S.A.S. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  2:16-cv-06576-KM-MAH |
| LATINFOOD U.S. CORP. d/b/a ZENÚ PRODUCTS CO. and WILSON ZULUAGA | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Network Solutions, LLC
c/o Corporation Service Company, 100 Shockoe Slip Fl 2, Richmond VA 23219

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Attachment A hereto

| Place: Katherine K. Ballou, Esq.<br>Reed Smith LLP, Riverfront Plaza - West Tower, 901,<br>East Byrd Street, Suite 1900, Richmond VA 23219 | Date and Time:<br><br>03/29/2019 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   03/15/2019

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | *(signature)* |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
INDUSTRIA DE ALIMENTOS ZENÚ S.A.S. _____ , who issues or requests this subpoena, are:
Samuel Kadosh, 599 Lexington Avenue, NY, NY 10022, SKadosh@reedsmith.com, (212) 549-0451

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:16-cv-06576-KM-MAH

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

INDUSTRIA DE ALIMENTOS ZENÚ S.A.S,

     Plaintiff,

v.

LATINFOOD U.S. CORP d/b/a ZENÚ
PRODUCTS CO. and WILSON ZULUAGA,

     Defendants.

No.: 2:16-cv-06576-KM-MAH

**SUBPOENA *DUCES TECUM***

## ATTACHMENT A

## DEFINITIONS

1.  The terms used herein shall be construed as broadly as possible.

2.  "Network Solutions," "You" or "Your" shall mean Network Solutions LLC and each of its agents, representatives, employees, shareholders, directors, officers, members, managers, partners, servants, parents, subsidiaries, affiliates, predecessors-in-interest, successors-in-interest, attorneys, and any other person acting, directly or indirectly, on behalf of or in concert with the foregoing.

3.  "Latinfood" shall mean Latinfood U.S. Corp. d/b/a Zenú Products Co. a defendant in this action, and each of its agents, representatives, employees, shareholders, directors, officers, members, managers, partners, servants, parents, subsidiaries, affiliates, predecessors-in-interest, successors-in-interest, attorneys, and any other person acting, directly or indirectly, on behalf of or in concert with the foregoing, including Wilson Zuluaga.

4.  "Defendants" shall mean Latinfood and/or Wilson Zuluaga, the defendants in this action, and each of their agents, representatives, employees, shareholders, directors, officers, members, managers, partners, servants, parents, subsidiaries, affiliates, predecessors-in-interest,

successors-in-interest, attorneys, and any other person acting, directly or indirectly, on behalf of or in concert with the foregoing, including HWZ Distributors.

5.      "Communication" shall mean any contact between two or more persons, companies, subsidiaries or affiliates, including any of the directors, officers, employees, or representatives thereof, and shall include, without limitation, written contact by such means as letters, memoranda, telegrams, telex, or any other documents, oral contact by such means as face-to-face meetings and telephone conversations, and electronically or magnetically transferred or stored information that is or has been transmitted between any two persons or companies, including, but not limited to, email, instant message or voice mail.

6.      "Document" is used in the most comprehensive and inclusive sense permitted by applicable law and includes, but is not limited to, all forms of recorded information in your actual or constructive possession, custody or control, whether handwritten, typed, printed, or recorded or stored on computer data storage devices, diskettes, videotape, audio tape, or photographic film. Document means any drafts or versions thereof, and all copies on which any mark, alteration, writing, attachment or any other change from the original appears. It includes, by way of example and not by way of limitation:

   a. Letters, correspondence, memoranda, "e-mail" and other electronic communications, voice mail recordings, facsimile or telefax transmissions, telex, telegrams, and any other intra-company and inter-company communications;

   b. Minutes, transcripts, notes or records of meetings, conferences, telephone conversations, and interviews, including lists of persons attending the meetings or conferences;

   c. Calendars, date books, diaries;

   d. Blueprints, drawings, sketches, schematics, specifications, diagrams, photographs, maps, charts, and graphs;

e.  Sales and promotional literature, brochures, press releases, advertisements, pamphlets, CD-ROMs, DVDs, web-based downloadable files and any other electronic-based media;

f.  Reports, studies, analyses, projections, strategic plans, presentations, books, booklets, texts;

g.  Forms, written offers for purchase or sale, purchase agreements, sales agreements, written contracts, licenses, assignments, legal pleadings or filings, deposition transcripts;

h.  Ledgers, accounting records, sales and financial information;

i.  Files, programs, applications, software (for example, source code, object code, executable code), and any other documentations, notes or other tangible information related thereto;

j.  Archived records and expired files; and

k.  Any retrievable word processor text, spreadsheet, slide presentation or other compilation of information stored on a hard disk in a personal computer or a server, including any e-mail messages, to be produced in native format unless otherwise agreed by the parties.

