MARK J. INGBER, ESQ.
The Ingber Law Firm
51 JFK Parkway
1st Floor West, Suite 159
Short Hills, New Jersey 07078
Tel: (973) 921-0080
*Attorneys for the Defendants and Counter Plaintiffs*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| INDUSTRIA DE ALIMENTOS ZENÚ S.A.S., <br><br> Plaintiff, <br><br> v. <br><br> LATINFOOD U.S. CORP. d/b/a ZENÚ PRODUCTS CO. and WILSON ZULUAGA <br><br> Defendants/Counter Plaintiffs, <br><br>---<br><br> LATINFOOD U.S. CORP. d/b/a ZENÚ PRODUCTS CO., <br><br> Defendant/Counter Plaintiff <br> v. <br><br> INDUSTRIA DE ALIMENTOS ZENÚ S.A.S and CORDIALSA USA, INC. <br><br> Counter Defendants. | Civil Action No: 2:16-CV-06576 |

## DEFENDANTS' FOURTH ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AND COUNTERCLAIMS

Defendants Latinfood U.S. Corp. d/b/a Zenú Products Co. and Wilson Zuluaga ("Defendants"), by way of a third amended Answer to Plaintiff Industria de Alimentos Zenú S.A.S.'s ("Plaintiff") April 21, 2017 Amended Complaint (the "Amended Complaint") denies each

and every allegation and averment of the Amended Complaint, except as expressly address, admitted or otherwise denied as set forth hereinbelow:

## NATURE OF ACTION

1.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to its proofs.

2.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to its proofs.

3.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to its proofs.

4.     Denied.

5.     Denied.

6.     Denied.

7.     Denied.

8.     Denied.

9.     Denied.

10.     Denied.

11.     Denied.

12.     Denied.

## THE PARTIES

13.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to its proofs.

14.     Admitted.

15.     Admitted.

## JURISDICTION AND VENUE

16.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to its proofs.

17.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to its proofs.

18.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to its proofs.

19.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to its proofs.

20.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to its proofs.

## STATEMENT OF FACTS

21.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to its proofs.

22.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to its proofs.

23.     Denied.

24.     Denied.

25.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to its proofs.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to its proofs.

31.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to its proofs.

32.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to its proofs.

33.     Denied.

34.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to its proofs.

35.     Denied.

36.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to its proofs.

37.     Denied.

38.     Admitted.

39.     Admitted.

40.     Denied.

41.     Admitted.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Admitted except Defendants deny Plaintiff's allegation in the corresponding footnote to Paragraph 48 alleging that "[a]t all times, Mr. Zuluaga controlled the application and the contents within it."

49.     Admitted.

50.     Admitted.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Admitted. Defendants deny the footnote in Paragraph 73.

74.     Denied.

75.     Admitted.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to its proofs.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Denied.

84.     Denied.

85.     Denied.

86.     Admitted.

87.     Denied.

88.     Denied.

89.     Denied.

90.    Denied.

## FIRST CAUSE OF ACTION
### False Association Pursuant to Section 43(a) of the Lanham Act,
### 15 U.S.C. § 1125(a)
### (Against Defendants)

91.    Defendants repeat and reallege its answers to paragraphs 1 – 90 as if fully stated and set forth herein.

92.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to its proofs.

93.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to its proofs.

94.    Denied.

95.    Denied.

96.    Denied.

97.    Denied.

98.    Denied.

99.    Denied.

## SECOND CAUSE OF ACTION
### False Association Pursuant to Section 43(a) of the Lanham Act,
### 15 U.S.C. § 1125(a)
### (Against Defendants)

100.    Defendants repeat and reallege its answers to paragraphs 1 – 99 as if fully stated and set forth herein.

101.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to its proofs.

102.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to its proofs.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Denied.

108.    Denied.

### THIRD CAUSE OF ACTION
### False Advertising Pursuant to Section 43(a) of the Lanham Act,
### 15 U.S.C. § 1125(a)
### (Against Defendants)

109.    Defendants repeat and reallege its answers to paragraphs 1 – 108 as if fully stated and set forth herein.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Denied.

