**REED SMITH LLP**
*Formed in the State of Delaware*
Peter D. Raymond, Esq. (admitted *pro hac*)
Samuel Kadosh, Esq.
599 Lexington Avenue
New York, New York 10022
Tel: (212) 521-5400

*Attorneys for*
*Industria de Alimentos Zenú S.A.S.*
*and Cordialsa USA, Inc.*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| INDUSTRIA DE ALIMENTOS ZENÚ S.A.S.<br><br>　　　　Plaintiff/Counter Defendant,<br><br>　v.<br><br>LATINFOOD U.S. CORP. d/b/a ZENÚ PRODUCTS CO. and WILSON ZULUAGA,<br><br>　　　　Defendants/Counter Claimants/<br>　　　　Third Party Plaintiffs,<br><br>　v.<br><br>CORDIALSA USA, INC.<br><br>　　　　Third Party Defendant. | **Civil Action No. 2:16-cv-06576-KM-MAH**<br><br><br>**ANSWER TO FOURTH**<br>**AMENDED COUNTERCLAIM** |

Counter Defendant Industria de Alimentos Zenú S.A.S. ("Industria") and Third Party Defendant Cordialsa USA, Inc. ("Cordialsa," and with Industria, "Counter Defendants"), through their counsel, Reed Smith LLP, for their answer to the fourth amended counterclaim ("Counterclaim," ECF No. 154) of defendant Latinfood U.S. Corp. d/b/a Zenú Products Co. ("Latinfood")[1], state as follows:

## AS TO THE PARTIES

1. Counter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph, except admit that Latinfood U.S. Corp. d/b/a Zenú Products Co. is a registered New York corporation.

2. Counter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

3. Counter Defendants admit the allegations contained in this Paragraph.

4. Counter Defendants admit the allegations contained in this Paragraph, but deny that Cordialsa is the marketing arm and distribution company for Grupo Nutresa S.A.

## AS TO JURISDICTION AND VENUE

5. Counter Defendants deny the factual allegations contained in this Paragraph other than admitting that the parties are completely diverse, and respectfully refer all questions of law to the Court.

6. Counter Defendants deny the allegations contained in this Paragraph, and respectfully refer all questions of law to the Court.

---

[1] Defendants have stated that the Counterclaim is asserted by defendant Latinfood alone and is not asserted by defendant Wilson Zuluaga.

## AS TO FACTS COMMON TO ALL COUNTERCLAIMS

7. Counter Defendants deny the allegations contained in this Paragraph, except admit that Industria is a Colombian company.

8. Counter Defendants deny the allegations contained in this Paragraph.

9. Counter Defendants deny the allegations contained in this Paragraph, except admit that Industria filed three separate Section 44(e) filings bearing registration numbers 1,359,432; 1,404,280; and 1,733,331 that were each subsequently cancelled.

10. Counter Defendants deny the allegations contained in this Paragraph, except admit that Industria was assigned U.S. Reg. No. 2,848,103 that was originally filed under a Section 1(b) basis.

11. Counter Defendants deny the allegations contained in this Paragraph, except admit that Industria has two trademark applications pending with the U.S. Trademark Office bearing application serial numbers 86/459824 and 79/147515.

12. Counter Defendants deny the allegations contained in this Paragraph, except admit that Industria and Cordialsa are subsidiaries to Grupo Nutresa.

13. Counter Defendants deny the allegations contained in this Paragraph, except admit that Cordialsa has warehouses located in Houston, Texas and Los Angeles, California.

14. Counter Defendants admit the allegations contained in this Paragraph.

15. Counter Defendants deny the allegations contained in this Paragraph, except admit that Latinfood is a New York corporation and that Mr. Zuluaga is Latinfood's principal.

16. Counter Defendants deny the allegations contained in this Paragraph, except admit that on September 17, 2013, the United States Patent and Trademark Office issued a registration certificate for the ZENÚ mark (Reg. No. 4,402,942) in connection with "Bologna;

Canned cooked meat; Canned fish; Chorizo; Hot dogs; Preserved meats and sausages; Processed meat; Sausages; Tuna fish" under International Class 29.

17. Counter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph, except deny that the ZENÚ mark identifies Latinfood as the exclusive source of products sold under the ZENÚ mark and signifies its goodwill of incalculable value.

18. Counter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph, other than denying that Mr. Yepes called the Latinfood Zenu products "fake" and intimidated the manager into removing the products from the store.

19. Counter Defendants deny the allegations contained in this Paragraph, except admit that Mr. Zuluaga spoke with Mr. Yepes in the presence of Elvis Rodriguez on or around July 15, 2015.

20. Counter Defendants deny the allegations contained in this Paragraph.

21. Counter Defendants deny the allegations contained in this Paragraph, except admit that Latinfood sent a cease and desist letter to Cordialsa on or around July 15, 2015 and that Cordialsa denied the allegations in the letter.

22. Counter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

23. Counter Defendants deny the allegations contained in this Paragraph.

24. Counter Defendants deny the allegations contained in this Paragraph.

### AS TO COUNTERCLAIM COUNT 1
### Tortious Interference with a Prospective Economic Advantage
### (Against all Counter Defendants)

25. Counter Defendants repeat and reallege each and every response to the allegations contained in Paragraphs 1 through 24 of the Counterclaim as if fully set forth herein.

26. Counter Defendants deny the allegations contained in this Paragraph.

27. Counter Defendants deny the allegations contained in this Paragraph.

28. Counter Defendants deny the allegations contained in this Paragraph.

### GENERAL DENIAL AND REQUEST FOR RELIEF

All averments not specifically admitted herein are denied. Counter Defendants respectfully request that the Court deny the relief sought by Counter Claimant, enter judgment in Counter Defendants' favor, and grant any other relief deemed equitable and just.

### DEFENSES AND AFFIRMATIVE DEFENSES

For its further and separate defenses and affirmative defenses, which bar Counter Claimant's right to recovery, in whole or in part, Counter Defendants allege as follows:

### AFFIRMATIVE DEFENSES
### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

1. The Counterclaim fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

2. Latinfood's claims against Counter Defendants are barred by the doctrines of waiver, estoppel and/or laches.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

3. Latinfood's claims against Counter Defendants are barred by the doctrines of unclean hands and *in pari delicto*.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

4. Latinfood has not pled facts which demonstrate that it has suffered or is likely to suffer economic injury.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

5. Any statements made by Counter Defendants were true.

### RESERVATION OF RIGHTS

Counter Defendants expressly reserve the right to amend and/or supplement this Answer and the Affirmative Defenses. Counter Defendants reserve the right to raise any additional defenses not asserted herein that may be revealed during the course of discovery or other investigation, or that otherwise are found applicable.

### DEMAND FOR JURY TRIAL

In accordance with Rule 38(b) of the Federal Rules of Civil Procedure, Counter Defendants demand a trial by jury on all issues so triable.

**WHEREFORE**, Counter Defendants demand judgment dismissing the Counterclaim, together with costs and disbursements of this action, an award of attorney fees, and along with such other and further relief as to this Court may deem just and proper.

Dated: New York, New York
        July 9, 2018

**REED SMITH LLP**

By: *s/ Sam Kadosh*
    Peter D. Raymond, Esq. (admitted *pro hac*)
    Samuel Kadosh, Esq.
    599 Lexington Avenue
    New York, New York 10022
    Tel: (212) 521-5400
    Fax: (212) 521-5450

*Attorneys for
Industria de Alimentos Zenú S.A.S.
and Cordialsa USA, Inc.*