

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

**Samuel Kadosh**
Direct Phone:  +1 212 549 0451
Email:  skadosh@reedsmith.com

July 26, 2019

**By ECF**

Hon. Michael A. Hammer, U.S.M.J.
United States District Court
for the District of New Jersey
50 Walnut Street
Newark, NJ 07102

RE:     ***Industria de Alimentos Zenú S.A.S. v. Latinfood U.S. Corp. d/b/a Zenú Prods. Co., et al.***,
          ***Civ. Action No. 2:16-cv-6576-KM-MAH***

Dear Judge Hammer:

We represent plaintiff/counter defendant Industria de Alimentos Zenú S.A.S. ("Industria") and third party defendant Cordialsa USA, Inc. ("Cordialsa" and with Industria, "Counter-Defendants"), and write jointly with Defendants Latinfood U.S. Corp. ("Latinfood") and Wilson Zuluaga ("Zuluaga" and with Latinfood, "Defendants") pursuant to the Court's July 18, 2019 Order to advise the Court of the parties' respective positions concerning various discovery disputes.

## I.     PLAINTIFF'S DISCOVERY DEMANDS

### A.  Defendants' Deposition

**Plaintiff's Position**

1.  <u>Industria Requests An Order Compelling Wilson Zuluaga's Deposition</u>

Industria requests that the Court put an end to Defendants' pattern of unilaterally delaying and cancelling Mr. Zuluaga's deposition, and order Defendants to produce Wilson Zuluaga for a deposition in his individual capacity pursuant to Rule 30(b)(1) and as the Rule 30(b)(6) representative of Latinfood.[1]

Industria initially noticed Mr. Zuluaga's deposition for July 17, 2018, but agreed to wait until third-party discovery was complete to take his deposition.  In April 2019, as third-party discovery was concluding, Industria tried to schedule Mr. Zuluaga's deposition.  In order to delay the deposition, Defendants filed a

---

[1] Defendants take the position that it is somehow improper to take Mr. Zuluaga's deposition in his personal and representative capacities.  However, Mr. Zuluaga is named individually as a defendant in this case, and it is therefore proper to depose him individually as a party.  *Zeng v. Elec. Data Sys. Corp.*, No. 1:07CV310 (JCC), 2007 WL 2713905, at *3 (E.D. Va. Sept. 13, 2007) (allowing a witness to be deposed simultaneously as a 30(b)(6) representative, and in her individual capacity).

Michael A. Hammer, U.S.M.J.
July 26, 2019
Page 2



motion to quash certain third party subpoenas seeking documents that Industria needed for Mr. Zuluaga's deposition. Dkt. No. 146. Defendants withdrew their motion **two days** after Industria filed its opposition brief. Defendants then agreed to produce Mr. Zuluaga on June 28, 2019, but unilaterally cancelled the deposition on June 21, 2019, after Industria's Columbian counsel had purchased airline tickets and hotel rooms to attend the deposition. Defendants then agreed to produce Mr. Zuluaga on July 25 before once again unilaterally cancelling the deposition on July 12, 2019, in retaliation for Industria refusing to produce its CEO pursuant to a deposition notice that Defendants issued three days before the discovery deadline. Defendants apparently have no intention of producing Mr. Zuluaga, even though Industria and counterclaim defendant Cordial S.A. have already produced two Rule 30(b)(6) witnesses from Columbia and Texas. Accordingly, Industria asks the Court to order that the deposition of Mr. Zuluaga must take place within three weeks of the Court's ruling on the issues raised in this letter.[2]

 2. <u>Industria Is Entitled to Ask Wilson Zuluaga About Spoliation</u>

Defendants have objected to the topics in Industria's 30(b)(6) deposition notice to Latinfood that relate to Defendants' spoliation, arguing that because Mr. Zuluaga was deposed on the subject of spoliation on February 22, 2018, Industria should be barred from asking any further questions on this topic. Since Mr. Zuluaga's February 2018 deposition, Industria has uncovered substantial evidence from third parties that contradicts Mr. Zuluaga's prior testimony. In the spirit of compromise, Industria has agreed to the following limitation on Mr. Zuluaga's testimony: "Industria is entitled to ask Mr. Zuluaga any questions regarding spoliation at his 30(b)(6) deposition other than questions seeking to elicit the same information that he testified to at his February 22, 2018 spoliation deposition." However, Defendants' counsel rejected this compromise. Accordingly, Industria requests that the Court order that Industria may ask any questions to Mr. Zuluaga regarding spoliation, subject to the aforementioned limitation proposed by Industria.

**Defendants' Position**

Plaintiff's unilateral insistence that fact discovery ended on July 15, 2019 has effectively stymied any further depositions including those of Defendants and additional depositions of Industria's witnesses Diego Medina, President, and Hernando Ramos Moreno, Regional Director of Sales.

Plaintiff insists however, that notwithstanding what it claims is the closure of discovery, it can unilaterally continue to conduct discovery and take the depositions of Defendants. Furthermore, Plaintiff now wants a 2nd bite of the apple in order to try and elicit testimony on the alleged "spoliation" issues that were previously addressed by Mr. Zulauga at his February 22, 2018 "spoliation" deposition. On June 14, 2019, we emailed Plaintiff's counsel seeking clarification and elaboration on what additional facts they have discovered that necessitate a redo of Latinfood's spoliation testimony:

---

[2] On February 22, 2018, Industria took Mr. Zuluaga's deposition for the limited purpose of spoliation discovery, after learning that he had destroyed most of Latinfood's relevant documents by throwing away his key hard drive and by maintaining an email destruction policy even after receiving a document preservation notice from his counsel. Since that time, Industria has not been able to depose Mr. Zuluaga on any other topic.

Michael A. Hammer, U.S.M.J.
July 26, 2019
Page 3



"Firstly, you state you "have discovered additional facts concerning these topics."  We request that you elaborate and identify what you are referring to in particular, which you believe necessitates maintaining Topics 28-34 in a deposition of Defendants.

Secondly, we do not consent to providing Industria with a second bite of the deposition apple and have a wholesale redo of Defendants' February 22, 2018 "spoliation" deposition.  Defendants have already testified in full as to "Topics for Examination" numbers 28-32, and it necessarily follows that they could not identify
 the "lost documents which were contained on the failed hard drive" (Topic #33) because the data was lost.  Notwithstanding that, in the spirit of cooperation and in an
effort to provide transparency, Defendants addressed Topic 34 by seeking the assistance of Latinfood's customers in an effort to secure any email communications
that were lost due to their hard drive failure (see attached example).  We also note
that Cibao Meats provided responsive data in their document production that comprise of the missing communications between Defendants and Cibao Meats what appears missing from Defendants' **(Exhibit A** - Betty Tufariello's April 3, 2019 email).

