**barry.ingberlawfirm@gmail.com**

| | |
|---|---|
| **From:** | Kadosh, Samuel <SKadosh@ReedSmith.com> |
| **Sent:** | Monday, June 17, 2019 2:48 PM |
| **To:** | ingber.lawfirm@gmail.com; Raymond, Peter D.; Berman, Jeremy A. |
| **Cc:** | asha.ingberlawfirm@gmail.com; barry.ingberlawfirm@gmail.com |
| **Subject:** | RE: Industria v. Latinfood, et al- DISCOVERY |

Mark,

Our responses to your email are below.                                    **EXHIBIT B**

**Samuel Kadosh**
212-549-0451
SKadosh@ReedSmith.com

**Reed Smith**
599 Lexington Avenue
New York, NY  10022
212-521-5400 (**Main Number**)
212-521-5450 (**Fax Number**)

**From:** ingber.lawfirm@gmail.com <ingber.lawfirm@gmail.com>
**Sent:** Friday, June 14, 2019 4:36 PM
**To:** Kadosh, Samuel <SKadosh@ReedSmith.com>; Raymond, Peter D. <PRaymond@ReedSmith.com>; Berman, Jeremy A. <JBerman@reedsmith.com>
**Cc:** asha.ingberlawfirm@gmail.com; barry.ingberlawfirm@gmail.com
**Subject:** Industria v. Latinfood, et al- DISCOVERY
**Importance:** High

EXTERNAL E-MAIL

Sam,

In connection with your below June 12, 2019 emails we respond as follows:

Firstly, you state you "have discovered additional facts concerning these topics."  We request that you elaborate and identify what you are referring to in particular, which you believe necessitates maintaining Topics 28-34 in a deposition of Defendants.

Secondly, we will not consent to providing Industria with a second bite of the deposition apple and have a wholesale redo of Defendants' February, 2018 "spoliation" deposition.  Defendants have already testified in full as to "Topics for Examination" numbers 28-32, and it necessarily follows that they could not identify the "lost documents which were contained on the failed hard drive" (Topic #33) because the data was lost.  Notwithstanding that, in the spirit of cooperation and in an effort to provide transparency, Defendants addressed Topic 34 by seeking the assistance of Latinfood's customers in an effort to secure any email communications that were lost due to their hard drive failure (see attached example).  We also note that Cibao Meats provided responsive data in their document production (please refer to Betty Tufariello's April 3, 2019 email).  Defendants also withdrew their objections to Industria's subpoenas to Network Solutions and Google in a further sign of cooperation. Notwithstanding the foregoing, we have no objection to limited questions surrounding the email communications between Defendants & Cibao Meats provided in Cibao's document

production and/or testimony on those email communications by Jaline Isidor Horta during her March 7, 2019 deposition.

> We are not going to provide you with an outline of our deposition of Mr. Zuluaga, so we decline your request that we provide you with the "additional facts" necessitating additional questions on the spoliation topics.  Mr. Zuluaga's first deposition was a year and a half ago, and in the interim, Industria has conducted extensive third party discovery relevant to the spoliation issues.  Moreover, this is largely an academic dispute, as we also noticed a Rule 30(b)(1) deposition of Mr. Zuluaga.

Thirdly, please advise if you have received any data from Google or Network Solutions, and if so, provide copies to us immediately.

> Google did not have any responsive documents.  We received a Network Solutions production today, which we will send.

Furthermore, we also need an **immediate** ETA on the Meet and Confer documents/info that we have been seeking for months related to the Industria April 11-12, 2019 deposition, and as were most recently set forth in our below June 7th email.  To date, we have only received what appears to be Industria's Work for Hire documents (most of which appear to be undated).  Please provide an English translation of these Spanish documents forthwith.

> The only outstanding item that we agreed to produce is the identity of the individual at Marquillas who received an order for Zenu labels from a customer in the US, if the identity of such individual is still in Industria's possession.  We expect to have more information on that issue this week.   We do not have English translations of the documents.

We also note that you have ignored and/or refused to confirm the below:

- "You advised that once the Industria deposition issues are resolved, then you expect to confirm deletion of the audio recording from the Industria April 11-12, 2019 deposition."

> In order to resolve this issue, we will provide you with copies of the recordings.  You can identify any privileged communications that were captured by the recordings, and we will delete those sections.

