# THE INGBER LAW FIRM
51 JFK PARKWAY
1ST FLOOR WEST, SUITE 159
SHORT HILLS, NEW JERSEY 07078

MARK J. INGBER*

TEL: (973) 921-0080
EMAIL: INGBER.LAWFIRM@GMAIL.COM

*MEMBER NJ & NY BAR

May 3, 2019

**VIA EMAIL**
Peter Raymond, Esq.
Reed Smith, LLP
599 Lexington Avenue
New York, NY 10022-7650

> Re: Industria de Alimentos Zenu S.A.S. v. Latinfood U.S. Corp., et al,
> 2:16-CV-06576-KM-MAH

Dear Peter:

I write to follow upon our request for additional documents identified at the deposition of Luis Salazar on April 11-12, 2019. Specifically, we request the following documents from Industria:

1. Industria's Document Retention Policy. *See Tr, 36:13-21.*
2. Marketing Strategy related to the Zenu/Ranchera branded products. *See Tr. 38:6-18.*
3. Marquillas Report. *See Tr. 50:4-6; 110:18-21*
4. Name of the person at Marquillas who stated that Latinfood "attempted to procure plaintiff's own labels from plaintiff's label provider in Medellin, Colombia." *See Tr. 108:22-109:6.*
5. Industria's current label designs. *See Tr. 138:11-16.*
6. All Work for Hire documents in connection with the copyright registrations referenced in Paragraph 27 of the Amended Complaint. *See Tr. 141:6-13.; 144:24-145:4.*
7. Exhibit D to the Amended Complaint. *See Tr. 149:16-25.*
8. Verification of Plaintiff's Response to Latinfood's Second Set of Interrogatories. *See Tr. 164:4-24.*
9. Verification of Deposition Exhibit LS - P. *See Tr. 166:14 - 168:9.*

**Improper 30(b)(6) witness Luis Salazar**

It became quickly obvious during his deposition, that Mr. Salazar was an improperly named and grossly inadequate 30(b)(6) on behalf of Industria. Mr. Salazar testified that he was the person most knowledgeable about *all* the topics set forth in the 30(b)(6) notice ("I believe I know all of them" - Tr. 10:2) for which he was testifying on behalf of Industria. However, Mr. Salazar

**EXHIBIT H**

expressed no familiarity with any of the pleadings in the case and was unable to respond with knowledge about the vast bulk of the allegations made by Industria in their 16-count lawsuit, outside of the areas of sales and marketing.

Industria has an obligation to ensure that the designated representative is fully prepared for the deposition through discussions with individuals with information of the relevant matters at issue, review of documents, review of deposition transcripts and exhibits, interviews with knowledgeable employees, and/or any other preparation in which the designated representative may become fully informed on the subject matter of the designated topic. *U.S. v. Taylor*, 166 F.R.D. 361-362 (M.D.N.C. 1996). To meet this obligation, the Third Circuit Court of Appeals has held that "corporations, partnerships, and joint ventures have a duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30 (b)(6) depositions and to prepare them to fully and un-evasively answer questions about the designated subject matter."). *Engage Healthcare Communs., LLC v. Intellisphers, LLC*, 2017 U.S. Dist. LEXIS 214562 (D.N.J. Oct. 30, 2017) citing *Black Horse Lane Assoc. v. Dow Chem. Corp.,228 F.3d 275, 303 (3d Cir. 2000)* (quoting *Starlight Int'l Inc. v. Herlihy*, 186 F.R.D. 626, 639 (D.Kan. 1999)). *See also State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc.*, 250 F.R.D. 203, 216 (E.D.Pa. 2008) (holding a "corollary to the corporation's duty to designate a Rule 30(b)(6) witness is that the corporation must 'prepare its designee to be able to give binding answers on its behalf ... [and] perform a reasonable inquiry for information" that is noticed and reasonably available to it.'") (quoting *In re Linerboard Antitrust Litig.*, 237 F.R.D. 373, 382 (E.D.Pa. 2006)). Additionally, "[w]hen a corporation or association designates a person to testify on its behalf, the corporation appears vicariously through that agent. If that agent is not knowledgeable about relevant facts, and the principal has failed to designate an available, knowledgeable, and readily identifiable witness, then the appearance is, for all practical purposes, no appearance at all." *Black Horse Lane Assoc.* 228 F.R.D. at 303.

Clearly, the witness was not prepared or knowledgeable about all of the noticed topics, and Industria is obligated to provide a substitute. *Marker v. Union Fid. Life Ins. Co.*, 125 F.R.D. 121,126 (M.D.N.C. 1989) (even where defendant in good faith thought deponent would satisfy the deposition notice, it had a duty to substitute another person once the deficiency of its designation became apparent during the deposition).[1]

Accordingly, we renew our request made at the deposition that Industria promptly provide us with the name(s) and date(s) they will make available one or more substitute 30(b)(6) witnesses who can testify as to the copyright, trademark and certain of the allegations in the Amended Complaint and the other topics in the Amended Notice for 30(b)(6) Deposition, as soon as possible. See Tr. 151:10-155:11; See also, Fed. R. Civ. P. 30(b)(6) ("The organization so named shall designate *one*

---

[1] Industria must designate more than one deponent if multiple deponents are necessary that are knowledgeable on the subject matters identified in the notice to respond to all of the relevant areas of inquiry. *U.S. ex rel Fago v. M & T Mort. Corp.*, 235 F.R.D. 11, 22–23 (D.D.C. 2006), *See also, McKesson Corp. v. Islamic Republic of Iran*, 185 F.R.D. 70, 79 (D.D.C. 1999) *("If an entity's designated witness lacks sufficient knowledge or fails to adequately respond to deposition requirements, the responding entity must designate additional witnesses capable of providing sufficient answers").

