Mark J. Ingber, Esq.
THE INGBER LAW FIRM
51 JFK Parkway
1st Floor West, Suite 159
Short Hills, New Jersey 07078
Tel: (973) 921-0080
ingber.lawfirm@gmail.com
*Attorney for Latinfood U.S.*
*Corp. d/b/a Zenú Products Co.*
*and Wilson Zuluaga*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| INDUSTRIA DE ALIMENTOS ZENÚ S.A.S.,<br><br>    Plaintiff,<br>  v.<br><br>LATINFOOD U.S. CORP. d/b/a ZENÚ PRODUCTS CO. and WILSON ZULUAGA<br><br>    Defendants/Counter Plaintiff,<br><br>LATINFOOD U.S. CORP. d/b/a ZENÚ PRODUCTS CO.,<br><br>    Defendant/Counter Plaintiff<br>v.<br><br>INDUSTRIA DE ALIMENTOS ZENÚ S.A.S and CORDIALSA USA, INC.<br><br>    Counter Defendants. | Civil Action No: 2:16-CV-06576<br><br><br><br>**EXHIBIT K** |

**SECOND AMENDED NOTICE OF DEPOSITION OF DIEGO MEDINA**

PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendant Latinfood U.S. Corp. d/b/a Zenú Products Co., by its attorneys The Ingber Law Firm, will take the deposition upon oral examination of Plaintiff Industria de Alimentos Zenú S.A.S., CEO, Diego Medina regarding the items listed in attached "Topics for Examination." The

1

deposition will take place on August 15, 2019 and will begin at 10:00 a.m. at the offices of Reed Smith, 599 Lexington Avenue, New York, New York 10022. The testimony will be recorded by stenographic means.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Federal Rules of Civil Procedure 30(b)(5) and 34, the deponent is compelled to bring any documents or tangible things which will facilitate answering any and all questions.

Dated: Short Hills, New Jersey
July 12, 2019

Respectfully submitted,

THE INGBER LAW FIRM

____/Mark J. Ingber/_____________

Mark J. Ingber, Esq.
51 JFK PKWY, 1st Fl. West, Suite 159
Short Hills, New Jersey 07078
Tel: (973) 921-0080
ingber.lawfirm@gmail.com
*Attorneys for Latinfood U.S. Corp. d/b/a Zenú Products and Co. and Wilson Zuluaga*

## SCHEDULE A
## DEFINITIONS

1. The terms used herein shall be construed as broadly as possible.

2. "Industria de Alimentos Zenu S.A.S and CordialSA USA, Inc.," "you" or "your" shall mean Plaintiff/Counter Defendants and each of its agents,

representatives, employees, shareholders, directors, officers, members, managers, partners,

servants, parents, subsidiaries, affiliates, predecessors-in-interest, successors-in-interest,

attorneys, and any other person acting, directly or indirectly, on behalf of or in concert with the

foregoing,

3. "Salazar" shall mean Plaintiff/Counter Defendants

4. "Defendants," shall mean Latinfood and/or Zuluaga, the defendants in this action.

5. "Industria" shall mean Industria de Alimentos Zenú S.A.S., Plaintiff/Counter

Defendant in this action, and its agents, representatives, employees, shareholders, directors,

officers, members, managers, partners, servants, parents, subsidiaries, predecessors-in-interest,

affiliates, attorneys, and any other person acting directly or indirectly on behalf of or in concert

with the foregoing.

6. "Cordialsa" shall mean Cordialsa USA, Inc., Third Party Defendant in this

action, and its agents, representatives, employees, shareholders, directors, officers, members,

managers, partners, servants, parents, subsidiaries, predecessors-in-interest, affiliates, attorneys,

and any other person acting directly or indirectly on behalf of or in concert with the foregoing.

7. "Nutresa Parties" shall mean Industria and/or Cordialsa.

8. Plaintiff's "Zenú Products" shall mean all products offered for sale at any point bearing the Zenú name or mark.

9. Defendant's "Zenu Products" shall mean all products offered for sale at any point bearing the Zenu name or mark.

10. Plaintiff's "Ranchera Products" shall mean all products offered for sale at any point bearing the Ranchera name or mark.

11. Defendant's "Ranchera Products" shall mean all products offered for sale at any point bearing the Ranchera name or mark.

12. "Products" shall mean the Zenú Products and Ranchera Products, collectively.

13. "Customers" shall mean those entities and their agents, representatives, employees, shareholders, directors, officers, members, managers, partners, servants, parents, subsidiaries, affiliates, predecessors-in-interest and successors-in-interest that purchase Products from Defendants.

14. The "Action" shall mean the above-captioned action pending in the United States District Court for the District of New Jersey.

15. The "Counterclaim" shall mean Defendants' Fourth Answer to Plaintiff's Amended Complaint and Counterclaims (ECF No. 154), dated June 10, 2019, filed by Defendants.

16. "Communication" shall mean any contact between two or more persons, companies, subsidiaries or affiliates, including any of the directors, officers, employees, or representatives thereof, and shall include, without limitation, written contact by such means as letters, memoranda, telegrams, telex, or any other documents, oral contact by such means as face-to-face meetings and telephone conversations, and electronically or magnetically transferred or stored information that is or has been transmitted between any two persons or companies, including, but not limited to, email, instant message or voice mail.

