**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| INDUSTRIA DE ALIMENTOS ZENÚ S.A.S.<br><br>Plaintiff,<br><br>v.<br><br>LATINFOOD U.S. CORP. d/b/a ZENÚ PRODUCTS CO. and WILSON ZULUAGA,<br><br>Defendants. | Civil Action No. 2:16-cv-06576-KM-MAH<br><br><br>**EXHIBIT L** |

**PLAINTIFF'S FED. R. CIV. P. 26(a)(1)  INITIAL DISCLOSURE STATEMENT**

Pursuant to Federal Rule of Civil Procedure 26(a)(1) and the local rules of the District of New Jersey, plaintiff Industria de Alimentos Zenú S.A.S ("Plaintiff") hereby discloses the following information.  Plaintiff makes these disclosures based upon information currently available.  Discovery is ongoing in this case and additional facts, information and analysis may lead to changes or additions to these disclosures.  Plaintiff reserves the right to modify, amend, or otherwise supplement these disclosures as additional information becomes available during the course of this action, including through disclosures or discovery by other parties, and to rely on such information in this action.  Plaintiff further reserves any and all discovery or evidentiary objections that may be applicable to the information disclosed herein.

1. **THE NAME AND, IF KNOWN, THE ADDRESS AND TELEPHONE NUMBER OF EACH INDIVIDUAL LIKELY TO HAVE DISCOVERABLE INFORMATION—ALONG WITH THE SUBJECTS OF THAT INFORMATION—THAT THE DISCLOSING PARTY MAY USE TO SUPPORT ITS CLAIMS OR DEFENSES, UNLESS THE USE WOULD BE SOLELY FOR IMPEACHMENT.**

To the extent presently known by Plaintiff, the individuals who, upon information and belief are likely to have discoverable information that they may use to support their defenses (other than solely for impeachment), include the following:

(a) **Luis Ignacio Salazar**: Mr. Salazar may have knowledge regarding the sales, advertising and promotion of Plaintiff's ZENÚ branded products. Contact with Mr. Salazar may be arranged through Plaintiff's counsel.

(b) **Santiago Jiménez**: Mr. Jiménez may have knowledge regarding the history of Plaintiff's ZENÚ mark, Plaintiff's product portfolio, Plaintiff's research and development of products sold under the ZENÚ mark, production of Plaintiff's ZENÚ branded products, and Plaintiff's relationships with suppliers located worldwide. Contact with Mr. Jiménez may be arranged through Plaintiff's counsel.

(c) **Francisco Ospina**: Mr. Ospina may have knowledge regarding the history of Plaintiff's ZENÚ mark, Plaintiff's international business operations and Plaintiff's research on and sales in international markets. Contact with Mr. Ospina may be arranged through Plaintiff's counsel.

(d) **Martha Elena Ochoa Evans**: Ms. Evans may have knowledge regarding the history of Plaintiff's ZENÚ mark, the evolution of Plaintiff's ZENÚ mark and Plaintiff's sales and promotion strategies. Contact with Ms. Evans may be arranged through Plaintiff's counsel.

(e) Persons identified in any discovery responses or on any documents produced or to be produced by any party who have knowledge of discoverable facts.

Plaintiff reserves the right to supplement and/or amend this list during or at the close of discovery in this action and to call witnesses not listed in its initial disclosures or on court-ordered witness lists to the extent those witnesses will be called solely for impeachment. The names listed above should not be construed as an admission that any or all of the facts known to the individuals listed are legally relevant or admissible. Plaintiff reserves all rights to raise appropriate legal challenges to the admissibility of their testimony.

