# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| **INDUSTRIA DE ALIMENTOS ZENU S.A.S.,** | : : : | Civil Action No. 16-6576 (KM) (MAH) |
| **Plaintiff,** | : : |  |
| v. | : : | ORDER |
| **LATINFOOD U.S. CORP. d/b/a ZENU PRODS. CO., et al.** | : : : |  |
| **Defendants.** | : : : |  |

This matter having come before the Court by way of a discovery dispute raised by Plaintiff Industria de Alimentos Zenú S.A.S.'s ("Industria");

and the Court having considered the parties' submissions [D.E. 186-88];

and for good cause shown,

**IT IS ON THIS 13th day of March 2020**,

**ORDERED** that the parties are directed to continue to meet and confer regarding the scope of the examination to be performed by RVM Enterprises and to select an alternative forensic examiner in the event that RVM Enterprises lacks the capabilities to perform the agreed-upon review; and it is further

**ORDERED** that the search parameters shall, at a minimum, address the following topics: (1) details of the circumstances of the alleged crash, if any crash in fact occurred; (2) efforts made to recover any documents from the hard drive following any putative crash; (3) any instances of the hard drive being used in the past two years; and (4) what information was copied and/or deleted from the hard drive, and when;[1] and it is further

---

[1] Contrary to Defendants' suggestion, it is for the forensic examiner to determine if the hard drive suffered a failure that destroyed some or all of its contents. *See* Defs.' Letter at 4-5, Mar. 12, 2020, D.E. 188. Furthermore, the retrieval of "event logs" may be one way that the examiner can determine if there was a crash and whether the hard drive had been used in the two years that was believed to be missing. *See* Pl.'s Letter, Ex. D at 3, Mar. 9, 2020, D.E. 186-3 (noting that RVM Enterprises "typically do[es] not do IT assessments of drives for crash states . . . but [could] pull the event logs to see if anything stands out to [RSM] that may have caused the computer to 'crash'"). The parties are expected to agree on an efficient process and/or form for the requested information, if the information exists.

**ORDERED** that the forensic examiner shall perform a search of the hard drive using the terms identified in Exhibit A to Industria's letter dated March 9, 2019 [D.E. 186-1]; and it is further

**ORDERED** that Defendants produce documents related to Zenu and Ranchera sales from 2012 and 2013, and to the extent that no records exist, Defendants shall state that fact and why in a certification to be provided to the Court and Industria;[2] and it is further

**ORDERED** that Defendants produce all Zenu and Ranchera labels from 2010 to 2013, and to the extent that no records exist, Defendants shall state that fact and why in a certification to be provided to the Court and Industria; and it is further

**ORDERED** that, on or before **April 16, 2020**, the parties shall submit a joint status report that includes the parameters of RVM Enterprises or the substitute examiner's search of the hard drive and the status of Defendants' production of the Zenu and Ranchera labels and sales information; and it is further

**ORDERED** that there shall be a telephone conference with the Undersigned on **April 20, 2020, at 3:30 p.m**., to discuss the matters raised herein as well as the deadlines for the exchange of any expert reports and the filing of dispositive motions.

                                              s/Michael A. Hammer
                                              **UNITED STATES MAGISTRATE JUDGE**

---

[2] The Court will permit the requested discovery pertaining to the Zenu and Ranchera sales and labels prior to 2014 as part of Defendants' continuing obligation to supplement their responses to Plaintiff's Request for Production of Documents Nos. 20 and 34. *See* Fed. R. Civ. P. 26(e)(1)(A).