# Exhibit 1

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| INDUSTRIA DE ALIMENTOS ZENÚ S.A.S.<br>Plaintiff,<br><br>v.<br><br>LATINFOOD U.S. CORP. d/b/a ZENÚ PRODUCTS CO. and WILSON ZULUAGA,<br><br>Defendants. | Civil Action No: 2:16-cv-06576 (KM) (MAH) |

### PLAINTIFF'S RESPONSE TO DEFENDANTS' FIRST SET OF INTERROGATORIES

Plaintiff Industria de Alimentos Zenú S.A.S. ("Plaintiff"), by its attorneys, Reed Smith LLP, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the applicable Local Rules of this Court, hereby responds to the First Set of Interrogatories (the "Interrogatories") of Defendants Latinfood U.S. Corp. d/b/a Zenú Products Co. ("Latinfood") and Wilson Zuluaga (collectively "Defendants"), as follows:

### GENERAL OBJECTIONS

These General Objections form a part of and are incorporated into each response. The absence of a reference to a General Objection should not be construed as a waiver of the General Objections to a specific Interrogatory.

A. Plaintiff objects to each Interrogatory to the extent that it exceeds the permissible scope of discovery under Rules 26 and 33 of the Federal Rules of Civil Procedure or the Local Rules of this Court, including the limitation to 25 written Interrogatories, including all discrete subparts, found in Fed. R. Civ. P. 33(a)(1).

B. Plaintiff objects to each Interrogatory to the extent that it seeks the disclosure of information protected by the attorney-client privilege both under federal law and pursuant to

N.J.S.A. 2A:84-A-20, the work-product doctrine and/or other applicable privileges or immunities, or that were prepared in anticipation of litigation and/or constitute or disclose the mental impressions, conclusions, opinions, or legal theories of any attorney or other representative of Plaintiff concerning this or any other legal proceeding.  Such information and/or documents shall not be provided in response hereto.  Inadvertent disclosure of the same shall not be deemed a waiver of any applicable privilege or of the protection of the attorney work product doctrine, and Plaintiff reserves the right to request the return of any such documents inadvertently produced.

C.  Plaintiff objects to each Interrogatory to the extent that it seeks the disclosure of information not in Plaintiff's possession, custody or control.

D.  Plaintiff objects to each Interrogatory to the extent that it seeks the disclosure of information already or equally within Defendants' possession, custody or control, or is publicly available, or to the extent that it seeks information that could be obtained from some other source that is more convenient, less burdensome, or less expensive.

E.  Plaintiff objects to each Interrogatory to the extent that it is overbroad, unduly burdensome or oppressive, unreasonably cumulative or duplicative.

F.  Plaintiff objects to each Interrogatory to the extent that it seeks information from a time period irrelevant to this litigation.

G.  Plaintiff objects to each Interrogatory to the extent that it is vague or ambiguous.

H.  Plaintiff objects to each Interrogatory to the extent that it seeks a legal conclusion to which no response is required.

I.   Plaintiff objects to each Interrogatory to the extent that it seeks information which is not relevant to the claim or defense of any party or reasonably calculated to lead to the discovery of admissible evidence.

J.   Plaintiff objects to each Interrogatory to the extent it assumes disputed issues of fact or law.

K.   Plaintiff objects to Defendants' definition of "Plaintiff" to include counsel for Plaintiff, as counsel does not maintain business records or non-privileged materials for Defendants.  Plaintiff Industria de Alimentos Zenú will provide documents and information from any parent, subsidiary, principal, officer, director, employees or staff members.

L.   Plaintiff objects to Defendants' definition of "control" to include counsel for Plaintiff, as counsel does not maintain business records or non-privileged materials for Defendants.  Plaintiff Industria de Alimentos Zenú will provide documents and information from any parent, subsidiary, principal, officer, director, employees or staff members.

