# Exhibit 2

MARK J. INGBER, ESQ.
The Ingber Law Firm
374 Millburn Avenue, Suite 301
Millburn, New Jersey 07041
Tel: (973) 921-0080
*Attorneys for the Defendants and Counter Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| INDUSTRIA DE ALIMENTOS ZENÚ S.A.S., <br><br> Plaintiff, <br><br> v. <br><br> LATINFOOD U.S. CORP. d/b/a ZENÚ PRODUCTS CO. and WILSON ZULUAGA <br><br> Defendants/Counter Plaintiff, | Civil Action No: 2:16-CV-06576 |
| LATINFOOD U.S. CORP. d/b/a ZENÚ PRODUCTS CO., <br><br> Defendant/Counter Plaintiff <br><br> v. <br><br> INDUSTRIA DE ALIMENTOS ZENÚ S.A.S and CORDIALSA USA, INC. <br><br> Counter Defendants. | |

## DEFENDANT LATINFOOD'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT LATINFOOD U.S. CORP. d/b/a ZENÚ PRODUCTS CO.

Pursuant to Federal Rule of Civil Procedure 33, Defendant and Counter Plaintiff Latinfood U.S. Corp. d/b/a Zenú Products Co. ("Defendant"), by their counsel, The Ingber Law Firm, hereby respond and object to the First Set of Interrogatories Directed to Defendant Latinfood U.S. Corp.

1

d/b/a Zenú Products Co. by Plaintiff and Counter Defendant Industria de Alimentos Zenú S.A.S. ("Plaintiff"), dated May 15, 2017 (the "Interrogatories"), as follows.

## PRELIMINARY STATEMENT

The following responses are based upon information and documents presently available and known by Defendant after diligent search and reasonable inquiry. Defendant's discovery, investigation, and preparation for trial have not yet been completed as of the date of these responses. Defendant expressly reserves the right to conduct further discovery and investigation for information, which if presently within Defendant's knowledge, would have been included in these responses. Defendant specifically reserves the right to present additional information and/or documents as may be disclosed through their continuing discovery and investigation, and Defendant assumes no obligation to supplement or amend these responses to reflect information and/or documents discovered following the date of these responses.

These responses are neither intended as, nor shall in any way be deemed, an admission or representation that further information and/or documents relevant to the subject matter of the Interrogatories do not exist. Furthermore, these responses are given without prejudice to Defendant's right to use or rely on at any time, including trial, subsequently discovered materials. Similarly, by responding to the categories herein, Defendant does not in any way admit possession of any additional responsive information and/or documents.

Specific objections to each Interrogatory are made on an individual basis in Defendant's responses. In addition, Defendant makes certain general objections to the Interrogatories, which are set forth below. These general objections are hereby incorporated by reference into the response made with response to each and every Interrogatory.

## GENERAL OBJECTIONS

The foregoing general objections are hereby incorporated into each of the following responses.

1. The information provided under any one specific Interrogatory may also be relevant to one or more other Interrogatory.

2. Defendant reserves all objections to the admissibility at any hearing, trial, or any other "proceeding" of any information and/or documents produced. The production of information and/or a document does not constitute an admission by Defendant that such document or the information contained therein is relevant to the instant action or to any other proceeding.

   Accordingly, Defendant reserves the right to object to further inquiry with respect to any subject matter.

3. Defendant objects to all Interrogatories as unduly burdensome, because they are not reasonably time limited. Therefore, representative information and/or documents may be produced in response to such open-ended demands.

4. Defendant objects to producing information and/or documents that are readily available to Plaintiff from public sources, on the ground that the burden of obtaining such documents is the same for Plaintiff as it would be for Defendant.

5. Defendant objects to each Interrogatory, to the extent it is vague or ambiguous. Defendant may interpret vague or ambiguous language, as Defendant understands it.

6. Defendant objects to the production of information and/or documents that Defendant considers to contain confidential or proprietary information.

7. Any specific objection based on any type of privilege, for example "attorney-client privilege", shall not be an admission or representation that such information exists or existed. Any such objection only indicates that the Interrogatory is of such a scope as to embrace documents or information that would be subject to such privilege.

8. Nothing contained herein shall constitute a waiver of Defendant's attorney-client and/or attorney work-product privilege.

9. To the extent that documents are produced by Defendant pursuant to each Interrogatory, such production will be made available for inspection and copying at Defendant's Counsel's place of business at a date and time to be mutually agreed upon.

10. To the extent that information becomes known hereafter or is otherwise omitted from these responses, Defendant may supplement, to the extent required by Rule 26 of the Federal Rules of Civil Procedure, its responses to Plaintiff's First Set of Interrogatories Directed to Defendant Latinfood U.S. Corp. d/b/a Zenú Products Co.

