# Exhibit 27

*Trademark Trial and Appeal Board Electronic Filing System. http://estta.uspto.gov*

| ESTTA Tracking number: | ESTTA626146 |
|---|---|
| Filing date: | 09/09/2014 |

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

# Petition for Cancellation

Notice is hereby given that the following party requests to cancel indicated registration.

## Petitioner Information

| Name | Industria de Alimentos Zenu S.A.S. | | |
|---|---|---|---|
| Entity | Sociedad por Acciones Simplifica | Citizenship | Colombia |
| Address | Calle 2, No. 50-561<br>Medellin,<br>COLOMBIA | | |

| Attorney information | Keith E. Sharkin<br>Reed Smith LLP<br>599 Lexington Avenue<br>New York, NY 10022<br>UNITED STATES<br>nycipdocketing@reedsmith.com, clackert@reedsmith.com, ksharkin@reedsmith.com, jgoodwill@reedsmith.com Phone:212-521-5400 |
|---|---|

## Registration Subject to Cancellation

| Registration No | 4402942 | Registration date | 09/17/2013 |
|---|---|---|---|
| Registrant | ZENU PRODUCTS INC.<br>165 KEYLAND COURT<br>BOHEMIA, NY 11716<br>UNITED STATES | | |

## Goods/Services Subject to Cancellation

| Class 029. First Use: 2011/01/01 First Use In Commerce: 2011/01/01<br>All goods and services in the class are cancelled, namely: Bologna; Canned cooked meat; Canned fish; Chorizo; Hot dogs; Preserved meats and sausages; Processed meat; Sausages; Tuna fish |
|---|

## Grounds for Cancellation

| Deceptiveness | Trademark Act section 2(a) |
|---|---|
| False suggestion of a connection | Trademark Act section 2(a) |
| *Torres v. Cantine Torresella S.r.l.*Fraud | 808 F.2d 46, 1 USPQ2d 1483 (Fed. Cir. 1986) |
| The registration is being used by, or with the permission of, the registrant so as to misrepresent the source of the goods or services on or in connection with which the mark is used. | Trademark Act section 14 |
| Priority and likelihood of confusion | Trademark Act section 2(d) |
| Other | Pan-American Convention |

Mark Cited by Petitioner as Basis for Cancellation

| U.S. Application No. | 79147515 | Application Date | 03/12/2014 |
|---|---|---|---|
| Registration Date | NONE | Foreign Priority Date | NONE |
| Word Mark | ZENU | | |
| Design Mark | ZENU | | |
| Description of Mark | NONE | | |
| Goods/Services | Class 029. First use: First Use: 0 First Use In Commerce: 0 | | |
| | Meat, fish, poultry and game; meat extracts; canned, frozen, dried and cooked fruits and vegetables; jellies, jams, compotes; eggs; milk and dairy products; edible oils and fats | | |

| Attachments | 79147515#TMSN.png( bytes )<br>Petition for Cancellation.pdf(340866 bytes ) |
|---|---|

## Certificate of Service

The undersigned hereby certifies that a copy of this paper has been served upon all parties, at their address record by First Class Mail on this date.

| Signature | /Keith E. Sharkin/ |
|---|---|
| Name | Keith E. Sharkin |
| Date | 09/09/2014 |

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

---------------------------------------------------------X
:
INDUSTRIA DE ALIMENTOS ZENU S.A.S.,   :
:
       Petitioner,   :
: Cancellation No.
       v.   :
:
ZENU PRODUCTS INC.,   :
:
       Respondent.   :
:
---------------------------------------------------------X

## PETITION FOR CANCELLATION

TO THE COMMISSIONER FOR TRADEMARKS:

    INDUSTRIA DE ALIMENTOS ZENU S.A.S., a Colombian corporation located and doing business at Calle 2, No. 50-561, Medellin, Colombia ("Petitioner"), believes that it is and will continue to be damaged by Registration No. 4,402,942 which issued on September 17, 2013 for the mark ZENU for "Bologna; Canned cooked meat; Canned fish; Chorizo; Hot dogs; Preserved meats and sausages; Processed meat; Sausages; Tuna fish" in Class 29, owned by ZENU PRODUCTS INC. (by assignment from HWZ Distributors, Inc.), a New York corporation, located at 165 Keyland Court, Bohemia, New York 11716 ("Respondent"), and hereby petitions to cancel the same.

