Mark J. Ingber, Esq.
THE INGBER LAW FIRM
30 West Mt. Pleasant Avenue
Suite 203
Livingston, New Jersey 07039
Tel: (973) 921-0080
ingber.lawfirm@gmail.com
*Attorney for Defendants Latinfood U.S. Corp.
d/b/a Zenú Products Co. and Wilson Zuluaga*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| INDUSTRIA DE ALIMENTOS Zenú S.A.S., <br><br> v. <br><br> LATINFOOD U.S. CORP. d/b/a Zenú PRODUCTS CO. and WILSON ZULUAGA <br><br> Defendants/Counter Plaintiff, <br><br> LATINFOOD U.S. CORP. d/b/a Zenú PRODUCTS CO., <br><br> Defendants/Counter Plaintiff, <br> v. <br><br> INDUSTRIA DE ALIMENTOS Zenú S.A.S and CORDIALSA USA, INC. <br><br> Counter Defendants, | Civil Action No: 2:16-CV-06576 (KM)(MAH) |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR RECONSIDERATION OF PORTIONS OF THE COURT'S JUNE 27, 2023 SUMMARY JUDGEMENT ORDER**

**TABLE OF CONTENTS**

INTRODUCTION ...........................................................................................................................1

ARGUMENT ..................................................................................................................................2

    1. RECONSIDERATION STANDARDS ...............................................................................2

        A. Record Evidence Indicates that Summary Judgment Should Not Have Been Granted for Latinfood with Respect to Plaintiff's Claim for Source Misrepresentation (Count 11) .......................................................................................2

        B. An Intervening Change in Controlling Law from the Supreme Court Requires Reconsideration of Plaintiff's Trade Dress Infringement Claim (Count 4) ..................5

CONCLUSION ................................................................................................................................8

**Table of Authorities**

**Cases**

*Abitron Austria GmbH v. Hetronic Int'l, Inc.*, 600 U.S.___
    (2023), 2023 U.S. LEXIS 2789 (June 29, 2023) ................................................................ 5, 7

*Arab African International Bank v. Epstein*,
    1992 U.S. Dist. LEXIS 18350 (D.N.J. 1992) ........................................................................ 4

*Block v. Jaguar Land Rover NA*,
    2017 U.S. Dist. LEXIS 62194 (D.N.J. Apr. 25, 2017) ........................................................... 4

*Buffa v. N.J. State Dep't of Judiciary*,
    56 Fed. App'x 571 (3d Cir. 2003) ......................................................................................... 2

*Carney v. Pennsauken Twp. Police Dep't*,
    2013 U.S. Dist. LEXIS 119132, 2013 WL 4501454 (D.N.J. Aug. 21, 2013) ....................... 2

*EBC, Inc. v. Clark Bldg. Sys.*,
    618 F.3d 253 (3d Cir. 2010) .................................................................................................. 3

*G-69 v. Degnan*,
    748 F. Supp. 274 (D.N.J. 1990) ......................................................................................... 4-5

*Haggar Int'l Corp. v. United Co. for Food Indus. Corp.*,
    906 F. Supp. 2d 96 (E.D.N.Y. 2012) ..................................................................................... 6

*In re Energy Future Holdings Corp.*,
    904 F.3d 298 (3d Cir. 2018) .................................................................................................. 5

*Morrison v. National Australia Bank Ltd.*,
    561 U. S. 247 (2010) ............................................................................................................. 6

*Nance v. City of Newark*,
    2008 WL 508598 (D.N.J. Feb. 21, 2008) .......................................................................... 2, 3

*Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. De C.V.*,
    69 F. Supp. 3d 175 (D.D.C. 2014) ..................................................................................... 6, 7

*RJR Nabisco, Inc. v. European Community*,
    579 U.S. 325–336 (2016) ...................................................................................................... 6

*Salter v. VA Medical Center*
    (Lyons), 1991 U.S. Dist. LEXIS 16924 (D.N.J. Nov. 19, 1991) ........................................... 4

*Worbetz v. Ward N. AM., Inc.*,
    54 Fed. App'x 526 (3rd. Cir. 2002) ....................................................................................... 2

**Statutes**

15 U. S. C. §1114 ................................................................................................................ 6

Section 43 ........................................................................................................................... 7

§1114 ............................................................................................................................... 6, 7

§1125 ............................................................................................................................... 6, 7

