UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| INDUSTRIA DE ALIMENTOS Zenú S.A.S., <br><br> v. <br><br> LATINFOOD U.S. CORP. d/b/a Zenú PRODUCTS CO. and WILSON ZULUAGA <br><br>   Defendants/Counter Plaintiff, <br><br> LATINFOOD U.S. CORP. d/b/a Zenú PRODUCTS CO., <br><br>   Defendants/Counter Plaintiff, <br> v. <br><br> INDUSTRIA DE ALIMENTOS Zenú S.A.S and CORDIALSA USA, INC. <br><br>   Counter Defendants, | Civil Action No: 2:16-CV-06576 (KM)(MAH) |

**DECLARATION OF WILSON ZULUAGA IN SUPPORT OF LATINFOOD'S MOTION FOR A STAY OF THE CANCELLATION OF LATINFOOD'S ZENÚ MARK UNDER ARTICLE 8 OF THE IAC AND A STAY OF THE INJUNCTION THAT ENJOINS LATINFOOD FROM USING THE ZENÚ AND RANCHERA MARKS UNDER ARTICLE 18 OF THE IAC**

I, Wilson Zuluaga, aka Jack Wilson, declare and state as follows:

1. I make this Declaration of my own personal knowledge, except where otherwise indicated and if called as a witness, I could and would be competent to testify to the matters set forth herein.

2. I am President and 100% sole owner of Latinfood U.S. Corp. d/b/a Zenu Products, Co. ("Latinfood"), an active New York corporation that has been selling food products under the ZENU® mark since as early as 2010 and the RANCHERA mark in 2012. Initially such sales were made by Latinfood's now dissolved predecessor New York Corporation, HWZ Distributors, Inc. ("HWZ"), which closed its doors in August 2013.

3. I respectfully request a stay of the Court's June 27, 2023 Order ordering the immediate cancellation of Latinfood's longstanding registered Zenú mark under Articles 8 and 18 of the IAC; and a stay of the immediate injunction enjoining Latinfood from using its Zenú and Ranchera marks under Article 18 of the IAC, because such an extraordinary remedy will cause irreparable harm and suffering to Latinfood's business and family.

4. If this Order is immediately implemented as set forth, Latinfood will suffer irreparable injury by the cancellation of longstanding Zenú registration and the immediate injunction enjoining Latinfood from using its Zenú and Ranchera marks, including but not limited to the loss of employees, loss of business and bankruptcy.

5. Moreover, each day the injunction remains in place, the harm to Latinfood will increase as it will hinder Latinfood's ability to access capital, making it more likely that Latinfood will not survive as a business entity. This, of course, will have disastrous consequences not only to Latinfood but also to me and my family, my employees, and all those who rely on Latinfood and its employees for support.

6. I will suffer irreparable harm if I am not allowed or afforded the opportunity to try and sell off and rebrand my Zenú and Ranchera products, which will take an estimated 12 months.

7. The issuance of a stay is necessary to prevent the irreparable harm that is certain to occur if Latinfood is immediately enjoined from using its longstanding (12+ years usage) Zenú and Ranchera marks, which represents 50% of its business.

8. A stay is also necessary to preserve the status quo pending appeal.

9. Based on the record, Industria will suffer no prejudice as they are not positioned to export their Colombian Zenú and Ranchera branded products into the U.S. because, as this Court noted, "there is a dispute of material fact as to whether Industria concretely intends or is able to enter the United States market." Opinion at 60.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: July 11, 2023

Wilson Zuluaga