IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| INDUSTRIA DE ALIMENTOS Zenú S.A.S., | |
|       Plaintiff/Counter-Defendant,<br>vs. | |
| LATINFOOD U.S. CORP. d/b/a Zenú Products Inc. and WILSON ZULUAGA, | Case No. 2:16-cv-06576-KM-MAH |
|       Defendants/Counterclaimants/<br>      Third Party Plaintiffs,<br>vs. | Hon. Kevin McNulty, U.S.D.J. |
| CORDIALSA USA, INC., | |
|       Third Party Defendant. | |

{100678-001/00400329-1}

**Table of Contents**

Argument .................................................................................................................................... 5

   I.  LEGAL STANDARD ON RECONSIDERATION ............................................................ 5

   II.  RECONSIDERATION OF SUMMARY JUDGMENT ON INDUSTRIA'S SOURCE MISREPRESENTATION CLAIM IS NOT WARRANTED ....................................................... 6

      A.  The Invoices Are Not a Proper Ground for Reconsideration Because They Would Not Alter the Result Reached by the Court on the Source Misrepresentation Claim ......... 7

      B.  Invoices Defendants Failed to Submit on Summary Judgment Are Not A Proper Basis for Reconsideration ................................................................................................ 8

      C.  The Court Correctly Found that Defendants Did Not Use the Zenú Mark in Commerce Prior to 2013 ...................................................................................................... 11

          (i).  The Evidence Considered By the Court Clearly Establishes Defendants Did Not Use the Zenú Mark in Commerce Prior to Applying for Registration .................... 12

          (ii).  The Court Considered the Purported Invoices and Rejected That They Created Issues of Fact ........................................................................................................ 12

   III.  RECONSIDERATION OF SUMMARY JUDGMENT ON INDUSTRIA'S TRADE DRESS INFRINGEMENT CLAIM IS LIKEWISE UNWARRANTED ................................. 14

## Cases

*Abitron Austria GmbH v. Hetronic Int'l, Inc.* ("*Hetronic*"), 600 U.S. 216 L.Ed.2d 1013, 2023 WL 4239255, 2023 U.S. LEXIS 2789 (No. 21-1043, decided June 29, 2023) ...................... 5, 15, 16

*Arab African Intern. Bank v. Epstein*, 1992 WL 349627, (D.N.J. Oct. 19, 1992) ........................ 10

*Block v. Jaguar Land Rover North America, LLC* 2017 WL 1496926, (D.N.J. Apr. 25, 2017) (Chesler, D.J.) ........................................................................................................................11

*Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, (D.N.J. 2001) ............................ 6

*Damiano v. Sony Music Ent., Inc.*, 975 F. Supp. 623, (D.N.J. 1996) ............................................. 9

*Est Inc. v. Royal-Grow Prods.,* 526 F. Supp. 3d 943, (D. Kan. 2021) ......................................... 13

*Estate of Harrison v. Trump Plaza Hotel & Casino*, No. 12-6683, 2015 WL 3754996, (D.N.J. June 16, 2015) ......................................................................................................................... 6

*Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F.Supp. 159, (D.N.J. 1988) ................ 9

*Frato v. Swing Staging, Inc.*, Civil Action No. 10-5198, 2012 U.S. Dist. LEXIS 37175, (D.N.J. Mar. 20, 2012) .......................................................................................................................... 8

*G-69 v. Degnan*, 748 F. Supp. 274, (D.N.J. 1990) .................................................................. 7, 10

*Glob. Truss Am. LLC v. GLP German Light Prods.*, Civ. No. 11-00168 (SJO) (SSx), 2011 U.S. Dist. LEXIS 168714, (C.D. Cal. Dec. 1, 2011) ...................................................................... 14

*Hetronic Int'l, Inc. v. Hetronic Germany GmbH*, 10 F.4th 1016, (10th Cir. 2021) ...................... 16

*In re Chi. Rawhide Mfg. Co.*, 59 C.C.P.A. 963, 964, 455 F.2d 563, (C.C.P.A. 1972) ................... 14

*inter alia*, *RJR Nabisco*, 579 U. S.; *Morrison*, 561 U. S., ..................................................... 16, 17

*Jannarone*, 2020 US Dist LEXIS 76380, ................................................................................... 12

