IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| INDUSTRIA DE ALIMENTOS Zenú S.A.S., <br><br>    Plaintiff/Counter-Defendant, <br>vs. <br><br>LATINFOOD U.S. CORP. d/b/a Zenú Products Inc. and WILSON ZULUAGA, <br><br>    Defendants/Counterclaimants/ Third Party Plaintiffs, <br>vs. <br><br>CORDIALSA USA, INC., <br><br>    Third Party Defendant. | Case No. 2:16-cv-06576-KM-MAH <br><br> Hon. Kevin McNulty, U.S.D.J. |

**PLAINTIFF INDUSTRIA DE ALIMENTOS ZENÚ S.A.S.' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO STAY**

Plaintiff Industria de Alimentos Zenú S.A.S. ("Industria") respectfully submits this brief in opposition to Defendants Latinfood U.S. Corp. d/b/a Zenu Products Inc.'s ("Latinfood") and Wilson Zuluaga's Motion to Stay of the Cancellation of Latinfood's Zenú Mark and Stay of the Injunction on Latinfood from Using the Zenú and Ranchera Marks (the "Motion").

**PRELIMINARY STATEMENT**

On June 27, 2023, the Court issued a comprehensive, 78-page Decision that, *inter alia,* found that Industria was entitled to summary judgment on some of its claims under the Lanham Act and under the Inter-American Convention for Trade Mark and Commercial Protection ("IAC"). The Court enjoined Defendants from using the infringing Zenú and Ranchera Marks, and cancelled their registration. However, the Court stayed the implementation of its Order until Plaintiff files certified copies of its Colombian trademark registrations. The Courtdirected

Industria to submit its Colombian trademark registration by August 10, 2023, and the Court provided Defendants an opportunity to oppose Industria's submission. In this Motion, Defendants seek to stay the injunction order until a decision on the appeal they intend to file with the Third Circuit and thereby continue their use of the infringing marks for a year or more. The Court should reject Defendants' attempt to further delay their day of reckoning on their longtime infringement of Plaintiff's trademarks.

      As an initial matter, the Court's injunction Order has not yet been issued, and Defendant's have not yet served a Notice of Appeal of such Order. Therefore, Defendants' motion to stay is premature. Moreover, Defendants cannot make a showing of any of the elements necessary to obtain a stay pending appeal, namely, a likelihood of success on the merits, irreparable harm, and that a balancing of the equities favors a stay.

      First, Defendants premise their likelihood of succeeding on an appeal of the Court's grant of summary judgment and injunction Order on Industria's IAC claims on *Meenaxi Enterprise, Inc. v. Coca-Cola Company*, 38 F.4th 1067 (Fed. Cir. 2022); *Meenaxi* did not address the application of the IAC – or any other treaty – but dealt exclusively with the Lanham Act. The Third Circuit will likely reject Defendants' attempts to import the requirements of the Lanham Act into the IAC, and Defendants are unlikely to prevail on their appeal.

      Second, Defendants will not suffer any irreparable harm. The sole consequence of the Court's Order (once it goes into effect) is that Defendants will not be able to use their infringing Zenú and Ranchera marks. Defendants claim, with no supporting evidence, that the injunction will put them "out of business" since it will take one full year for them to be able to sell off their existing inventory by printing new labels without the infringing marks. In fact this process should take weeks at most, and Defendants should have started this process on June 27, when the

Court issued its Order. Moreover, there is no irreparable harm in any event because the cost of printing new labels is not irreparable harm - it is quintessential monetary harm.

Finally, the balance of the equities do not favor Defendants. This Court has found that Defendants defrauded the USPTO in their application for registering the infringing marks and have, therefore, been selling goods with infringing trademarks for years. The harm that this infringing conduct has done to Plaintiffs is very significant, and allowing them to continue earning revenue off of their infringing sales for another year is grossly unfair.

The Court also affirmed the sanctions decision of Magistrate Hammer, who found that Defendants engaged in serious discovery misconduct throughout the litigation. Thus Defendants have gone well beyond the bounds of fair play, and are not entitled to the extraordinary application of the Court's equitable powers by allowing them to continue their infringing sales indefinitely.

The Court should therefore deny Defendants' Motion for a Stay.

## LEGAL STANDARD

"To decide a stay pending appeal, a court must consider: (1) whether the movant is likely to succeed on the merits of the appeal; (2) whether the movant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and (4) whether the stay will harm the public interest." *Natl. Shooting Sports Found. v Platkin, Civil Action*, No. 22-6646 (ZNQ) (TJB), 2023 US Dist LEXIS 35662, at *2 (D.N.J. Mar. 3, 2023). "The factors to consider when deciding a motion to stay pending appeal are nearly identical to those that the Court considered in ruling on the preliminary injunction application." *Id.*

# ARGUMENT

**I.       Defendants Motion is Premature**

Defendants seek to stay the Court's June 27, 2023 Order, ECF No. 298, enjoining their use of the Zenú and Ranchera marks, and cancelling those marks, but this motion is premature. Pursuant to the Court's Order, the Order was stayed pending Industria's submission of its authenticated Colombian marks. Defendants have fourteen days following Industria's submission to submit an opposition to Industria's proffer of evidence. There is no active injunction or cancellation for the Court to stay, and no Notice of Appeal of any such Order. For this reason alone, Defendants' motion for a stay should be denied.

