# THE INGBER LAW FIRM
30 WEST MT. PLEASANT AVENUE
SUITE 203
LIVINGSTON, NEW JERSEY 07078

MARK J. INGBER*

TEL: (973) 921-0080
EMAIL: INGBER.LAWFIRM@GMAIL.COM

*MEMBER NJ & NY BAR

August 24, 2023

**VIA ECF**
Honorable Kevin McNulty, U.S.D.J.
MLK Bldg. & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

**Re:**   Industria de Alimentos Zenú S.A.S. v. Latinfood U.S. Corp. d/b/a Zenú Products Co. and Wilson Zuluaga, et al Civil Action No. 2:16-cv-06576 (KM) (MAH)

Dear Judge McNulty:

I represent Defendants Latinfood U.S. Corp. d/b/a Zenú Products Co. and Wilson Zuluaga ("Defendants" or "Latinfood") in the above-captioned action. Pursuant to the Court's June 27, 2023 Order (Dkt. No. 298), I write in response to Plaintiff Industria de Alimentos Zenú S.A.S. August 10, 2023 Letter to the Court (Dkt. No. 316) which allegedly provided "certified copies of several of the ZENÚ and RANCHERA trademark registration certificates issued by the Office of the Superintendent of Industry and Commerce of Colombia, South America, together with certificates of authentication (apostilles) and English translations of the Spanish language documents prepared by an independent third-party vendor (TransPerfect)."

Latinfood objects to these documents for the following reasons:

**A**. Firstly, Plaintiff failed to provide the necessary and requested evidence to demonstrate that the identification set forth in Plaintiff's Colombian registrations are the "same product" as those registered by Latinfood in the U.S. as they must be pursuant the IAC, ch. III, art. 18.   Latinfood's Zenu U.S. Registration, No. 4402942, in Class 29[1] (for Bologna; Canned cooked meat; Canned fish; Chorizo; Hot dogs; Preserved meats and sausages; Processed meat; Sausages; Tuna fish) describes more specific food categories than Industria's overly broad classifications, which therefore miss the mark as they are distinct and separate from Latinfood's classification.

Plaintiff contends that "the attached certificates granted trademark rights to Plaintiff for ZENÚ in various food categories including: "Meat, Fish, Fowl and Game", "Meat Extracts; Canned Dry and Cooked Fruits and vegetables", "coffee, tea, cocoa", "rice, pasta and noodles" and other categories in Class 30 of the International Nice Classification and in Class 5 of Article 2 of Decree 755 of

---

[1] Of the International Nice Classification ("Nice")

1972." (Dkt. 316). However, Nice Class 30 is for "coffee, tea, cocoa and substitutes therefor; rice, pasta and noodles; tapioca and sago; flour and preparations made from cereals; bread, pastries and confectionery; chocolate; ice cream, sorbets and other edible ices; sugar, honey, treacle; yeast, baking-powder; salt, seasonings, spices, preserved herbs; vinegar, sauces and other condiments; ice (frozen water)" which are not at issue here[2]; and Class 35 classification is described as "Advertising; business management, organization and administration; office functions."[3]

As to Class 29, Industria's Colombian Registrations state the following identification of goods:

FROZEN MEAT; GROUND BEEF; MEAT EXTRACTS; PRECOOKED MEALS THAT CONSIST TOTALLY OF SUBSTANTIALLY OF MEAT; MEAL OF MEAT IN CANS WITH DICED GOLDEN VEGETABLES; PREPARED MEALS THAT CONSIST TOTALLY OR SUBSTANTIALLY OF GAME MEAT; MEAT, SMOKED MEAT, CANNED MEAT; PORK; CANNED PRESERVED MEAT; CANNED BEEF; PRESERVED MEAT. (Dkt. 316-1, p. 10).

MEAT, FISH, FOWL, AND GAME; MEAT EXTRACTS; CANNED, DRY, AND COOKED FRUITS AND VEGETABLES; MARMALADES, JELLIES; AND JAMS; EGGS, MILK AND MILK PRODUCTS; EDIBLE OILS AND GREASES. (Dkt. 316-1, p. 24).

MEAT, FISH, FOWL, AND GAME; MEAT EXTRACTS; CANNED, DRY, AND COOKED FRUITS AND VEGETABLES; MARMALADES, JELLIES, AND JAMS; EGGS, MILK AND MILK PRODUCTS; EDIBLE OILS AND GREASES. (Dkt. 316-1, p. 29).

Latinfood's U.S. Registration for Zenu describes more specific food categories than Industria's overly broad classifications, along with fruit, dairy and other products, which according to the IAC, must be the "same product" as those used by Industria in Colombia. IAC, ch. III, art. 18. Clearly, they are not. Thus, Latinfood's registration does not fall within the plain or generic meaning of the term "meat, fish, poultry and game" covered under Industria's registrations.

Accordingly, Plaintiff's Colombian registration products are not identical, nor even substantially similar to Latinfood's Zenu products and Industria's reliance on "Meat, Fish, Fowl and Game" is misplaced.

