## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| INDUSTRIA DE ALIMENTOS ZENÚ S.A.S.<br>Plaintiff,<br><br>v.<br><br>LATINFOOD U.S. CORP. d/b/a ZENÚ<br>PRODUCTS CO. and WILSON ZULUAGA,<br><br>Defendants. | Civil Action No: 2:16-cv-06576<br>(KM) (MAH) |

## DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

Defendants Latinfood U.S. Corp. d/b/a Zenú Products Co. and Wilson Zuluaga ("Defendants"), through undersigned counsel, serves the following First Set of Interrogatories upon Plaintiff Industria de Alimentos Zenú, S.A.S. ("Plaintiff"). Pursuant to Rule 34 of the Federal Rules of Civil Procedure the following interrogatories must be answered under oath by Plaintiff within thirty (30) days of service.

### Instructions and Definitions

A.  The term "Plaintiff" refers to Industria de Alimentos Zenú, S.A.S., and includes all other partnerships, corporations or other business entities (whether or not separate legal entities) subsidiary to, parent to, or affiliated with Plaintiff, including all of its or their partners, principals, officers, directors, trustees, employees, staff members, agents and representatives, including counsel for Plaintiff.

1

B.  The terms "Plaintiff's Marks" refers to any designation and/or trademark used, purportedly used and/or intended to be used by Plaintiff to identify Plaintiff or the goods or services offered or promoted by Plaintiff in connection with that term or term.

C.  The term " Plaintiff's ZENÚ Application" refers to Plaintiff's trademark application with the United States Patent and Trademark Office, Serial No. 86459824 for "ZENÚ" for "Meat, fish, poultry and game; meat extracts; canned, frozen, dried and cooked fruits and vegetables; jellies, jams, compotes; eggs; milk and dairy products; edible oils and fats" in international Class 029.

D.  The term "Plaintiff's Cancelled Marks" refers to marks once held by Petitioner at the United States Patent and Trademark Office, which are now cancelled, including without limitation Registration/Serial Nos. 1,359,432; 1,404,280; 1,733,331; 2,848,103; and 78,443,270.

E.  The term "Defendant" refers to Latinfood U.S. Corp d/b/a Zenú Products Co. and/or its licensee(s), and includes all other partnerships, corporations or other business entities (whether or not separate legal entities) subsidiary to, parent to, or affiliated with Defendant Latinfood, including all of its or their partners, principals, officers, directors, trustees, employees, staff members, agents and representatives, including counsel for Defendant Latinfood.

F.  The term "Defendant's Marks" refers to Registration No. 4,402,942 for the mark and design "ZENÚ," registered on September 17, 2013 for "Bologna; Canned cooked meat; Canned fish; Chorizo; Hot dogs; Preserved meats and sausages; Processed meat; Sausages; Tuna fish" in international Class 029 and Application Serial No. 86/196974 for the mark "RANCHERA," filed on February 18, 2014 for "Bologna; Canned cooked meat; Canned fish; Processed meat; Tuna fish" in international Class 029.

G.  All responses shall be provided in English. All documents attached to Plaintiff's responses shall be provided in their original form, if any, and accompanied by an English translation.

H.  The term "person" refers to both natural persons and to corporate or other business entities, and the acts of a person are defined to include the acts of directors, officers, employees, agents, representatives or attorneys acting on the person's behalf.

I.  The terms "you" or "your" or "yours" refer to Plaintiff, to whom this request for production is addressed.

J.  Whenever the terms "documents" or "all documents" are used herein, these terms are meant to include all documents available to Plaintiff including, but not limited to, any written, recorded, graphic, or printed matter, in whatever form, whether printed and/or produced by hand or any other process, specifically including (1) all originals, copies or drafts, and (2) originals, copies or drafts on which appear any notes or writings placed thereon after the document was first printed, typed, recorded, or made into graphic matter, however produced or reproduced, in the actual or constructive possession of Defendants, including, without limitation, any letters, telegrams, memoranda, writings, circulars, monographs, bulletins, manuals, speeches, audio and video tapes, drawings, blueprints, recordings, computer disks or tapes, computer electronic or optical memory devices in readable form, computer printouts, computer electronic messages, notes, correspondence, communications of any nature, summaries of records of conversations or conferences, information which can be retrieved by any process, test and/or analysis, reports and data sheets, specifications, sketches, minutes or reports and/or summaries or interviews, reports and/or summaries of investigations, opinions or reports of consultants, agreements and contracts, brochures, pamphlets, advertisements, letters to the trade, and including any tangible things within the scope of Rule 34(a)(1), Federal

3

Rules of Civil Procedure. Any document bearing on any sheet or side thereof any marks not a part of the original text or any reproduction thereof is to be considered a separate document for purposes of responding to the following specific document requests.