7.      The terms "relate" or "relating" shall mean concerning, regarding, pertaining to, mentioning, commenting on, connect with, discussing, describing, analyzing, explaining, showing, reflecting, setting forth, dealing with, comprising, consisting of, containing, constituting, resulting from, recording, or in any way relevant to a particular subject in whole or in part and either directly or indirectly.

8.   The terms "and" and "or" shall be construed conjunctively when such construction would bring within the requested information that would otherwise be outside of its scope, but shall be construed disjunctively when such construction would bring within the requested information that would otherwise be outside of its scope.  Similarly, the singular form of all words includes the plural form and the plural form of all words includes the singular form and the word "any" shall mean "any and all" and the word "each" shall mean "each and every."

## INSTRUCTIONS

1.      You shall answer each request for the production of documents ("Request")

separately.

2.      You shall produce any and all drafts and copies of each document that are

responsive to any Request, and all copies of such documents that are not identical in any respect,

including but not limited to copies containing handwritten notes, markings, stamps or

interlineations.

3.      All of these Requests are directed not only to those documents in the possession,

custody or control of you or your agents, employees, representatives and -- unless privileged --

legal counsel, but also to those documents in the possession, custody or control of any "person"

(as defined herein) that you control and to any documents in the possession, custody or control of

any agents, employees, representatives and -- unless privileged -- legal counsel of any such

person.  In addition, documents for which you have the legal right to obtain shall be considered

within your possession, custody or control.  For documents responsive to a Request whose

locations are unknown, state the names and addresses of any persons that might possess or know

the location of such documents.

4.      If you object to any of these Requests, then you shall state the reasons for each

such objection.  If you object to any part of a Request, then you shall further specify the part.

Similarly, if you do not object to a particular Request, but are unable to comply fully with that

Request, then you shall comply to the fullest extent possible and provide an explanation for your

lack of full compliance.

5.      If any information responsive to a Request is withheld on a claim that it is

privileged or subject to protection as work product or some other ground of privilege or

immunity, the claim shall be made expressly and each such document shall be identified as

follows, or by other description sufficient to enable the Court to evaluate the claim:

    a.   a description of the general type of document, *e.g.* letter, memorandum, report, note, etc., and the number of pages of which it consists;

    b.   the date and if no date appears thereon, the identification shall so state and shall give the date or approximate date the document was prepared;

    c.   if a signed document, the name of the person who signed such document and the name of the person who prepared such document if different from the signer;

    d.   if an unsigned document, the name of the person who prepared such document;

    e.   the organization, if any, with which the signer or preparer was then connected;

    f.   the names and addresses of all addressees and recipients;

    g.   the names and address of all other distributees;

    h.   the organization, if any, with which each addressee, recipient, or distributee was then connected;

    i.   a general summary of the subject matter;

    j.   the ground for refusal to produce such document; and

    k.   the present location of such document and each copy thereof known to you, including the title, identifying or descriptive code number, file number, index number, and label, if any, of the file in which the document is kept by you, or the file from which such document was removed, if removed for the purpose of this action or any other action involving you, and the name of the person having possession, custody or control of the document.

6.     If any document which is responsive to a Request is produced in redacted form,

those portions of the document which are redacted should be identified and your response

should, with respect to such redaction, identify the basis for each redaction.

7.     All documents requested shall be produced in the same file or other organization

environment in which they are or were kept in the usual course of business.  For example, a

document that is part of a file, docket or grouping should be physically produced together with

all other documents from the file, docket or grouping responsive to the Request, in the same

order or manner of arrangement as the original.  You shall also produce the "file tab," name or other identification of the source of the documents.

8.      Each page of a produced document shall have a legible, unique page identifier ("Bates number" or "document control number") and, where applicable, a confidentiality legend, on the face of the image at a location that does not obliterate, conceal or interfere with information from the source document.  Any redactions should be clearly marked or stamped on the page in such a way that it is clear from review that a portion of the document or image has been redacted.

9.      If any information or data is withheld because such information or data is stored only electronically, it is to be identified by the subject matter of the information or data, the storage mode, and the place or places where such information is maintained.

10.      With respect to responsive documents in an electronic format, these documents should be produced in a single-page, Group IV, 300 DPI Tagged Image File Format ("TIFF") with Opticon (OPT) load file, except that Microsoft Excel and similar programs/applications should be produced in their native format with a TIFF placeholder and metadata file information (included in the .DAT file).  If any such Excel document requires redactions, said documents will not be produced natively but will be produced as single-page, TIFF images in a unitized manner.  For any native documents that are produced we request a native file field (Named "Native Link") within the data load file that confirms the appropriate document file path information as it resides in the production media. Each TIFF should be stamped with a unique Bates number in the bottom right corner and each TIFF file name shall match the corresponding Bates number.  We are prepared to provide detailed technical specifications for the formatting of Opticon (OPT) load files and format of the production volumes to either your technical staff or

- 6 -

vendor in charge of preparing the electronic production. We request that electronic documents be produced via external USB drive or secure file transfer, depending on volume. Our technical staff would be happy to confer with you regarding the final format of production to ensure that electronic documents are produced in a useable format.