114.    Denied.

115.    Denied.

116.    Denied.

117.    Denied.

## FOURTH CAUSE OF ACTION
## Trade Dress Infringement Pursuant to Section 43(a) of the Lanham Act,
## 15 U.S.C. § 1125(a)
## (Against Defendants)

118.    Defendants repeat and reallege its answers to paragraphs 1 – 117 as if fully stated and set forth herein.

119.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to its proofs.

120.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to its proofs.

121.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to its proofs.

122.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to its proofs.

123.    Denied.

124.    Denied.

125.    Denied.

## FIFTH CAUSE OF ACTION
## Copyright Infringement Pursuant to 17 U.S.C. § 501
## (Against Defendants)

126.    Defendants repeat and reallege its answers to paragraphs 1 – 125 as if fully stated and set forth herein.

127.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to its proofs.

128.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to its proofs.

129.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to its proofs.

130.    Denied.

131.    Denied.

132.    Denied.

### SIXTH CAUSE OF ACTION
### Copyright Infringement Pursuant to 17 U.S.C. § 501
### (Against Defendants)

133.    Defendants repeat and reallege its answers to paragraphs 1 – 132 as if fully stated and set forth herein.

134.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to its proofs.

135.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to its proofs.

136.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to its proofs.

137.    Denied.

138.    Denied.

139.    Denied.

### SEVENTH CAUSE OF ACTION
### Copyright Infringement Pursuant to 17 U.S.C. § 501
### (Against Defendants)

140.    Defendants repeat and reallege its answers to paragraphs 1 – 139 as if fully stated and set forth herein.

141.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to its proofs.

142.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to its proofs.

143.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to its proofs.

144.    Denied.

145.    Denied.

146.    Denied.

**EIGHTH CAUSE OF ACTION**
**Copyright Infringement Pursuant to 17 U.S.C. § 501**
**(Against Defendants)**

147.    Defendants repeat and reallege its answers to paragraphs 1 – 146 as if fully stated and set forth herein.

148.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to its proofs.

149.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to its proofs.

150.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to its proofs.

151.    Denied.

152.    Denied.

153.    Denied.

154.    Denied.

## NINTH CAUSE OF ACTION
### Copyright Infringement Pursuant to 17 U.S.C. § 501
### (Against Defendants)

155.    Defendants repeat and reallege its answers to paragraphs 1 – 154 as if fully stated and set forth herein.

156.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to its proofs.

157.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to its proofs.

158.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to its proofs.

159.    Denied.

160.    Denied.

161.    Denied.

162.    Denied.

## TENTH CAUSE OF ACTION
### Copyright Infringement Pursuant to 17 U.S.C. § 501
### (Against Defendants)

163.    Defendants repeat and reallege its answers to paragraphs 1 – 162 as if fully stated and set forth herein.

164.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to its proofs.

165.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to its proofs.

166.    Denied.

167.    Denied.

## ELEVENTH CAUSE OF ACTION
### Source Misrepresentation Pursuant to Section 14(3) of the Lanham Act,
### 15 U.S.C. § 1064
### (Against Defendants)

168.    Defendants repeat and reallege its answers to paragraphs 1 – 167 as if fully stated and set forth herein.

169.    Denied.

170.    Denied.

171.    Denied.

172.    Denied.

173.    Denied.

174.    Denied.

175.    Denied.

## TWELFTH CAUSE OF ACTION
### Trademark Cancellation Pursuant to Articles 7 and 8 of the Inter-American Convention
### For Trade Mark and Commercial Protection
### (Against Defendants)

176.    Defendants repeat and reallege its answers to paragraphs 1 – 175 as if fully stated and set forth herein.

177.    Denied.

178.    Admitted.

179.    Admitted.

180.    Denied.

181.    Denied.

182.    Denied.

13

183.   Denied.

## THIRTEENTH CAUSE OF ACTION
### Commercial Name Protection Pursuant to Articles 16, 17, 18 and 31 of the Inter-American Convention For Trade Mark and Commercial Protection
### (Against Defendants)