Defendants also withdrew their objections to Industria's subpoenas to Network Solutions and Google in a further sign of cooperation. Notwithstanding the foregoing, we have no objection to limited questions surrounding the email communications between Defendants & Cibao Meats provided in Cibao's document production and/or testimony on those email communications by Jaline Isidor Horta during her March 7, 2019 deposition.

On June 17, 2019, Defendants received the following email response which attempted to camouflage the Plaintiff' intent to elicit unnecessary testimony.

"We are not going to provide you with an outline of our deposition of Mr. Zuluaga, so we decline your request that we provide you with the "additional facts" necessitating additional questions on the spoliation topics.  Mr. Zuluaga's first deposition was a year and a half ago, and in the interim, Industria has conducted extensive third party discovery relevant to the spoliation issues.  *Moreover, this is largely an academic dispute, as we also noticed a Rule 30(b)(1) deposition of Mr. Zuluaga.*"   (Emphasis added). **(See attached Exhibit B).**

Additionally, at the February 22, 2018 deposition of Latinfood U.S. Corp. d/b/a Zenu Products Co., represented by Wilson Zuluaga; opposing counsel stated:

 "[w]e are here today to take a relatively short deposition just on the issue of spoliation.· I'm going to limit my questions to that issue.· We won't be talking about

Michael A. Hammer, U.S.M.J.
July 26, 2019
Page 4



the merits of the underlying case. There will probably be another deposition down the road on that, but that's what this one is about." (Tr. 3:21-4:4). **(See attached Exhibit C).**

To ensure that the witness clearly understood what the deposition was about, Counsel reiterated this point by stating "Okay.· I mentioned a few minutes ago that we're here for the issue of spoliation." (Tr. 5:13-15).

Plaintiff is not entitled to a second bite of the apple on the spoliation issue and we disagree with opposing counsel contention in his June 17, 2019 email above that "*this is largely an academic dispute, as we also noticed a Rule 30(b)(1) deposition of Mr. Zuluaga*." *See State Farm Mut. Auto. Ins. Co. v. New Horizon, Inc*., 254 F.R.D. 227, 232-33 (E.D. Penn. 2008) the District Court rejected the defendant's attempt to depose a witness in his individual capacity after that witness has already been deposed as his organization's Rule 30(b)(6) designee because defendants already had sufficient opportunity to discover the information sought.

Accordingly, if discovery is continued and Defendants are to testify, then Plaintiff should be directed to not redo any of Defendants' February, 2018 "spoliation" deposition.

## B.  Industria's Request for Defendants' Financial Records

**Plaintiff's Position**

One of the forms of relief sought by Industria is disgorgement of the profits Latinfood earned by selling products with Industria's Zenu and Ranchera trademarks.  *See* Am Compl., Prayer for Relief, ECF No. 31.  Accordingly, in discovery, Industria sought documents concerning Latinfood's sales, costs and profits.  In response, Defendants produced less than ten pages of summary documents which purport to set forth Latinfood's sales and profits.[3]  In order to verify that the numbers reported in these summary documents were accurate, Industria asked Defendants to produce the underlying documentation, such as Latinfood's Quickbook records, bank records and invoices from 2014 through 2018, that would substantiate Latinfood's financial summaries.  Defendants have refused to produce these documents, claiming that it would be too burdensome.  This objection is meritless, as there is little burden associated with producing electronic accounting records.  Moreover, Industria has offered  to send a representative to Latinfood's' offices to review the paper documents, thereby alleviating any potential burden with producing the paper records.

Defendants' demand that Industria credulously accept the accuracy of Latinfood's financial summaries is unreasonable and unsupported by the law.   Industria is entitled to the underlying financial documentation to accurately account for Latinfood's sales, costs and profits, and the Court should order the production of those documents.  *See  W.L. Gore & Assocs., Inc. v. Tetratec Corp.*, No. CIV. A. 89-3995, 1989 WL 144178, at *5–6 (E.D. Pa. Nov. 28, 1989) (ordering the production of all documents

---

[3] One page of this summary record is attached as **Exhibit 1**.  Because the document is designated Attorneys' Eyes Only, Industria has redacted the actual numbers that appear on the document.

Michael A. Hammer, U.S.M.J.
July 26, 2019
Page 5



"evidencing costs, expenses, overhead and profits of defendant" in patent infringement claim); *Kravitz v. Jewelry Basics, Inc.*, No. CIV. A. 89-2657, 1990 WL 44899, at *2-3 (E.D. Pa. Apr. 12, 1990) (ordering defendant to produce tax returns and financial statements; "because an accurate accounting of [plaintiff's] sales is essential to plaintiff's ability to determine the extent of his alleged damages, I conclude that this category of documents is relevant").

**Defendants' Position**

Plaintiff is seeking access to Latinfood's bank statements, invoices and QuickBooks files from 2014 – 2018, which it categorizes as the underlying documentation supporting its financial statements from 2014 through 2018." It is the Defendants' position that the requested data is not necessary, relevant or proportional and, furthermore, Defendants' compliance with the initial request in 2017 was met with silence. Specifically, Plaintiff voiced no objections when Latinfood's sales summaries were provided on August 9, 2017 and waited until May 28, 2019, almost 2 years later, to ask for "underlying documentation." Latinfood is confused as to why Plaintiff needs these documents when the summaries provide the specificity necessary to identify Defendants' sales. **Defendants' only entered the sales data contained on the invoices into their QuickBooks, but not the invoices themselves which were in hard copies.** Furthermore, the request is unduly burdensome, duplicitous and unnecessary because it would require Defendants to expend time and resources to produce several thousand single page invoices over several years. We believe that the sales summaries are sufficiently descriptive and informative to satisfy this recent discovery request. Moreover, such demands by Plaintiff are clearly intended to harass, oppress, and bully the Defendants as the Plaintiff has admitted in the January 29, 2019 Statement of Facts that:

1. Industria has never used the marks "Zenu" and "Ranchera" on any goods imported by Industria into the United States.
2. Industria has never used the marks "Zenu" and "Ranchera" on any goods sold by Industria into the United States.
3. Industria has never sold any goods in the United States.
4. Industria has never sold any goods bearing the marks "Zenu" and "Ranchera" in the United States.
5. Industria has never sold any goods bearing the design depicted in "Zenu Chorizo Mediano" VA 2-023-767 U.S. Copyright in the United States.
6. Industria has never sold any goods bearing the design depicted in "Zenu Chorizo con Ternera" VA 2-026-703 U.S. Copyright in the United States.
7. Industria has never sold any goods bearing the design depicted in "Zenu Chorizo Pequeno" VA 2-06-710 U.S. Copyright in the United States.
8. Industria has never sold any goods bearing the design depicted in "Zenu Chili Con Carne de Res" VA 2-026-672 U.S. Copyright in the United States.
9. Industria has never sold any goods bearing the design depicted in "Ranchera" VA 2-023-741 U.S. Copyright in the United States.
10. Industria has never sold any goods and/or services at tradeshows in the United States under the marks "Zenu" and "Ranchera."
    (See attached **Exhibit D**).