We also remain bewildered at your inexplicable refusal to consent to an extension of the July 15, 2019 fact discovery deadline.   This flies in the face of reason, given the upcoming depositions; flurry of discovery issues; judicial and personal vacation schedules during the summer months; and your clients' routine, dilatory response time.   For example, we noticed CordialSA for a May 29th deposition and after you initially agreed, you subsequently pushed it back 1½ months so that it would take place on July 11th, a scant 4 days before the current discovery deadline, understanding that there will likely be follow up requests (we have already been waiting 2+ months to receive supplemental documents from Mr. Salazar's deposition on April 11-1).  Furthermore, you will be needing to Reply to the 4th Amended Answer which is still awaiting to be "So Ordered" by the Court before it can be filed. Given the above delays on the part of your clients, it is unlikely that a 60-day stipulated extension of the current July 15, 2019 fact discovery deadline to  September 9, 2019 will suffice (it took months for you to even confirm that Mr. Arango did not need a translator).  Finally, as previously advised, I will be taking family leave time upon the imminent birth of my first grandchild and this will directly impact my schedule for the balance of this month, including the currently scheduled June 28th deposition of Wilson Zuluaga.  This is a reason why it needs to be rescheduled for no earlier than the week(s) of July 8th and 15th (assuming we are able to agree to a resolution on the Topics to be covered).  If we cannot quickly agree on the above, then we intend to request judicial intervention in the joint status letter which is due on June 21, 2019.

We disagree with your self-serving recitation of the facts, but will not address them all here. We will not agree to a further extension of the deadline because it is unnecessary. Latinfood has not identified specific issues relevant to its claims or defenses, and proportional to the needs of the case, that require an additional two month extension beyond July 15. Latinfood has abused the discovery process by issuing an unending stream of requests for information that is irrelevant or in its possession. To take one example, Latinfood has repeatedly asked for the identity of the individual at Marquillas who spoke to someone in the US about ordering Zenu labels, but Mr. Zuluaga is the person that spoke to the Marquillas individual, and can easily provide his or her identity.

Finally, we expect to be forwarding you a proposed Stipulation of Facts which might obviate the necessity of proceeding with a supplemental Industria 30(b)(6) witness and/or the noticed depositions of Industria witnesses Diego Medina, Santiago Jimenez, Francisco Ospina and Martha Elena Ochoa Evans for the reasons set forth in our May 3 and May 30th letters. This issue will likely also need to be included in the joint status letter which is due on June 21, 2019.

Regards,

Mark J. Ingber, Esq.
The Ingber Law Firm
51 JFK Parkway
First Floor West, Suite 159
Short Hills, NJ 07078
**AV® 2019 Preeminent™ Rating**
in the practice of Intellectual Property
(973) 921-0080
email: ingber.lawfirm@gmail.com
web address: www.ingberiplawyer.com

THE INFORMATION CONTAINED IN THIS TRANSMISSION
IS ATTORNEY PRIVILEGED AND CONFIDENTIAL INFORMATION
INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR
ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE
IS NOT THE RECIPIENT, YOU ARE HEREBY NOTIFIED THAT
ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS
COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE
RECEIVED THIS TRANSMISSION IN ERROR, PLEASE NOTIFY
US IMMEDIATELY BY TELEPHONE SO THAT WE CAN
ARRANGE FOR THE RETURN OF THE ORIGINAL DOCUMENTS
TO US AT NO COST TO YOU.

**From:** Kadosh, Samuel <SKadosh@ReedSmith.com>
**Sent:** Wednesday, June 12, 2019 3:42 PM
**To:** ingber.lawfirm@gmail.com; Raymond, Peter D. <PRaymond@ReedSmith.com>; Berman, Jeremy A. <JBerman@reedsmith.com>
**Cc:** asha.ingberlawfirm@gmail.com; barry.ingberlawfirm@gmail.com
**Subject:** RE: Industria v. Latinfood, et al-LETTER TO PLAINTIFF RE LATINFOOD'S DISCOVERY

Mark  -

We do not consent to exclude questions regarding spoliation from Mr. Zuluaga's deposition. The prior deposition took place more than a year ago, and we have discovered additional facts concerning these topics about which we are entitled to ask Mr. Zuluaga.

Best,

**Samuel Kadosh**

212-549-0451
SKadosh@ReedSmith.com

**Reed Smith**
599 Lexington Avenue
New York, NY  10022
212-521-5400 (**Main Number**)
212-521-5450 (**Fax Number**)


**From:** Kadosh, Samuel <SKadosh@ReedSmith.com>
**Sent:** Wednesday, June 12, 2019 3:42 PM
**To:** ingber.lawfirm@gmail.com; Raymond, Peter D. <PRaymond@ReedSmith.com>; Berman, Jeremy A. <JBerman@reedsmith.com>
**Cc:** asha.ingberlawfirm@gmail.com; barry.ingberlawfirm@gmail.com
**Subject:** RE: Industria v. Latinfood, et al-LETTER TO PLAINTIFF RE LATINFOOD'S DISCOVERY

Mark,

Please see my responses below.