*or more officers, directors, or managing agents,* or other persons who consent to testify on its behalf..." *(emphasis added))*; *Marker v. Union Fid. Life Ins. Co.*, 125 F.R.D. 121,126 (M.D.N.C. 1989) ("even where defendant in good faith thought deponent would satisfy the deposition notice, it had a duty to substitute another person once the deficiency of its designation became apparent during the deposition").

Specifically, **we demand that Industria provide us with substitute 30(b)(6) witness(es), along with proposed dates that they are prepared to be deposed at your office by no later than Friday, May 10, 2019.** If we fail to hear back from you satisfactorily, we intend to try and get answers to our relevant and proportional questions, by reissuing amended notices and dates to the other previously noticed Industria witnesses, one by one as we determine to be necessary.[2]

### Improper Speaking Objections during the deposition of 30(b)(6) witness Luis Salazar

During Mr. Salazar two-day deposition, you made a large number of improper speaking objections which contravene the Federal Rules of Civil Procedure and New Jersey Court rules, both of which address attorney conduct during a deposition. Salazar Deposition Transcript, April 11, 2019, Tr. 56:23-59:12. Fed. R. Civ. P. 30(c)(1) provides that the "examination and cross-examination of a deponent proceed as they would at trial." While N.J. Rule 4:14-3(f) provides that "once the deponent has been sworn, there shall be no communication between deponent and counsel during the course of the deposition while testimony is being taken except with regard to the assertion of a claim of privilege, a right to confidentiality or a limitation pursuant to a previously entered court order."

Contrary to your assertion at Tr. 57:9-12 that you have a right to consult with your client during a deposition (you even asked for relevant case law which might contradict your conduct), courts in the 3rd Circuit have held that your position is untenable. *Hall v. Clifton Precision*, 150 F.R.D 525, 531-532 (E.D.Pa. 1993) ("All objections, except those which would be waived if not made at the deposition under Federal Rule of Evidence 32(d)(3)(B), and those necessary to assert a privilege, to enforce a limitation on evidence directed by the court, or to present a motion pursuant to Federal Rule of Evidence 30(d), shall be preserved. Therefore, those objections need not and shall not be made during the course of depositions.

- **Counsel shall not direct or request that a witness not answer a question, unless that counsel has objected to the question on the ground that the answer is protected by a privilege or a limitation on evidence directed by the court.**
- **Counsel shall not make objections or statements which might suggest an answer to a witness.**
- **Counsels' statements when making objections should be succinct and verbally economical, stating the basis of the objection and nothing more.**

---

[2] If Industria fails to name substitute witness(es), the Court can also impose various sanctions that may include the preclusion of evidence at trial. *U.S. v. Taylor*, 166 F.R.D. 356, 362 (M.D.N.C. 1996) ("inadequate preparation of a Rule 30(b)(6) designee can be sanctioned based on the lack of good faith, prejudice to the opposing side, and disruption of the proceedings").

3

- Counsel and their witness-clients shall not engage in private, off-the-record conferences during depositions or during breaks or recesses, except for the purpose of deciding whether to assert a privilege.
- Any conferences which occur pursuant to, or in violation of, guideline (5) are a proper subject for inquiry by deposing counsel to ascertain whether there has been any witness-coaching and, if so, what.
- Any conferences which occur pursuant to, or in violation of, guideline (5) shall be noted on the record by the counsel who participated in the conference. The purpose and outcome of the conference shall also be noted on the record.)"

We therefore request that you abide by Federal and New Jersey State Rules as well as caselaw regarding speaking objections and discussions with your client(s) during the upcoming depositions.

Finally, as a reminder, we await to hear back from you on the below outstanding matters:

A. Please let me know as soon as possible after you review and confirm that there were no translation errors and that the audiotape of the Salazar deposition has been destroyed as you anticipated.

B. Please confirm that the designated deponent for the CordialSA 30(b)(6) deposition will be Luis Arango, as Sam Kadosh had previously advised in a March 21, 2019 email: "Luis Arango will likely be the CordialSA 30(b)(6) representative, but we need to still receive final confirmation."

C. Also, as mentioned in my April 8, 2019 email, in connection with available dates for Cordialsa's 30(b)(6) deposition, please provide us with some available dates in Mid-May (after the May 10, 2019 deadline to file the Motion to Quash)."

Please be guided accordingly.

We look forward to hearing from you.

Very truly yours,

THE INGBER LAW FIRM

By: _____
      Mark J. Ingber, Esq.

cc:   Wilson Zuluaga, President of Latinfood U.S. Corp. d/b/a Zenu Products Co. (via email)