17. "Document" is used in the most comprehensive and inclusive sense permitted by applicable law and includes, but is not limited to, all forms of recorded information in your

actual or constructive possession, custody or control, whether handwritten, typed, printed, or recorded or stored on computer data storage devices, diskettes, videotape, audio tape, or photographic film. Document means any drafts or versions thereof, and all copies on which any mark, alteration, writing, attachment or any other change from the original appears. It includes, by way of example and not by way of limitation:

a. Letters, correspondence, memoranda, "e-mail" and other electronic communications, voice mail recordings, facsimile or telefax transmissions, telex, telegrams, and any other intra-company and inter-company communications;

b. Minutes, transcripts, notes or records of meetings, conferences, telephone conversations, and interviews, including lists of persons attending the meetings or conferences;

c. Calendars, date books, diaries;

d. Blueprints, drawings, sketches, schematics, specifications, diagrams, photographs, maps, charts, and graphs;

e. Sales and promotional literature, brochures, press releases, advertisements, pamphlets, CD-ROMs, DVDs, web-based downloadable files and any other electronic-based media;

f. Reports, studies, analyses, projections, strategic plans, presentations, books, booklets, texts;

g. Forms, written offers for purchase or sale, purchase agreements, sales agreements, written contracts, licenses, assignments, legal pleadings or filings, deposition transcripts;

h. Ledgers, accounting records, sales and financial information;

i. Files, programs, applications, software (for example, source code, object code,

executable code), and any other documentations, notes or other tangible information related thereto;

j. Archived records and expired files; and

k. Any retrievable word processor text, spreadsheet, slide presentation or other compilation of information stored on a hard disk in a personal computer or a server, including any e-mail messages, to be produced in native format unless otherwise agreed by the parties.

18. "Person" includes natural persons, firms, partnerships, associations, joint ventures, corporations, professional corporations, business trusts, banking institutions, unincorporated organizations, and any other legal or governmental entity or association.

19. The term "identify" shall mean:

a. When used with respect to a natural person, shall mean to state the person's full name and present or last known home and business address, telephone number, and employer or business affiliation. In the case of a business concern, to state its name and its present or last-known address, and the nature of such business concern (*e.g.*, partnership, corporation, etc.).

b. In the case of a document, to state its date, its author, its recipient or the persons for whom it was prepared, the type of document (*e.g.*, letter, memorandum, chart, or other category), its present location or custodian, a summary of its contents, and any other information necessary to render the document distinguishable from all others and subject to ready location. In lieu of identifying a document, a copy of the document may be supplied.

c. In the case of communications or acts, to identify the person(s) present when the communication or act occurred, the date and location of such communication or

act, the substance of such communication or act, and all documents which record, refer to, or otherwise concern such communication or act.

20. The terms "relate" or "relating" shall mean concerning, regarding, pertaining to, mentioning, commenting on, connect with, discussing, describing, analyzing, explaining, showing, reflecting, setting forth, dealing with, comprising, consisting of, containing, constituting, resulting from, recording, or in any way relevant to a particular subject in whole or in part and either directly or indirectly.

21. The terms "and" and "or" shall be construed conjunctively when such construction would bring within the requested information that would otherwise be outside of its scope, but shall be construed disjunctively when such construction would bring within the requested information that would otherwise be outside of its scope. Similarly, the singular form of all words includes the plural form and the plural form of all words includes the singular form and the word "any" shall mean "any and all" and the word "each" shall mean "each and every."

21. Plaintiff's Marks shall mean all products offered for sale baring the Zenu or Ranchera name and/or marks.

**TOPICS FOR EXAMINATION**

Witness's knowledge regarding:

1. Affiliations or agreements by Plaintiff with any U.S. businesses, including any distribution agreements relating to the Products.

2. Plaintiff's allegations in Paragraph 64 that "it [Plaintiff] was unaware of Defendants' pirating of the ZENÚ mark in the United States until in or around October 2013, when a supplier contacted Plaintiff to alert it of Defendants' activity."

3. Any investigation or due diligence performed by Plaintiff or by someone on Plaintiff's behalf regarding the ownership or use of Zenú and Ranchera marks and designs in the United States.

4. Plaintiff's ZENÚ and RANCHERA trademark applications.

5. Plaintiff's Response to Defendants' First Set of Interrogatories, Interrogatory #16, where "Plaintiff states that it became aware of Defendants' goods bearing the ZENÚ mark in or around October 2013 when a representative of Marquillas S.A. informed Plaintiff that an individual had asked for a quote on ZENÚ packaging. Plaintiff was also contacted by a representative of Miami Intex International to complain about the handling of the ZENÚ products it was receiving from Defendants presuming that there was an association between Defendants and Plaintiff. Defendants' use of the ZENÚ mark was further confirmed Plaintiff further states that it became aware of Defendants after further investigation into the ZENÚ products being sold in the United States."

6. Damage suffered by Plaintiff as a result of the allegations set forth in the Amended Complaint.

7. Plaintiff's efforts to search for documents responsive to this Amended Notice of Deposition.

8. All matters relevant to the subject matter involved in this action.

9. All allegations and claims asserted in Industria's Amended Complaint.

10. All allegations and claims asserted in Latinfood's Fourth Amended Counterclaim dated June 25, 2019.

11. All allegations and defenses asserted in the answer to the Answer to the Fourth Amended Counterclaim dated July 9, 2019.

12. All meetings or communications in or around October 2013 through 2014 including but not limited to, the following personnel: Luis Alfonso Arango, Hernando Ramos Moreno and Carlos Andrés Espinosa Escobar re: Latinfood's Zenu & Ranchera branded products and related to emails bearing Bates # IAZ_DNJ0002480-2490.