**2. A COPY—OR A DESCRIPTION BY CATEGORY AND LOCATION—OF ALL DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND TANGIBLE THINGS THAT THE DISCLOSING PARTY HAS IN ITS POSSESSION, CUSTODY, OR CONTROL AND MAY USE TO SUPPORT ITS CLAIMS OR DEFENSES, UNLESS THE USE WOULD BE SOLELY FOR IMPEACHMENT.**

The following categories of documents are within the possession, custody or control of Plaintiff at its principal place of business in Medellín, Colombia. Plaintiff has not yet made a final determination of the documents or other materials in its possession, custody or control that it may use to support its claims, but upon information and belief, the following categories of documents comprise the non-privileged, discoverable written records, data compilations and tangible things that Plaintiff may use to support its claims in this matter:

(a) Documents related to the development, registration and monitoring of the ZENÚ mark, logo and packaging design;

(b) Documents related to Plaintiff's use of the ZENÚ mark;

(c) Documents related to the types of products sold by Plaintiff under the ZENÚ mark;

(d) Documents related to the potential distribution and sale of Plaintiff's ZENÚ products in the United States;

(e) Documents related to consumer recognition of the ZENÚ mark;

(f) Documents related to complaints from retailers and customers located in the United States who have been misled by Defendants' use of the ZENÚ mark;

(g) Documents related to the registration of the ZENÚ mark in the United States;

(h) Documents related to Latinfood's attempts to acquire ZENÚ labels from Plaintiff's label manufacturer;

(i) Documents related to Plaintiff's investigation into Latinfood and the sales of its ZENÚ branded products;

(j) Documents related to the packaging of ZENÚ branded products in the United States;

(k) Documents related to the design of the ZENÚ website and website viewership.

**3. A COMPUTATION OF ANY CATEGORY OF DAMAGES CLAIMED BY THE DISCLOSING PARTY—WHO MUST ALSO MAKE AVAILABLE FOR INSPECTION AND COPYING AS UNDER RULE 34 THE DOCUMENTS OR OTHER EVIDENTIARY MATERIAL, UNLESS PRIVILEGED OR PROTECTED FROM DISCLOSURE, ON WHICH EACH COMPUTATION IS BASED INCLUDING MATERIALS BEARING ON THE NATURE AND EXTENT OF <u>THE INJURIES SUFFERED</u>.**

Plaintiff is presently claiming damages, but has not yet determined the amount or computation of its damages, which will likely include the disgorgement of Defendants' profits from their sale of ZENÚ branded products, all of which may be trebled under the Lanham Act and N.J. Stat. 56:4-2. Such calculations may also require an accounting of Defendants' sales and profits to determine the amount of damages to be awarded. In addition, Plaintiff has requested the recovery of its reasonable attorneys' fees and costs, the exact amount of which will be determined at a later date.

Plaintiff does not currently have access to the records of Defendants and, therefore, a precise computation of Plaintiff's damages cannot be calculated at this time. Moreover, Plaintiff anticipates the need to retain experts to assist in the required analysis. Plaintiff will supplement this disclosure at the appropriate time after receipt of the required information during the discovery process.

**4.     FOR INSPECTION AND COPYING AS UNDER RULE 34, ANY INSURANCE AGREEMENT UNDER WHICH AN INSURANCE BUSINESS MAY BE LIABLE TO SATISFY ALL OR PART OF A POSSIBLE JUDGMENT IN THE ACTION OR TO INDEMNIFY OR REIMBURSE FOR PAYMENTS MADE TO SATISFY THE JUDGMENT.**

Plaintiff is not aware of an insurance policy covering this matter.

**5.     IDENTITIES OF EXPERTS AND OPINIONS.**

As of the date of this disclosure, Plaintiff has not yet hired any experts. Plaintiff will supplement this disclosure as appropriate should it hire an expert for the purpose of testifying at trial in the future.

Dated: New York, New York
February 16, 2017

**REED SMITH LLP**

By: *s/ Sarah Levitan*
Peter D. Raymond, Esq. (admitted *pro hac*)
Sarah Levitan, Esq.
599 Lexington Avenue
New York, New York 10022
Tel: (212) 521-5400
Fax: (212) 521-5450

Tracy Zurzolo Quinn, Esq.
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, NJ 08540
Tel: (609) 987-0050
Fax: (609) 951-0824

*Attorneys for Plaintiff
Industria de Alimentos Zenú S.A.S.*