M. Plaintiff objects to Defendants' definition of "Plaintiff's Marks" as encompassing all designations and trademarks used by "Plaintiff" (the defined term to include all subsidiaries, parents, partners or other affiliates of Industria de Alimentos Zenú S.A.S.) because it is overly broad and encompasses numerous marks and brands that are not the subject of this litigation. Plaintiff will only provide documents and information pertaining to the ZENÚ and RANCHERA designations or trademarks.

N. Plaintiff objects to the Interrogatories to the extent that they seek information or documents already provided to Defendants in connection with the proceeding before the Trademark Trial and Appeal Board, Proceeding No. 92059947.  As set forth by Magistrate Judge

Hammer in the scheduling conference on April 5, 2017, such duplicative discovery should be avoided.

O.  Plaintiff objects to each Interrogatory on the grounds that Plaintiff is responding on the basis of current knowledge and information, and as discovery proceeds in this case, discovery may reveal additional facts.  Accordingly, Plaintiff reserves the right to supplement each of its answers to these requests and to assert additional objections.  However, Plaintiff does not hereby assume any obligation to supplement its answers any further than is otherwise required.

P.  Any failure to object to any Interrogatory on a particular ground shall not be construed as a waiver of its right to object on that or any other additional grounds.  The statement of any specific objection in any specific response below shall in no way waive or prejudice Plaintiff's assertion of its General Objections and Responses.

Q.  Plaintiff's responses are made without waiver, and with preservation of, all objections as to competency, relevancy, materiality, privilege, and admissibility of the responses and the subject matter thereof as evidence for any purposes in any part of this action or in any other action or proceeding.

## INTERROGATORIES

Plaintiff incorporates by reference its General Objections in response to each of the Defendants' Interrogatories set forth below.  Expressly reserving its right to amend and supplement its responses to any and all of these Interrogatories, Plaintiff makes the following responses while reserving the right to make additional objections as may be deemed appropriate during the course of these proceedings:

1.      Identify all current officers and directors of Plaintiff.

**Response:**

Plaintiff objects to this Interrogatory as overly broad, unduly burdensome, and seeking information not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to this Interrogatory to the extent that it seeks information already produced to Defendants in connection with the proceeding before the Trademark Trial and Appeal Board, Proceeding No. 92059947.  Plaintiff further objects to this Interrogatory as the term "officer" has no meaning under Columbian law.  Colombian corporations have no officers, and there is no comparable term under Columbian law. Subject to the foregoing objections and the General Objections, Plaintiff states that the following individuals are in charge of running the company:

- Diego Medina, President of meat business;
- Santiago Jiménez, Director of Supply Chain;
- Luis Ignacio Salazar, Commercial Manager;
- Mateo Betancur, Planning Manager;
- María del Carmen Estrada, Human and Organizational Development Manager.

2.      Describe in detail all past and existing relations, including contracts, agreements, licenses, assignments, or other relations, between Plaintiff and any third party, including predecessor companies, related, or affiliated companies, relating in any manner to Plaintiff's Marks, specifically in relation with entities within the United States.

**Response:**

Plaintiff objects to this Interrogatory as vague, ambiguous, and not susceptible to a reasoned interpretation.  Plaintiff further objects to this Interrogatory as overly broad, unduly burdensome, not reasonably limited in scope, and seeking, in part, information not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to this Interrogatory for its use of "Plaintiff's Marks" as it is overbroad and encompasses a large number of brands not at issue in this litigation.

3.      With respect to Plaintiff's Marks, identify the person or persons most knowledgeable about Plaintiff's sales, advertising and sales promotion, adoption and use, licensing, and assignment or other transfer of rights, separately for the United States and other international territories.

**Response:**

Plaintiff objects to this Interrogatory as compound and rendering Defendants' Interrogatories to be in excess of the limit contained in Fed. R. Civ. P. 33(a)(1).  Plaintiff objects to this Interrogatory as vague, ambiguous, not susceptible to a reasoned interpretation.  Plaintiff further objects to this Interrogatory as overly broad, unduly burdensome, not reasonably limited in scope.  Plaintiff further objects to this Interrogatory for its use of "Plaintiff's Marks" as it is overbroad and encompasses a large number of brands not at issue in this litigation.  Plaintiff further objects to this Interrogatory to the extent that it seeks information already produced to Defendants in connection with the proceeding before the Trademark Trial and Appeal Board, Proceeding No. 92059947.