11. Defendant considers requests by Plaintiff for "all" or "each," "for example" "all documents," "all persons," "each person," "each file," as well as Interrogatories that require Defendant to "state in detail" as being unduly broad and indefinite and, therefore, overly burdensome and including irrelevant subject matter. However, Defendant will respond where appropriate with either the first of the acts inquired into or representative items of requested material, which are relevant and not objected to.

12. Defendant objects to each Interrogatory to the extent it seeks information or materials that are not relevant to the subject matter of this litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

13. Defendant objects to each Interrogatory to the extent it seeks information or materials beyond what is available to Defendant from a reasonable search of its own files and from reasonable inquiry of its present employees, on the ground that such discovery would be unreasonably cumulative, unduly burdensome, and unlikely to lead to the discovery of admissible evidence.

14. Defendant objects to each Interrogatory pursuant to the amendments to Fed. R. civ. P. 26(b)(1), discovery is allowed of "any nonprivileged matter than is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

15. Defendant objects to the definitions and instructions contained in these Interrogatories, to the extent they use definitions that impose any requirement, meaning, or obligation greater than or different from those under Local Rule 26.1.

16. Defendant objects to Plaintiff's definition of "you," "your," and "yours" to the extent that the definition potentially includes entities or persons outside of Defendant's control.

17. Defendant objects to the extent the request improperly calls for a legal conclusion.

18. These General Objections apply to each Interrogatory. To the extent specific objections are given that encompass these General Objections, they are provided because they are believed to be particularly relevant to the particular Interrogatory and shall not be construed as a waiver of any other General Objection otherwise applicable to such Interrogatory.

## INTERROGATORIES

The above General Objections are hereby incorporated into each of the following responses:

1. Identify all persons, other than your litigation counsel, answering or consulted to formulate answers to these Interrogatories. Each person shall be identified by full name, address, telephone number, employer, job title and state the basis of their knowledge.

**Response**:

Wilson Zuluaga, President
Latinfood U.S. Corp. d/b/a Zenú Products Co.
80B Keyland Ct.
Bohemia, NY 11716
(631) 681-5276

Mr. Zuluaga has knowledge concerning the selection, adoption and use of Latinfood's ZENÚ and RANCHERA marks, the goods offered and provided under Latinfood's marks, and the advertising, marketing, promotion and sale of goods in connection with Latinfood's marks. Additionally, Mr. Zuluaga has knowledge regarding the day-to-day operations of the business conducted by Defendant Latinfood and has knowledge regarding Defendant Latinfood's use and promotion of its trademarks. Mr. Zuluaga is responsible for maintaining the various websites and emails associated with Defendant Latinfood.

2. Identify each and every person who possesses knowledge of any facts relevant to the subject matter of this Action, including but not limited to the allegations contained in the Amended Complaint, and provide a full summary of each identified person's knowledge, and the basis for their knowledge. Each person shall be identified by full name, address, telephone number, employer and job title.

**Response**: See Defendant's February 16, 2017 Initial Disclosures Bates Nos.: Confidential-

LATIN000096-LATIN000102

3. Identify all persons who possess knowledge of Defendants' creation of the Zenú name, and provide a full summary of each identified person's knowledge, and the basis of their knowledge. Each person shall be identified by full name, address, telephone number, employer and job title.

**Response**: See No. 1 response.

4. Identify all persons who possess knowledge of Defendants' creation of Ranchera name, and provide a full summary of each identified person's knowledge, and the basis for their knowledge. Each person shall be identified by full name, address, telephone number, employer and job title.

5

**Response**: See No. 1 response.

    5. Describe how the Zenú name for food products was developed by or for Defendants.

**Response**: Defendant's principal, Wilson Zuluaga created the brand name ZENÚ by combining a portion of his family surname ZULUAGA and an abbreviation of the term "Enterprise" (combination containing the first two letters of his surname ZU and the abbreviation for the term enterprise "EN").

    6. Describe how the Ranchera name for food products was developed by or for Defendants.

**Response**: Defendant's principal, Wilson Zuluaga created the brand name RANCHERA by using the Spanish term to capturing a country lifestyle.

    7. Describe any investigation or due diligence undertaken by Defendants, or by someone on Defendants' behalf, into the ownership or use of the ZENÚ name or mark.