    The grounds for cancellation are as follows:

    1.    Petitioner is a well-known producer and distributor of food products and the owner of the trademark ZENU for such products, including meat, fish, sausage, and frozen and prepackaged foods.

2. Petitioner is the owner of International Registration No. 1204564 for ZENU dated March 12, 2014 and registered with the World Intellectual Property Organization (WIPO). The United States application to extend the International Registration has been filed at the U.S. Patent and Trademark Office for "meat, fish, poultry and game; meat extracts; canned, frozen, dried and cooked fruits and vegetables; jellies, jams, compotes; eggs; milk and dairy products; edible oils and fats". The extension application has been assigned Serial No. 79/147, 515 and has a filing date of March 12, 2014.

3. Prior to the alleged date of first use in Respondent's application that matured into Registration No. 4,402,942, Petitioner and its related companies owned the following registrations (which have now lapsed) at the United States Patent and Trademark Office:

| MARK | REGISTRATION NO. | REGISTRATION DATE | GOODS |
|---|---|---|---|
| ZENU | 1,359,432 | September 10, 1985 | Canned meats. |
| ZENU | 1,404,280 | August 5, 1986 | Coffee, tea, cacao, sugar, rice, tapioca, sago succedaneous of coffee, flour, toast, crackers, biscuits, cookies, pizzas, bread, cakes, pies, pastries, candies, ice creams, honey, molasses syrup, yeast, baking power, salt, mustard, pepper, vinegar, sauces-excluding apple sauce and cranberry sauce, spices. |
| ZENU and Design | 1,733,331 | November 17, 1992 | Meat; fish; chicken, turkey, duck, goose, guinea fowl, squab, quail, grouse, pheasant, partridge, woodcock, snipe and plover; meat and fruit extracts; dried and boiled canned fruit; jams; marmalades; eggs, milk and other dairy products excluding ice cream, ice milk and frozen yogurt; edible oils and fats; pickled fruit and vegetables and |

- 3 -

| | | | salad dressings. |
|---|---|---|---|
| ZENU | 2,848,103 | June 1, 2004 | Processed food, namely, hispanic salami and sausage |

4.  Petitioner owns the following trademark registrations in Colombia, each of which were registered prior to the alleged date of first use in Respondent's application that matured into Registration No. 4,402,942:

| MARK | REGISTRATION NO. | REGISTRATION DATE | GOODS |
|---|---|---|---|
| ZENU | 244440 | July 18, 2001 | Coffee tea, cocoa, sugar, rice, tapioca, sago, artificial coffee; flours and cereal preparations, bread, pastry and confectionery, edible ices; honey, golden syrup; yeasts, raising powder; salt, mustard; vinegar, sauces (condiments); spices; ice |
| ZENU | 173308 | January 18, 2005 | Rice, tapioca, sago, artificial coffee; flours and cereal preparations, bread, pastry, and confectionery, edible ices; honey, treacle, yeast, baking-powder; salt, mustard; vinegar, sauces (condiments); spices; ice |
| ZENU | 118651 | August 24, 2002 | Meat, fish, poultry and game; meat extracts; fruits and preserved vegetables dry and cooked; jellies, marmalade fruit sauces; eggs, milk, and milk products; oils and edible fats |

5.  Petitioner has advertised and promoted food products under the ZENU mark for many years including at trade shows in the United States, and provides a website which is accessible by the public, including consumers in the United States, at www.zenu.com.co. The ZENU mark is a well-known mark with a valuable goodwill belonging exclusively to Petitioner.