§ 26 ..................................................................................................................................... 7

**Other**

Rule 7.1 ........................................................................................................................ 1, 2, 5

Defendants Latinfood U.S. Corp. d/b/a Zenú Products Co. and its principal Wilson Zuluaga, (hereinafter collectively "Latinfood" or "Defendants") move this Court pursuant to Rule 7.1(i) of the Local Civil of the United States District Court for the District of New Jersey ("Local Rules"), for:

1. Reconsideration of the portion of the Court's June 27, 2023 Order [ECF. No. 298] (the "June 27 Order") granting partial summary judgment in favor of Plaintiff, Industria de Alimentos Zenú S.A.S (hereinafter "Industria" or "Plaintiff"), with respect to Plaintiffs' claim for source misrepresentation (Count 11); and

2. Reconsideration of the portion of the Court's June 27 Order denying Defendants' summary judgment motion dismissing Plaintiff's claim for trade dress infringement (Count 4).

## INTRODUCTION

The Court's June 27, 2023 Opinion provided an extensive summary of facts and applicable law. [ECF No. 297] (the "June 27 Opinion"). However, on the question of source misrepresentation (Count 11), the Court granted summary judgment in favor of Plaintiff, in large part predicated on Plaintiff's assertion that Defendants failed to establish "use in commerce until at earliest 2013." Opinion at 67. This ruling is respectfully inconsistent with the record in this action and should be reconsidered and summary judgment should be granted in favor of Defendants. Secondly, the Court denied summary judgment to both parties on Plaintiff's claim for trade dress infringement (Count 4). Defendants submit that the Court should reconsider this decision on Count 4 and grant summary judgment in favor of Defendants due to an intervening change in the controlling law, as issued by the Supreme Court of the United States on June 29, 2023.

# ARGUMENT

## 1. RECONSIDERATION STANDARDS

Local Civil Rule 7.1(i) permits a party to seek reconsideration by the court of matters which the party believes the Judge has "overlooked" when it ruled on the motion. *See* L. Civ. R. 7.1(i); *Carney v. Pennsauken Twp. Police Dep't*, 2013 U.S. Dist. LEXIS 119132, 2013 WL 4501454, at *1 (D.N.J. Aug. 21, 2013). Under Local Civil Rule 7.1(i) reconsideration is warranted when "there may have been an error" in the first ruling or where the Court may have overlooked the important aspects of a party's argument. *See Buffa v. N.J. State Dep't of Judiciary*, 56 Fed. App'x 571, 575 (3d Cir. 2003); *Worbetz v. Ward N. AM., Inc.*, 54 Fed. App'x 526, 533 (3rd. Cir. 2002); *Nance v. City of Newark*, 2008 WL 508598, at *4 (D.N.J. Feb. 21, 2008).

Moreover, "a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *In re Energy Future Holdings Corp.*, 904 F.3d 298, 311 (3d Cir. 2018); L. CIV. R. 7.1(i)

Based on the arguments expressed below, Defendants seek reconsideration of portions of the Court's June 27, 2023 Order and Opinion.

### A. Record Evidence Indicates that Summary Judgment Should Have Been Granted for Latinfood with Respect to Plaintiffs' Claim for Source Misrepresentation (Count 11)

In finding for Plaintiff on its' claim for source misrepresentation (Count 11), the Court placed particular importance on "the date on which Latinfood first used the Zenú mark in

2

commerce." Opinion at 67. The Court then went on to conclude that "Latinfood fail[ed] to cite to any evidence in the record to show that it used the Zenú mark in commerce as of January 1, 2011, the claimed date of first use, or prior to January 25, 2013, the date on which the application was filed." *Id.* at 68. Although the Court noted the existence of invoices purporting to show sales under the Zenú marks as early as 2010—and that the same had been provided to opposing counsel—the Court nonetheless concluded that "Industria has met its burden of showing that Latinfood never used the Zenú mark in commerce prior to filing its application on January 25, 2013." *Id*. The undersigned respectfully submits that summary judgment was not so appropriate, as there was—when viewed "in the light most favorable to the nonmoving party"—there were genuine issues of material fact on this point. *EBC, Inc. v. Clark Bldg. Sys.*, 618 F.3d 253, 262 (3d Cir. 2010).