*Kische USA, LLC v. Simsek,* No. C16-0168JLR, 2017 U.S. Dist. LEXIS 196191, (W.D. Wash. Nov. 29, 2017) ........................................................................................................................ 13

*Lampon-Paz v. United States*, No. CV-22-00239-KMJRA, 2023 WL 2946125, (D.N.J. Apr. 14, 2023) (McNulty, D.J.) ............................................................................................................... 9

*Langford v. Rice*, No. CV 10-3258-JST (PLAx), 2010 WL 11549752, (C.D. Cal. Oct. 28, 2010) ................................................................................................................................................ 14

*Lorillard Tobacco Co. v. J&H Mini Mart*, Civ. No. 10-13937, 2011 U.S. Dist. LEXIS 174176, (E.D. Mich. Oct. 27, 2011) .................................................................................................... 13

*Max's Seafood Café ex. rel. Lou-Ann v. Quinteros*, 176 F.3d 669, (3d Cir. 1999) ........................ 6

*Miller v. Rodriguez*, Civil Action No. 3:16-cv-02744-PGS-DEA, 2020 U.S. Dist. LEXIS 55054, (D.N.J. Mar. 24, 2020) ............................................................................................................. 9

*NL Indus.*, 935 F. Supp. at 516 (D.N.J. 1996) ............................................................................... 9

*Pelham v. United States*, 661 F. Supp. 1063, (D.N.J. 1987) ......................................................... 9

*Polizzi Meats, Inc. v. Aetna Life & Cas. Co.,* 931 F. Supp. 328, (D.N.J. 1996) ............................. 6

*Red Roof Franchising v. AA Hospitality Northshore,* 937 F. Supp. 2d 537, (D.N.J. 2013) ........... 9

*Salter v. VA Medical Center (Lyons)* 1991 WL 243126, (D.N.J. Nov. 19, 1991) ....................10, 11

*Staton v. Hendricks*, No. 02-1833 (GEB), 2007 U.S. Dist. LEXIS 63287, (D.N.J. Aug. 27, 2007) 8

*United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, (D.N.J. 1999) ................................ 6

*Zero Barnegat Bay, LLC v. Lexington Ins. Co.*, No. 14-cv-1716 (PGS) (DEA), 2019 U.S. Dist. LEXIS 136895, (D.N.J. Aug. 13, 2019) ................................................................................... 9

## Statutes

§ 1114(1)(a) ............................................................................................................................ 15, 16
§ 1125(a)(1) ............................................................................................................................ 15, 16
15 U.S.C. § 1125(a)(1)(A) ............................................................................................................ 15

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| INDUSTRIA DE ALIMENTOS Zenú S.A.S., <br><br>　　　　Plaintiff/Counter-Defendant, <br>　vs. <br><br>LATINFOOD U.S. CORP. d/b/a Zenú Products Inc. and WILSON ZULUAGA, <br><br>　　　　Defendants/Counterclaimants/ <br>　　　　Third Party Plaintiffs, <br>　vs. <br><br>CORDIALSA USA, INC., <br><br>　　　　Third Party Defendant. | Case No. 2:16-cv-06576-KM-MAH <br><br> Hon. Kevin McNulty, U.S.D.J. |

　　　　Plaintiff Industria de Alimentos Zenú S.A.S. ("Industria") respectfully submits this brief in response to Defendants Latinfood U.S. Corp. d/b/a Zenú Products Inc.'s ("Latinfood") and Wilson Zuluaga's motion for reconsideration of certain portions of the Court's summary judgment opinion [D.E. 297] (the "SJ Opinion") and order [D.E. 298] (the "SJ Order") dated June 27, 2023. Defendants contend that reconsideration is warranted on two grounds, neither of which entitle them to the relief sought.

　　　　First, Defendants say that copies of invoices that were previously available but which Defendants failed to submit on summary judgment were overlooked by the Court in finding Defendants had fraudulently obtained registration of the Zenu trademark. But the Court held that summary judgment was warranted on Industria's source misrepresentation claim, based not just on one, but ***three*** separate and independent bases presented by Industria for finding that Defendants' application to the USPTO to register the Zenú mark was fraudulent. SJ Opinion at 66 ("[A]ny one of Industria's arguments would warrant summary judgment in its favor . . . ").