**II.      Defendants Are Not Likely to Prevail on Their Appeal**

The Court should deny a stay of its anticipated order cancelling Latinfood's Zenú trademark and enjoining Defendants' use of the Zenú and Ranchera marks pending Defendants' appeal as they cannot establish that any appeal is likely to succeed.

The Court's anticipated order cancelling Defendants' Zenú mark and enjoining Defendants from using Zenú and Ranchera marks is primarily based on the application of Articles 8 and 18 of the IAC. Opinion at 30. In addition, the Court determined that Industria's Section 14(3) claim provided an alternative basis for cancellation of Latinfood's Zenú mark. *Id.* at 69.

As to the application of the IAC, rather than attempt to find fault with the Court's reasoning, Defendants merely argue that the case is one of "first impression." It is not entirely clear what specific issue they have with the Court's application of the IAC; they do not argue that the Court misapplied any of the elements of Articles 8 or 18. Instead, Defendants' appear to argue that the Court erred when it said that it will grant cancellation and an injunction against the

4

use of the Zenú and Ranchera marks without a finding that Industria has established trademark ownership of the Zenú and Ranchera marks in the U.S. Mot. Br. at 4-5.

Defendants have no basis to argue that either Articles 8 or 18 requires Industria to establish U.S. trademark rights in order to succeed on claims for cancellation and injunction. The language of Articles 8 and 18 are clear that, in order to succeed under those Articles, Industria must show that it had legal protection of its trade names and marks in *any* of the Contracting States to the IAC.[1] Defendants attempt to incorporate a requirement into the IAC that a plaintiff must first establish ownership in the U.S. is directly contrary to the express language of the treaty, and Defendants' arguments will fail on appeal.[2]

*Meenaxi Enterprise, Inc. v. Coca-Cola Company*, 38 F.4th 1067 (Fed. Cir. 2022), which Defendants heavily rely on, does not alter this analysis at all. The *Meenaxi* court did not address the application of the IAC – or any other treaty – but dealt exclusively with the Lanham Act. Defendants attempts to import the requirements of the Lanham Act into the IAC is misplaced as the remedies of the IAC exist in addition to and independently of the Lanham Act. *See Diaz v. Servicios De Franquicia Pardo's S.A.C.*, 2007 TTAB LEXIS 34, *7 (T.T.A.B. February 16, 2007) ("[T]he Board noted that the Pan American Convention is self-executing, and therefore became U.S. law upon ratification, requiring no special implementing legislation. As such, the Board concluded that the Convention has the same force as a federal statute and provides remedies independent of the Lanham Act."); *British-American Tobacco Co. v. Philip Morris*, 2000 TTAB

---

[1] Article 8 of the IAC requires a claimant to show "he enjoyed legal protection for his mark *in another of the Contracting States* prior to the date of the application for the registration or deposit which he seeks to cancel," while Article 18 requires that "trade mark, the enjoining or cancellation of which is desired, is identical with or deceptively similar to his commercial name already legally adopted and previously used *in any of the Contracting States*."

[2] Defendants' argument that Industria's pending application to register the Ranchera mark warrants in favor of a stay is unpersuasive for the same reason. Industria need not ultimately be able to register the Ranchera mark in the U.S. in order to have viable claims against Industria under the IAC.

LEXIS 390, *14-*15 (T.T.A.B. June 14, 2000) ("The [IAC] is self-executing and independent of the Lanham Act.").

Defendants, therefore, do not have a plausible chance of succeeding on their appeal of the Court's anticipated cancellation order and injunction pursuant to the IAC, and their motion for a stay should be denied on that ground alone.

The Court also found a second basis to order the cancellation of Defendants' Zenú mark pursuant to Section 14(3) of the Lanham Act. The Court found three separate bases to conclude that Defendants had defrauded the USPTO, thus warranting cancellation, Opinion at 66-69, and Defendants do not appear to challenge the Court's decision to grant summary judgment to Industria on this basis.