**B**. Secondly, Plaintiff had every opportunity to produce certified copies of its Colombian Zenu and Ranchera registrations but failed or refused to fulfil their discovery obligation during 5+ years of discovery. On May 15, 2017, Latinfood served its First Set Of Requests For Production of Documents to Plaintiff requesting that it produce "all documents which record, refer to, or relate to Plaintiff's use of the term "ZENÚ" in connection with any goods and/or services separately in

---

[2] https://www.wipo.int/classifications/nice/nclpub/en/fr/?basic_numbers=show&class_number=30&explanatory_notes=show&gors=&lang=en&menulang=en&mode=flat&notion=&pagination=no&version=20230101

[3] https://www.wipo.int/classifications/nice/nclpub/en/fr/?basic_numbers=show&class_number=35&explanatory_notes=show&gors=&lang=en&menulang=en&mode=flat&notion=&pagination=no&version=20230101.

the United States and in other international territories."[4] Id. at ¶3.  Latinfood then followed up on September 15, 2018, with Defendants Second Set of Requests For  Production of Documents to Plaintiff again requesting the production of "all documents which record, refer to, or relate to Plaintiff's use of Plaintiff's Marks in the past 5 years, in connection with any goods and./or services separately in the United states, Colombia and in other international territories." Id. at ¶36.

Plaintiff never produced the requested documents in its Response to Defendants' First Set of Requests for Production of Documents, dated August 9, 2017, instead claiming that it "object[s] to this Document Request to the extent that it is overbroad and unduly burdensome because it does not contain a geographical or topical limitation. Plaintiff further objects to this Document Request to the extent that it is duplicative of all other Document Requests pertaining to the Plaintiff's use of the ZENÚ mark. Plaintiff is withholding materials on the basis of the foregoing objections.[5]"

Then on October 29, 2018, in its Response to Defendants' Second Set of Requests for Production of Documents[6], Plaintiff once again stated that it "objects to this Document Request to the extent that it is overbroad and unduly burdensome because it does not contain a topical limitation. Plaintiff further objects to this Document Request to the extent that it is duplicative of all other Document Requests pertaining to the Plaintiff's use of the Plaintiff's Marks. Plaintiff is withholding materials on the basis of the foregoing objections.[7]" Id.

The docket in this matter reflects numerous fact discovery extensions, and Plaintiff had ample opportunity to produce discovery relevant to Defendants' case and their defenses.  Plaintiff failed to comply, despite the fact that such documents were in their control and possession and clearly supported their claims. Here, Latinfood suffered surprise and extreme prejudice when Plaintiff was allowed additional time to submit certified foreign documents, post summary judgment[8], that are essential to Plaintiff's claims, well after the close of fact discovery, even though Plaintiff  did not demonstrate that its failure to serve the documents by the close of fact discovery was in any way justified.[9]

---

[4] See Defendants First Set of Requests for  Production of Documents to Plaintiff; Plaintiff's Second Set of Requests for Production of Documents To Counter Defendants,  attached hereto as Exhibit A.

[5] See Plaintiff's Response To Defendants' First Set of Requests for Production of Documents, dated August 9, 2017, attached hereto as Exhibit B.

[6] See Plaintiff's Response To Defendants' Second Set of Requests for Production of Documents, dated October 29, 2018, attached hereto as Exhibit C.

[7] Rule 26(e)(1) provides in relevant part: A party who has made a disclosure under Rule 26(a) - or who has responded to an interrogatory, request for production, or request for admission - must supplement or correct its
disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

[8]  See June 27, 2023 Order (Dkt. No. 298) and subsequent additional 14 day extension July 24, 2023 Order (Dkt. 308).

[9] It is well settled that a party's failure to timely produce plainly relevant and responsive discovery, and to timely supplement that discovery when that party knows its responses are incomplete or incorrect, may constitute withholding. *See, e.g., Wilczynski v. Redling*, 2014 U.S. Dist. LEXIS 149023 at *5-6 (D.N.J. Oct. 21, 2014)(finding violation of Rule 37(c) where defendant first disclosed relevant documents in motion for summary judgment, and barring defendant from using those documents at trial).

Now, Plaintiff has requested in their August 10, 2023 letter to the Court (Dkt. 316), "**that the Court lift the stay and issue the cancellation and injunction order, pursuant to the Opinion and Order, prohibiting Defendants from using Plaintiff's ZENÚ and RANCHERA trademarks.** (emphasis added).

Such immediate and permanent injunction will cause extreme prejudice and immediate and irreparable harm to Latinfood by threatening the existence of its' longstanding business.
In *Richardson v. Cascade Skating Rink*, 2022 U.S. Dist. LEXIS 49433, D.N.Y. Mar. 20, 2022) the Court emphasized the need to balance the hardships to the parties "to ensure that the issuance of an injunction would not harm the infringer more than a denial would harm the mark's owner." (Citing *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 197 (3d Cir. 1990)). Thus, "[a]n injunction should not be granted if its impact on the enjoined party would be more severe than the injury the moving party would suffer if it is not granted." *Optician*, 920 F.2d at 197.

Because Plaintiff failed to produce the requested registration documents during the years of discovery, and only finally provided uncertified copies of same as an attachment to Luis Salazar's Declaration in Support of Plaintiff's Motion for Summary Judgment (Dkt. No. 267-1, Exhs. H-M) on October 10, 2022, the Court should find that Plaintiff's' failure to provide the certified registrations during the long fact discovery period was not *substantially* justified and thus inadmissible.

Alternatively, the Court should continue its issued stay of the cancelation and injunction set forth in the June 27, 2023 Order (Dkt. No. 298) pending final judgment and/or resolution of the pending interlocutory appeal.[10]

Respectfully submitted,

THE INGBER LAW FIRM

  /Mark J. Ingber/
By: Mark J. Ingber, Esq.

---

[10] See Industria de Alimentos Zenu S.A.S. v. Latinfood U.S. Corporation, et al, 23-Civ. 2357 (Third Circuit Court of Appeals).