K. The term "relate" (or variants thereof such as "relating" or "related"), when used in connection with a document or thing, shall mean, without limitation, any document that constitutes, contains, embodies, evidences, concerns, reflects, identifies, states, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

L. The term "communication" shall mean any oral or written statement, dialogue, colloquy, discussion or conversation, and also means any transfer of thoughts or ideas between persons by means of documents and includes any transfer of data from one location to another by electronic or similar means.

M. The term "representative" shall mean any and all agents, employees, servants, officers, directors, attorneys, accountants, or other persons acting or purporting to act on behalf of the person or entity in question.

N. The term "evidencing" shall mean having a tendency to show, prove or disprove.

O. The term "control" shall mean in your possession, custody or control or under your direction, and includes in the possession, custody or control of those under the direction of you or your employees, subordinates, counsel, accountant, consultant, expert, parent or affiliated corporation, depository banks and any person purporting to act on your behalf.

P. Should Plaintiff deem to be privileged any document concerning information which is requested by any of the following interrogatories, Plaintiff shall list such documents and supply information as requested concerning such documents, and additionally shall indicate that they claim privilege therefore, briefly state the nature of the document, the sender, the author, the

4

recipient of each copy, the date, the name of each person to whom the original or any copy was circulated, the names appearing on any circulation list of Defendants associated with such document, a summary statement of the subject matter(s) of such document in sufficient detail to permit the Court to conduct an analysis to reach a determination of any claim of privilege or exclusion and separate indication of the basis for assertion of privilege or the like for each such document.

Q.  Over and above the requirements of Rule 26(e) of the Federal Rules of Civil Procedure to supplement responses, it is requested that these discovery requests be treated as continuing. If Plaintiff becomes aware of any supplemental information or documents relating to these discovery requests and which were not included in the initial responses hereto, Plaintiff is requested to furnish said additional information or documents to the attorney for Plaintiff as soon as possible.

## REQUESTS FOR PRODUCTION

1.      Produce all documents which record, refer to, or relate to the organization, incorporation, structure, operation and activities of Plaintiff insofar as they relate to any products sold and/or services offered by and/or intended to be sold, offered or promoted by Petitioner under Petitioner's Marks in the United States and in other international territories.

2.      Produce all documents which record, refer to, or relate to any licenses, assignments, agreements, contracts, and/or arrangements between Plaintiff and any third party which relate in any manner to Plaintiff's Marks and/or any mark that includes the term "ZENÚ," including but not limited to, agreements separately in the United States and in other international territories.

3.      Produce all documents which record, refer to, or relate to Plaintiff's use of the term "ZENÚ" in connection with any goods and/or services separately in the United States and in other international territories.

4.      Produce all documents and/or communications which record, refer to, or relate to Plaintiff's decision to allow the cancellation or abandonment of the marks containing the term "ZENÚ" in commerce in the United States and Plaintiff's basis for refiling Plaintiff's ZENÚ Application.

5.      Produce all documents, advertisements, sales presentations, and/or communications that record, refer to, evidence, or relate to Plaintiff's use, intent to use, or intent not to use the term "ZENÚ" on any of its products, separately in the United States and in other international territories including, without limitation, documents reflecting the cause and purpose behind foregoing use of the mark and/or plans in place at the time of abandonment to effectuate commencement.

6.      Produce all documents which record, refer to, or relate to Plaintiff's sales or intended sales of any goods and/or services bearing "ZENÚ" as the source identifier, separately in the United States and in other international territories.

7.      Produce all documents which record, refer to, or relate to any searches, investigations, studies, analyses, or inquiries conducted by or on behalf of Plaintiff, or by any person acting for or on its behalf, regarding the availability and/or registrability of "ZENÚ", or of the term "ZENÚ" prior to Plaintiff's ZENÚ Application, separately in the United States and other international territories.