11.     To the extent possible and practicable, we request the production of the following metadata fields for electronically stored information: (a) Starting production number (b) Ending production number; (c) Attachment range beginning number (if applicable); (d) Attachment range ending number (if applicable); (e) Electronic document type; (f) Create date; (g) File name; (h) File location; (i) Custodian; (j) Last date modified; (k) Author; (l) Message From; (m)Message Recipient(s); (n) Message sent date; (o) Message Cc(s); (p) Message Bcc(s); (q) Message Subject; (r) Title; (s) Native Link - path to corresponding native file included with the production volume; and (t) the relative path to the corresponding TEXT or OCR files included with the production volume. Metadata fields should be provided in a Concordance (.DAT) format file with the field definitions listed in the first row and should include instructions regarding specific delimiters used if the standard Concordance delimiters cannot be used. Full Extracted text should be produced for all documents with the exception of paper and redacted documents. Both Redacted documents and paper files should be OCR'd. Text files should be provided in document-level text files, in a separate folder from the images. Each Text file should match the corresponding starting production numbers. Files should not contain spaces, ashes or any values that could be interpreted as a delimiter.

12.     In the event that any document called for by these Requests has been destroyed or discarded, that document is to be identified by indicating: (i) the type of document (*e.g.*, letter, memo, etc.); (ii) the subject matter of the document; (iii) the date and title of the document; (iv)

author(s), addressee(s) and recipient(s) of the document; (v) number of pages; (vi) the identity of any enclosure(s) or attachment(s); (vii) persons to whom distributed, shown, or explained; (viii) date of destruction or discard and reason for destruction or discard; and (ix) persons authorizing and carrying out such destruction or discard.

13.     If any document is responsive to a Request, but not within the possession, custody or control of you or your representatives, you should submit a written statement that (i) describes the type of document (*e.g.*, letter, memo, etc.), (ii) identifies the author, (iii) specifies the date written or originated, (iv) identifies each person to whom the original or a copy was addressed and/or delivered, and (v) identifies each and every person who has ever had possession of the original or a copy of the documents.

14.     If any Request is deemed to call for disclosure of confidential or proprietary information, we are prepared to receive such data pursuant to an appropriate confidentiality order.

15.     The relevant time period for these Requests, unless otherwise specified, is January 1, 2013 to December 31, 2018.

## DOCUMENT REQUESTS

1.     All account statements for the account associated with the "latinfoodus.com" domain, Wilson Zuluaga or Latinfood.

2.     Documents sufficient to identify every email account and email address associated with the "latinfoodus.com" domain, Wilson Zuluaga or Latinfood.

3.     All metadata for any emails between (i) any email address at the @latinfoodus.com domain, including but not limited to WilsonZ@latinfoodus.com, Wilson.Zuluaga@latinfoodus.com, Sales@latinfoodus.com and Office@latinfoodus.com, and

(ii) any email address at the @cibaomeat.com domain, including but not limited to jalinei@cibaomeat.com and jisidor@cibaomeat.com.  The metadata should include, at a minimum, the date, time, sender, recipients, CC recipients, BCC recipients,  and the presence of attachments.

4.      Documents sufficient to show where the emails sent and received by the @latinfoodus.com domain were stored, including any backups of those emails.

5.      Documents sufficient to show the document retention settings for all email accounts associated with the @latinfoodus.com domain, Wilson Zuluaga or Latinfood, and any changes made to the document retention settings.

6.      Documents sufficient to show whether the account associated with the @latinfoodus.com domain, Wilson Zuluaga or Latinfood ever maintained an automated process through which emails associated with the @latinfoodus.com domain were deleted on a regular schedule, and the time periods during which such process was or is active.

7.      Documents sufficient to show whether the account associated with the @latinfoodus.com domain, Wilson Zuluaga or Latinfood ever altered, suspended, cancelled, or reactivated any automated process through which emails associated with the @latinfoodus.com domain were deleted on a regular schedule.

8.      Documents sufficient to show whether the account associated with the @latinfoodus.com domain, Wilson Zuluaga or Latinfood altered, suspended, cancelled, or reactivated any automated process through which emails associated with the @latinfoodus.com domain were deleted on a regular schedule, at any point between May 1, 2017 and February 22, 2018.

9.      Documents sufficient show all instances in which any emails associated with the

- 9 -

@latinfoodus.com domain were copied or backed up from the Network Solutions servers onto any other computer, server or hard drive.

10.    Documents sufficient to show whether any emails dating from January 1, 2013 through December 31, 2018 from the "www.latinfoodus.com" domain remain on any Network Solutions server, or in any other location that is ascertainable by Network Solutions.