184.   Defendants repeat and reallege its answers to paragraphs 1 – 183 as if fully stated and set forth herein.

185.   Denied.

186.   Denied.

187.   Denied.

188.   Denied.

189.   Denied.

190.   Denied.

191.   Denied.

192.   Denied.

193.   Denied.

## FOURTEENTH CAUSE OF ACTION
### Trademark Cancellation Pursuant to Article 12 of the Inter-American Convention For Trade Mark and Commercial Protection
### (Against Defendants)

194.   Defendants repeat and reallege its answers to paragraphs 1 – 193 as if fully stated and set forth herein.

195.   Denied.

196.   Denied.

197.   Denied.

198.   Denied.

14

## FIFTEENTH CAUSE OF ACTION
### Unfair Competition Pursuant to N.J. Stat. 56:4-1 and 56:4-2
### (Against Defendants)

199.    Defendants repeat and reallege its answers to paragraphs 1 – 198 as if fully stated and set forth herein.

200.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to its proofs.

201.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to its proofs.

202.    Denied.

203.    Denied.

204.    Denied.

205.    Denied.

206.    Denied.

207.    Denied.

## SIXTEENTH CAUSE OF ACTION
### Unfair Competition Pursuant to N.J. Stat. 56:4-1 and 56:4-2
### (Against Defendants)

208.    Defendants repeat and reallege its answers to paragraphs 1 – 207 as if fully stated and set forth herein.

209.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to its proofs.

210.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to its proofs.

211.    Denied.

212. Denied.

213. Denied.

214. Denied.

215. Denied.

216. Denied.

### **Prayer for Relief**

**As to Sections 1(a)-(c) and 2-7:**

Denied. Defendants deny that Plaintiff is entitled to any such relief as claimed therein.

### **DEFENDANTS' AFFIRMATIVE DEFENSES**

Without admitting any of the allegations of the Amended Complaint not otherwise asserted herein, Defendants assert the following affirmative defenses to the Amended Complaint averred by Plaintiff:

### **FIRST AFFIRMATIVE DEFENSE**
### **(Failure to State a Claim)**

Plaintiff's Amended Complaint fails to state a claim against Defendants for which relief may be granted, and therefore should be dismissed with prejudice.

### **SECOND AFFIRMATIVE DEFENSE**
### **(Lack of Standing-Trademark)**

Plaintiff lacks standing for Causes of Actions 1-4 and 11-16 because Plaintiff has never entered the U.S. market; has abandoned its U.S. trademarks; and because it has no viable claim of any economic or reputational injury that is a direct result of Defendants' conduct.

16

### THIRD AFFIRMATIVE DEFENSE
### (Lack of Standing-Copyright)

Plaintiff's Causes of Actions 5-10 are barred, in whole or in part, because some or all of

the works of authorship that form the subject of the claims for relief are not original to Plaintiff

and, therefore, Plaintiff lacks standing to pursue these claims.

### FOURTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiff's Causes of Actions 5-10 are barred, in whole or in part, by the 3 year statute of

limitations under 17 U.S.C. Section 507(b)_of the Copyright Act since Plaintiff has known of

Defendant Latinfood's Zenu and Ranchera product designs at least as early as October of 2013,

but did not file its copyright infringement claim until April 21, 2017.

### FIFTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiff's Amended Complaint is barred by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE
### (No Economic or Reputational Injury)

Plaintiff's Amended Complaint is barred as Defendants have not and cannot plead facts

which demonstrate that Plaintiff has suffered or is likely to suffer economic or reputational injury.

### SEVENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Plaintiff's Amended Complaint is barred from recovery for failure to mitigate damages.

### EIGHTH AFFIRMATIVE DEFENSE
### (Waiver)

Plaintiff's Amended Complaint is barred by the doctrine of waiver.

## NINTH AFFIRMATIVE DEFENSE
### (Laches)

Plaintiff's Amended Complaint is barred since it has known, or should have known, of Defendants' ZENÚ and RANCHERA marks, yet failed to take any timely action.

## TENTH AFFIRMATIVE DEFENSE
### (Estoppel)

Plaintiff's Amended Complaint is barred by the doctrine of estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Fair Use)

Any alleged use of Plaintiff's purported copyrightable material was a fair use and therefore Plaintiff is entitled to no relief.