Michael A. Hammer, U.S.M.J.
July 26, 2019
Page 6



The continued push by Plaintiff for Defendants' bank statements, invoices and QuickBooks files is the type of "fishing expedition" that courts typically view as an abuse of the liberal Rule 26 relevancy standard. *Justiano v. GS4 Secure Solutions, Inc.*, 291 F.R.D. 80, 83 (D. N.J. 2013) (Discovery should not serve as a fishing expedition during which a party searches for evidence to support facts not yet pleaded) citing *Claude P. Bamberger Intern., Inc. v. Rohm and Haas Co.*, C.A. No. 961041 (WGB), 1998 WL 684263, at *2 (D.N.J. April 1, 1998) ("while the standard of relevancy is a liberal one, it is not so liberal as to allow a party to roam in shadow zones of relevancy and to explore matter which does not appear germane merely on the theory that it might become so."). Additionally, Defendants provided the necessary product inventory information to precisely identify the associated sales of its Zenú and Ranchera branded products and as a result Defendants believe that no further identification is necessary. In an effort to resolve this dispute, the parties held a Meet-and-Confer on July 8, 2019 (after non-party witness Gregorio Perez failed to appear for his deposition) wherein Plaintiff Counsel proposed, and Defendants accepted and agreed to provide a one-month sampling of Defendants' QuickBooks data for the years 2014-2018. Plaintiff have since reneged on and rescinded that offer.

## II.    DEFENDANTS' DISCOVERY DEMANDS

### A.  Extending the Discovery Deadline

**Plaintiff's Position**

The discovery deadline should not be extended other than to allow for the completion of the specific discovery identified in the Court's anticipated rulings on the discovery disputes identified in this letter.

Discovery in this action commenced in February 2017, and the original fact discovery deadline was scheduled for February 23, 2018. Dkt. No. 27. Since then, discovery was extended *five* times.[4] The current deadline expired on July 15, 2019.

Defendants have continued to seek to extend the discovery deadline by generating pretextual and unnecessary discovery disputes because the discovery in this case is extremely one-sided. Defendants have destroyed almost all the documents relevant to the case, and can therefore barrage Industria with costly discovery, while producing little discovery of their own.[5]

As an example of Defendants' delay tactics, only this morning, Defendants filed a motion to compel the deposition of a grocery store stockroom clerk who may have witnessed a brief July 2015 conversation at the Food Fair Market relating to Defendants' counterclaims. Defendants already took three depositions on this issue. Defendants noticed the deposition for July 8, 2019, but the witnesses did not appear. Defendants then waited almost three weeks in order to file the motion to compel, notwithstanding that the discovery deadline expired eleven days ago.

---

[4] On May 14, 2018, the fact discovery deadline was initially extended to September 24, 2018. Dkt. No. 106. Fact discovery was later extended on July 24, 2018 to November 24, 2018 (Dkt. No. 116), on October 17, 2018 it was extended again to December 4, 2018 (Dkt. No. 121), and on April 3, 2019, it was extended one last time to July 15, 2019 (Dkt. No. 144).
[5] Industria has produced 1,031 documents, while Defendants have only produced 56 documents.

Michael A. Hammer, U.S.M.J.
July 26, 2019
Page 7



In sum, Defendants have had ample opportunity – more than two and a half years - to conduct the necessary discovery, and extending the discovery deadline yet again will prejudice Plaintiff by allowing Defendants to continue to issue frivolous discovery demands while refusing to produce the few pieces of information they still possess. *Roberts v. United States*, No. CIV.A. 09-6212 WJM, 2012 WL 2374656, at *5 (D.N.J. June 22, 2012) (declining to extend discovery for additional depositions when discovery had previously been extended five times already, finding that "Parties are entitled to some certainty as they prepare for trial" and if additional depositions are permitted, "the need for discovery could be endless."); *Boyington v. Percheron Field Servs., LLC*, No. 3:14-CV-90, 2017 WL 1378328, at *5 (W.D. Pa. Apr. 12, 2017) ("Plaintiffs cannot raise new discovery deficiencies without end; at a certain point they will be presumed to have waived their right to do so.").

**Defendants' Position**

*There are many open discovery matters which necessitate extending the now expired July 15, 2019 discovery deadline for 3 months after the entry of the Court's Order on this matter.* We are bewildered at Plaintiff's inexplicable refusal to consent to any extension of the expired July 15, 2019 fact discovery deadline. This flies in the face of reason, given the upcoming depositions; flurry of discovery issues; judicial and personal vacation schedules during the summer months; and Plaintiff, a Columbian conglomerate's, routine, dilatory response time to account for. For example, we noticed the deposition of 3rd party Defendant Cordialsa for a May 29th deposition. After initially agreeing, counsel subsequently pushed it back 1½ months[6] so that it would take place on July 11th, a scant 4 days before the current discovery deadline, understanding that there will likely be follow up requests (we have already been waiting 2+ months to receive supplemental documents from Plaintiff relating to the April 11-12 deposition taken of their 30(b)(6) witness Mr. Luis Salazar. Furthermore, Plaintiff's deposition of Latinfood U.S. Corp d/b/a Zenú Products, Co. and Wilson Zuluaga will need to be scheduled as well as Defendants' additional depositions of Industria witnesses Diego Medina, President, and Hernando Ramos Moreno, Regional Director of Sales. Both of these witnesses have personal and unique first-hand knowledge related to the litigated claims where Cordialsa's Managing Director, Luis Arango, testified to having meetings with Medina and Moreno concerning the status of the Zenu trademark in the U.S., seeking to validate the use of the Zenu mark in the U.S. and in relation to potential sales of their products in the U.S. **(See attached Exbibit E)**. Defendants believe that the fact discovery deadline must be extended because there are still discovery disputes, upcoming depositions, the last of which was previously scheduled for July 25, 2019, 10 days after the deadline, and the yet to be scheduled depositions of Latinfood U.S. Corp., Diego Medina and Hernando Ramos Moreno for the reasons stated in the points below. If we accept Plaintiff's specious claim that fact discovery is closed, it would be precluded from taking Defendants' deposition.