**Samuel Kadosh**
212-549-0451
SKadosh@ReedSmith.com

**Reed Smith**
599 Lexington Avenue
New York, NY  10022
212-521-5400 (**Main Number**)
212-521-5450 (**Fax Number**)

**From:** ingber.lawfirm@gmail.com <ingber.lawfirm@gmail.com>
**Sent:** Friday, June 7, 2019 5:11 PM
**To:** Kadosh, Samuel <SKadosh@ReedSmith.com>; Raymond, Peter D. <PRaymond@ReedSmith.com>; Berman, Jeremy A. <JBerman@reedsmith.com>
**Cc:** asha.ingberlawfirm@gmail.com; barry.ingberlawfirm@gmail.com
**Subject:** Industria v. Latinfood, et al-LETTER TO PLAINTIFF RE LATINFOOD'S DISCOVERY
**Importance:** High

<mark>EXTERNAL E-MAIL</mark>

Sam,

It's not enough that you won't object to filing of the amended answer, as we discussed today, we will want a Stipulation as previously done (see attachment). We also want confirmation of below:

- You explained that Peter is unavailable for a deposition of our clients on July 1st or July 2nd .  We have checked with our client and are advised that he can make himself available on June 28, 2019 or **preferably** during the weeks of July 8 and July 15.   Please provide us with an Amended Deposition Notice asap (if you want to have the deposition on June 28th, 2019, then we need to receive your Amended Deposition Notice no later than Monday, June 10, 2019).

Sent

- Please confirm your statement today that Mr. Arango will not require a translator for his 30(b)(6) July 11, 2019 deposition and that it will cover the attached Amended Deposition Topics referred to in our May 30, 2019 letter.

**We confirm that Mr. Arango is not requesting a translator.  We have a few minor edits to the CordialSA 30(b)(6) deposition notice.  Please send as a word document, and we will provide the edits.**

- In response to Peter's June 7th letter today regarding the additional Industria 30(b)(6) witness, we stand by our May 3 and May 30th arguments.  Nevertheless, we will consider your proposal that we prepare and forward to you a Stipulation of Facts which might obviate the necessity of having a Supplementary Industria 30(b)(6) witness.

To be clear, Industria did not agree to enter into any stipulation, but we will review any stipulation you draft.

- You will provide us with an ETA on the follow-up Meet and Confer documents/info that we have been seeking for months related to the Industria April 11-12, 2019 deposition, and as were most recently set forth in our May 30, 2019 letter.

**Agreed.**

- You advised that once the Industria deposition issues are resolved, then you expect to confirm deletion of the audio recording from the Industria April 11-12, 2019 deposition.

- Given the upcoming depositions, flurry of discovery issues and judicial and personal vacation schedules during the summer months, a 60-day stipulated extension of the current July 15, 2019 fact discovery deadline (past Labor Day) is necessary and will enable the parties to respond and follow up on deposition and discovery related issues.

**We do not agree that a discovery  extension is necessary at this time.**

Please review and advise asap.

Regards,

Mark J. Ingber, Esq.
The Ingber Law Firm
51 JFK Parkway
First Floor West, Suite 159
Short Hills, NJ 07078
**AV® 2019 Preeminent™ Rating**
in the practice of Intellectual Property
(973) 921-0080

email: ingber.lawfirm@gmail.com
web address: www.ingberiplawyer.com

THE INFORMATION CONTAINED IN THIS TRANSMISSION
IS ATTORNEY PRIVILEGED AND CONFIDENTIAL INFORMATION
INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR
ENTITY NAMED ABOVE.  IF THE READER OF THIS MESSAGE
IS NOT THE RECIPIENT, YOU ARE HEREBY NOTIFIED THAT
ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS
COMMUNICATION IS STRICTLY PROHIBITED.  IF YOU HAVE
RECEIVED THIS TRANSMISSION IN ERROR, PLEASE NOTIFY
US IMMEDIATELY BY TELEPHONE SO THAT WE CAN
ARRANGE FOR THE RETURN OF THE ORIGINAL DOCUMENTS
TO US AT NO COST TO YOU.

* * *

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

Disclaimer Version RS.US.201.407.01