Subject to the foregoing objections and the General Objections, Plaintiff identifies Luis Ignacio Salazar Naranjo, Commercial Manager, Industria de Alimentos Zenú S.A.S.

4.      State in detail and identify any related documents, relating to Plaintiff's reason(s) for allowing Plaintiff's Cancelled Marks to become abandoned or lapsed with the United States Patent and Trademark Office and the basis for Plaintiff's decision to refile Plaintiff's ZENÚ Application.

**Response:**

Plaintiff objects to this Interrogatory as vague, ambiguous and not susceptible to a reasoned interpretation.  Subject to the foregoing objections and the General Objections, Plaintiff states

that no information or documents responsive to this request exist, whether privileged or otherwise.

5.      For each of the goods or services sold by Plaintiff or one of its affiliated businesses, separately for the United States and in other international territories, set forth the number of units and dollar amount of the annual sales of such goods or services, the dollar amount of annual advertising expenditure on such goods or services, the media via which such advertising took place, and the dollar amount of advertising through each such media; and identify documents sufficient to support your response to this Interrogatory.

**Response:**

Plaintiff objects to this Interrogatory as compound thereby rendering Defendants' Interrogatories to be in excess of the limit contained in Fed. R. Civ. P. 33(a)(1).  Plaintiff objects to this Interrogatory as overly broad, unduly burdensome and not reasonably limited in time or scope.  Plaintiff further objects to this Interrogatory as seeking information that is not relevant to this action, immaterial, or not reasonably calculated to lead to the discovery of admissible evidence in this action.  Plaintiff further objects to this Interrogatory to the extent that it seeks information already produced to Defendants in connection with the proceeding before the Trademark Trial and Appeal Board, Proceeding No. 92059947.

Subject to the foregoing objections and the General Objections, documents relating to Plaintiff's advertising expenditures for its ZENÚ and RANCHERA marks, to the extent that such documents were not previously produced to Defendants in the proceeding before the TTAB, will be produced in response to Defendants' First Set of Requests for Production of Documents.

6.      State in detail any searches or investigations which were conducted by Plaintiff, its attorneys, or any persons on its behalf to determine whether the "ZENÚ" marks were available for use and/or registration at time of filing, separately for in the United States and in other international territories, specifically, identifying each such search or investigation including the date such search or investigation was performed and the marks located in such search or investigation.

**Response:**

Plaintiff objects to this Interrogatory as overly broad, unduly burdensome, vague and ambiguous.  Plaintiff further objects to this Interrogatory as irrelevant to the issues in this proceeding and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Interrogatory to the extent that it seeks the disclosure of information protected by the attorney-client privilege both under federal law and pursuant to N.J.S.A. 2A:84-A-20 and will be withholding relevant information on these grounds.

Subject to the foregoing objections and the General Objections, Plaintiff states that, outside of privileged searches conducted by its attorneys, no other searches or investigations into the U.S. or Colombian registrations of ZENÚ was conducted.


7.      Identify all manufacturers or intended manufacturers of goods, and all promoters or intended promoters of goods, bearing the Plaintiff's Cancelled Marks and/or Plaintiff's ZENÚ Application, separately for in the United States and in other international territories.  Including, without limitation, the third-parties Plaintiff asserts in Paragraph 22 of its Amended Complaint, stating that "[f]or several years, Plaintiff has obtained and packaged some of its products in the United States.  These products are then exported for sale in Colombia."

**Response:**

Plaintiff objects to this interrogatory as compound and rendering Defendants' interrogatories to be in excess of the limit contained in Fed. R. Civ. P. 33(a)(1). Plaintiff further objects to this Interrogatory as overly broad and unduly burdensome. Plaintiff further objects to this Interrogatory to the extent that it seeks information which is not relevant to the claim or defense of any party or reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Interrogatory as vague, ambiguous, and not susceptible to a reasoned interpretation. Plaintiff cannot reasonably respond to this Interrogatory as phrased.