**Response**: Defendant's predecessor, HWZ Distributors, Inc. hired and retained the services of the Idaho Falls, ID USTM Corporation to handle all aspects of investigating and registration of the Zenú and Ranchera marks. All email communication between Defendant and USTM from 2013 were lost due to a computer hard-disk crash. See computer repair invoice Bates No.: Condiential-LATIN000022.

    8. Describe any investigation or due diligence undertaken by Defendants, or by someone on Defendants' behalf, into the ownership or use of the RANCHERA name or mark.

**Response**: See response to No. 7.

    9. Identify all persons who possess knowledge of the marketing and sale of Defendants' Products. Each person shall be identified by full name, address, telephone number, employer and job title.

**Response**:

Wilson Zuluaga, President
Latinfood U.S. Corp. d/b/a Zenú Products Co.
80B Keyland Ct.
Bohemia, NY 11716
(631) 681-5276

Raul Espino, Delivery Driver
Latinfood U.S. Corp. d/b/a Zenú Products Co.
80B Keyland Ct.
Bohemia, NY 11716
(631) 681-5276

6

Edith Mejia, Administrative Support
Latinfood U.S. Corp. d/b/a Zenú Products Co.
80B Keyland Ct.
Bohemia, NY 11716
(631) 681-5276

Jose Tuesta, Warehouse Support
Latinfood U.S. Corp. d/b/a Zenú Products Co.
80B Keyland Ct.
Bohemia, NY 11716
(631) 681-5276

Lina Goyes, Sales
Latinfood U.S. Corp. d/b/a Zenú Products Co.
80B Keyland Ct.
Bohemia, NY 11716
(631) 681-5276

Luz Alba Arboleda, Sales
Latinfood U.S. Corp. d/b/a Zenú Products Co.
80B Keyland Ct.
Bohemia, NY 11716
(631) 681-5276

10. Describe how Defendants selected the designs for its ZENÚ-branded or labeled products.

**Response**: Defendant's principal, Wilson Zuluaga created the designs for Latinfood's ZENÚ-branded products by conducting a significant amount of brainstorming and searching the Internet.

11. Describe how Defendants selected the designs for its Ranchera-branded or labeled products.

**Response**:  Defendant's principal, Wilson Zuluaga created the designs for Latinfood's RANCHERA-branded products by selecting an "old western" font style and western images (i.e., a ranch and cowboys) to reflect a country lifestyle.

12. Describe how Defendants, or someone on the Defendants' behalf, developed the Zenú logo as can be seen on Defendants' ZENÚ-marked cans of beans.

**Response**: Defendant's principal, Wilson Zuluaga created the ZENÚ logo as can be seen on Latinfood's ZENÚ-marked cans of beans by conducting a significant amount of brainstorming and searching the Internet.

7

13. Describe how Defendants, or someone on Defendants' behalf, developed the Ranchera logo as can be seen on Defendants' Ranchera Sausage.

**Response**: Defendant's principal, Wilson Zuluaga created the designs for Latinfood's RANCHERA-branded products by selecting an "old western" font style and western images (i.e., a ranch and cowboys) to reflect a country lifestyle.

14. Identify all products ever offered for sale by Defendants bearing either the ZENÚ or RANCHERA names or marks.

**Response**:

Zenú Smoothie, Guanabana flavor
Zenú Smoothie, Strawberry-Banana flavor
Zenú Smoothie, Strawberry flavor
Zenú Smoothie, Mango
Zenú Fresh cheese
Zenú White cheese
Zenú Cranberry Beans
Zenú Cargamanto Beans
Zenú Black Beans
Zenú Dark Red Kidney Beans
Zenú Pinto Beans
Zenú Canned Tuna
Zenú Salami Cervecero
Zenú Salami Cervecero, Institucional
Zenú Salami Tradicional
Zenú Jamonada
Zenú 97% Cooked ham
Zenú 97% Smoked Ham
Zenú 97% Honey Ham
Zenú Chicken Bologna
Zenú Chorizo con Jalapeno
Zenú Chorizo Argentino
Zenú Chorizo Salvadoreno
Zenú Chorizo Antioqueno
Zenú Chorizo Santarosano
Zenú Chorizo Colombiano
Zenú Chorizo Antioqueno, Family Size
Zenú Chorizo con Ternera
Zenú Chorizo Crudo, Stilo Casero
Ranchera Salchicha, Tradicional
Ranchera Salchicha, Super

15. Identify all manufacturers of Defendants' Products.

**Response**: See General Objection No. 6. Subject to the foregoing objection, see Bates No.: Attorneys' Eyes Only-LATIN000015

16. Identify all locations in which Defendants' Products are sold or have been sold.

**Response**: See General Objection No. 6. Subject to the foregoing objection, see Bates Nos.: Attorneys' Eyes Only-LATIN000016-LATIN000021

17. Describe any instructions or sales strategies provided to salespeople who market Defendants' Products to retailers or consumers, including any directions to state that Defendants' Products are imported or from Colombia.