- 3 -

6. The ZENU trademark of Petitioner is well-known in Colombia. Individuals residing in Colombia, individuals who have travelled to Colombia, and individuals who have shopped in Colombian markets would be familiar with the ZENU trademark. Those same people who are familiar with the ZENU trademark in Colombia would be looking to purchase ZENU products from Petitioner in the United States. The use of the ZENU mark by Respondent would be misleading to consumers in the United States and would be likely to cause confusion.

7. Upon information and belief, prior to the alleged date of first use in Respondent's application that matured into Registration No. 4,402,942, U.S. consumers travelling to and from Colombia and other Latin American countries and Americans of Colombian origin, have purchased goods bearing Petitioner's ZENU mark and are familiar with that mark and have brought ZENU products into the United States.

8. As a result of said use, Petitioner's ZENU mark has become well-known in the United States long prior to the alleged date of first use in Respondent's application that matured into Reg. No. 4,402,942.

9. Respondent uses the ZENU mark to misrepresent to consumers, including those familiar with Petitioner's ZENU mark, that Respondent's products are from the same source as Petitioner's goods sold under the ZENU mark.

10. Upon information and belief, Respondent was well aware of Petitioner's prior rights in the mark ZENU when it applied to register the ZENU mark in the United States.

11. Upon information and belief, Respondent adopted the ZENU mark in order to benefit from the valuable goodwill associated with Petitioner's mark and with the intent to deceive, mislead, and confuse the public into believing that there is a connection between

Respondent's products and those of Petitioner, and that the products are of the same character, quality and function as those of Petitioner.

12. Respondent's registration for ZENU has been cited under Section 2(d) against Petitioner's application for ZENU by the U.S. Patent and Trademark Office in an Office Action dated June 19, 2014 and is preventing Petitioner from obtaining a registration for the ZENU mark for which it is the rightful owner.

13. Respondent has filed several other trademark applications in the United States Patent and Trademark Office for well-known marks owned by Petitioner, including applications for ZENU, RANCHERA, and CERVECERO. Respondent has acted in bad faith in filing applications for marks owned by Petitioner with the intention of causing confusion and misrepresenting the source of its products.

14. Respondent has copied the packaging used by Petitioner for its ZENU product, having submitted specimens in support of its application for ZENU consisting of depictions of similar or identical packaging as that of Petitioner. The specimens submitted by Respondent feature similar or identical images, layouts, stylized lettering, logos, and coloring used by Petitioner on packaging for its goods.

15. Respondent's food products, which have been alleged to be sold under the mark ZENU, are the same or are closely related to the goods for which Petitioner has applied to register the ZENU mark and previously owned registrations for the ZENU mark.

16. The goods covered by Respondent's registration for the mark ZENU will be encountered by the same or similar class of purchasers as those who are interested in or familiar with the goods of Petitioner under the ZENU mark.

### Likelihood of Confusion

17. Respondent's designation ZENU is identical to Petitioner's ZENU mark as to be likely, when applied to Respondent's goods, to cause confusion, to cause mistake, and to deceive with consequent injury to Petitioner and the public, all to the damage of Petitioner. In fact, Respondent's registration for ZENU has been cited against Petitioner's application by the U.S. Patent and Trademark Office based on a likelihood of confusion under Section 2(d).

18. Respondent's designation ZENU so closely resembles Petitioner's ZENU mark that potential purchasers of the goods to be offered under Respondent's alleged mark would be likely to believe that Petitioner is the source of such goods, or that Petitioner has authorized, sponsored, approved of, or in some others manner associated itself with the goods of Respondent, thereby creating a likelihood of confusion, deception or mistake, all to the damage of Petitioner.

### Misrepresentation of Source

19. Respondent's mark ZENU is identical to Petitioner's ZENU mark so that potential purchasers of the goods to be offered under Respondent's mark would be likely to believe that Petitioner is the source of such goods, all to the damage of Petitioner.