Indeed, the record in this case demonstrates that Latinfood **did in fact provide, and Industria did receive, 2010-2011 invoices on March 9, 2020, as reflected by Industria's March 11, 2020 letter to the Court**. *See* Dkt. No. 187. *See* attached Declaration of Wilson Zuluaga in Support of Latinfood's Motion For Reconsideration of Portions of the Court's June 27, 2023 Summary Judgement Order ("Zuluaga Decl.") at ¶3 and Exh. A (HWZ 2010-2011 invoices demonstrating sales by Latinfood of Zenu products.)). In that March 11 letter, Industria specifically affirmed that it had possession of those invoices and withdrew its request for Latinfood documents from 2011:

> Defendant Wilson Zuluaga testified at his December 18, 2019 deposition that he began selling Zenú products in 2011 and has been selling those products ever since. See Dec. 18, 2019 Deposition of Wilson Zuluaga at Tr. 66:2-4 ("I began working with those products early 2011"); 135:25-136:4 (Defendants began to sell Ranchera products "sometime in 2012"); 100:2-4 (agreeing that "Latinfood had sold products using Zenú trademark in 2013"). In its March 11, 2020 letter to the Court, Plaintiff confirmed that "**Defendants produced what they purport are invoices for sales of Zenú products dating only from 2010 and 2011. Accordingly, while** *Industria now withdraws its request for Defendants'*

3

> ***sales documents from 2011***, Industria maintains its request for an order requiring Defendants to produce sales documents from 2012 and 2013…"

Dkt. 187 (emphasis added).

The Record also reflects that the Court, in a March 13, 2020 Order, accepted Plaintiff's withdrawal of its request for Defendants sales documents from 2011 after reviewing the parties submissions on their discovery disputes and ordered Defendants to produce 2012-2013 sales documents which Plaintiff requested:

> This matter having come before the Court by way of a discovery dispute raised by Plaintiff Industria de Alimentos Zenú S.A.S.'s ("Industria"); **and the Court having considered the parties' submissions [D.E. 186-88]**; and for good cause shown… ORDERED that Defendants produce documents related to Zenu and Ranchera sales from 2012 and 2013, and to the extent that no records exist, Defendants shall state that fact and why in a certification to be provided to the Court and Industria;…"

Dkt. No. 189 (emphasis added).

These invoices were produced in discovery and directly addressed Industria's second and third claims of fraud which revolve around the date on which Latinfood first used the mark in commerce. They indicate, unequivocally, that Latinfood was indeed selling its Zenu branded products in 2010-2011. Caselaw is clear that the court may, in the exercise of its discretion, consider evidence offered for the first time on a motion for reconsideration, particularly if the evidence may lead to a different result. *See Block v. Jaguar Land Rover NA*, 2017 U.S. Dist. LEXIS 62194 (D.N.J. Apr. 25, 2017) (Chesler); *Arab African International Bank v. Epstein*, 1992 U.S. Dist. LEXIS 18350 (D.N.J. 1992) (Fisher) ("if the court finds that its consideration of evidence offered for the first time on motion for reargument may lead to a different result than was reached originally, the court has discretion to consider that evidence"); Salter v. VA Medical Center (Lyons), 1991 U.S. Dist. LEXIS 16924 (D.N.J. Nov. 19, 1991) (Wolin); *G-69 v. Degnan*, 748 F.

4

Supp. 274, 275-276 (D.N.J. 1990) (Brotman). Such discretion may well be exercised "to avoid injustice to [a party] for her attorney's mistaken exclusion of then-available admissible evidence. As this evidence was part of the record, and the existence of them was known to the court, the undersigned respectfully submits that they should be considered on reconsideration.

Based on the foregoing, Defendants respectfully request that the Court reconsider and reverse its ruling granting summary judgment to Plaintiff with respect to its claim for source misrepresentation (Count 11) and instead grant summary judgment to Defendants dismissing the claim, in order to correct a clear error of fact and prevent manifest injustice. *In re Energy Future Holdings Corp.*, 904 F.3d 298, 311 (3d Cir. 2018); L. CIV. R. 7.1(i). At the very least, this is a material issue of fact which precludes summary judgment.

### B. An Intervening Change in Controlling Law from the Supreme Court Requires Reconsideration of Plaintiff's Trade Dress Infringement Claim (Count 4)

This Court denied each party's motion summary judgment on Plaintiff's trade dress infringement claim (Count 4) despite setting forth and acknowledging that "Latinfood has the tried-and-true argument that it sells in the U.S., that Industria has no customers in the U.S., that Latinfood was not privy to any plans by Industria to expand its operations here, and that Latinfood therefore did not set out to confuse its U.S. customers." Opinion at 59.