Thus, even assuming that Defendants' previously available invoices are proper grounds for reconsideration (they are not), and even further assuming that the invoices prove what Defendants say they prove (they do not), Defendants *still* would not be entitled to reversal of the Court's grant of summary judgment because Defendants say nothing about the other two independent bases for the Court so holding.

Second, Defendants challenge the Court's denial of summary judgment in their favor on Industria's claim for trade dress infringement (Count 4), contending that a recent Supreme Court decision, *Abitron Austria GmbH v. Hetronic Int'l, Inc.* ("*Hetronic*"), 600 U.S. ---, 216 L.Ed.2d 1013, 2023 WL 4239255, 2023 U.S. LEXIS 2789 (No. 21-1043, decided June 29, 2023), constitutes an intervening change in law necessitating reconsideration and dismissal of Industria's trade dress infringement claim under the Lanham Act. *Hetronic* applied the presumption against extraterritoriality to hold that the Lanham Act did not apply to infringing activity that took place overseas. Defendants' infringing activity took place squarely within the United States, so *Hetronic*'s holding is simply irrelevant to the Court's summary judgment decision.

For these reasons, and as more fully set forth below, Defendants' motion for reconsideration should be denied.

## Argument

### I.

### LEGAL STANDARD ON RECONSIDERATION

Reconsideration is an "extraordinary remedy," to be granted "sparingly." *NL Indus., Inc. v. Com. Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996). Generally, reconsideration is only appropriate where the movant has carried its burden to show: "(1) an intervening change in the

controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex. rel. Lou-Ann v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

Local Civil Rule 7.1(i) permits a party to seek reconsideration by the Court of matters "which [it] believes the Court has overlooked" when it ruled on the motion. *NL Indus.*, 935 F. Supp. at 515. "The word 'overlooked' is the operative term in the Rule." *Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001). The purpose of a motion for reconsideration is to allow counsel to draw the court's attention to issues that "may have been overlooked by the court, not those which were overlooked by counsel." *See Estate of Harrison v. Trump Plaza Hotel & Casino*, No. 12-6683, 2015 WL 3754996, at *2 (D.N.J. June 16, 2015) (quoting *Polizzi Meats, Inc. v. Aetna Life & Cas. Co.,* 931 F. Supp. 328, 339 (D.N.J. 1996)). Reconsideration is appropriate only where the Court overlooked a factual or legal issue that may alter the disposition of the matter. *See United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

## II.

### RECONSIDERATION OF SUMMARY JUDGMENT ON INDUSTRIA'S SOURCE MISREPRESENTATION CLAIM IS NOT WARRANTED

Defendants first ask the Court to reconsider its summary judgment in favor of Industria's claims for source misrepresentation under Section 14(3) of the Lanham Act. Section 14(3) provides in relevant part that:

> A petition to cancel a registration of a mark, stating the grounds relied upon, may, upon payment of the prescribed fee, be filed as follows by any person who believes that he is or will be damaged… [if] its registration was obtained fraudulently… or if the registered mark is being used by, or with the permission of, the registrant so as to misrepresent the source of the goods or services on or in connection with which the mark is used.

### A. The Invoices Are Not a Proper Ground for Reconsideration Because They Would Not Alter the Result Reached by the Court on the Source Misrepresentation Claim

"The only proper ground for granting a motion for reconsideration, therefore, is that the matters or decisions overlooked, if considered by the court, might reasonably have altered the result reached[.]" *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990) (internal citations and quotation marks omitted).

In granting Industria's motion for summary judgment, the Court found that Defendants' January 2013 application to the USPTO was fraudulent on three separate and independent grounds. First, the Court found that Zuluaga falsely stated that "to the best is his… knowledge and belief, no other person, firm, corporation, or association has to the right to use the mark in commerce." Opinion at 67. The Court determined that there was "overwhelming evidence in the record demonstrating that Latinfood had knowledge of Industria's Zenú mark when it filed its Zenú application with the USPTO." *Id.* (citing discussion at *id.* at 23-25). Therefore, the Court concluded that "the record contains clear and convincing evidence that Mr. Zuluaga falsely claimed in his USPTO application that no other corporation had the right to use the Zenú mark in commerce." *Id.*

Second, the Court found that Defendants had fraudulently attached images of Industria's products to demonstrate use in commerce and had sent its agent, USTM, images of Industria's products to attach to its application. *Id.* at 68.