However, to the extent that Defendants are in fact seeking to stay the Court's anticipated cancellation order pursuant to Section 14(3), as well as the IAC, on the same basis that Industria has not established ownership of the Zenú mark through use in the U.S., they are equally unlikely to succeed on that argument. The express language of Section 14(3) does not require a plaintiff to establish ownership over the mark in the U.S. or anywhere else. Instead, it allows an application for cancellation to be made by "any person who believes that he is or will be damaged . . . by the registration of a mark." The Court, citing Federal Circuit precedent, found that "Industria has shown a legitimate commercial interest because it applied to the USPTO for registration of its Zenú mark" and that "a trademark application is a 'legitimate commercial interest,' which satisfies the 'real interest' requirement, and 'blocking' an application can satisfy the belief of damage requirement." Opinion at 66 (citing *Empresa Cubana del Tabaco v. Gen. Cigar Co.*, 753 F.3d 1270, 1275 (Fed. Cir. 2014)).

*Meenaxi,* contrary to Defendants' assertions, does not require a different result. In that case plaintiff Meenaxi Enterprises registered two marks in the U.S.: THUMS UP and LIMCA, brand names that Coca-Cola had used abroad in India. *Meenaxi*, 38 F.4th at 1070. Coca-Cola sought cancellation of the marks pursuant to Section 14(3) and asserted that it was harmed by Meenaxi's registration because it had lost sales and had experienced reputational damage. The court concluded that Coca-Cola simply lacked any evidence that it had suffered or was likely to suffer in the future from these injuries. *Id.* at 1076-1079. It did not find that lost sales and reputational damage were the only bases on which a party seeking to cancel a U.S. registration could establish likelihood of damage under Section 14(3), and Coca-Cola did not seek to register the THUMS UP or LIMCA marks in the U.S. for itself.

Significantly, the Federal Circuit rejected Meenaxi's argument that Coca-Cola could not bring a Section 14(3) claim because it did not own a U.S. trademark in the subject brand names and rejected Meenxi's assertion that the extraterritoriality principle was implicated by the fact that Coca-Cola did not have U.S. trademark rights to the marks – the same arguments that Defendants plan to make on appeal. *See Meenaxi*, 38 F.4th at 1075-76 ("[T]he extent to which the Lanham Act applies to activities outside the United States is not a question implicated here. Coca-Cola bases its claim entirely on alleged injury occurring in the United States.").

Thus, Defendants have stated no basis on which this Court can conclude that they are likely to succeed on their appeal of the Court's anticipated order for cancellation and injunction and their motion to stay should be rejected.

### III.   Defendants Cannot Establish Irreparable Harm

Defendants' motion for a stay should also be denied because they have not demonstrated any irreparable harm through the issuance of an injunction and cancellation of the Zenú and

Ranchera marks they fraudulently registered. Defendants' entire showing of irreparable harm is a self-serving affidavit which baldly asserts that it will take one year to print new labels without the infringing Zenú and Ranchera marks. This claim is simply not credible. This is a process that will take weeks, not a year, and Defendants should have started this process on June 27, when the Court issued its Order. Defendants cannot claim to be irreparably harmed by their own inaction.

Moreover, any purported harm associated with the cost of removing or covering the infringing Zenú and Ranchera labels to non-infringing labels is purely monetary harm which is not irreparable.

## CONCLUSION

Accordingly, the Court should deny Defendants' Motion for a stay.

Dated: New York, New York
August 7, 2023

                         Respectfully submitted,

                         By: */s/ Samuel Kadosh*
                         Peter D. Raymond
                         praymond@wmllp.com
                         Stella Lee Sainty
                         ssainty@wmllp.com
                         WACHTEL MISSRY LLP
                         One Dag Hammarskjöld Plaza
                         885 Second Avenue, 47th Floor
                         New York, New York 10017
                         (212) 909-9500

                         -and-

                         Samuel A. Kadosh
                         skadosh@reedsmith.com
                         Brian P. Giunta
                         bgiunta@reedsmith.com
                         REED SMITH LLP

599 Lexington Avenue
New York, New York 10022
(212) 521-5400

*Attorneys for Petitioner*
*Industria de Alimentos Zenú S.A.S.*

9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| INDUSTRIA DE ALIMENTOS Zenú S.A.S., <br><br>         Plaintiff/Counter-Defendant, <br> vs. <br><br> LATINFOOD U.S. CORP. d/b/a Zenú Products Inc. and WILSON ZULUAGA, <br><br>         Defendants/Counterclaimants/ <br>        Third Party Plaintiffs, <br> vs. <br><br> CORDIALSA USA, INC., <br><br>         Third Party Defendant. | Case No. 2:16-cv-06576-KM-MAH <br><br> Hon. Kevin McNulty, U.S.D.J. |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of this submission has been served upon all parties via CM/ECF at their service address of record on this date.

Mark J. Ingber, Esq.
THE INGBER LAW FIRM
30 West Mt. Pleasant Ave. Suite 203
Livingston, NJ 07039
ingber.lawfirm@gmail.com

*Attorneys for Respondent Latinfood U.S. Corp. d/b/a Zenú Products Inc.*


Respectfully submitted,

Executed on August 7, 2023


 /s/Samuel Kadosh
Samuel Kadosh