8.      Produce all documents which record, refer to, or relate to any website analytic data evidencing user visits for the United States and other international territories separately, and any

inquiries received by Plaintiff from consumers from the United States and other international territories separately.

9.     Produce all documents which refer to, relate to, or are in any way concerned with the preparation, filing and/or prosecution of any applications for registration, state or federal, of marks incorporating the term "ZENÚ" by Plaintiff.

10.     Produce a representative sample of each product which is being used or is intended to be used by Plaintiff in which Plaintiff's use of "ZENÚ" or any marks including the term "ZENÚ" appears, separately for in the United States and in other international territories, including the dates of creation, distribution channels and duration of product circulation.

11.     Produce documents with dates of creation, distribution channels and duration for all goods and/or services, in which Plaintiff's Marks appear, separately for in the United States and in other international territories.

12.     Produce all documents which record, refer to, or relate to Plaintiff's advertising and/or promotional expenditures, or expected advertising and/or promotional expenditures, for any goods offered for sale, sold and/or distributed under the "ZENÚ" mark or any other marks including the term "ZENÚ," separately for in the United States and in other international territories. This request includes, without limitation, the advertising medium, the dates of any such advertisements or promotions, the location of where the advertisements or promotions were disseminated and the cost associated with such advertisements and/or promotions.

13.     Produce all documents and communications which record, refer to, or relate to Plaintiff's past attendance or future intention to attend, any tradeshows or other events in the United States, including without limitation, the date of attendance, proof of attendance (or plans

to attend), all products and advertisements included in such attendance (or planned to include), and any sales data relating to such attendance.

14.     Produce all documents which record, refer to, or relate to the amount of sales (actual and/or projected) by calendar quarter of goods sold by or for Plaintiff bearing the "ZENÚ" mark or including the term "ZENÚ," separately in the United States and in other international territories. This request includes, without limitation, the identification of the goods or services, the number of units and/or services sold, the dates of the sales, country in which sales made, and the dollar value of the sales.

15.     Produce all documents that record, refer to, or relate to exportation of products bearing Plaintiff's Marks or any mark including the term "ZENÚ" to and/or from the United States, including without limitation the dates of transport and identification of the United States retailers and/or other wholesale locations. Specifically, documents that record, refer to, or relate to Plaintiff's assertions in Paragraph 22 of its Amended Complaint, which states that "[f]or several years, Plaintiff has obtained and packaged some of its products in the United States. These products are then exported for sale in Colombia."

16.     Produce all documents which record, refer to, or relate to any communication, oral or written, received by Plaintiff from any person, separately in the United States and other international territories which suggests, implies, or infers any connection or association between Defendants and Plaintiff, or which inquires as to whether there is or may be such a connection or association, based upon Plaintiff's and/or its licensees' or sublicensees' use of Plaintiff's Marks and/or any designation that includes the term "ZENÚ."

17.     Produce all documents which record, refer to, or relate to any instance or occurrence of likelihood of confusion and/or actual confusion on the part of any person, separately in the United

8

States and other International territories, between Defendants' use of the "ZENÚ" mark, and any of Plaintiff's Marks or potential marks.

18.     Produce all documents which record, evidence, refer to, or relate to Plaintiff's allegations in its Amended Complaint Paragraphs 8 and 45 that: Defendants have promoted themselves as an importer of Colombian products; it's goal is to "become the most reliable importer for food and specialty products from South and Central America;" and that Defendants claim "an exclusive distribution and importing rights agreement for the tri-state area" with a major product manufacturer in Colombia.

19.     Produce all documents which record, evidence, refer to, or relate to Plaintiff's allegation in its Amended Complaint Paragraph 72 that Defendants attempted to procure 400,000 of Plaintiff's labels from Plaintiff's own ZENÚ label provide in Medellín, Colombia.

20.     Produce all documents which record, refer to, or relate to any inquiry, investigation, evaluation, analysis, or survey conducted by Plaintiff or any person acting for or on behalf of Plaintiff regarding any issues involved in this proceeding.