## TWELFTH AFFIRMATIVE DEFENSE
### (Preemption)

Plaintiff's Amended Complaint Causes of Action 15 and 16 are preempted by the Copyright Act.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (No damages)

Plaintiff's Amended Complaint fails in whole or in part to the extent that Plaintiff has suffered no economic damage, no reputational injury, or any other damages.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Statutory Damages and Attorney's Fees)

Plaintiff's prayer for statutory damages and attorney's fees under the Copyright Act are barred to the extent that Plaintiff's copyrights in issue do not meet the registration requirements of the Copyright Act.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Copyright Invalidity)

Plaintiff's Amended Complaint Causes of Action 5-10 are barred since the work claimed in Plaintiff's copyright registrations lacks originality and copyrightable subject matter.


## SIXTEENTH AFFIRMATIVE DEFEENSE

### (Defendant Latinfood's Copyrighted Designs Do Not Infringe Plaintiff's Copyrighted Designs)

Since 2017, Defendant Latinfood has been and is the owner of "Latinfood Zenu Ham Design;" "Latinfood Zenu Ranchera Sausage Design;" and "Latinfood Zenu Sausage Design" ("Latinfood Designs"). The Latinfood Designs contain original expressions of art, and have been registered since March of 2019 with the United States Copyright Office under the Titles "Latinfood Zenu Ham Design;" "Latinfood Zenu Ranchera Sausage Design;" and "Latinfood Zenu Sausage Design" under Reg. Nos. VA 2-143-877, VA 2-144-62, and VA 2-143-879. The copyrights in and to the Latinfood Designs, which Latinfood has registered with the U.S. Copyright Office, are in full force and effect. Pursuant to 17 U.S. Code § 410, as the Certificates of Registration were made before or within five years after first publication of the work, they constitute prima facie evidence of the validity of the copyrights and of the facts stated in the certificates.  True and correct copies of the registration certificates and designs are attached as Exhibits A-C.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Reservation)

Defendants have insufficient knowledge or information upon which to form a belief as to whether they may have additional, as yet unstated, separate defenses available to them. Defendants specifically reserve the right to put forth any and all additional defenses as they may arise during the course of litigation.

**WHEREFORE,** Defendants demand judgment as follows:

    A.  That Plaintiff be denied all requested relief;

    B.  An award to Defendants for its reasonable attorney's fees and all costs associated with its defense of Plaintiff's Amended Complaint; and

    C.  For such other and further Relief as this Court may deem just and proper.

## COUNTERCLAIMS

Defendants Latinfood U.S. Corp. d/b/a Zenú Products Co. ("Latinfood" or "Counter Plaintiff") and Wilson Zuluaga ("Mr. Zuluaga") through their attorneys, complaining of Plaintiff, Industria de Alimentos Zenú S.A.S. ("Industria") and Cordialsa USA, Inc. ("Cordialsa") (collectively "Counter Defendants") allege as follows:

## THE PARTIES

1.       Latinfood U.S. Corp. d/b/a Zenú Products Co. is a registered New York corporation with a place of business located at, 80B Keyland Ct. Bohemia, NY 11716.

2.      Wilson Zuluaga is the owner and principal of Latinfood U.S. Corp. d/b/a Zenú Products Co. and a resident of New York.

3.      Upon information and belief, Industria is a corporation organized under the laws of Colombia with its principal place of business located at, Carrera 52 No. 2-38, Medellín, Colombia. Industria is a wholly-owned subsidiary of Grupo Nustresa S.A. located at Carrera 43A North, 1A Sur 143 Edificio, Santillana, Medellín, Colombia.

4.      Upon information and belief, Cordialsa is a corporation organized under the laws of Texas with a place of business located at, 9950 Cypresswood Drive, Suite 360, Houston, Texas 77070. Cordialsa is a wholly-owned subsidiary of Grupo Nustresa S.A. and is the marketing arm and distribution company for Grupo Nutresa S.A.

## JURISDICTION AND VENUE

5. This Court possesses subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1332(a)(2) and 1367. There is complete diversity of citizenship; the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and the counterclaims are related claims under the common law and/or statutory law of the State of New Jersey.