Accordingly, there is no basis for the Industria Parties assertion that a further extension of the fact discovery deadline is unwarranted, as t*here are many open discovery matters which necessitate extending the now expired July 15, 2019 discovery deadline for 3 months after the entry of the Court's Order on this matter.*.

---

[6] It took months for opposing counsel to confirm that Cordialsa's 30(b)(6) witness Mr. Luis Arango did not need a translator.

Michael A. Hammer, U.S.M.J.
July 26, 2019
Page 8



### B.  Additional Industria Rule 30(b)(6) Deposition

**Plaintiff's Position**

Prior to the Rule 30(b)(6) deposition of Industria, Defendants demanded up to four days of testimony from the witness.  After much negotiation, Defendants compromised on two days of testimony, and deposed Mr. Salazar, the Commercial Manager of Industria, on April 9 and 10, 2019.  Notwithstanding Defendants' pre-deposition demand for additional time, Defendants ended the deposition at *noon* on the second day, after approximately eight hours of total testimony between the two days.  Industria's witness was fully prepared to stay for the remainder of the day and to provide Defendant with the agreed fourteen hours of testimony, but Defendant's counsel unilaterally decided to end the deposition before asking the witness about a number of the topics in the Rule 30(b)(6) deposition notice.  Thus, Defendants did not even ask Mr. Salazar any questions regarding topics numbered 4 (Industria's customer base), 9 (any investigations into Zenú and Ranchera use in the United States), 11 (sales strategies for sales of Zenú and Ranchera use in the United States), 17 (discussions with customers regarding Industria or Cordialsa), 26 (Defendants' counterclaim damages), and 30 (Industria's efforts to search for documents).

Following the deposition, Defendants sent Industria a list of deposition topics for which Mr. Salazar allegedly did not provide testimony, and demanded *five* additional Industria witnesses from Columbia. In response, Industria wrote several detailed letters to Defendants addressing each deposition topic, and identifying Mr. Salazar's testimony on that topic.[7]  Defendants have not substantively responded to these letters, instead repeating their conclusory assertion that Mr. Salazar's testimony was inadequate. Because Defendants have not demonstrated that Mr. Salazar's Rule 30(b)(6) testimony was inadequate, they are not entitled to another Industria 30(b)(6) deposition.  *Williams v. Arctic Cat, Inc*., No. 3:11-CV-445, 2014 WL 1028476, at *4 (N.D.N.Y. Mar. 13, 2014) (denying additional depositions; "plaintiffs have already conducted a Rule 30(b)(6) deposition on corporate practices, and all the questions that Plaintiffs seek to have answered by Mr. Graskewicz could have been asked at that time."); *State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc*., 254 F.R.D. 227, 236 (E.D. Pa. 2008) (denying additional depositions following Rule 30(b)(6) deposition; "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action.").

**Defendants' Position**

The Plaintiff produced Luis Salazar, their Marketing and Sales Director as Plaintiff's 30(b)(6) witness on April 11 -12, 2019.  It became quickly obvious during his deposition, that Mr. Salazar was an improperly named and grossly inadequate 30(b)(6) witness on behalf of the Plaintiff.  Mr. Salazar testified that he was the person most knowledgeable about *__all__* the topics set forth in the 30(b)(6) notice ("I believe I know all of them" – **Exhibit F,** Salazar, April 11, 2019, Tr. 10:2) for which he was testifying on behalf of Industria.  However, Mr. Salazar expressed no familiarity with any of the pleadings in the case and was unable to respond with knowledge about the vast bulk of the allegations made by Industria in their 16-count lawsuit, outside of the areas of sales and marketing.  Since the

---

[7] Industria's most recent letter to Defendants on this topic, dated June 7, 2019, is attached as **Exhibit 2**.

Michael A. Hammer, U.S.M.J.
July 26, 2019
Page 9



witness was not properly prepared or knowledgeable about all of the noticed topics, the Plaintiff is obligated to provide a substitute.  *Marker v. Union Fid. Life Ins. Co.*, 125 F.R.D. 121,126 (M.D.N.C. 1989) (even where defendant in good faith thought deponent would satisfy the deposition notice, it had a duty to substitute another person once the deficiency of its designation became apparent during the deposition).[8]

Defendants placed on the record during the truncated second day of Mr. Salazar testimony that they intended to seek to depose an additional witness from Industria because of the inadequacy of Mr. Salazar knowledge and testimony (**Exhibit G** - Salazar, April 12, 2019 Tr. 153:14 – 155:11) and memorialized that request in its May 3, 2019 letter to the Plaintiff' counsel (see attached **Exhibit H**). Specifically, Defendants demanded that Industria provide them with substitute 30(b)(6) witness(es), along with proposed dates that they are prepared to be deposed at the Plaintiff' Counsel office by no later than Friday, May 10, 2019 and if Defendants fail to hear back from them  satisfactorily, Defendants intend to try and get answers to their relevant and proportional questions, by reissuing amended notices and dates to the other previously noticed Industria witnesses, one by one as they determine to be necessary.[9]

Notwithstanding the foregoing, the parties were unable to resolve their differences because of the Plaintiff' repeated insistence that they will not provide any other Industria witness.  As a result, and after weeks of unproductive negotiations, Defendants, left with no other choice, served the Amended Notices of Deposition on May 24, 2019, on Diego Medina, Santiago Jiménez, Francisco Ospina and Martha Elena Ochoa, who were identified as higher-level employees and officers in Industria's February 16, 2017 Initial Disclosures.  Subsequently, during a Meet and Confer on Friday, June 7, 2019, the Plaintiff' Counsel suggested that in lieu of producing additional Industria witnesses, the Plaintiff would be amenable to execute a Stipulation of Facts that would obviate the need to produce these witnesses. Defendants advised Plaintiff's counsel on June 14, 2019 that they expect to be "forwarding you a proposed Stipulation of Facts which might obviate the necessity of proceeding with a supplemental Industria 30(b)(6) witness and/or the noticed depositions of Industria witnesses,  Diego Medina, Santiago Jimenez, Francisco Ospina and Martha Elena Ochoa Evans for the reasons set forth in our May 3 and May 30th letters. This issue will likely also need to be included in the joint status letter which is due on June 21, 2019."