8.      Identify all documents and set forth with specificity all facts with respect to any instance where a person or entity in the United States and separately for in other foreign territories, has been confused, mistaken, and/or deceived as to whether any goods or services advertised or sold under Plaintiff's Cancelled Marks are those of Defendant, or are connected or associated with Defendant, and for each such incident provide the date of such incident, the identity of the person or entity, and a detailed description of the circumstances of such confusion, mistake and/or deception.

**Response:**

Plaintiff objects to this Interrogatory as overly broad, unduly burdensome and not reasonably limited in scope. Plaintiff further objects to this Interrogatory to the extent that it seeks information already produced to Defendants in connection with the proceeding before the Trademark Trial and Appeal Board, Proceeding No. 92059947.

Subject to the foregoing objections and the General Objections, Plaintiff states that at least one consumer has contacted Plaintiff's distributor located in Miami, Florida based upon the mistaken belief that Defendants' ZENÚ products were those of Plaintiff. A recording of this phone call was produced in connection with the TTAB proceeding. In addition, a consumer

named Juana Solorzano inquired on Facebook whether the ZENÚ products she was encountering in the United States were the authentic ZENÚ products as those sold by Plaintiff in Colombia.

9.      Identify all inquiries, investigations, surveys, evaluations and/or studies conducted separately for the United States and other international territories, by Plaintiff or by anyone acting for or on its behalf, with respect to Plaintiff's ZENÚ Application, and marks owned or used by Plaintiff which incorporate the term "ZENÚ" as an element of the mark, including the date conducted, the name, address and title of each person who conducted it, the purpose for which it was conducted, the findings or conclusions made, and identify all documents which record, refer to, or relate to such inquiry, investigation, survey, evaluation or study.

**Response:**

Plaintiff objects to this Interrogatory as overly broad, unduly burdensome, and virtually unlimited in scope.  Plaintiff further objects to this Interrogatory to the extent that it seeks the disclosure of information protected by the attorney-client privilege both under federal law and pursuant to N.J.S.A. 2A:84-A-20.  Plaintiff cannot reasonably respond to this Interrogatory as phrased.

10.     Identify all inquiries, investigations, surveys, evaluations and/or studies conducted separately for the United States and other international territories, by Plaintiff or by anyone acting for on its behalf with respect to Plaintiff's fame and assertions that Plaintiff's Marks are among the most well-known trademarks for sausages and meat products in the United States and in other foreign territories (including, specifically, any website analytics demonstrating United States visitors).

**Response:**

Plaintiff objects to this Interrogatory to the extent the use of "Plaintiff's Marks" is overbroad and unduly burdensome.  Plaintiff further objects to this Interrogatory to the extent that it is overbroad and unduly burdensome because it is virtually unlimited in scope.  Plaintiff further objects to this Document Request to the extent that it seeks documents already produced to Defendants in connection with the proceeding before the Trademark Trial and Appeal Board, Proceeding No. 92059947.

Subject to the foregoing objections and the General Objections, documents establishing consumer recognition of the ZENÚ and RANCHERA brands to the extent such documents were not previously produced to Defendants in the proceeding before the TTAB, will be produced in response to Defendants' First Set of Requests for Production of Documents.

11.      Separately identify for the United States and other international territories, each person employed by Plaintiff, or each outside agency or agent retained by Plaintiff, who has been or now is responsible for (a) marketing, (b) advertising and promotion, and (c) bookkeeping and accounting, with respect to any of the goods or services intended to be offered, or rendered, or actually offered under marks included in Plaintiff's ZENÚ Application and Plaintiff's Marks.