**Response**:

Verbal instructions to the Latinfood sales teams include:
- Positioning of the products in "hot-zones" (eye-level shelves, by entrance, by cash register, etc.).
- Strategic pricing- establishing products as the less-costly alternative in each respective product category.
- Strategic promotions- align with food-stamp distribution dates and avoiding typical rent payment dates, etc.
- Knowing the customer by first name and some personal details
- Personal hygiene: Sales team members should always be freshly shaved, hair combed, finger nails well presented, etc.
- Avoid customers when they are agitated and try to return on another day.

18. Identify the customer base which Defendants' target for its Products, including but not limited to, geographic location and ethnicity.

**Response**:

Ethnicity: Latinfood targets the growing Latin community in the tri-state area of the United States (New York, New Jersey, and Connecticut).

Geographical: Latinfood targets consumers in the tri-state area of the United States (New York, New Jersey, and Connecticut).

Income Level: Latinfood targets consumers in the mid-to-low income level, but with some discretionary income.

19. Describe when and how Defendants' first became aware of Plaintiff's use of the ZENÚ mark.

**Response**: Defendant became aware of Plaintiff's alleged ZENÚ mark in the United States upon receiving Plaintiff's Trademark Trial and Appeal Board Cancellation Proceeding No. 92059947 Complaint on or around September 9, 2014.

20. Describe when and how Defendants' first became aware of Plaintiff's use of the RANCHERA mark.

**Response**: Defendant became aware of Plaintiff's alleged RANCHERA mark in the United States upon receiving Plaintiff's Trademark Trial and Appeal Board Cancellation Proceeding No. 92059947 Complaint on or around September 9, 2014.

21. Describe any incidents in which Defendants' have experienced any confusion with its Products and those offered for sale by Plaintiff. Set forth all facts relating to each such incident including the identity of the persons involved.

**Response**: None.

22. State Defendants' monthly and annual gross sales of any and all products and/or services offered under any mark incorporating the term "Zenú," alone or with other terms and/or designs or any variation thereof for all years in which such revenue was earned or received.

**Response**: See General Objection No. 6. Subject to the foregoing objection, see Bates Nos.: Attorneys' Eyes Only-LATIN000093-LATIN000095

23. State Defendants' monthly and annual gross sales of any and all products and/or services offered under any mark incorporating the term "Ranchera," alone or with other terms and/or designs or any variation thereof for all years in which such revenue was earned or received.

**Response**: See response to No. 22.

24. Describe any business Defendants conduct or have conducted with Two way Solutions S.A.S., located in Colombia.

**Response**: See General Objections 6 and 12. Subject to the foregoing objections, Defendant provides the following information: Two Way Solutions has not provided materials or products to Defendant in connection with the ZENÚ or RANCHERA marks. Two Way Solutions provided Defendant with unrelated food products and fluorescent price labels.

25. Identify all persons that you intend to call as a fact witness at trial in this Action by name, address, employer and position, and, for each, state the substance of that person's testimony and the basis for his or her knowledge.

**Response**: All individuals identified in Defendant's February 16, 2017 Initial Disclosures and Plaintiff's February 16, 2017 Initial Disclosures.

## CERTIFICATION

I hereby certify that the foregoing statement made by me are true. I am aware that if any of the foregoing statements made by me are knowingly false, I am subject to punishment.

Dated: August 9, 2017

_____
Wilson Zuluaga, President

The foregoing objections are asserted and stated on behalf of Defendant Latinfood U.S. Corp. d/b/a Zenú Products Co.:

Dated: August 9, 2017

_____
Mark J. Ingber, Esq.

12

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th[th] day of August 2017, a copy of the foregoing was served via email to Plaintiff, via Attorneys of Record, as follows:

Sarah Levitan, Esq.
Peter D. Raymond (admitted *pro hac vice*)
Reed Smith LLP
599 Lexington Avenue
New York, New York 10022
SLevitan@ReedSmith.com; PRaymond@ReedSmith.com

Tracy Zurzolo Quinn, Esq.
Reed Smith LLP
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, New Jersey 08540
TQuinn@reedsmith.com

Dated: Millburn, New Jersey
August 9, 2017

Mark J. Ingber, Esq.
The Ingber Law Firm
374 Millburn Avenue
Suite 301
Millburn, New Jersey 07041
(973) 921-0080
*Attorneys for Defendants and Counter Plaintiff*