20. Respondent's use and registration of the ZENU mark violates Section 14(3) of the Lanham Act to misrepresent the source of the goods on or which the Respondent's ZENU mark is used.

21. Respondent's use and registration of the ZENU trademark is without the consent or permission of Petitioner.

### Non-Use

22. Respondent claims to be the owner of Registration No. 4,402,942 for ZENU registered on September 17, 2013 for "Bologna; Canned cooked meat; Canned fish; Chorizo; Hot

dogs; Preserved meats and sausages; Processed meat; Sausages; Tuna fish" in Class 29 with an alleged date of first use of January 1, 2011.

23. Upon information and belief, Respondent has not used the mark ZENU in commerce for all of the goods identified in Registration No. 4,402,942, including bologna, canned cooked meat, canned fish, chorizo, hot dogs, and tuna fish.

24. Upon information and belief, at the time of filing its §1(a) application, Respondent had not used the mark ZENU in commerce for all of the goods identified in Registration No. 4,402,942.

25. Respondent is not entitled to any rights in the mark ZENU for the goods identified in Registration No. 4,402,942, and the registration should be cancelled on the ground that the mark was not used and is currently not in commercial use for all such goods.

## Fraud

26. Respondent knowingly made false statements in the declaration submitted with the §1(a) application for ZENU by claiming that Respondent was the owner of the mark and had used the mark in commerce for all of the goods identified in Registration No. 4,402,942, when in fact Respondent did not and does not currently engage in such use, including for bologna, canned cooked meat, canned fish, chorizo, hot dogs, and tuna fish.

27. The specimens of use submitted by Respondent in support of the application appear to be representations of products sold and distributed by Petitioner.

28. The declaration filed in connection with the application was made only for the purpose of obtaining a registration.

29. The false statements made in the declaration were material to the issuance of Registration No. 4,402,942.

30. Registration No. 4,402,942 was issued on the basis of fraud and should therefore be cancelled.

## Pan-American Convention

31. Petitioner's ZENU mark was registered in Colombia prior to the alleged date of first use and the date of application for Respondent's registration.

32. Upon information and belief, Respondent had knowledge of the use, employment, registration and deposit of Petitioner's ZENU trademark in Colombia when it sought registration of the same mark in the United States, and Respondent's registration has been cited as the basis of refusal of Petitioner's mark by the United States Patent and Trademark Office.

33. Respondent's registration should be cancelled under Article 8 of the Pan-American Convention, a self-executing treaty to which the United States and Colombia are parties, based on Petitioner's prior rights in the ZENU mark in Colombia.

34. Petitioner is being damaged by the registration of Respondent because such registration supports and assists Respondent's confusing and misleading use of Petitioner's mark and gives color exclusive statutory rights to Respondent in violation and derogation of the prior and superior rights of Petitioner to the ZENU mark.

35. By reason of the foregoing, Petitioner believes that it is being damaged by Respondent's registration for ZENU.

- 9 -

36.     WHEREFORE, Petitioner requests that the Petition for Cancellation of Registration No. 4,402,942 for ZENU be granted and that the registration be cancelled.

                                                    REED SMITH LLP
                                                    Attorneys for Petitioner

Dated: September 9, 2014           By: _____
                                                    Clark W. Lackert
                                                    Keith E. Sharkin

                                                    599 Lexington Avenue
                                                    New York, New York 10022
                                                    (212) 521-5400

## CERTIFICATE OF SERVICE

It is hereby certified that a true and complete copy of the foregoing Petition for Cancellation was deposited with the United States Postal Service as first class mail, postage prepaid, in an envelope addressed to Respondent's correspondent of record:

>Mr. Wilson Zuluaga
>HWZ Distributors, Inc.
>165 Keyland Court
>Bohemia, NY 11716-2621

on September 9, 2014

_____
Jonathan Goodwill