This "tried-and-true argument" has been bolstered, however, by an intervening Supreme Court decision issued on June 29, 2023, which strongly suggests that Plaintiff's trade dress infringement claim would fail because a foreign corporation's trademark claim cannot be based on extraterritorial use. *Abitron Austria GmbH v. Hetronic Int'l, Inc.,* 600 U.S.___ (2023), 2023 U.S. LEXIS 2789 (June 29, 2023).

5

In *Abitron*, the Supreme Court addressed a claim under the territoriality doctrine stating that it "requires us to decide the foreign reach of 15 U. S. C. §1114(1)(a) and §1125(a)(1), two provisions of the Lanham Act that prohibit trademark infringement." *Id.* The Court held that "[a]pplying the presumption against extraterritoriality, **we hold that these provisions are not extraterritorial and that they extend only to claims where the claimed infringing use in commerce is domestic**." *Id.* (emphasis added). Thus, the Supreme Court held in A*bitron* that the Lanham Act, which is the underpinning of all federal trademark law in the United States, cannot allow for recovery of damages connected with any non-domestic sales, limiting extraterritorial reach.

The presumption against extraterritoriality reflects the longstanding principle "that legislation of Congress, unless a contrary intent appears, is meant to apply only within the territorial jurisdiction of the United States." *Morrison v. National Australia Bank Ltd.*, 561 U. S. 247, 255 (2010). The presumption "serves to avoid the international discord that can result when U. S. law is applied to conduct in foreign countries" and reflects the "commonsense notion that Congress generally legislates with domestic concerns in mind." *RJR Nabisco, Inc. v. European Community*, 579 U.S. 325, 335–336 (2016).

Because §1114(1)(a) and §1125(a)(1) are not extraterritorial, the Court must consider when claims involve "domestic" applications of these provisions. Domestically, "a party establishes ownership of a mark by being the first to use the mark in commerce." *Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. De C.V.*, 69 F. Supp. 3d 175, 109 (D.D.C. 2014)(citation and quotation omitted)); *see also Haggar Int'l Corp. v. United Co. for Food Indus. Corp., 906 F. Supp. 2d 96, 109 (E.D.N.Y. 2012)* ("[The territoriality] rule applies with equal force to protect a company that outright copies a mark that has been previously used abroad but that is not famous

6

in the United States, uses the copied mark on goods sold in the United States, and then claims to have priority in the mark in the United States over the foreign originator."); 5 McCarthy on Trademarks § 26:52 (4th ed.) (explaining that when a claim is brought under Section 43(a), "territorial rights should be determined by reference to federal common law"). *Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. De C.V.*, 69 F. Supp. 3d 175, 205-206 (D.D.C. 2014).

"Thus, if the conduct relevant to the statute's focus occurred in the United States, then the case involves a permissible domestic application of the statute, even if other conduct occurred abroad." *Abitron,* 2023 U.S. LEXIS 2789 *10.  Finally, the Supreme Court stated that "we hold that §1114(1)(a) and §1125(a)(1) are not extraterritorial and that the infringing "use in commerce" of a trademark provides the dividing line between foreign and domestic applications of these provisions." *Id.* at *24.  Therefore, applying the extraterritoriality precedent setting ruling in *Abitron*, Industria cannot maintain its trade dress or any trademark infringement claims and thus those claims fail.

In view of the foregoing, Defendants request the Court reconsider its ruling on trade dress and grant summary judgment to Defendants dismissing Plaintiff's claim based on an intervening change in the controlling law. *In re Energy Future Holdings Corp.*, 904 F.3d 298, 311 (3d Cir. 2018); L. CIV. R. 7.1(i) .

## CONCLUSION

In conclusion, Defendants respectfully submit that the Court overlooked factual matters which would have swayed its analysis of the source misrepresentation, militating toward denial of such a request, as opposed to granting it; and intervening law militating toward granting summary judgment to Latinfood dismissing Plaintiff's trade dress claims. Thus, the Court should reconsider its decision, and grant summary judgment to Latinfood as to those claims.

Respectfully submitted,

Dated July 11, 2023                     By:     /Mark J. Ingber/
                                                Mark J. Ingber, Esq.