Third, the Court found that Defendants had falsely stated that they had used the Zenú mark in commerce since 2011, when the evidence demonstrated that Defendants had not used the Zenú mark until 2013, after filing its registration application. *Id.* Defendants move solely to have the Court reconsider its holding with respect to this last ground. On this basis alone, the Court should deny Defendant's motion to reconsider. Even if they are correct that there is a

factual question over whether Defendants used the Zenú mark as early as 2011 (they are not), this would not alter the Court's decision to grant cancellation of Defendants' Zenú mark under Section 14(3).

The Court found two other bases on which to find that Defendants' application to the USPTO was fraudulent—first, that Defendants fraudulently disclaimed knowledge of Industria's right to use the mark in commerce and second, that Defendants fraudulently used images of Industria's products to demonstrate use in commerce—which Defendants do not challenge.[1] Thus, any error Defendants purport to assert as to the third basis for the Court's holding to cancel Defendants' Zenú trademark would be harmless. Courts routinely deny motions to reconsider when multiple bases existed to justify the court's judgment and where purportedly new or overlooked evidence would not alter the court's original holding. *See, e.g., Frato v. Swing Staging, Inc.*, Civil Action No. 10-5198, 2012 U.S. Dist. LEXIS 37175, at *14 (D.N.J. Mar. 20, 2012) ("[E]xplicit analysis of the Employment Agreement in the Court's previous Opinion would not have altered that decision in any way"); *Staton v. Hendricks*, No. 02-1833 (GEB), 2007 U.S. Dist. LEXIS 63287, at *6 (D.N.J. Aug. 27, 2007) (denying reconsideration where movant "fail[ed] to show that the Court overlooked a factual or legal issue that may have alter[ed] the disposition of the matter in [the court's original] opinion"). Defendants motion to reconsider should be rejected out of hand.

### B. Invoices Defendants Failed to Submit on Summary Judgment Are Not A Proper Basis for Reconsideration

Defendants do not (and cannot) dispute that these documents were available to them and should have been introduced in the record if Defendants intended to rely on them. *See* Mov. Br.

---

[1] The Court also found an entirely separate basis to order the cancellation of the Zenú mark under Article 8 of the Inter American Convention for Trademark and Commercial Protection. Opinion at 21-27.

[D.E. 302-1] at 4 (noting invoices were produced in discovery). In general, courts in this District will not allow movants to use reconsideration motions as vehicles to introduce evidence into the record that was available to the movant before the court issued its opinion or order. *See, e.g., Miller v. Rodriguez*, Civil Action No. 3:16-cv-02744-PGS-DEA, 2020 U.S. Dist. LEXIS 55054, at *3 (D.N.J. Mar. 24, 2020) ("There is a strong policy against entertaining reconsideration motions based on evidence that was readily available at the time that the original motion was heard."); *Zero Barnegat Bay, LLC v. Lexington Ins. Co.*, No. 14-cv-1716 (PGS) (DEA), 2019 U.S. Dist. LEXIS 136895, at *3 (D.N.J. Aug. 13, 2019) (same).

Indeed, a motion for reconsideration is not "an opportunity for a litigant to… present evidence that could have been raised prior to the initial judgment." *Lampon-Paz v. United States*, No. CV-22-00239-KMJRA, 2023 WL 2946125, at *2 (D.N.J. Apr. 14, 2023) (McNulty, D.J.) (quoting *Red Roof Franchising v. AA Hospitality Northshore,* 937 F. Supp. 2d 537, 543 (D.N.J. 2013)). The Rule "does not contemplate a Court looking to matters which were not originally presented." *Damiano v. Sony Music Ent., Inc.*, 975 F. Supp. 623, 634 (D.N.J. 1996) (quoting *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F.Supp. 159, 162 (D.N.J. 1988)); *NL Indus.*, 935 F. Supp. at 516 (D.N.J. 1996) ("Reconsideration motions ... may not be used ... to raise arguments or present evidence that could have been raised prior to the entry of judgment."). Rather, reconsideration succeeds only where a "dispositive factual matter or controlling decision of law" was presented to the Court but not considered. *Pelham v. United States*, 661 F. Supp. 1063, 1065 (D.N.J. 1987); *Damiano*, 975 F. Supp. at 634 (quoting same).