21.     Produce all documents which record, refer to, or relate to any inquiry, investigation, evaluation, analysis, or survey conducted by Plaintiff or any person acting for or on behalf of Plaintiff with respect to Plaintiff's fame and assertions that Plaintiff's Marks are among the most well-known trademarks for sausages and meat products, separately in the United States and in other international territories.

22.     Produce all documents which record, refer to, or relate to any determination or opinion by Plaintiff or those acting on behalf of Plaintiff regarding Plaintiff's first awareness of Defendants' use of the ZENÚ mark.

23.     Produce all documents in Plaintiff's possession or control that refer or relate to Defendants or Defendants' Mark.

24.     Produce all documents which record, refer to, or relate to Defendants' Mark, website, advertising, intended advertising, sales, promotion, and/or intended promotion of any goods and/or services related to the ZENÚ mark in any country or international body.

25.     Produce all documents which record, evidence, refer to, or relate to Plaintiff's allegations in Paragraph 45 of Plaintiff's Amended Complaint that Defendant "has promoted [the company] as an importer of Colombian products. Mr. Zuluaga has remarked that the company's goal is to "become the most reliable importer for food and specialty products from South and central America." In this vein, Defendants have touted that they possess "exclusive distribution importing rights agreement for the tri-state area" with a major product manufacturer in Colombia."

26.     Produce all documents which record, evidence, refer to, or relate to Plaintiff's allegations in its Amended Complaint Paragraphs 81-84 that: Defendants' labels identify the company as "Zenu Products US Inc.;" Defendants' labels bear a "linea de exportacion" line; Defendants' products are often featured in the import/foreign sections of grocery stores; and that Defendants' sales representatives advise store owners that it has full rights to the distribution of ZENÚ and RANCHERA marked products and led to believe that the products are the same sources as Plaintiff's products from Colombia.

27.     Produce all documents which record, evidence, refer to, or relate to Plaintiff's allegations in its Amended Complaint that Defendant has "been selling what, upon information and belief, are sub-par meat products bearing the RANCHERA mark, and thereby adversely affecting the future market of Plaintiff's RANCHERA products."

28.     Produce all documents which record, evidence, refer to, or relate to Plaintiff's allegations in Paragraph 43 of Plaintiff's Complaint that Wilson Zuluaga "launched Latinfood as a result of his observation that there was a demand for specialty products from Colombia in the tri-state area, which is home to large population of Colombian-Americans."

29.     Produce all press releases, articles and clippings relating to or commenting on goods or services marketed or sold under Plaintiff's Marks, separately in the United States and in other international territories.

30.     Produce a copy of all documents, other than those produced to any of the foregoing requests, upon which Plaintiff intends to rely in connection with this Court proceeding, including without limitation documents and things Plaintiff may offer as evidence to support its contention that it holds superior rights in each of the Plaintiff's Marks.

31.     Produce all documents or communications relating or referring to any alleged damage or injury that Plaintiff has alleged suffered or will suffer as a consequence of the alleged use of any of the Plaintiff's Marks or any mark confusingly similar thereto by Defendants.

32.     Produce all documents identified in response to Defendants' First Set of Interrogatories to Plaintiff not produced in response to the above requests.


Dated: Millburn, New Jersey
May 15, 2017


_____
Mark J. Ingber, Esq.
The Ingber Law Firm
374 Millburn Avenue
Suite 301
Millburn, New Jersey 07041
(973) 921-0080
*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 15, 2017 a copy of the Defendants First Set of Requests for

Production of Documents to Plaintiff was served via e-mail to Plaintiff, via counsel of record, as

follows:

Sarah Levitan, Esq.
Reed Smith LLP
599 Lexington Avenue
New York, NY 10022

Mark J. Ingber, Esq.
Attorney for Defendants

12

MARK J. INGBER, ESQ.
The Ingber Law Firm
51 JFK PKWY, 1st Floor West, Suite 159
Short Hills, New Jersey 07078
Tel: (973) 921-0080
*Attorneys for the Defendants and Counter Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| INDUSTRIA DE ALIMENTOS ZENÚ S.A.S., <br><br>     Plaintiff, <br><br> v. <br><br> LATINFOOD U.S. CORP. d/b/a ZENÚ PRODUCTS CO. and WILSON ZULUAGA <br><br>     Defendants/Counter Plaintiff, | Civil Action No: 2:16-CV-06576 |
| LATINFOOD U.S. CORP. d/b/a ZENÚ PRODUCTS CO., <br><br>     Defendant/Counter Plaintiff <br> v. <br><br> INDUSTRIA DE ALIMENTOS ZENÚ S.A.S and CORDIALSA USA, INC. <br><br>     Counter Defendants. | |