6. Venue is properly laid in this District of New Jersey in connection with these counterclaims, pursuant to 28 U.S.C. § 1391(b)(2), because the claim of tortious interference with prospective economic advantage by Counter Defendants against Counter Plaintiffs arose in this District.

## FACTS COMMON TO ALL COUNTERCLAIMS

7.      Industria is a foreign Colombian company which allowed its expired ZENÙ U.S. §44(e), §66(a), and §1(b) trademark registrations to become cancelled or abandoned, some nearly a quarter century ago.

8.      Industria, as of yet, has failed to make any use of the ZENÙ mark in the U.S. in interstate commerce.

9.      Industria's following three cited U.S. ZENÙ marks were filed under a Section 44(e) filing basis, declaring a bona fide intent to use the mark in commerce in the United States, and were all subsequently cancelled due to its failure to submit a Section 8 statement of use declaration:

   a) ZENÙ design mark (U.S. Reg. No. 1,359,432) in connection with "Canned meats" in International Class 29 under a Section 44(e) filing basis. **Cancelled on February 19, 1992.**

   b) ZENÙ design mark (U.S. Reg. No. 1,404,280) in connection with "Coffee, tea, Cacao, sugar, rice, Tapioca, Sago Succedaneous of coffee, flour, toast, crackers, biscuits, cookies, pizzas, bread, cakes, pies, pastries, candies, ice creams, honey, molasses syrup, yeast, baking powder, salt, mustard, pepper, vinegar, sauces-excluding apple sauce and cranberry sauce, spices" in International Class 30 under a Section 44(e) filing basis. **Cancelled on February 8, 1993.**

   c) ZENÙ design mark (U.S. Reg. No. 1,733,331) in connection with "meat; fish; chicken, turkey, duck, goose, guinea fowl, squab, quail, grouse, pheasant, partridge, woodcock, snipe and plover; meat and fruit extracts; dried and boiled canned fruit; jams; marmalades; eggs, milk and other dairy products excluding ice cream, ice

22

milk and frozen yogurt; edible oils and fats; pickled fruit and vegetables and salad dressings" in International Class 29 under a Section 44(e) filing basis. **Cancelled on May 24, 1999**.

10.     Industria's following cited U.S. ZENÙ mark was filed under a Section 1(b) filing basis, declaring a bona fide intent to use the mark in commerce in the United States, and was subsequently abandoned due to its failure to submit a Section 8 statement of use declaration:

d) ZENÙ design mark (U.S. Reg. No. 2,848,103) in connection with "Processed food, namely, Hispanic salami and sausage." in International Class 29 originally owned by Martha C. Delgado, a New Jersey individual, originally under a Section 1(b) filing basis. The mark was assigned to Petitioner on July 7, 2004 and **cancelled on January 1, 2011**.

Such marks have been cancelled or abandoned, some for nearly a quarter of a century.

11.     Industria has two trademark applications pending with the U.S. Trademark Office under Section 44(e) and Section 66(a) filing bases, both declaring a bona fide intent to use the mark in commerce in the United Sates:

e)  ZENÙ design mark (U.S. App. Serial No. 86/459824) in connection with "Meat; fish, poultry, and game not live; meat extracts; canned, frozen, dried and cooked fruits and vegetables; jellies, jams, compotes; eggs; milk and dairy products excluding ice cream, ice milk, and frozen yogurt; edible oils and fats" in International Class 29. Filed on  November 10, 2014 under a Section 44(e) filing basis.

f)  ZENÙ word mark (U.S. App. Serial No. 79/147515) in connection with "Meat; fish, not live; poultry; game; meat extracts; canned, frozen, dried and cooked fruits and

vegetables; jellies, jams, compotes; eggs; milk and dairy products excluding ice cream, ice milk, and frozen yogurt; edible oils and fats" in International Class 29. Filed on March 12, 2014 under a Section 66(a) filing basis.

12.      Upon information and belief, Cordialsa began its operations in 2004 and is the marketing arm and distribution company for Grupo Nutresa. Industria and Cordialsa are subsidiaries to Grupo Nutresa.