After reviewing its files and consulting with its clients, Defendants submitted, on June 20, 2019, a proposed Stipulation and sent it to the Plaintiff' counsel, wherein counsel immediately objected citing

---

[8] Industria must designate more than one deponent if multiple deponents are necessary that are knowledgeable on the subject matters identified in the notice to respond to all of the relevant areas of inquiry. *U.S. ex rel Fago v. M & T Mort. Corp*., 235 F.R.D. 11, 22–23 (D.D.C. 2006), *See also, McKesson Corp. v. Islamic Republic of Iran,* 185 F.R.D. 70, 79 (D.D.C. 1999) *(*"If an entity's designated witness lacks sufficient knowledge or fails to adequately respond to deposition requirements, the responding entity must designate additional witnesses capable of providing sufficient answers").

[9] If Industria fails to name substitute witness(es), the Court can also impose various sanctions that may include the preclusion of evidence at trial. *U.S. v. Taylor*, 166 F.R.D. 356, 362 (M.D.N.C. 1996) ("inadequate preparation of a Rule 30(b)(6) designee can be sanctioned based on the lack of good faith, prejudice to the opposing side, and disruption of the proceedings").

Michael A. Hammer, U.S.M.J.
July 26, 2019
Page 10



lack of time to review same with his client (**See attached Exhibit I** - June 20, 2019 email from Sam Kadosh) and claiming that "this issue is not ripe to bring to the Court." For this reason alone, fact discovery could not be completed on July 15, 2019 absent an executed Stipulation of Facts or the deposition of a supplemental Industria 30(b)(6) witness and/or other Industria witness(es) who can capably testify as to the issues outlined in the 16-count Complaint.

At least one further deposition is also necessary for Defendant's counterclaim after highly suspect deposition testimony was given on May 22, 2019 by Alejandro Yepes, former Manager of Cordialsa. After a long delay, the Industria Parties finally provided Defendants with Mr. Yepes address on April 8, 2019. On April 29, 2019, Defendants noticed Mr. Yepes Deposition for May 22, 2019 and were advised 17 days later on May 16, 2019 that the Industria Parties' counsel would be representing Mr. Yepes, whose employment with Cordialsa terminated on July 30, 2018. (See attached **Exhibit J**). During his deposition, Mr. Yepes made some assertions that contradicted the testimony of Elvis Rodriguez, a non-party witness and Food Fair Manager on March 18, 2019. After further investigation based on Mr. Yepes testimony, we have been able to identify another non-party witness, Gregorio Perez, who would corroborate Mr. Rodriguez's testimony. Defendants effectuated service of a subpoena on Mr. Perez on June 22, 2019. Mr. Perez failed to appear for his scheduled deposition on July 8, 2019 and his whereabouts are currently unknown. Defendants are still trying to locate this witness and have filed a Motion to Compel his testimony.

### C. Additional Industria Rule 30(b)(1) Depositions

Defendants are not entitled to additional Rule 30(b)(1) witnesses from Industria because (i) the deposition of Diego Medina, Industria's CEO, is barred by the apex witness rule, (ii) Defendants cannot articulate any topics for which they need deposition testimony, (iii) any purported need is not proportional to the burden and expenses of transporting additional witnesses from Columbia for multi-day depositions (because a translator is needed) and (iv) the deposition notices were not served sufficiently in advance of the July 15, 2019 discovery cut-off date.

On July 12, 2019, only three days before the July 15 discovery cutoff, Defendants served a deposition notice for Diego Medina, who is Industria's CEO. On July 23, 2019, a week after the discovery cutoff, Defendants served a deposition for Hernando Ramos Moreno, an Industria employee. Defendants have also insisted that they have the right to depose additional, unnamed Industria employees. Defendant is not entitled to any of these depositions.

**First**, Diego Medina's deposition is plainly barred under the apex witness rule. "Courts in [the Third] circuit consider two factors when assessing whether the deposition of a high-ranking corporate officer, executive or manager is appropriate: (1) whether the executive or top-level employee has personal or unique knowledge on relevant subject matters; and (2) whether the information sought can be obtained from lower[-]level employees or through less burdensome means, such as interrogatories." *Ford Motor Co. v. Edgewood Properties, Inc.,* No. CIV.A. 06-1278 WJM E, 2011 WL 677331, at *2 (D.N.J. Feb. 15, 2011) (granting protective order preventing the deposition of the plaintiff's CEO); *see also Younes v. 7-Eleven, Inc.,* No. CV 13-3500 (RMB/JS), 2015 WL 12844446, at *2 (D.N.J. Aug. 19, 2015) (denying motion to take the deposition of corporate officers); *Ciarrocchi v. Unum Grp., N*o. CV 08-1704

Michael A. Hammer, U.S.M.J.
July 26, 2019
Page 11



(JBS/AMD), 2009 WL 10676631, at *3 (D.N.J. Aug. 27, 2009) (same). Here, Mr. Medina does not have any unique knowledge about this case. His name only appears **once** in the thousands of pages produced by Industria, in an email dated March 10, 2014. In that email, an Industria employee writes that he held a meeting with Luis Arango of Counter-Defendant Cordialsa at the instruction of Mr. Medina.[10] Mr. Medina's name also appears twice in Mr. Arango's deposition transcript.[11] First, Defendants' counsel specifically asked Mr. Arango about the March 10, 2014 email, and Mr. Arango confirmed that he held a meeting at the direction of Mr. Medina. Tr. 84:23-85:7. Second, Defendants' counsel asked if Mr. Arango reported to Mr. Medina on a topic, and Mr. Arango testified that he did not. Tr. 137:305. The record amply demonstrates that Mr. Medina has no personal or unique knowledge about the issues in this action. Defendants seek to depose him simply to harass Industria and generate additional discovery disputes to further delay the close of discovery. Accordingly, Defendants' deposition notice of Industria's CEO should be quashed. *See also In re Jevic Holding Corp.*, 526 B.R. 547, 556 (D. Del. 2014), aff'd, 656 F. App'x 617 (3d Cir. 2016) (quashing subpoenas for depositions of co-CEOs where CEOs lacked particularized knowledge of any disputed fact); *Reif v. CNA*, 248 F.R.D. 448, 454–55 (E.D. Pa. 2008) (finding that deposition of CEO "would be unreasonably repetitive and burdensome" where lower level employees had already been deposed).