**Response:**

Plaintiff objects to this Interrogatory to the extent that it is overbroad, unduly burdensome and oppressive.  Plaintiff further objects to this Interrogatory to the extent that it seeks information which is not relevant to the claim or defense of any party or reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to this Interrogatory for its use of "Plaintiff's Marks" as it is overbroad and encompasses a large number of brands not at issue in this litigation.  Plaintiff cannot reasonably respond to this Interrogatory as phrased.

12.     State in detail the channels of trade in which Plaintiff's Marks are used and/or in which goods bearing Plaintiffs Marks are sold, including the geographic area by country, territory, and state in which Plaintiffs Marks are used and/or sold, the manner in which the goods or services reach the ultimate consumer, the geographical reach of each such channel, and the approximate percentage of total sales of goods and/or services through each such channel, and identify documents sufficient to support your response to this Interrogatory.

**Response:**

Plaintiff objects to this Interrogatory to the extent that it is overbroad, unduly burdensome and oppressive.  Plaintiff further objects to this Interrogatory to the extent that it is vague and ambiguous.  Plaintiff further objects to this Interrogatory to the extent that it seeks information which is not relevant to the claim or defense of any party or reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to this Interrogatory for its use of "Plaintiff's Marks" as it is overbroad and encompasses a large number of brands not at issue in this litigation.  Plaintiff further objects to this Interrogatory to the extent that it seeks information already produced to Defendants in connection with the proceeding before the Trademark Trial and Appeal Board, Proceeding No. 92059947.

Subject to the foregoing objections and the General Objections, Plaintiff states that it currently distributes its food products under its ZENÚ and RANCHERA marks in Colombia, South America.

13.     Identify with specificity the marketing methods used or intended to be used, in the advertising and/or sale of goods and/or services by or for Plaintiff under Plaintiffs Marks, separately for in the United States and in other international territories, including, without limitation, the names of television stations, radio stations, Internet web sites, newspapers,

magazines, trade journals or periodicals, and/or retail establishments in which Plaintiff has advertised and intends to advertise its goods and/or services under Plaintiffs ZENÚ Application or Plaintiff's Cancelled Marks, including all marks incorporating the term "ZENÚ," and identify documents sufficient to support your response to this Interrogatory.

**Response:**

Plaintiff objects to this Interrogatory as overly broad, unduly burdensome and not reasonably limited in scope. Plaintiff further objects to this Interrogatory to the extent that it seeks information which is not relevant to the claim or defense of any party or reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Interrogatory to the extent that it is vague and ambiguous. Plaintiff further objects to this Interrogatory to the extent that it seeks information already produced to Defendants in connection with the proceeding before the Trademark Trial and Appeal Board, Proceeding No. 92059947.

Subject to the foregoing objections and the General Objections, Plaintiff will produce examples of its ZENÚ advertising in response to Defendants' First Set of Requests for Production of Documents. Plaintiff has also advertised and promoted its "ZENÚ" products in the United States, using at least the following methods:

- Plaintiff's website at http://www.zenu.com.co;
- Trade shows, including the Miami Food and Beverage Show.

14. Separately identify for the United States and other international territories, the ordinary purchaser of the goods and/or services sold and intended to be sold under marks included in Plaintiffs ZENÚ Application and/or Plaintiff's Marks including, without limitation,

the level of care exercised by such an ordinary purchaser in purchasing the goods or services sold

under such mark.

**Response:**

        Plaintiff objects to this Interrogatory to the extent that it is vague and ambiguous.

Plaintiff further objects to this Interrogatory to the extent it calls for expert opinions regarding

consumers and consumer behavior.  Plaintiff further objects to this Interrogatory to the extent

that it seeks information already produced to Defendants in connection with the proceeding

before the Trademark Trial and Appeal Board, Proceeding No. 92059947.  Plaintiff further

objects to this Interrogatory for its use of "Plaintiff's Marks" as it is overbroad and encompasses

a large number of brands not at issue in this litigation.  Plaintiff cannot reasonably respond to this

Interrogatory as phrased.