To the extent that Defendants suggest that the Court "may, in the exercise of its discretion, consider evidence offered for the first time on a motion for reconsideration," Mov. Br. [D.E. 302-1] at 4, the cases Defendants rely on for this proposition are inapposite. Defendants

merely copy and paste a few lines of text it deems favorable for its purposes on this motion, albeit completely out of context of the circumstances or the actual holdings of the cases to which they cite. Indeed, two of the four cases relied upon by Defendants for this proposition *denied* motions for reconsideration of the Court's summary judgment determinations. *Degnan*, 748 F.Supp. at 274 ("Plaintiffs have failed to present matters or controlling decisions that may have been overlooked by this Court that reasonably would have led to a different result in its grant of summary judgment[.] Its motion for reconsideration, therefore, is denied."); *Arab African Intern. Bank v. Epstein*, 1992 WL 349627, at *4 (D.N.J. Oct. 19, 1992) (upon reviewing the various grounds for reconsideration that AAIB could have but failed to raise on a prior motion for summary judgment, concluded that "[b]ecause AAIB has failed to satisfy its burden… its motion for reargument is denied.").

The remaining two cases cited by Defendants involve instances in which the Court granted reconsideration of motions to dismiss, allowing reinstatement of certain claims not only on a distinguishable procedural posture, but also in consideration of circumstances very different from the case at hand.

In *Salter v. VA Medical Center (Lyons)*, the Court initially granted a motion to dismiss the *pro se* plaintiff's Title VII claim against the defendant VA Medical Center, finding that plaintiff had failed to properly exhaust his administrative remedies within the governing limitations period. 1991 WL 243126, at *1 (D.N.J. Nov. 19, 1991). While Plaintiff's brief in opposition to the original motion to dismiss contained a passing statement that he "was not given his right to file a complaint," for the first time upon reconsideration, plaintiff explained that he attempted to timely register a complaint with VA personnel but was told he could not, producing a VA transmittal slip evidencing the office's refusal. *Id.* at *2. Thus, the Court reinstated plaintiff's

Title VII claim based on a document previously available but not submitted, noting that "the Court is convinced that the interests of justice would best be served by excusing plaintiff's negligence." *Id*.

In *Block v. Jaguar Land Rover North America, LLC*, the Court initially granted defendant Jaguar's motion to dismiss the individual plaintiffs' omission-based fraud claims, finding that the complaint did not contain sufficient factual allegations to support the inference that Jaguar knew of the complained-of defect when it placed the vehicles purchased by plaintiffs into the stream of commerce. 2017 WL 1496926, at *1 (D.N.J. Apr. 25, 2017) (Chesler, D.J.). Plaintiffs moved for reconsideration, based upon an internal Jaguar record that would have supplied a basis for inferring Jaguar's knowledge, but which Plaintiffs did not have until Jaguar gave it to them on February 28, 2017, a week before the Court's decision came down on March 7, 2017. *Id*. Although Jaguar argued that the Court could not have "overlooked" a piece of evidence that was not in the record at the time of its decision, the Court did not accept Jaguar's hypertechnical argument, and granted reconsideration based on the newly discovered evidence. *Id.* at *2.

Accordingly, none of the cases cited by Defendants apply to excuse their late submission here, and the first prong of Defendants' motion for reconsideration must be denied.

    **C. The Court Correctly Found that Defendants Did Not Use the Zenú Mark in Commerce Prior to 2013**

In any event, on its face, Defendants arguments in favor of reconsideration lack all merit. Defendants argue that the purported existence of invoices showing sales of Zenú products from 2010 to 2011 demonstrates use of the Zenú mark in commerce. Defendants appear to argue that either the Court should take into account the copies of the invoices, which Defendants admit they never introduced into the record until now, *see* Mov. Br. [D.E. 302-1] at 4, or alternatively, that the Court overlooked evidence in the record of the existence of the invoices. *Id.* at 2-3.  As these

arguments do not purport to rely on a change in controlling law, or new evidence that was previously unavailable, Defendants must show that reconsideration is needed "to correct a clear error of law or to prevent manifest injustice." *Jannarone*, 2020 US Dist LEXIS 76380, at *4. Here, there was no error or injustice.