## DEFENDANT'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

Defendant Latinfood U.S. Corp. d/b/a Zenú Products Co. ("Defendant"), through undersigned

counsel, serves the following Second Set of Requests for Production of Documents upon Plaintiff,

Industria de Alimentos Zenú, S.A.S.  Pursuant to Rule 34 of the Federal Rules of Civil Procedure

1

the following requests for production of documents must be answered under oath by Plaintiff within thirty (30) days of service.

## Instructions and Definitions

A. The term "Plaintiff" refers to Industria de Alimentos Zenú, S.A.S. and includes all other partnerships, corporations or other business entities (whether or not separate legal entities) subsidiary to, parent to, or affiliated with Plaintiff, including all of its or their partners, principals, officers, directors, trustees, employees, staff members, agents (including CordialSA) and representatives, including counsel for Plaintiff.

B. The terms "Plaintiff's Marks" refers to any designation and/or trademark utilizing the terms "ZENÚ" and/or "RANCHERA," used, purportedly used and/or intended to be used by Industria de Alimentos Zenú, S.A.S. to identify Industria de Alimentos Zenú, S.A.S. or the goods or services offered or promoted by Industria de Alimentos Zenú, S.A.S.

C. The term "Industria's ZENÚ Application" refers to Industria de Alimentos Zenú, S.A.S's trademark application to the United States Patent and Trademark Office, Serial No. 86459824 for "ZENÚ" for "Meat, fish, poultry and game; meat extracts; canned, frozen, dried and cooked fruits and vegetables; jellies, jams, compotes; eggs; milk and dairy products; edible oils and fats" in international Class 029.

D. The term "Industria's Cancelled Marks" refers to marks once held by Industria de Alimentos Zenú, S.A.S at the United States Patent and Trademark Office, which are now cancelled, including without limitation Registration/Serial Nos. 1,359,432; 1,404, 280; 1,733,331; 2,848,103; and 78,443,270.

E. The term "Defendant" refers to Latinfood U.S. Corp d/b/a Zenú Products Co. and/or its licensee(s), and includes all other partnerships, corporations or other business entities (whether

2

or not separate legal entities) subsidiary to, parent to, or affiliated with Defendant, including

all of its or their partners, principals, officers, directors, trustees, employees, staff members,

agents and representatives, including counsel for Defendant.

F.  The term "Defendant's Mark" refers to Registration No. 4,402,942 for the mark and design

"ZENÚ," registered on September 17, 2013 for "Bologna; Canned cooked meat; Canned fish;

Chorizo; Hot dogs; Preserved meats and sausages; Processed meat; Sausages; Tuna fish" in

international Class 029.

G. All responses shall be provided in English. All documents attached to Defendants'

responses shall be provided in their original form, if any, and accompanied by an English

translation

H. The term "person" refers to both natural persons and to corporate or other business entities,

and the acts of a person are defined to include the acts of directors, officers, employees, agents,

representatives or attorneys acting on the person's behalf.

I.   The terms "you" or "your" or "yours" refer to Plaintiff, to whom this request for production

is addressed.

J.   Whenever the terms "documents" or "all documents" are used herein, these terms are

meant to include all documents available to Plaintiff including, but not limited to, any written,

recorded, graphic, or printed matter, in whatever form, whether printed and/or produced by

hand or any other process, specifically including (1) all originals, copies or drafts, and (2)

originals, copies or drafts on which appear any notes or writings placed thereon after the

document was first printed, typed, recorded, or made into graphic matter, however produced

or reproduced, in the actual or constructive possession of Plaintiff, including, without

limitation, any letters, telegrams, memoranda, writings, circulars, monographs, bulletins,

3

manuals, speeches, audio and video tapes, drawings, blueprints, recordings, computer disks or tapes, computer electronic or optical memory devices in readable form, computer printouts, computer electronic messages, notes, correspondence, communications of any nature, summaries of records of conversations or conferences, information which can be retrieved by any process, test and/or analysis, reports and data sheets, specifications, sketches, minutes or reports and/or summaries or interviews, reports and/or summaries of investigations, opinions or reports of consultants, agreements and contracts, brochures, pamphlets, advertisements, letters to the trade, and including any tangible things within the scope of Rule 34(a)(1), Federal Rules of Civil Procedure. Any document bearing on any sheet or side thereof any marks not a part of the original text or any reproduction thereof is to be considered a separate document for purposes of responding to the following specific document requests.