13.      Upon information and belief, Cordialsa uses different channels of distribution that mainly include supermarkets, convenience stores, club stores, mass merchandisers and dollar stores to commercialize its products in the U.S. Cordialsa has warehouses located in Houston, Texas; Laredo, Texas; and Los Angeles, California.

14.      Upon information and belief, Cordialsa sells its products in California, Nevada, Arizona, Texas, Florida, New York, New Jersey, Illinois, and Georgia.

15.      Latinfood is a well-known New York corporation that has been selling food products under the ZENÙ mark since as early as 2011. Mr. Zuluaga is Latinfood's principal and has at all times acted in his capacity as a corporate officer of Latinfood.

16.      On September 17, 2013, the United States Patent and Trademark Office ("USPTO") issued a registration certificate for the ZENÙ mark (Reg. No. 4,402,942) as used in interstate commerce in connection with "Bologna; Canned cooked meat; Canned fish; Chorizo; Hot dogs; Preserved meats and sausages; Processed meat; Sausages; Tuna fish" under International Class 29 (the "ZENÙ Registration").

17.      Since 2011, without interruption, Latinfood has expended considerable resources of both time and money in the promotion of Latinfood's ZENÙ products under the ZENÙ

24

Registration and the expansion the business in general. Accordingly, the ZENÙ Registration immediately identifies Latinfood as the exclusive source of products sold under the ZENÙ Registration and signifies its goodwill of incalculable value.

18.     On or around July 15, 2015, Latinfood through its principal, Mr. Zuluaga, was performing a regular visit to its customer, Food Fair Supermarket located at 976 Market St., Paterson, New Jersey, 07513, when the store manager requested that Latinfood pick up and remove all Latinfood's ZENÙ branded products from the store. The Manager, Elvis Rodriguez, informed Latinfood that the area manager of Cordialsa, Alejandro Yepes, told him that the Latinfood ZENÙ branded products were "fake" and intimidated the manager into removing the products from the store entirely.

19.     On or around July 15, 2015, Mr. Zuluaga was able to speak with Mr. Yepes in the parking lot and in the presence of Elvis Rodriguez, Mr. Yepes admitted that he had told the Food Fair Supermarket store manager that the Latinfood products were "fake" and that he had requested they be removed from the store shelves. Mr. Yepes continued to say that he had been given direct orders from his manager, Luis Arango, to identify points of sale of any ZENÙ branded products and to tell such point of sale that the products were "fake" and that they had to be removed immediately from the sales floor.

20.     Upon information and belief, Mr Yepes also made visits to other supermarket customers of Latinfood, including Twin City Supermarket and Supremo Supermarket and told their store managers that the Latinfood Zenu and Ranchera branded goods were unauthorized and/or "fake" and that any such goods should be removed from their shelves.

25

21.     On or around July 15, 2015, Latinfood sent a cease and desist letter to Mr. Arango and Cordialsa, informing them of the incident and demanding that such malicious actions stop and that willfully false statements cease. Cordialsa later denied such actions.

22.     As of recently, Latinfood has continued to receive several comments from various Latinfood customers, that Industria and/or Cordialsa has reached out to them with the same false and malicious claims that Latinfood's ZENÙ products were "fake" and that the customers should immediately stop carrying the products.

23.     Due to Industria's and/or Cordialsa's false and malicious comments, Latinfood's sales and volumes purchased by the customers (which were told the false information) are significantly lower and/or ceased completely.

24.     Industria and Cordialsa have continued to spread this false and malicious information, even though both companies are well aware of Latinfood's valid ZENÙ Registration. Furthermore, Industria has long since abandoned its ZENÙ marks in the U.S., as long as a quarter century ago. Industria and Cordialsa seek to interfere with Latinfood's current and prospective customer relationships, and thereby deprive Latinfood of its economic advantage to which it is entitled.

## COUNTERCLAIM COUNT 1
### Tortious Interference with a Prospective Economic Advantage
### (Against all Counter Defendants)

25.     Counter Plaintiff repeats and re-alleges paragraphs 1-23 above as if set forth specifically herein.

26.     Latinfood has a continuing economic relationship with its customers, and an expectation of prospective economic advantage from relationships to be established with new

customers in the future. Counter Defendants, at all relevant times, were aware of Latinfood's expectation of prospective economic advantage from Latinfood's relationships with its current and new customers.