**Second**, Defendants cannot articulate a legitimate need for additional Industria witnesses from Columbia. Defendants have identified two topics for which purportedly require additional testimony, but prior witnesses already testified about these topics, and additional witnesses would be cumulative. Defendants argue that they need testimony regarding Industria's response to the discovery in October 2013 that someone had tried to order Zenú labels from Industria's label supplier in Colombia, Marquillas SA. However, Mr. Salazar already provided Industria's answer to this question at his Rule 30(b)(6) deposition, which is that "when Industria became aware of all of that information it was immediately handled through the attorneys."[12] As such, Industria has no additional non-privileged information on this topic, and additional testimony from a different Industria employee would not be useful.

Defendants also demand the deposition of Hernando Ramos Moreno, an Industria employee, to testify regarding plans to bring Zenú products to the United States to be sold by Counter-Defendant Cordialsa. However, the 30(b)(6) witness for Cordialsa, Luis Arango, was the individual most responsible for formulating these plans, and he testified at length on that topic at his deposition. Defendants have not identified any deficiency with Mr. Arango's testimony, or any additional questions regarding Mr. Arango's plans that require an additional witness from Industria.[13]

---

[10] A copy of the March 2014 email chain containing this email is attached as **Exhibit 3**.

[11] A copy of the relevant excerpts of the transcript of the deposition of Luis Arango is attached as **Exhibit 4**.

[12] See Transcript of the Deposition of Luis Ignacio Salazar, attached as **Exhibit 5**, at 56:6-12.

[13] Defendants argue that Industria agreed that Defendants could unilaterally decide to take as many depositions as they wanted after the deposition of Mr. Salazar, pointing to an email exchange from May 30, 2018 as proof. In fact, Industria's counsel only agreed that following Mr. Salazar's deposition, there would be a determination as to whether further depositions are necessary. A copy of the May 30, 2018 email exchange is attached as **Exhibit 6**.

Michael A. Hammer, U.S.M.J.
July 26, 2019
Page 12



With regard to the other Industria employees whose depositions have been noticed—Santiago Jimenez, Francisco Ospina, and Martha Elena Ochoa Evans— Defendants have not even attempted to identify a legitimate need for additional testimony from any of these individuals.

In short, the depositions sought by Defendants would be cumulative of the prior testimony, and Defendants are not entitled to additional depositions. *Matute v. Lloyd Bermuda Lines*, Ltd., 931 F.2d 231, 237 (3d Cir. 1991)(affirming denial of extension of discovery deadline to take additional depositions on the grounds that the additional depositions are cumulative of the prior depositions) *rev'd on other grounds* 63 F.3d 166 (3d Cir. 1995); *Powell v. S. Jersey Marina, Inc.,* No. 3:CV-04-2611, 2007 WL 2234513, at *5 (M.D. Pa. Aug. 1, 2007) (quashing additional deposition notices; "Plaintiffs have interviewed several officers, garnered many documents, and not given a convincing reason as to why further deposition is likely to lead to any relevant evidence not already produced.").

**Third,** even if Defendants have articulated some need for additional depositions – and they have not – the purported need is not proportional to the burden and expenses of flying in additional Industria witnesses from Columbia to be deposed at multi-day depositions.

Defendants can always invent reasons to take more discovery, but the Federal Rules stress that discovery must be "proportional to the needs of the case." *See* FRCP 26(a)(1). Defendants have already obtained (i) thousands of pages of documents from Industria, (ii) answers to thirty-nine interrogatories, and (iii) extensive testimony from two separate Rule 30(b)(6) witnesses from Columbia and Texas.   Each additional Industria deposition that Defendants seek entails, at a minimum (a) flying the witness and Columbian counsel from Columbia, (b) preparing the witness through a translator for a day or more, and (c) defending a two-day deposition, again, because a translator is needed.   Defendants have not articulated any need that is proportional to this burden, particularly in light of the extensive discovery they previously received.   Accordingly, their request for additional depositions should be quashed. *Ebert v. Twp. of Hamilton*, No. CV 15-7331, 2017 WL 4444196, at *1 (D.N.J. Oct. 5, 2017) (declining to order 30(b)(6) deposition "in light of proportionality concerns"); *Ramirez v. World Mission Soc'y Church of God*, No. CV 14-1708 (JMV), 2019 WL 1569819, at *4 (D.N.J. Apr. 10, 2019) (declining to grant deposition of a foreign corporate officer; "request to depose Kim is not proportional to the current needs and demands of this matter.").

**Finally**, the deposition notices of Messrs. Medina and Moreno are not timely. Mr. Medina's notice was served three days before the discovery deadline, and Mr. Moreno's was served after the discovery deadline – even though Industria produced the emails identifying these individuals twenty months ago on October 26, 2017.  Because Defendants issued these discovery demands without sufficient time for Industria to comply prior to the discovery  deadline, the notices should be quashed.  *See Whitman v. Proconex, Inc.*, No. 08–2667, 2009 WL 113740, at *4 (E.D.Pa. Jan.14, 2009) ("Where a party propounds untimely discovery requests, the other party will not be compelled to respond, except in the Court's discretion"); *Fernandez v. Penske Truck Leasing Co., L.P.*, 2013 WL 438669, at *1 (D. Nev. Feb. 1, 2013) (denying motion to compel because, after "nearly a year of pendency, Plaintiff delayed until two weeks before the close of discovery to notice the subject depositions, without explanation"; the discovery deadlines had already been extended; and Plaintiffs "unilaterally scheduled the depositions to occur eleven days after issuance of notice"); *Photomedex, Inc. v. Irwin*, No. 04CV0024-L (CAB), 2007

Michael A. Hammer, U.S.M.J.
July 26, 2019
Page 13



WL 2238359, at *1 (S.D. Cal. Aug. 2, 2007) (denying request for deposition where deposition notice was served only seventeen days before discovery cutoff, when it could have been served earlier).

Notwithstanding Industria's numerous bases for opposing additional depositions, in the spirit of compromise, Industria is willing to produce Hernando Ramos Moreno for a deposition provided that (a) this is the final deposition of an Industria or Cordialsa employee taken by Defendants and (b) the deposition is conducted via videoconference from Columbia. *See Anguile v. Gerhart*, No. CIV.A 93-934 (HLS), 1993 WL 414665, at *2–3 (D.N.J. Oct. 7, 1993) (permitting telephonic deposition of foreign witness); *Loughin v. Occidental Chem. Corp.*, 234 F.R.D. 75, 76–77 (E.D. Pa. 2005) ("The party opposing a telephonic deposition bears the burden of demonstrating good cause why the deposition should not be conducted by telephone.")  Industria's counsel offered this compromise to Defendants' counsel at the court-ordered meet and confer on July 18, 2019, but Defendants' counsel rejected it, insisting that he has the right to take as many depositions of Industria and Cordialsa employees as he wants.