        15.     Identify all documents relating to and set forth with specificity all facts regarding any

instance, separately for in the United States and in other international territories, where Plaintiff

has notified anyone that any trademark or service mark used by that person or entity infringed

Plaintiffs ZENÚ Application or Plaintiff's Cancelled Marks (whether before or after

cancellation) and for each such instance provide a detailed description of any action taken

thereafter.

**Response:**

    Plaintiff objects to this Interrogatory on the basis that it is irrelevant and not reasonably

calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this

Interrogatory to the extent that it seeks information already produced to Defendants in

connection with the proceeding before the Trademark Trial and Appeal Board, Proceeding No.

92059947.

Subject to the foregoing objections and the General Objections, Plaintiff states that it is not aware of any instances of infringement of its ZENÚ Mark in the United States, other than Defendants' infringement.

16.     State the date upon which Plaintiff became aware of Defendant and aware of Defendant's goods offered under Defendant's Marks, as well as state in detail how Plaintiff became aware of Defendant.

**Response:**

Plaintiff objects to this Interrogatory to the extent that it is vague and ambiguous.  Plaintiff further objects to this Interrogatory to the extent that it seeks the disclosure of information protected by the attorney-client privilege both under federal law and pursuant to N.J.S.A. 2A:84-A-20.

Subject to the foregoing objections and the General Objections, Plaintiff states that it became aware of Defendants' goods bearing the ZENÚ mark in or around October 2013 when a representative of Marquillas S.A. informed Plaintiff that an individual had asked for a quote on ZENÚ packaging.  Plaintiff was also contacted by a representative of Miami Intex International to complain about the handling of the ZENÚ products it was receiving from Defendants presuming that there was an association between Defendants and Plaintiff.  Defendants' use of the ZENÚ mark was further confirmed Plaintiff further states that it became aware of Defendants after further investigation into the ZENÚ products being sold in the United States.

17.     State in detail any supporting information, including identifying all related documents, in connection with allegations in Plaintiff's Amended Complaint that Wilson Zuluaga "has fraudulently registered the ZENÚ mark in the United States and unsuccessfully

attempted to do the same with the RANCHERA mark, in an obvious ploy to mislead consumers into believing that Defendants' products are the same ZENÚ and RANCHERA products that consumers are familiar with in Colombia."

**Response:**

Plaintiff objects to this Interrogatory to the extent that it is vague and ambiguous.  Subject to the foregoing objections and the General Objections, Plaintiff states that the background on this general and overarching allegation is detailed in Plaintiff's Amended Complaint, including that Mr. Zuluaga has (i) registered or attempted to register the ZENÚ and RANCHERA marks using specimens that are similar or identical to Plaintiff's packaging and (ii) swore that he believed his company was entitled to exclusive use of these marks, when Plaintiff believes discovery will demonstrate that Defendants were well aware of Plaintiff's ZENÚ and RANCHERA marks. Moreover, Defendants have employed packaging that is similar or identical to Plaintiff's trade dress and copyrighted packaging, thereby likely misleading consumers into believing Defendants' products are the same ZENÚ and RANCHERA products that consumers are familiar with in Colombia.  Plaintiff reserves the right to supplement this response should additional information be disclosed in discovery.


18.     State in detail any supporting information, including identifying the name and contact information of the "provider" and all other related documents, in connection with allegations in Paragraph 72 of Plaintiff's Amended Complaint that Defendant has attempted to "procure 400,000 of Plaintiff's labels from Plaintiff's own ZENÚ label provider in Medellín, Colombia. It was this provider that alerted Plaintiff to the suspicious order and brought Defendants' scheme to Plaintiff's attention."

**Response:**

Plaintiff objects to this Interrogatory to the extent that it seeks information protected by the

attorney-client privilege and the work-product doctrine as recognized under federal law and

pursuant to N.J.S.A. 2A:84A-20 and will be withholding information on these grounds.  Subject

to the foregoing objection and the General Objections, Plaintiff states that label provider

referenced in the Amended Complaint is Marquillas S.A.