    **(i).**    ***The Evidence Considered By the Court Clearly Establishes Defendants Did Not Use the Zenú Mark in Commerce Prior to Applying for Registration***

In concluding that "Industria has met its burden of showing that Latinfood never used the Zenú mark in commerce prior to filing its application on January 25, 2013," the Court relied on substantial affirmative evidence in the record. Opinion at 68. The Court cited Zuluaga's email to USTM stating that he had not printed any packaging materials and was waiting for approval of the registration application to do so because "there will be people who will try to stop it." It also relied on the fact that "Mr. Zuluaga did not connect with Cibao, the company hired to create Latinfood's product labels and recipes, until 2013." *Id.*

Moreover, Zuluaga admitted he had not come up with the Zenú logo until *after* he had filed for registration. *See* Declaration of Samuel Kadosh (ECF No. 266), Ex. 43, Zuluaga Tr. 111:20-22 *and id.* at 114:7-8. And, as discussed, Defendants' 2013 registration application contained no specimens of Defendant's products showing the mark used in commerce; instead, Defendants attached images of Industria's products. *Id.*, Ex. 4. Defendants do not address any of this evidence in their Motion to Reconsider, but these unrebutted facts plainly formed a robust basis for the Court to conclude that Defendants had not used the Zenú mark in commerce prior to 2013 and therefore defrauded the USPTO by claiming otherwise.

    **(ii).**    ***The Court Considered the Purported Invoices and Rejected That They Created Issues of Fact***

Defendants' sole argument in their Motion is that there is an issue of fact surrounding their use of the Zenú mark in commerce because they produced invoices dated from 2010 to 2011 purportedly showing sales of Zenú products. While they claim the Court overlooked this evidence, the parties discussed these invoices in their summary judgment motions – and the Court expressly addressed and rejected Defendants' argument in its decision. The Court cited Defendants' email "wherein Mr. Ingber provided 'all extent sales documents related to HWZ's 2011-2013 sales of the Zenú and Ranchera marks'" and purported to attach "HWZ 2010-2011 Invoices." Opinion at 68. The Court then observed that "Latinfood fail[ed] to provide either the attachment itself *or an explanation of how the attachment supports its claim*." *Id.* (emphasis added).

Because the Court correctly noted that Defendant failed to argue how its purported invoices demonstrated use of the mark in commerce, it did not (and was not required to) consider the matter further. Still, as Industria raised in its papers, the law is clear that a mark's appearance on invoices does not demonstrate use in commerce under the Lanham Act. *See* 15 U.S.C. § 127 ("A mark shall be deemed to be in use in commerce… on goods when… it is placed in any manner on the goods or their containers or the displays associated therewith or on the tags or labels affixed thereto."); *Est Inc. v. Royal-Grow Prods.,* 526 F. Supp. 3d 943, 954 (D. Kan. 2021) ("Because Royal-Grow's product could bear a mark… *Royal*-Grow's use of the E Max mark on the documents associated with the product cannot be used to satisfy the 'use in commerce' requirement of Section 1127"); *Kische USA, LLC v. Simsek,* No. C16-0168JLR, 2017 U.S. Dist. LEXIS 196191, at *25 (W.D. Wash. Nov. 29, 2017) (use of a mark on two receipts was not a use in commerce); *Lorillard Tobacco Co. v. J&H Mini Mart*, Civ. No. 10-13937, 2011 U.S. Dist. LEXIS 174176, at *8 (E.D. Mich. Oct. 27, 2011) ("A retailer uses a mark 'in commerce'… when

the mark is *located on a product* offered for sale by the retailer.") (emphasis added); *Glob. Truss Am. LLC v. GLP German Light Prods.*, Civ. No. 11-00168 (SJO) (SSx), 2011 U.S. Dist. LEXIS 168714, at *18 (C.D. Cal. Dec. 1, 2011) (defendant's "invoices do not indicate that… products bearing the… [m]arks were in fact sold or transported in commerce in the United States."); *Langford v. Rice*, No. CV 10-3258-JST (PLAx), 2010 WL 11549752, at *5 (C.D. Cal. Oct. 28, 2010) (finding that the use of a mark on two receipts was not a use in commerce); *In re Chi. Rawhide Mfg. Co.*, 59 C.C.P.A. 963, 964, 455 F.2d 563, 564 (C.C.P.A. 1972) (mark's appearances on invoices "do not indicate any trademark use in commerce of the matter sought to be registered.").