K.  The term "relate" (or variants thereof such as "relating" or "related"), when used in connection with a document or thing, shall mean, without limitation, any document that constitutes, contains, embodies, evidences, concerns, reflects, identifies, states, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

L.  The term "communication" shall mean any oral or written statement, dialogue, colloquy, discussion or conversation, and also means any transfer of thoughts or ideas between persons by means of documents and includes any transfer of data from one location to another by electronic or similar means.

M. The term "representative" shall mean any and all agents, employees, servants, officers, directors, attorneys, accountants, or other persons acting or purporting to act on behalf of the person or entity in question.

N.  The term "evidencing" shall mean having a tendency to show, prove or disprove.

4

O. The term "control" shall mean in your possession, custody or control or under your direction, and includes in the possession, custody or control of those under the direction of you or your employees, subordinates, counsel, accountant, consultant, expert, parent or affiliated corporation, depository banks and any person purporting to act on your behalf.

P. Should Plaintiff deem to be privileged any document concerning information which is requested by any of the following requests for production of documents, Plaintiff shall list such documents and supply information as requested concerning such documents, and additionally shall indicate that they claim privilege therefore, briefly state the nature of the document, the sender, the author, the recipient of each copy, the date, the name of each person to whom the original or any copy was circulated, the names appearing on any circulation list of Plaintiff associated with such document, a summary statement of the subject matter(s) of such document in sufficient detail to permit the Court to conduct an analysis to reach a determination of any claim of privilege or exclusion and separate indication of the basis for assertion of privilege or the like for each such document.

Q. Over and above the requirements of Rule 26(e) of the Federal Rules of Civil Procedure to supplement responses, it is requested that these discovery requests be treated as continuing. If Plaintiff becomes aware of any supplemental information or documents relating to these discovery requests and which were not included in the initial responses hereto, Plaintiff is requested to furnish said additional information or documents to the attorney for Defendants as soon as possible.

## REQUESTS FOR PRODUCTION

34. Produce all documents which record, refer to, or relate to the organization, incorporation, structure, operation and activities of Plaintiff in the past 5 years insofar as they relate to any products with Plaintiff's Marks that are distributed/sold and/or services offered by and/or intended to be distributed/sold, offered or promoted by Defendant Industria in the United States, Columbia and in other international territories.

35. Produce all documents which record, refer to, or relate to any licenses, assignments, agreements, contracts, and/or arrangements between Plaintiff and any third party in the past 5 years, which relate in any manner to Plaintiff's Marks including but not limited to, agreements separately in the United States, Columbia and in other international territories.

36. Produce all documents which record, refer to, or relate to Plaintiff's use of Plaintiff's Marks in the past 5 years, in connection with any goods and/or services separately in the United States, Columbia and in other international territories.

37. Produce all documents and/or communications which record, refer to, or relate to Plaintiff's decision to allow the cancellation or abandonment of the marks containing the

Plaintiff's Marks in commerce in the United States and Plaintiff's basis for refiling Application for Plaintiff's Marks.

38. Produce all documents, advertisements, sales presentations, and/or communications that record, refer to, evidence, or relate to Plaintiff's use, intent to use, or intent to us or not to use Plaintiff's Marks on any of its products, separately in the United States, Columbia and in other international territories in the past 5 years, including, without limitation, documents reflecting the cause and purpose behind foregoing use of the mark and/or plans in place at the time of abandonment to effectuate commencement.

39. Produce all documents which record, refer to, or relate to Plaintiff's sales or intended sales in the past 5 years, of any goods and/or services bearing Plaintiff's Marks as the source identifier, separately in the United States, Columbia and in other international territories.