27.     The dissemination of Cordialsa's field representatives in the northeast region of the U.S. of false and malicious statements about Latinfood's products being "fake" and that Latinfood's customers had to remove such products off their shelves immediately, interfered with the prospective and actual economic advantage of Latinfood by inducing such clients not to conduct business Latinfood.

28.     As a direct and proximate result of Counter Defendants malicious inducement to potential and existing clients of Latinfood not to engage in any business activities with Latinfood, Latinfood suffered damages in amounts that will be established at trial.

**WHEREFORE,** Counter Plaintiff hereby demands that judgement be entered enjoining Counter Defendants, Counter Defendants' agents, and all those acting in concert with Counter Defendants and/or with its agents, from tortiously interfering with Counter Plaintiff's prospective economic advantage, and awarding compensatory and punitive damages, attorneys' fees and costs, and such other relief as the Court may deem just and equitable.

## JURY DEMAND

Counter Plaintiff hereby demands a trial by jury as to all issues so triable.

Dated:  June 10, 2019                    **THE INGBER LAW FIRM**

By: Mark J. Ingber, Esq.
51 JFK Parkway
1st Floor West, Suite 159
Short Hills, New Jersey 07078
Tel: (973) 921-0080
Ingber.lawfirm@gmail.com
*Attorneys for Defendants and Counter Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2019 a copy of the Defendants' Fourth Answer to

Plaintiff's Amended Complaint and Counterclaim was served via e-mail to Plaintiff, via counsel

of record, as follows:

Peter D. Raymond (admitted *pro hac vice*)
Reed Smith LLP
599 Lexington Avenue
New York, New York 10022
PRaymond@ReedSmith.com

Samuel Kadosh, Esq.
Reed Smith LLP
599 Lexington Avenue
New York, New York 10022
skadosh@reedsmith.com

Dated: Short Hills, New Jersey
June 25, 2019

_____
Mark J. Ingber, Esq.

## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Karyn A. Temple*

Acting United States Register of Copyrights and Director

**Registration Number**

## VA 2-144-622

**Effective Date of Registration:**
March 27, 2019

---

**Title** _____

**Title of Work:**   Latinfood Zenu Ranchera Sausage Design

**Completion/Publication** _____

**Year of Completion:**   2017
**Date of 1st Publication:**   November 17, 2017
**Nation of 1st Publication:**   United States

**Author** _____

**Author:**   Latinfood U.S. Corp., dba Zenu Products Co.
**Author Created:**   photograph, 2-D artwork
**Work made for hire:**   Yes
**Citizen of:**   United States

**Copyright Claimant** _____

**Copyright Claimant:**   Latinfood U.S. Corp., dba Zenu Products Co.
80B Keyland Court, Bohemia, NY, 11716, United States

**Rights and Permissions** _____

**Organization Name:**   The Ingber Law Firm
**Name:**   Mark J. Ingber
**Email:**   ingber.lawfirm@gmail.com
**Telephone:**   (973)921-0080
**Address:**   51 JFK Parkway
1st Floor West, Suite 159
Short Hills, NJ 07078 United States

**Certification** _____



# EXHIBIT A

Page 1 of 2

LATIN000523

**Name:**   Mark J. Ingber, Esq.
**Date:**   March 27, 2019

**Correspondence:**   Yes

LATIN000524



**NUTRITION FACTS**
Serving Size 1oz (28g)
Serving per container 15

| Amount per serving | | |
|---|---|---|
| Calories 87 | Calories from fat 43 | |

| | | % Daily Value* |
|---|---|---|
| Total Fat 5g | | 8% |
| Saturated Fat 1.5g | | 8% |
| Trans Fat 0g | | 0% |
| Cholesterol 15 mg | | 5% |
| Sodium 53 mg | | 10% |
| Total Carbohydrate 0g | | 0% |
| Dietary Fiber 0g | | 0% |
| Sugars 0g | | |
| Protein 3g | | 10% |