**Defendants' Position**

On July 12, 2019, Defendants served Plaintiff Industria and Counter-Defendant CordialSA (collectively "Counter-Defendants"), with an Amended Notice to take the deposition of Plaintiff's President Diego Medina.[14] See attached Notice of Deposition (see attached **Exhibit K**). This Second Amended deposition notice resulted, in part, from the July 11, 2019 deposition of CordialSA's 30(b)(6)'s Managing Director Luis Arango, who provided testimony of Mr. Medina's personal involvement in discussions with him regarding Industria's Zenu branded products. Mr. Arango testified about meetings that he held in Colombia in or around March of 2014 with Plaintiff relating to their joint efforts to bring Plaintiff's Zenu branded products into the U.S. for sale, as well as issues relating to addressing Latinfood's U.S. registration of the Zenu mark. *See attached CordialSA Tr. 80:21-83:8* (See attached **Exhibit M**) Mr. Medina was also included in an October 2014 email exchange[15] whereby he delegated responsibility over the project, including the following item to Plaintiff's Regional Director of Sales, Hernando Ramos Moreno:

"Validate the use of the Zenu brand in the USA; support from Servicios Nutresa"

Based on the foregoing, Defendants need to take the deposition of Diego Medina as he has "unique" and first-hand knowledge relating to important claims in this case, including Defendants Counterclaim against the Counter-Defendants for tortious interference[16].

At the July 18, 2019 Meet and Confer held at the courthouse, Plaintiff's counsel stated that they will not produce Diego Medina under any circumstance because 1.) fact discovery allegedly closed on July 15, 2019, 2.) that Diego Medina is an "Apex witness" and does not have "unique knowledge" of the claims,

---

[14] Mr. Medina was first noticed for deposition on April 12, 2018 and named as a witness in Plaintiff's attached Initial Disclosures dated February 16, 2017 (attached as **Exhibit L**) Plaintiff voiced no objections when Mr. Medina was first noticed in April of 2018 and waited until May 28, 2019, a year later, to voice any objections regarding deposing Mr. Medina.
[15] See IAZ_DNJ0002480-2490, See Exhibit E.
[16] Defendants noticed Mr. Moreno for deposition on July 12, 2019.

Michael A. Hammer, U.S.M.J.
July 26, 2019
Page 14



and 3.) the topics that Defendants wish to depose Mr. Medina on were already addressed by Plaintiff's 30(b)(6) witness Luis Salazar.

Firstly, discovery has not closed as Plaintiff set forth in detail above. Secondly, decisional law is clear that Defendants are entitled to take Diego Medina's testimony because he has personal or unique first-hand knowledge related to the litigated claims where Luis Arango testified to having meetings with Medina concerning the status of the Zenu trademark in the U.S., seeking to validate the use of the Zenu mark in the U.S. and in relation to potential sales of their products in the U.S.[17] *Engage Healthcare Communs., LLC v. Intellisphere, LLC, No. 12-cv-007872017, U.S. Dist. LEXIS 214569, at \*3, 17 (D.N.J. November 1, 2017)* (finding that the deposition of the Apex Witness [Mr. Hennesy] was proper because the CEO may have had some personal or unique first-hand knowledge because " Mr. Brown testified that: 1) he spoke with Mr. Hennessy about the awareness of Plaintiffs' use of marks; 2) Mr. Hennessy authorized Mr. Brown to register certain marks; 3) employees would "get [Mr. Hennessy's] blessing" to register a certain mark "because it would be an expense to the company;" 4) Mr. Hennessy may have been involved in "brainstorm meetings" to refine a list of names, etc.").

 Even though Defendants are entitled to take Diego Medina's deposition, the Court may alternately deem that there is a lower ranked employee in which the information can first be sought. *Id. at \*17* (stating that when assessing whether the deposition of a high-ranking corporate officer is appropriate, courts will look to see if the information can first be obtained from a lower-ranking employee). Therefore, in an effort to resolve the dispute, Defendants offered to first take the deposition of Plaintiff's Regional Director of Sales, Hernando Ramos Moreno, who was tasked by Diego Medina to investigate the possibility of bringing the Zenu brand products to the U.S.[18] Plaintiff, however, refuses to produce Mr. Moreno or any other witness for a deposition unless Defendants agree in advance that such a deposition would be the final deposition of Plaintiff. This is not acceptable and is in violation of the parties May 30, 2018 agreement.[19]

Luis Arango's testimony has confirmed that Diego Medina is a relevant and integral witness in brainstorming conversations by the Counter Defendants regarding Defendant Latinfood and the possible sale of Industria's Zenu brand products in the U.S., which is the crux of Defendants' Defenses and Counterclaim in this case. Therefore, it is imperative that Defendants are able to promptly take the deposition of Diego Medina and any other Plaintiff witness in this vicinage. Furthermore, Defendants' deposition topics have been narrowed and are specific to information that is needed from Diego Medina.

### D.  The Identities of Individuals on the Call With Marquillas SA

**Plaintiff's Position**
Defendants continue to demand that Industria identify an individual whose identity is known to Mr. Zuluaga.  The Complaint alleges that Industria learned of Defendants' use of its trademark "when a supplier contacted Plaintiff to alert it of Defendants' activity."  Am. Compl. ¶ 64, ECF No. 31. At the Industria 30(b)(6) deposition, Mr. Salazar testified that Industria received a call from an individual at

---

[17] See Exhjibit M Cordialsa Tr. 83:4-84:7; See IAZ_DNJ0002480-2490 See Exhibit E.
[18] See Exhibit M, Cordialsa Tr.83:20-84:7; See IAZ_DNJ0002480-2490 See Exhibit E
[19] See May 30, 2018 Email regarding Cordialsa 30(b)(6) witnesses attached as **Exhibit N.**

Michael A. Hammer, U.S.M.J.
July 26, 2019
Page 15



Marquillas SA, a Columbian company that produced Industria's labels, informing Industria that someone had tried to place an order for Zenu and Ranchera labels that were identical to the labels used by Industria.  Following the deposition, Defendants demanded that Industria identify the individual at Marquillas who called Industria.  This request is a sham, as it was Mr. Zuluaga or his mother that ordered the labels from Marquillas, and he can just as easily identify the individual that he or his mother spoke to.  Industria is not required to produce information already in Defendants' custody and control. *Sergi v. Sterling Drug, Inc.*, No. CIV.A. 86-7127, 1988 WL 127720, at *2 (E.D. Pa. Nov. 29, 1988) ("[S]ince these interrogatories seek information equally available to both parties, defendant cannot be compelled to answer them under F.R.C.P. Rule 33").  To the extent that Defendants deny that this information is in their control, Industria should be allowed to depose Mr. Zuluaga regarding Defendants' knowledge of this information before it is forced to obtain and produce the name itself.