19.     State in detail any supporting information, including identifying all related

documents, in connection with allegations in Paragraph 45 Plaintiff's Amended Complaint that

Defendant "has promoted [the company] as an importer of Colombian products.  Mr. Zuluaga

has remarked that the company's goal is to "become the most reliable importer for food and

specialty products from South and Central America." In this vein, Defendants have touted that

they possess "exclusive distribution importing rights agreement for the tri-state area" with a

major product manufacturer in Colombia."

**Response:**

Plaintiff objects to this Interrogatory to the extent it seeks documents that are publicly

available and therefore equally accessible to Defendants.  Subject to the foregoing objections and

the General Objections, Plaintiff refers Defendants to the article located at:

https://www.sba.gov/offices/district/ny/new-york/success-stories/second-business-rises-brothers-

bakery.  Plaintiff reserves the right to supplement this response should additional information be

disclosed in discovery.


20.     State in detail any supporting information, including identifying all related

documents, in connection with allegations in Plaintiff's Amended Complaint that Defendant has

"been selling what, upon information and belief, are sub-par meat products bearing the RANCHERA mark, and thereby adversely affecting the future market for Plaintiff's RANCHERA products."

**Response:**

Plaintiff objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and the work-product doctrine as recognized under federal law and pursuant to N.J.S.A. 2A:84A-20 and will be withholding information on these grounds. Plaintiff further objects to this Interrogatory to the extent that it seeks information that is already in Defendants' possession. Plaintiff reserves the right to supplement this response should additional information be disclosed in discovery.


21.     State in detail any supporting information, including identifying all related documents, in connection with allegations in Paragraph 43 of Plaintiff's Complaint that Wilson Zuluaga "launched Latinfood as a result of his observation that there was a demand for specialty products from Colombia in the tri-state area, which is home to a large population of Colombian-Americans."

**Response:**

Plaintiff objects to this Interrogatory to the extent it seeks documents that are publicly available and therefore equally accessible to Defendants. Subject to the foregoing objections and the General Objections, Plaintiff refers Defendants to the article located at: https://www.sba.gov/offices/district/ny/new-york/success-stories/second-business-rises-brothers-bakery. Plaintiff reserves the right to supplement this response should additional information be disclosed in discovery.

22.     State in detail any supporting information, including identifying all related documents, in connection with allegations in Paragraph 83 of Plaintiff's Complaint that Defendant's sales representatives "advise store owners that Latinfood has full rights to the distribution of ZENÚ- and RANCHERA- marked products.  Those who engage with the Latinfood sales representatives are led to believe they are buying products from the same source as Plaintiff's products from Colombia."

**Response:**

Plaintiff objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and the work-product doctrine as recognized under federal law and pursuant to N.J.S.A. 2A:84A-20 and will be withholding information on these grounds.  Plaintiff further objects to this Interrogatory to the extent that it seeks information that is already in Defendants' possession.

Subject to the foregoing objections and the General Objections, Plaintiff states that in December 2014 Mr. John Joiro, who identified himself as a Latinfood sales person stated that Latinfood had full rights to distribute the ZENÚ product line.  Plaintiff further states that several store owners that offer Defendants' products for sale appear to believe the carry the ZENÚ product line from Colombia.  Plaintiff reserves the right to supplement this response should additional information be disclosed in discovery.

23.     If Plaintiff has ever been a party to any litigation or administrative proceeding in the United States and in other international territories, other than the present court proceeding, involving Plaintiffs Marks, including marks incorporating the term "ZENÚ," state all circumstances surrounding same, including, without limitation, the name of the parties and

identification of the proceeding, Plaintiffs status therein, the mark or marks involved, the type of

proceeding involved, the name of the court or agency in which it was filed, the date of the filing

and the file number, the ultimate disposition of the proceedings, and identify each document

relating to such proceeding.