The fact that Defendants purport to have evidence of invoices listing supposed Zenú product sales from 2010 to 2011 simply does not support Defendants' claim that it actually used the Zenú mark in commerce, *i.e.*, on the labels of its products. Defendants have not provided *any* suggestion that such evidence exists. Rather the undisputed evidence described above provides ample support for the Court's holding that Defendants fraudulently claimed to have used the Zenú mark in commerce as early as 2011 in their registration application to the USPTO. Defendants have failed to show that the Court overlooked their arguments or that reconsideration is necessary to "correct a clear error" or "prevent manifest injustice." Their motion must therefore be denied.

### III.

### RECONSIDERATION OF SUMMARY JUDGMENT ON INDUSTRIA'S TRADE DRESS INFRINGEMENT CLAIM IS LIKEWISE UNWARRANTED

In the SJ Opinion, the Court, finding issues of fact, denied summary judgment to both sides on Industria's trade dress infringement claim (Count 4), arising under Section 43(a) of the

Lanham Act, which prohibits the "us[e] in commerce" of a protected mark that "is likely to cause confusion." 15 U.S.C. § 1125(a)(1)(A).

Defendants now contend that they are entitled to summary judgment dismissal of Industria's trade dress infringement claim on reconsideration due to the Supreme Court's decision in *Hetronic*, 600 U.S. ---, 216 L.Ed.2d 1013, 2023 WL 4239255, 2023 U.S. LEXIS 2789.[2] Here again, Defendants copy and paste text from the *Hetronic* decision in isolation to suggest that the "presumption against extraterritoriality" applied in that case necessitates dismissal of Industria's trade dress infringement claim, while providing no explanation or reasoning for their conclusion. We are left guess how *Hetronic*, in Defendants' view, even arguably applies to this case. Defendants fail to carry their burden on this motion, which should be denied without more.

The issue in *Hetronic* concerned whether, and to what extent, provisions of the Lanham Act, including Section 43(a)(1)(A) [15 U.S.C. § 1125(a)(1)(A)] under which Industria's trade dress infringement claim is brought, extend extraterritorially, to hold a defendant liable for infringing "use in commerce" carried out abroad. The respondent and plaintiff below was Hetronic International, Inc., a domestic company that manufactures radio remote controls for construction equipment under the "HETRONIC" trademark. *Hetronic*, 216 L.Ed.2d at 1020. Hetronic sued six foreign parties (collectively, "Abitron") in the Western District of Oklahoma for trademark infringement under § 1114(1)(a) and § 1125(a)(1) of the Lanham Act seeking "damages under these provisions for Abitron's infringing acts worldwide." *Id.* Despite originally operating as a licensed distributor for Hetronic, Abitron later concluded that it held the rights to

---

[2] The decision, which Defendants neglected to append to their motion for reconsideration, is submitted herewith for the convenience of the Court.

the HETRONIC marks on the products at issue and began to sell Hetronic-branded products, mostly to buyers located abroad. *Id.* A jury awarded Hetronic $96 million in damages for Abitron's use of Hetronic's marks in all sales, domestic and foreign. 216 L.Ed.2d at 1020-21. The district court entered a worldwide permanent injunction against Abitron's use of the HETRONIC trademark. On appeal, the Tenth Circuit narrowed the scope of the permanent injunction, but otherwise affirmed, concluding that the Lanham Act extended to "all of [Abitron's] foreign infringing conduct." *Hetronic Int'l, Inc. v. Hetronic Germany GmbH*, 10 F.4th 1016, 1046 (10th Cir. 2021).