40. Produce all documents which record, refer to, or relate to any searches, investigations, studies, analyses, or inquiries conducted in the past 5 years, by or on behalf of Plaintiff, or by any person acting for or on its behalf, regarding the availability and/or registrability of Plaintiff's Marks, separately in the United States, Columbia and other international territories.

41. Produce all documents from the past 5 years, which record, refer to, or relate to any website analytic data regarding Plaintiff's Marks, evidencing user visits for the United States, Columbia and other international territories separately, and any inquiries received by Plaintiff from consumers from the United States, Columbia and other international territories separately.

42. Produce all documents from the past 5 years, which refer to, relate to, or are in any way concerned with the preparation, filing and/or prosecution of any applications for registration, state or federal, of marks incorporating Plaintiff's Marks.

43. Produce a representative sample of each product which is being used or is intended to be used by Plaintiff in which Plaintiff's use of Plaintiff's Marks appears for the past 5 years, separately for in the United States, Columbia and in other international territories, including the dates of creation, distribution channels and duration of product circulation.

44. Produce documents with dates of creation, distribution channels and duration for all goods and/or services, in which Plaintiff's Marks appear for the past 5 years, separately for in the United States, Columbia and in other international territories.

45. Produce all documents which record, refer to, or relate to Plaintiff's advertising and/or promotional expenditures, or expected advertising and/or promotional expenditures in the past 5 years, for any goods offered for sale, sold and/or distributed under the Plaintiff's Marks, separately for in the United States, Columbia and in other international territories. This request includes, without limitation, the advertising medium, the dates of any such advertisements or promotions, the location of where the advertisements or promotions were disseminated, and the cost associated with such advertisements and/or promotions.

46. Produce all documents and communications which record, refer to, or relate to Plaintiff's past attendance or future intention to attend, any tradeshows or other events in the United States in the past 5 years, including without limitation, the date of attendance, proof of attendance (or plans to attend), all products and advertisements included in such attendance (or planned to include), and any sales data relating to such attendance.

47. Produce all documents which record, refer to, or relate to the amount of sales (actual and/or projected) for the past 5 years, by calendar quarter of goods sold by or for Plaintiff bearing Plaintiff's Marks separately in the United States, Columbia and in other international territories. This request includes, without limitation, the identification of the goods or services, the number of units and/or services sold, the dates of the sales, country in which sales made, and the dollar value of the sales.

9

48. Produce all documents that record, refer to, or relate to exportation of products bearing Plaintiff's Marks to and/or from the United States for the past 5 years, including without limitation the dates of transport and identification of the United States retailers and/or other wholesale locations. Specifically, documents that record, refer to, or relate to Plaintiff's assertions in Paragraph 22 of its Amended Complaint, which states that "[f]or several years, Plaintiff has obtained and packaged some of its products in the United States. These products are then exported for sale in Colombia."

49. Produce all documents from the past 5 years, which record, refer to, or relate to any communication, oral or written, received by Plaintiff from any person, separately in the United States and other international territories which suggests, implies, or infers any connection or association between Defendants and Plaintiff, or which inquires as to whether there is or may be such a connection or association, based upon Plaintiff's and/or its licensees' or sublicensees' use of Plaintiff's Marks and/or any designation that includes Plaintiff's Marks."

50. Produce all documents from the past 5 years, which record, refer to, or relate to any instance or occurrence of likelihood of confusion and/or actual confusion on the part of any person, separately in the United States, Columbia and other International territories, between Defendants' use of Plaintiff's Marks, and any of Plaintiff's Marks or potential marks.

51. Produce all documents which record, evidence, refer to, or relate to Plaintiff's allegation in its Amended Complaint Paragraph 72 that Defendants attempted to procure 400,000 of Plaintiff's labels from Plaintiff's own ZENÚ label provide in Medellín, Colombia beyond bates number: IAZ_DNJ0002359.

52. Produce all documents from the past 5 years, which record, refer to, or relate to any inquiry, investigation, evaluation, analysis, or survey conducted by Plaintiff or any person acting for or on behalf of Plaintiff regarding any issues involved in this proceeding.

53. Produce all documents from the past 5 years, which record, refer to, or relate to any inquiry, investigation, evaluation, analysis, or survey conducted by Plaintiff or any person acting for or on behalf of Plaintiff with respect to Plaintiff's fame and assertions that Plaintiff's Marks are among the most well-known trademarks for sausages and meat products in the United States.