Vitamin A 2% • Vitamin C 0%
Calcium 0% • Iron 6%

*Percent Daily Values are based on a 2,000
calorie diet. Your daily values may be higher
or lower depending on your calorie needs:

| | Calories: | 2,000 | 2,500 |
|---|---|---|---|
| Total Fat | Less than | 65g | 80g |
| Sat Fat | Less than | 20g | 25g |
| Cholesterol | Less than | 300mg | 300mg |
| Sodium | Less than | 2,400mg | 2,400mg |
| Total Carbohydrate | | 300g | 375g |
| Dietary Fiber | | 25g | 30g |

Calories per gram:
Fat 9 • Carbohydrate 4 • Protein 4

keep refrigerated or
freeze by exp. date

**Ingredients:** Pork, beef, water, salt, dextrose, natural smoke flavor,
spices, flavoring, sodium phosphate, sodium erythorbate,
sodium nitrite.

**GLUTEN FREE NO MSG**

SUGGESTED EATING / Importante: COCINAR HASTA 160°F ANTES DE CONSUMIR

NET WT. 15oz.

SELL BY 1 / 0

**Distributed by:**
Zenu Products Co.
80 Keyland Ct. Unit B
Bohemia, NY 11716
(201) 499-7630
info@zenuproducts.com
www.zenuusa.com

RANCHERA
*Traditional*
*Premium Sausage*
*Natural Smoke Flavor Added*

Zenú

U.S.
INSPECTED
AND PASSED BY
DEPARTMENT OF
AGRICULTURE
EST 1674

LATIN000525

## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Karyn A. Temple*

Acting United States Register of Copyrights and Director

**Registration Number**

## VA 2-143-879

**Effective Date of Registration:**
March 22, 2019

---

## Title _____

**Title of Work:**   Latinfood Zenu Ham Design

## Completion/Publication _____

**Year of Completion:**   2018
**Date of 1st Publication:**   January 25, 2018
**Nation of 1st Publication:**   United States

## Author _____

- **Author:**   Latinfood U.S. Corp. d/b/a Zenu Products Co.
  **Author Created:**   photograph, 2-D artwork
  **Work made for hire:**   Yes
  **Citizen of:**   United States

## Copyright Claimant _____

**Copyright Claimant:**   Latinfood U.S. Corp. d/b/a Zenu Products Co.
80B Keyland Court, Bohemia, NY, 11716

## Rights and Permissions _____

**Organization Name:**   The Ingber Law Firm
**Name:**   Mark J. Ingber
**Email:**   ingber.lawfirm@gmail.com
**Telephone:**   (973)921-0080
**Address:**   51 JFK Parkway
1st Floor West, Suite 159
Short Hills, NJ 07078 United States

## Certification _____

# EXHIBIT B

Page 1 of 2

LATIN000526

**Name:**   Mark J. Ingber, Esq.
**Date:**   March 22, 2019

**Correspondence:**   Yes

LATIN000527



LATIN000528

## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Karyn A. Temple*

Acting United States Register of Copyrights and Director



**Registration Number**

# VA 2-143-877

**Effective Date of Registration:**
March 22, 2019

---

**Title** _____

Title of Work:  Latinfood Zenu Sausage Design

**Completion/Publication** _____

Year of Completion:  2017
Date of 1st Publication:  November 17, 2017
Nation of 1st Publication:  United States

**Author** _____

- Author:  Latinfood U.S. Corp. d/b/a Zenu Products Co.
  Author Created:  photograph, 2-D artwork
  Work made for hire:  Yes
  Citizen of:  United States

**Copyright Claimant** _____

Copyright Claimant:  Latinfood U.S. Corp. d/b/a Zenu Products Co.
80B Keyland Court, Bohemia, NY, 11716, United States

**Rights and Permissions** _____

Organization Name:  The Ingber Law Firm
Name:  Mark J. Ingber
Email:  ingber.lawfirm@gmail.com
Telephone:  (973)921-0080
Address:  51 JFK Parkway
1st Floor West, Suite 159
Short Hills, NJ 07078 United States

**Certification** _____

# EXHIBIT C

Page 1 of 2

LATIN000529

**Name:**   Mark J. Ingber, Esq.
**Date:**   March 22, 2019

---

**Correspondence:**   Yes

LATIN000530