Industria does not want to disclose the identity of the individual at Marquillas who contacted them because Marquillas asked that the person's identity remain confidential.  In light of this, Industria should not be ordered to violate a confidentiality agreement to provide Defendants with a name that is already in their possession.

Additionally, on July 18, three days after the close of discovery, Defendants demanded for the first time that Industria additionally provide the name of the Industria employee with whom the Marquillas individual spoke regarding this label order.  Not only was this request made after the end of discovery, but it also seeks information that is irrelevant to this action.  Mr. Salazar testified that immediately following the call made to Industria by Marquillas, this matter was handed over to Industria's attorneys.[20]  As such, the identity of the employee who received the call and passed it to Industria's counsel has no bearing on Defendants' defenses or counterclaims.

**Defendants' Position**

Plaintiff, in its April 21, 2017 Amended Complaint (Dkt # 31), alleges that they were "unaware of Defendants' pirating of the Zenú mark in the United States until in or around October 2013, when a supplier contacted Plaintiff to alert it of Defendants' activity" (Comp. ¶64). Plaintiff also alleged in its 2017 Amended Complaint (Dkt #31), that Defendants attempted "to procure 400,000 of Plaintiff's labels from Plaintiff's own Zenú label provider in Medellin, Colombia" and that "it was this provider that alerted Plaintiff to the suspicious order and brought Defendants' scheme to Plaintiff's attention." This supplier was subsequently identified as a company named Marquillas SA during the April 11, 2019 deposition of Industria's 30(b)(6) witness, Luis Salazar (See Exhibit F, Salazar Tr. 53:25-54:5). Defendants sought the name of said Marquillas person who alerted Industria of Defendants' alleged attempt "to procure plaintiff's own labels from plaintiff's label provider in Medellin, Colombia" from Industria and was advised by Plaintiff's counsel that he would provide same. (Id., Tr. 108:22-109:6). However, Plaintiff's steadfastly refuses to produce the requested information as evidenced by their August 9, 2017 response to Interrogatory 18 of Defendants First Request for Interrogatories to Plaintiff:

---

[20] See Ex. 5.

Michael A. Hammer, U.S.M.J.
July 26, 2019
Page 16



18. State in detail any supporting information, including identifying the name and contact information of the "provider" and all other related documents, in connection with allegations in Paragraph 72 of Plaintiff's Amended Complaint that Defendant has attempted to "procure 400,000 of Plaintiff's labels from Plaintiff's own ZENÚ label provider in Medellín, Colombia. It was this provider that alerted Plaintiff to the suspicious order and brought Defendants' scheme to Plaintiff's attention."

Response: Plaintiff objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and the work-product doctrine as recognized under federal law and pursuant to N.J.S.A. 2A:84A-20 and will be withholding information on these grounds. Subject to the foregoing objection and the General Objections, Plaintiff states that label provider referenced in the Amended Complaint is *Marquillas S.A. (emphasis added).*

Clearly, Plaintiff wants to use the Marquillas person as both a sword and a shield and the Court should not allow the Plaintiff to hide under the cloak and mantle of attorney-client privilege and the work product doctrine. In re Human Tissue Prods. Liab. Litig., 255 F.R.D. 151, 158, 2008 U.S. Dist. LEXIS 104298, D.N.J. Dec. 12, 2008 ("It goes without saying that privilege may not be used both as a sword and a shield. See, e.g., Farrow v. Allen, 194 A.D.2d 40, 45-46, 608 N.Y.S.2d 1, 3 (App. Div. 1993) (recognizing well-known principle that it is "unfair for the opposing party in a litigated controversy to have the patient 'use this privilege both as a sword and a shield, to waive when it inures to her advantage, and wield when it does not.' ") (citing McKinney v. Grand St., Prospect Park & Flatbush R.R., 104 N.Y. 352, 355, 10 N.E. 544, 4 N.Y. St. 349 (1887)). In other words, "a litigant cannot at one and the same time make use of those privileged communications which support his position while hoping to maintain the privilege as those communications which undercut his legal position." 1 Edna Selan Epstein, The Attorney-Client Privilege and the Work Product Doctrine 508 (5th ed. 2007) ("Epstein")." See also *Tracinda Corp. v. DaimlerChrysler AG*, 362 F. Supp. 2d 487, 513, 2005 U.S. Dist. LEXIS 5096, 259 F.R.D. ,62-63, D.Del. Mar 30, 2005; ("The attorney client privilege should not be used as both a sword and a shield. The rationale behind this rule is one of fairness. As courts in the District of Delaware explain, it is unfair to allow a party to disclose only those facts beneficial to its case and refuse to disclose, on the grounds of privilege, related facts adverse to its position. Similarly, a party should not be permitted to use the privilege to shield information which it has deliberately chosen to use offensively").

Moreover, the parties have a "So Ordered" Discovery Confidentiality Order (Dkt #55) in this case that would obviate the need for Plaintiff to withhold the name and contact information for the Marquillas SA witness.  Additionally, Plaintiff has not informed Defendants' that they were retained by and are representing Marquillas SA., as a result, Plaintiff cannot claim the privileges that they have asserted and should be compelled to identify the Marquillas SA witness.

The fact that Plaintiff is unilaterally withholding the identity and contact information of the name of the Marquillas SA witness(es) as well as the name and contact information of the person(s) at Industria who was  contacted, makes clear that Plaintiff is hiding these individuals and that their testimony is crucial. It is obvious that Defendants would be prejudiced if they did not have the benefit of such information.

Michael A. Hammer, U.S.M.J.
July 26, 2019
Page 17



Accordingly, the Court should direct Plaintiff to identify the name and contact information of both the Marquillas SA witness(es) and the individual(s) he contacted at Industria.

        We thank the Court for its attention to this matter.

<u>/s/ Sam Kadosh</u>
Samuel Kadosh

SK:jv

cc:     Mark J. Ingber, Esq.