**Response:**

Plaintiff objects to this Interrogatory as overly broad and unduly burdensome.  Plaintiff

further objects to this Interrogatory as irrelevant and not reasonably calculated to lead to the

discovery of admissible evidence.  Plaintiff further objects to this Interrogatory as seeking public

information as accessible to Defendants as it is to Plaintiff.  Plaintiff further objects to this

Interrogatory to the extent that it seeks information already produced to Defendants in

connection with the proceeding before the Trademark Trial and Appeal Board, Proceeding No.

92059947.  Subject to the foregoing objections and the General Objections, Plaintiff states it

opposed Defendants' application for the mark "ZENU" (stylized) on November 25, 2014,

Opposition No. 91219494, in which Defendants defaulted.  The Notice of Default was issued on

January 20, 2015, and judgment entered against Defendants by the TTAB on March 5, 2015.

Additionally, Plaintiff's affiliate, Industrias Alimenticias Noel S.A., filed an opposition

proceeding on September 29, 1988 to an application for "ZENA", which had been filed by

Complejo Pesquero Industrial del Mayab, S.A. de C.V.


24.     Identify and state in detail how Plaintiff has allegedly been damaged by Defendant's

use of Defendant's Marks in the United States.

**Response:**

Subject to the General Objections, Plaintiff states it has been damaged by Defendants' use of

the ZENÚ mark in the United States because Plaintiff is not able to offer its ZENÚ products for

sale in the United States and therefore loses sales revenues.  Plaintiff further states that it is damaged because consumers will assume that Defendants' products are those of Plaintiff and Plaintiff is not able to control or monitor the quality of Defendants' products and hold them to the same high standards of its own ZENÚ products, and accordingly, faces an adverse impact on its goodwill.  Plaintiff reserves the right to supplement this response should any further damage be uncovered in discovery.

25.     Identify each person who participated in or supplied information used in answering any of the above Interrogatories; beside the name of each such person, state the number of the Interrogatory answer(s) with respect to which that person participated in or supplied information.

**Response:**

Plaintiff objects to this Interrogatory to the extent that it seeks the disclosure of information protected by the attorney-client privilege both under federal law and pursuant to N.J.S.A. 2A:84-A-20.  Subject to the foregoing objections and the General Objections, Plaintiff identifies the following individuals as having assisted in the answering of interrogatories:  Peter Raymond and Sarah Levitan of Reed Smith LLP; Juan Felipe Acosta of OlarteMoure, external counsel for Plaintiff; Verónica Velásquez, In-House Intellectual Property Lawyer for Servicios Nutresa S.A.; and Juan David Villa, Manager of Market Development.

Dated: New York, New York
         August 9, 2017                        REED SMITH LLP


                                        By:  *s/ Sarah Levitan*
                                             Peter D. Raymond (admitted *pro hac vice*)
                                             Sarah Levitan, Esq.
                                             599 Lexington Avenue
                                             New York, New York 10022
                                             Tel: (212) 521-5400

                                             Tracy Zurzolo Quinn, Esq.
                                             Princeton Forrestal Village
                                             136 Main Street, Suite 250
                                             Princeton, New Jersey 08540
                                             Tel: (609) 987-0050

                                             *Attorneys for Plaintiff*
                                             *Industria de Alimentos Zenú S.A.S.*


TO:      Mark J. Ingber
         The Ingber Law Firm
         Schoolhouse Plaza
         374 Millburn Avenue, Suite 301
         Millburn, New Jersey  07041

         *Attorney for Defendants Latinfood U.S. Corp.*
         *d/b/a Zenú Products Co. ("Latinfood") and*
         *Wilson Zuluaga*

## **VERIFICATION**

I, LUIS IGNACIO SALAZAR NARANJO declare:

1.      I am Commercial Manager at Industria de Alimentos Zenú S.A.S. ("Plaintiff").

2.      I have reviewed the foregoing Plaintiff's Response to Defendants' First Set of Interrogatories.  The facts averred therein are true and correct to the best of my knowledge, information and belief.

3.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 09 day of August, 2017.

LUIS IGNACIO SALAZAR NARANJO

- 23 -