The Supreme Court reversed. In a two-step framework, the Supreme Court applied the presumption against extraterritoriality, *i.e.*, the "presumption against [a statute's] application to conduct in the territory of another sovereign." *Hetronic*, 216 L.Ed.2d at 1026 (citations omitted). In the first step, the Supreme Court looked to congressional intent and found that the presumption against extraterritoriality had not been rebutted. *Id.* ("neither provision at issue [§ 1114(1)(a) or § 1125(a)(1)] provides an express statement of extraterritorial application[.]") Because the Supreme Court concluded § 1114(1)(a) and § 1125(a)(1) are not extraterritorial, the Supreme Court went on to analyze step two, which required "determining the provision's focus and then ascertaining whether Hetronic can establish that the conduct relevant to that focus occurred in the United States." *Id.* "If the conduct occurred in the United States, then the case involves a permissible domestic application of the statute even if other conduct occurred abroad." *Id.* (punctuation and citations omitted). Only "if the conduct relevant to the focus occurred in a foreign country, then the case involves an impermissible extraterritorial application regardless of any other conduct that occurred in U.S. territory." *Id.* (citing, *inter alia*, *RJR Nabisco*, 579 U. S., at 337; *Morrison*, 561 U. S., at 266-267).

"The ultimate question regarding permissible domestic application turns on the location of the conduct relevant to the focus." *Hetronic*, 216 L.Ed.2d at 1025 (citing *RJR Nabisco*, 579 U.S. at 337). "And the conduct relevant to any focus the parties have proffered is infringing use in commerce, as the Act defines it." *Id.* Thus, holding that "the infringing 'use in commerce' of a trademark provides the dividing line between foreign and domestic applications of these provisions," the Supreme Court vacated the judgment of the Tenth Circuit and remanded the case for further proceedings consistent with the Supreme Court's interpretation of the Lanham Act. *Id.*

Applying *Hetronic* to the instant case, the Supreme Court's holding, that Section 43(a) of the Lanham Act does not rebut the presumption against extraterritorial application in step one controls. Next, turning to the conduct relevant to the focus of the Act, Industria's trade dress infringement claim easily passes, as the infringing "use in commerce" that is the subject of this case concerns **Defendants' infringing conduct that occurred domestically**. Under *Hetronic*, "[i]f the conduct occurred in the United States, then the case involves a permissible domestic application of the statute even if other conduct occurred abroad." *Id.* Defendants wildly overstate the breadth and application of *Hetronic*, which hardly requires reconsideration of the SJ Opinion in this case.

Accordingly, Defendants motion for reconsideration must be denied.

Dated: New York, New York
August 7, 2023

                      Respectfully submitted,

                      WACHTEL MISSRY LLP

By:/s/ *Peter D. Raymond*
Peter D. Raymond
praymond@wmllp.com
Stella Lee Sainty
ssainty@wmllp.com
One Dag Hammarskjöld Plaza
885 Second Avenue, 47th Floor
New York, New York 10017
(212) 909-9500

-and-

Samuel A. Kadosh
skadosh@reedsmith.com
Brian P. Giunta
bgiunta@reedsmith.com
REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
(212) 521-5400

*Attorneys for Petitioner
Industria de Alimentos Zenu S.A.S.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| INDUSTRIA DE ALIMENTOS Zenú S.A.S., <br><br>        Plaintiff/Counter-Defendant, <br>vs. <br><br>LATINFOOD U.S. CORP. d/b/a Zenú Products Inc. and WILSON ZULUAGA, <br><br>        Defendants/Counterclaimants/ <br>        Third Party Plaintiffs, <br>vs. <br><br>CORDIALSA USA, INC., <br><br>        Third Party Defendant. | Case No. 2:16-cv-06576-KM-MAH <br><br>Hon. Kevin McNulty, U.S.D.J. |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of this submission has been served upon all parties via CM/ECF at their service address of record on this date.

Mark J. Ingber, Esq.
THE INGBER LAW FIRM
30 West Mt. Pleasant Ave. Suite 203
Livingston, NJ 07039
ingber.lawfirm@gmail.com

*Attorneys for Respondent Latinfood U.S. Corp. d/b/a Zenu Products Inc.*

Respectfully submitted,

Executed on August 7, 2023

 /s/ Jason L. Libou
Jason L. Libou

{100678-001/00400329-1}