11

54. Produce all documents from the past 5 years, which record, evidence, refer to, or relate to Plaintiff's allegations in its Amended Complaint that Defendant has "been selling what, upon information and belief, are sub-par meat products bearing the RANCHERA mark, and thereby adversely affecting the future market of Plaintiff's RANCHERA products."

55. Produce all press releases, articles and clippings relating to or commenting on goods or services marketed or sold under Plaintiff's Marks in the United States in the past 5 years.

56. Produce documents identifying the current address and contact information of John Joiro, aka John Jairo.

57. Produce all documents, which support Plaintiff's claims "that in December 2014 Mr. John Joiro, who identified himself as a Latinfood sales person stated that Latinfood had full rights to distribute the ZENÚ product line. Plaintiff further states that several store owners that offer Defendants' products for sale appear to believe the[y] carry the ZENÚ product line from Colombia."

58. Produce all documents in the past 5 years, concerning Plaintiff as a party to any litigation in Columbia involving Plaintiffs Marks, including marks incorporating Plaintiff's Marks.

59. Produce all documents concerning any Subpoena or other legal document served on Two Way Solutions, SAS ("TWS") in the past 5 years by Plaintiff and each/or any of its agents; representatives, employees, shareholders, directors, officers, members, managers, partners, servants, parents, subsidiaries, affiliates, predecessors-in-interest, successors-in-interest, attorneys, and any other person acting, directly or indirectly, on behalf of or in concert with the foregoing.

60. Produce all documents produced in response to said Subpoena or other legal document which was served on TWS by Plaintiff and each/or any of its agents; representatives, employees, shareholders, directors, officers, members, managers, partners, servants, parents, subsidiaries, affiliates, predecessors-in-interest, successors-in-interest, attorneys, and any other person acting, directly or indirectly, on behalf of or in concert with the foregoing.

61. Produce all documents which may demonstrate that Defendants obtained "ZENU" labels and/or "ZENU" labeled goods from TWS or any other non-United States company.

62. Produce all documents which may demonstrate that Defendants obtained "RANCHERA" labels and/or "RANCHERA" labeled goods from TWS or any other non-United States company.

63. Produce all litigation hold notices sent to Plaintiff and CORDIALSA USA, INC. in this lawsuit.

64. Produce all documents concerning any instructions given to Plaintiff and to CORDIALSA USA, INC. to preserve documents for this lawsuit.

65. Produce all documents relating to goods or services marketed or sold under Plaintiff's Marks in the United States for the past 5 years through Danielito's of Miami, Florida. This request includes, without limitation, the identification of the goods or services, the number of units and/or services sold, the dates of the sales, country in which sales made, and the dollar value of the sales.

66. Produce all documents relating to goods or services marketed or sold under Plaintiff's Marks in the United States for the past 5 years through the following website:

http://www.colombianimports.net/search.html?search%5Bkeywords%5D=zenu&_a=cate gory&token=0466444de188b3526bb1ca13a3c79ce4     This request includes, without limitation, the identification of the goods or services, the number of units and/or services sold, the dates of the sales, country in which sales made, and the dollar value of the sales.

67. Produce all documents which record, refer to, or relate to the relationship and communications between Plaintiff and Danielito's for the past 5 years.

68 .Produce all documents identified in response to Plaintiff's Second Set of Interrogatories to Defendant not produced in response to the above requests.

Dated: Short Hills, New Jersey
September 15, 2018

Mark J. Ingber, Esq.
The Ingber Law Firm
51 JFK PKWY, 1st Fl. West
Suite 159
Short Hills, New Jersey 07078
(973) 921-0080
*Attorneys for Defendants*

15

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2018 a copy of Defendant's Second Set of

Requests for Production of Documents to Plaintiff was served via e-mail to Plaintiff, via counsel

of record, as follows:

Peter D. Raymond (admitted *pro hac vice*)
Reed Smith LLP
599 Lexington Avenue
New York, New York 10022
PRaymond@ReedSmith.com

Tracy Zurzolo Quinn, Esq.
Reed Smith LLP
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, New Jersey 08540
TQuinn@reedsmith.com

Dated: Short Hills, New Jersey
September  15, 2018

Mark J. Ingber, Esq.

16