## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| INDUSTRIA DE ALIMENTOS ZENÚ S.A.S.<br><br>Plaintiff,<br><br>v.<br><br>LATINFOOD U.S. CORP. d/b/a ZENÚ PRODUCTS CO. and WILSON ZULUAGA,<br><br>Defendants. | Civil Action No: 2:16-cv-06576 (KM) (MAH) |

### PLAINTIFF'S RESPONSE TO DEFENDANTS' FIRST SET
### OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, plaintiff Industria de Alimentos Zenú S.A.S. ("Plaintiff") hereby responds to defendants Latinfood U.S. Corp. d/b/a Zenú Products Co. ("Latinfood") and Wilson Zuluaga (with Latinfood, "Defendants") First Set of Document Requests ("Document Requests") as follows:

### OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

Plaintiff objects to the following definitions set forth by Defendants in their Document Requests:

1.       Plaintiff objects to Defendants' definition of "Plaintiff" to include counsel for Plaintiff, as counsel does not maintain business records or non-privileged materials for Defendants.  Plaintiff Industria de Alimentos Zenú will provide documents and information from any parent, subsidiary, principal, officer, director, employees or staff members.

2.       Plaintiff objects to Defendants' definition of "control" to include counsel for Plaintiff, as counsel does not maintain business records or non-privileged materials for

Defendants.  Plaintiff Industria de Alimentos Zenú will provide documents and information from any parent, subsidiary, principal, officer, director, employees or staff members.

3.      Plaintiff objects to Defendants' definition of "Plaintiff's Marks" as encompassing all designations and trademarks used by "Plaintiff" (the defined term to include all subsidiaries, parents, partners or other affiliates of Industria de Alimentos Zenú S.A.S.) because it is overly broad and encompasses numerous marks and brands that are not the subject of this litigation. Plaintiff will only provide documents and information pertaining to the ZENÚ and RANCHERA designations or trademarks.

4.      Plaintiff objects to Defendants' instruction in paragraph P, as it appears to relate to interrogatories, and therefore requires clarification.

## <u>GENERAL OBJECTIONS</u>

These General Objections form a part of each response.  Thus, the absence of a reference to a General Objection should not be construed as a waiver of the General Objections to a specific Document Request.

1.      Plaintiff objects to the Document Requests to the extent that they seek information that is not relevant to this action, immaterial, or not reasonably calculated to lead to the discovery of admissible evidence in this action.

2.      Plaintiff objects to the Document Requests to the extent that they are vague, ambiguous and, thus, not susceptible to a reasoned interpretation or response.

3.      Plaintiff objects to the Document Requests to the extent that they are overbroad, unduly burdensome, oppressive, unreasonably cumulative and/or duplicative.

4.      Plaintiff objects to the Document Requests to the extent that the documents sought are not within Plaintiff's possession, custody or control.

5.      Plaintiff objects to the Document Requests to the extent that they seek documents that are publicly available or already or equally in the Defendants' possession, custody or control.  Likewise, Plaintiff objects to the Document Requests to the extent that the information sought is clearly in the possession of a party other than Plaintiff.

6.      Plaintiff objects to the Document Requests to the extent that they seek documents from a time period not relevant to this action.

7.      Plaintiff objects to the Document Requests to the extent that they seek confidential business, financial and/or proprietary information.

8.      Plaintiff objects to the Document Requests to the extent that they seek information about Plaintiff's sales and products without a geographical limitation.

9.      Plaintiff objects to the Document Requests to the extent that they seek documents protected by the attorney-client privilege both under federal law and pursuant to N.J.S.A. 2A:84-A-20, the work-product doctrine and/or other applicable privileges or immunities.  Such information shall not be provided in response hereto, and inadvertent disclosure of the same shall not be deemed a waiver of any such privilege or immunity.

10.      Plaintiff objects to the Document Requests to the extent that they seek documents already produced to Defendants in connection with the proceeding before the Trademark Trial and Appeal Board, Proceeding No. 92059947.  As set forth by Magistrate Judge Hammer in the scheduling conference on April 5, 2017, such duplicative discovery should be avoided. Accordingly, any documents already produced to Defendants shall not be provided in response hereto.

11.     Plaintiff objects to the definitions and instructions provided in the Document Requests to the extent that they exceed the requirements established by the Federal Rules of Civil Procedure and/or the Local Rules of this Court.

12.     No response or objection made herein, or lack thereof, shall be deemed an admission by Plaintiff as to the existence or nonexistence of certain documents.

13.     Plaintiff's failure to object to the Document Requests on a particular ground shall not be construed as a waiver of its right to object on that or any other additional grounds.

14.     Plaintiff reserves the right to modify, amend and/or supplement their responses to the Document Requests at any time both during discovery and at trial.

15.     Plaintiff's responses are made without waiver, and with preservation of, all objections as to competency, relevancy, materiality, privilege and admissibility of the responses and the subject matter thereof as evidence for any purposes in any further proceeding in this action (including the trial of this action) and any other action or proceeding.

## SPECIFIC OBJECTIONS AND RESPONSES

Plaintiff incorporates by reference its General Objections in response to each of the Document Requests set forth below.  Expressly reserving their right to amend and supplement their responses to any and all of these Document Requests, Plaintiff makes the following responses while reserving the right to make additional objections as may be deemed appropriate during the course of these proceedings:

1.     Produce all documents which record, refer to, or relate to the organization, incorporation, structure, operation and activities of Plaintiff insofar as they relate to any products sold and/or services offered by and/or intended to be sold, offered or promoted by Petitioner under Petitioner's Marks in the United States and in other international territories.

**RESPONSE:**  Plaintiff objects to this Document Request to the extent that it seeks information that is not relevant to this action, immaterial, or not reasonably calculated to lead to the discovery of admissible evidence in this action.  Plaintiff further objects to this Document Request to the extent that it is vague, ambiguous and, thus, not susceptible to a reasoned interpretation or response.  Plaintiff further objects to the use of "Petitioner" as it is not a term defined by Defendants or subject to a reasoned interpretation.  Plaintiff further objects to this Document Request to the extent that it is overbroad and unduly burdensome because it pertains to all of Plaintiff's products rather than just the ZENÚ and RANCHERA products at issue.  Plaintiff is withholding materials on the basis of the foregoing objections.

2.       Produce all documents which record, refer to, or relate to any licenses, assignments, agreements, contracts, and/or arrangements between Plaintiff and any third party which relate in any manner to Plaintiff's Marks and/or any mark that includes the term "ZENÚ," including but not limited to, agreements separately in the United States and in other international territories.

**RESPONSE:**  Plaintiff objects to this Document Request to the extent that it seeks information that is not relevant to this action, immaterial, or not reasonably calculated to lead to the discovery of admissible evidence in this action.  Plaintiff objects to this Document Request to the extent it is overbroad and unduly burdensome because it does not contain a topical, temporal or geographical limitation.  Plaintiff further objects to this Document Request for its use of "Plaintiff's Marks" as it is overbroad and encompasses a large number of brands not at issue in

this litigation.  Plaintiff further objects to this Document Request to the extent that it seeks

confidential business, financial and/or proprietary information.

       Subject to and without waiver of the foregoing objections and the General Objections,

Plaintiff will produce documents concerning any licenses or assignment of rights in the ZENÚ or

RANCHERA marks, to the extent such documents exist.  Plaintiff is withholding any responsive

documents that do not fall within this specified search on the basis of the foregoing objections.


    3.    Produce all documents which record, refer to, or relate to Plaintiff's use of the term

"ZENÚ" in connection with any goods and/or services separately in the United States and in

other international territories.


**RESPONSE:**  Plaintiff objects to this Document Request to the extent that it is overbroad and

unduly burdensome because it does not contain a geographical or topical limitation. Plaintiff

further objects to this Document Request to the extent that it is duplicative of all other Document

Requests pertaining to the Plaintiff's use of the ZENÚ mark.  Plaintiff is withholding materials

on the basis of the foregoing objections.


    4.    Produce all documents and/or communications which record, refer to, or relate to

Plaintiffs decision to allow the cancellation or abandonment of the marks containing the term

"ZENÚ" in commerce in the United States and Plaintiffs basis for refiling Plaintiff's ZENÚ

Application.

**RESPONSE:**  Plaintiff objects to this Document Request to the extent that it seeks documents protected by the attorney-client privilege and the work-product doctrine as recognized under federal law and pursuant to N.J.S.A. 2A:84A-20 and will be withholding existing privileged documents on these grounds.  Subject to and without waiver of the foregoing objections and the General Objections, Plaintiff states that, at this time it is not aware of any non-privileged documents responsive to this request.

5.      Produce all documents, advertisements, sales presentations, and/or communications that record, refer to, evidence, or relate to Plaintiff's use, intent to use, or intent not to use the term "ZENÚ" on any of its products, separately in the United States and in other international territories including, without limitation, documents reflecting the cause and purpose behind foregoing use of the mark and/or plans in place at the time of abandonment to effectuate commencement.

**RESPONSE:**  Plaintiff objects to this Document Request to the extent that it is vague, ambiguous and, thus, not susceptible to a reasoned interpretation or response.  Plaintiff further objects to this Document Request to the extent that it seeks information that is not relevant to this action, immaterial, or not reasonably calculated to lead to the discovery of admissible evidence in this action.  Plaintiff further objects to this document request to the extent it is overbroad and unduly burdensome because it lacks a temporal or geographic limitation.  Plaintiff further objects to this Document Request to the extent that it seeks confidential business, financial and/or proprietary information.   Plaintiff further objects to this Document Request to the extent it is duplicative of Document Request Number 4.  Plaintiff objects to this Document Request to the

extent that it seeks documents protected by the attorney-client privilege and the work-product doctrine as recognized under federal law and pursuant to N.J.S.A. 2A:84A-20 and will be withholding existing privileged documents on these grounds.  Because Plaintiff cannot ascertain what information is sought by Defendants in this Document Request, Plaintiff is withholding materials on the basis of the foregoing objections.

6.      Produce all documents which record, refer to, or relate to Plaintiff's sales or intended sales of any goods and/or services bearing "ZENÚ" as the source identifier, separately in the United States and in other international territories.

**RESPONSE:**  Plaintiff objects to this Document Request to the extent that it is overbroad and unduly burdensome because it does not contain a geographical or temporal limitation.  Plaintiff further objects to this Document Request to the extent that it seeks documents already produced to Defendants in connection with the proceeding before the Trademark Trial and Appeal Board, Proceeding No. 92059947.

Subject to and without waiver of the foregoing objections and the General Objections, Plaintiff will produce materials pertaining to the sales and promotion of its ZENÚ-branded products, to the extent such documents exist.

7.      Produce all documents which record, refer to, or relate to any searches, investigations, studies, analyses, or inquiries conducted by or on behalf of Plaintiff, or by any person acting for or on its behalf, regarding the availability and/or registrability of "ZENÚ", or of the term

"ZENÚ" prior to Plaintiffs ZENÚ Application, separately in the United States and other international territories.

**RESPONSE:**  Plaintiff objects to this Document Request to the extent that it seeks information that is not relevant to this action, immaterial, or not reasonably calculated to lead to the discovery of admissible evidence in this action.   Plaintiff further objects to this Document Request to the extent that it is over broad and unduly burdensome because it contains no temporal or geographical limitation. Plaintiff further objects to this Document Request to the extent that it seeks documents protected by the attorney-client privilege and the work-product doctrine as recognized under federal law and pursuant to N.J.S.A. 2A:84A-20 and will be withholding existing privileged documents on these grounds.  Plaintiff further objects to this Document Request to the extent that it seeks documents already produced to Defendants in connection with the proceeding before the Trademark Trial and Appeal Board, Proceeding No. 92059947.

Subject to the foregoing objections and the General Objections, Plaintiff will produce non-privileged documents in response to this Document Request, to the extent such documents were not previously produced to Defendants in the proceeding before the TTAB and to the extent such documents exist.

8.      Produce all documents which record, refer to, or relate to any website analytic data evidencing user visits for the United States and other international territories separately, and any inquiries received by Plaintiff from consumers from the United States and other international territories separately.

**RESPONSE:**  Plaintiff objects to this Document Request to the extent it is overbroad and unduly burdensome because it does not have a temporal or geographic limitation.  Plaintiff further objects to this Document Request to the extent that it is vague, ambiguous and, thus, not susceptible to a reasoned interpretation or response.

Subject to and without waiver of the foregoing objections and the General Objections, Plaintiff will produce documents to establish the volume of web traffic to Plaintiff's ZENÚ website, www.zenu.com.co, from users in the United States.  Plaintiff is withholding any responsive documents that do not fall within this specified search on the basis of the foregoing objections.

9.      Produce all documents which refer to, relate to, or are in any way concerned with the preparation, filing and/or prosecution of any applications for registration, state or federal, of marks incorporating the term "ZENÚ" by Plaintiff.

**RESPONSE:**  Plaintiff objects to this Document Request to the extent that it seeks information that is not relevant to this action, immaterial, or not reasonably calculated to lead to the discovery of admissible evidence in this action.  Plaintiff further objects to this Document Request to the extent that it is overbroad and unduly burdensome because it does not have a temporal or geographic limitation.  Plaintiff objects to this Document Request to the extent that it seeks documents protected by the attorney-client privilege and the work-product doctrine as recognized under federal law and pursuant to N.J.S.A. 2A:84A-20 and will be withholding existing privileged documents on these grounds.

Subject to and without waiver of the foregoing objections and the General Objections, Plaintiff will produce non-privileged documents concerning any trademark applications by Plaintiff for marks incorporating the term ZENÚ in the United States, to the extent such documents exist.

10.     Produce a representative sample of each product which is being used or is intended to be used by Plaintiff in which Plaintiff's use of "ZENÚ" or any marks including the term "ZENÚ" appears, separately for in the United States and in other international territories, including the dates of creation, distribution channels and duration of product circulation.

**RESPONSE:**  Plaintiff objects to this Document Request to the extent that it seeks information that is not relevant to this action, immaterial, or not reasonably calculated to lead to the discovery of admissible evidence in this action.  Plaintiff further objects to this Document Request to the extent it is overly broad and unduly burdensome because it does not have a temporal or geographical limitation.   Plaintiff further objects to this Document Request to the extent that it seeks documents already produced to Defendants in connection with the proceeding before the Trademark Trial and Appeal Board, Proceeding No. 92059947.

Subject to and without waiver of the foregoing objections and the General Objections, Plaintiff will produce samples of its products bearing the ZENÚ mark, to the extent such documents exist.

11.     Produce documents with dates of creation, distribution channels and duration for all goods and/or services, in which Plaintiff's Marks appear, separately for in the United States and in other international territories.

**RESPONSE:**  Plaintiff objects to this Document Request to the extent that it seeks information that is not relevant to this action, immaterial, or not reasonably calculated to lead to the discovery of admissible evidence in this action.  Plaintiff further objects to this Document Request to the extent it vague, ambiguous and, thus, not susceptible to a reasoned interpretation or response. Plaintiff further objects to this Document Request to the extent it is overbroad and unduly burdensome because it does not have a temporal or geographic limitation.  Plaintiff further objects to this Document Request for its use of "Plaintiff's Marks" as it is overbroad and encompasses a large number of brands not at issue in this litigation.  Plaintiff further objects to this Document Request to the extent that it is duplicative of Document Request Number 10. Plaintiff is withholding materials on the basis of the foregoing objections.

12.     Produce all documents which record, refer to, or relate to Plaintiff's advertising and/or promotional expenditures, or expected advertising and/or promotional expenditures, for any goods offered for sale, sold and/or distributed under the "ZENÚ" mark or any other marks including the term "ZENÚ," separately for in the United States and in other international territories.  This request includes, without limitation, the advertising medium, the dates of any such advertisements or promotions, the location of where the advertisements or promotions were disseminated and the cost associated with such advertisements and/or promotions.

**RESPONSE:**  Plaintiff objects to this Document Request to the extent that it seeks information that is not relevant to this action, immaterial, or not reasonably calculated to lead to the discovery of admissible evidence in this action.  Plaintiff further objects to this Document Request to the extent it is overbroad and unduly burdensome because it does not have a temporal limitation. Plaintiff further objects to this Document Request to the extent that it seeks documents already produced to Defendants in connection with the proceeding before the Trademark Trial and Appeal Board, Proceeding No. 92059947.

Subject to the foregoing objections and the General Objections, Plaintiff will produce documents sufficient to establish Plaintiff's recent advertising expenditures for its ZENÚ mark, to the extent that such documents were not previously produced to Defendants in the proceeding before the TTAB and to the extent such documents exist.  Plaintiff is withholding any responsive documents that do not fall within this specified search on the basis of the foregoing objections.

13.     Produce all documents and communications which record, refer to, or relate to Plaintiff's past attendance or future intention to attend, any tradeshows or other events in the United States, including without limitation, the date of attendance, proof of attendance (or plans to attend), all products and advertisements included in such attendance (or planned to include), and any sales data relating to such attendance.

**RESPONSE:**  Plaintiff objects to this Document Request to the extent that it is vague, ambiguous and, thus, not susceptible to a reasoned interpretation or response.  Plaintiff further objects to this Document Request to the extent it is overbroad and unduly burdensome because it does not have a temporal limitation.

Subject to and without waiver of the foregoing objections and the General Objections, Plaintiff will produce documents responsive to this Document Request, to the extent such documents exist.

14.     Produce all documents which record, refer to, or relate to the amount of sales (actual and/or projected) by calendar quarter of goods sold by or for Plaintiff bearing the "ZENÚ" mark or including the term "ZENÚ," separately in the United States and in other international territories.  This request includes, without limitation, the identification of the goods or services, the number of units and/or services sold, the dates of the sales, country in which sales made, and the dollar value of the sales.

**RESPONSE:**  Plaintiff objects to this Document Request to the extent that it is overbroad and unduly burdensome because it does not contain a geographical or temporal limitation and seeks more detailed sales information than is relevant to this action.  Plaintiff further objects to this Document Request to the extent that it is duplicative of Document Request Number 6.  Plaintiff further objects to this Document Request to the extent that it seeks documents already produced to Defendants in connection with the proceeding before the Trademark Trial and Appeal Board, Proceeding No. 92059947.

Subject to and without waiver of the foregoing objections and the General Objections, Plaintiff will produce documents sufficient to establish Plaintiff's recent sales of ZENÚ products, to the extent such documents were not previously produced to Defendants in the proceeding before the TTAB.  Plaintiff is withholding any responsive documents that do not fall within this specified search on the basis of the foregoing objections.

15.     Produce all documents that record, refer to, or relate to exportation of products bearing Plaintiff's Marks or any mark including the term "ZENÚ" to and/or from the United States, including without limitation the dates of transport and identification of the United States retailers and/or other wholesale locations.  Specifically, documents that record, refer to, or relate to Plaintiff's assertions in Paragraph 22 of its Amended Complaint, which states that "[f]or several years, Plaintiff has obtained and packaged some of its products in the United States. These products are then exported for sale in Colombia."

**RESPONSE:**  Plaintiff objects to this Document Request to the extent that it is overbroad and unduly burdensome because it contains no temporal limitation and seeks more detailed information than is relevant to this action.  Plaintiff further objects to this Document Request to the extent it vague, ambiguous and, thus, not susceptible to a reasoned interpretation or response. Plaintiff further objects to this Document Request for its use of "Plaintiff's Marks" as it is overbroad and encompasses a large number of brands not at issue in this litigation.  Plaintiff further objects to this Document Request to the extent that it seeks documents already produced to Defendants in connection with the proceeding before the Trademark Trial and Appeal Board, Proceeding No. 92059947.

Subject to and without waiver of the foregoing objections, Plaintiff will produce documents sufficient to establish Plaintiff's exportation of ZENÚ products from the United States, to the extent such documents were not previously produced to Defendants in the proceeding before the TTAB and to the extent such documents exist.

16.     Produce all documents which record, refer to, or relate to any communication, oral or written, received by Plaintiff from any person, separately in the United States and other international territories which suggests, implies, or infers any connection or association between Defendants and Plaintiff, or which inquires as to whether there is or may be such a connection or association, based upon Plaintiff's and/or its licensees' or sublicensees' use of Plaintiff's Marks and/or any designation that includes the term "ZENÚ."

**RESPONSE:**  Plaintiff objects to this Document Request to the extent that it seeks documents protected by the attorney-client privilege and the work-product doctrine as recognized under federal law and pursuant to N.J.S.A. 2A:84A-20 and will be withholding existing privileged documents on these grounds.  Plaintiff further objects to this Document Request to the extent that it seeks documents already produced to Defendants in connection with the proceeding before the Trademark Trial and Appeal Board, Proceeding No. 92059947.

Subject to and without waiver of the foregoing objections and General Objections, Plaintiff will produce non-privileged documents that are responsive this Document Request, to the extent such documents exist.

17.     Produce all documents which record, refer to, or relate to any instance or occurrence of likelihood of confusion and/or actual confusion on the part of any person, separately in the United States and other International territories, between Defendants' use of the "ZENÚ" mark, and any of Plaintiff's Marks or potential marks.

**RESPONSE:**  Plaintiff objects to this Document Request to the extent that it seeks documents protected by the attorney-client privilege and the work-product doctrine as recognized under federal law and pursuant to N.J.S.A. 2A:84A-20 and will be withholding existing privileged documents on these grounds.  Plaintiff further objects to this Document Request for its use of "Plaintiff's Marks" as it is overbroad and encompasses a large number of brands not at issue in this litigation. Plaintiff further objects to this Document Request to the extent that it seeks documents already produced to Defendants in connection with the proceeding before the Trademark Trial and Appeal Board, Proceeding No. 92059947.  Plaintiff further objects to this Document Request to the extent that it is duplicative of Document Request Number 16.

Subject to and without waiver of the foregoing objections and the General Objections, Plaintiff will produce non-privileged documents related to any perceived consumer confusion regarding Defendants' use of the ZENÚ or RANCHERA marks, to the extent such documents exist.  Plaintiff is withholding any responsive documents that do not fall within this specified search on the basis of the foregoing objections.

18.     Produce all documents which record, evidence, refer to, or relate to Plaintiff's allegations in its Amended Complaint Paragraphs 8 and 45 that: Defendants have promoted themselves as an importer of Colombian products; it's goal is to "become the most reliable importer for food and specialty products from South and Central America;" and that Defendants claim "an exclusive distribution and importing rights agreement for the tri-state area" with a major product manufacturer in Colombia.

**RESPONSE:**  Plaintiff objects to this Document Request to the extent it seeks documents that are publicly available and therefore equally accessible to Defendants.

      Subject to and without waiver of the foregoing objections, Plaintiff refers Defendants to the article located at: https://www.sba.gov/offices/district/ny/new-york/success-stories/second-business-rises-brothers-bakery.

19.     Produce all documents which record, evidence, refer to, or relate to Plaintiff's allegation in its Amended Complaint Paragraph 72 that Defendants attempted to procure 400,000 of Plaintiff's labels from Plaintiff's own ZENÚ label provide in Medellín, Colombia.

**RESPONSE:**  Plaintiff objects to this Document Request to the extent that it seeks documents protected by the attorney-client privilege and the work-product doctrine as recognized under federal law and pursuant to N.J.S.A. 2A:84A-20 and will be withholding existing privileged documents on these grounds.

      Subject to and without waiver of the foregoing objections and the General Objections, Plaintiff will produce non-privileged documents concerning Defendants' attempts to procure Plaintiff's ZENÚ labels from its provider in Medellín, Colombia, to the extent such documents exist.

20.     Produce all documents which record, refer to, or relate to any inquiry, investigation, evaluation, analysis, or survey conducted by Plaintiff or any person acting for or on behalf of Plaintiff regarding any issues involved in this proceeding.

**RESPONSE:**  Plaintiff objects to this Document Request to the extent it vague, ambiguous and, thus, not susceptible to a reasoned interpretation or response.   Plaintiff further objects to this Document Request to the extent that it seeks documents protected by the attorney-client privilege and the work-product doctrine as recognized under federal law and pursuant to N.J.S.A. 2A:84A-20 and will be withholding existing privileged documents on these grounds.  To the extent this Document Request seeks expert disclosures, this Document Request is also premature.

Subject to and without waiver of the foregoing objections and General Objections, Plaintiff will produce non-privileged documents related to any investigation or analysis of Defendants' conduct or its impact, to the extent such documents exist.  Plaintiff is withholding any responsive documents that do not fall within this specified search on the basis of the foregoing objections.

21.     Produce all documents which record, refer to, or relate to any inquiry, investigation, evaluation, analysis, or survey conducted by Plaintiff or any person acting for or on behalf of Plaintiff with respect to Plaintiff's fame and assertions that Plaintiff's Marks are among the most well-known trademarks for sausages and meat products, separately in the United States and in other international territories.

**RESPONSE:**  Plaintiff objects to this Document Request to the extent the use of "Plaintiff's Marks" is overbroad and unduly burdensome.  Plaintiff further objects to this Document Request to the extent that it is overbroad and unduly burdensome because it does not have a temporal limitation.  Plaintiff further objects to this Document Request to the extent that it seeks

documents already produced to Defendants in connection with the proceeding before the Trademark Trial and Appeal Board, Proceeding No. 92059947.

Subject to and without waiver of the foregoing objections and the General Objections, Plaintiff will produce documents establishing consumer recognition of the ZENÚ and RANCHERA brands to the extent such documents were not previously produced to Defendants in the proceeding before the TTAB and to the extent such documents exist. Plaintiff is withholding any responsive documents that do not fall within this specified search on the basis of the foregoing objections.

22.     Produce all documents which record, refer to, or relate to any determination or opinion by Plaintiff or those acting on behalf of Plaintiff regarding Plaintiff's first awareness of Defendants' use of the ZENÚ mark.

**RESPONSE:**   Plaintiff objects to this Document Request to the extent that it is vague, ambiguous and, thus, not susceptible to a reasoned interpretation or response. Plaintiff further objects to this Document Request to the extent that it seeks documents protected by the attorney-client privilege and the work-product doctrine as recognized under federal law and pursuant to N.J.S.A. 2A:84A-20 and will be withholding existing privileged documents on these grounds. Plaintiff further objects to this Document Request to the extent that it is duplicative of Document Request Number 23.

Subject to and without waiver of the foregoing objections and General Objections, Plaintiff will produce non-privileged documents establishing when Plaintiff first became aware of Defendants' use of the ZENÚ mark, to the extent such documents exist.

23.     Produce all documents in Plaintiff's possession or control that refer or relate to Defendants or Defendants' Mark.

**RESPONSE:** Plaintiff objects to this Document Request to the extent that it is vague, ambiguous and, thus, not susceptible to a reasoned interpretation or response.  Plaintiff objects to this Document Request to the extent that it seeks documents protected by the attorney-client privilege and the work-product doctrine as recognized under federal law and pursuant to N.J.S.A. 2A:84A-20 and will be withholding existing privileged documents on these grounds.

Subject to and without waiver of the foregoing objections and the General Objections, Plaintiff will produce non-privileged documents in response to this Document Request, to the extent such documents exist.

24.     Produce all documents which record, refer to, or relate to Defendants' Mark, website, advertising, intended advertising, sales, promotion, and/or intended promotion of any goods and/or services related to the ZENÚ mark in any country or international body.

**RESPONSE:**  Plaintiff objects to this Document Request to the extent that it is vague, ambiguous and, thus, not susceptible to a reasoned interpretation or response.  Plaintiff further objects to this Document Requests to the extent it seeks documents that are already or equally in the Defendants' possession, custody or control.  Plaintiff objects to this Document Request to the extent that it seeks documents protected by the attorney-client privilege and the work-product doctrine as recognized under federal law and pursuant to N.J.S.A. 2A:84A-20 and will be

withholding existing privileged documents on these grounds.  Plaintiff further objects to this Document Request to the extent it is duplicative of Document Request Number 23.

Subject to and without waiver of the foregoing objections and the General Objections, Plaintiff will produce non-privileged documents in response to this Document Request, to the extent such documents exist.


25.     Produce all documents which record, evidence, refer to, or relate to Plaintiff's allegations in Paragraph 45 of Plaintiffs Amended Complaint that Defendant "has promoted [the company] as an importer of Colombian products.  Mr. Zuluaga has remarked that the company's goal is to "become the most reliable importer for food and specialty products from South and central America." In this vein, Defendants have touted that they possess "exclusive distribution importing rights agreement for the tri-state area" with a major product manufacturer in Colombia."


**RESPONSE:**  Plaintiff objects to this Document Request to the extent it seek documents that are publicly available and therefore equally accessible to Defendants.  Plaintiff further objects to this Document Request to the extent it is duplicative of Document Request Number 18.

Subject to and without waiver of the foregoing objections and the General Objections, Plaintiff refers Defendants to the article located at: https://www.sba.gov/offices/district/ny/new-york/success-stories/second-business-rises-brothers-bakery.


26.     Produce all documents which record, evidence, refer to, or relate to Plaintiff's allegations in its Amended Complaint Paragraphs 81-84 that: Defendants' labels identify the

company as "Zenu Products US Inc.;" Defendants' labels bear a "linea de exportacion" line; Defendants' products are often featured in the import/foreign sections of grocery stores; and that Defendants' sales representatives advise store owners that it has full rights to the distribution of ZENÚ and RANCHERA marked products and led to believe that the products are the same sources as Plaintiffs products from Colombia.

**RESPONSE:**  Plaintiff objects to this Document Request to the extent that it seeks documents protected by the attorney-client privilege and the work-product doctrine as recognized under federal law and pursuant to N.J.S.A. 2A:84A-20 and will be withholding existing privileged documents on these grounds.  Plaintiff further objects to this Document Request to the extent that it seeks documents that are already in Defendants' possession.

Subject to and without waiver of the foregoing objections and the General Objections, Plaintiff will produce non-privileged documents responsive to this Document Request, to the extent such documents exist.

27.     Produce all documents which record, evidence, refer to, or relate to Plaintiff's allegations in its Amended Complaint that Defendant has "been selling what, upon information and belief, are sub-par meat products bearing the RANCHERA mark, and thereby adversely affecting the future market of Plaintiffs RANCHERA products."

**RESPONSE:**  Plaintiff objects to this Document Request to the extent that it seeks documents protected by the attorney-client privilege and the work-product doctrine as recognized under federal law and pursuant to N.J.S.A. 2A:84A-20 and will be withholding existing privileged

documents on these grounds.  Plaintiff further objects to this Document Request to the extent that it seeks documents that are already in Defendants' possession.

Subject to and without waiver of the foregoing objections and the General Objections, Plaintiff will produce non-privileged documents responsive to this Document Request, to the extent such documents exist.


28.     Produce all documents which record, evidence, refer to, or relate to Plaintiff's allegations in Paragraph 43 of Plaintiff's Complaint that Wilson Zuluaga "launched Latinfood as a result of his observation that there was a demand for specialty products from Colombia in the tri-state area, which is home to large population of Colombian-Americans."


**RESPONSE:** Plaintiff objects to this Document Request to the extent it seek documents that are publicly available and therefore equally accessible to Defendants.  Plaintiff further objects to this Document Request to the extent it is duplicative of Document Requests Number 18 and 25.

Subject to and without waiver of the foregoing objections and the General Objections, Plaintiff refers Defendants to the article located at: https://www.sba.gov/offices/district/ny/new-york/success-stories/second-business-rises-brothers-bakery.


29.     Produce all press releases, articles and clippings relating to or commenting on goods or services marketed or sold under Plaintiff's Marks, separately in the United States and in other international territories.

**RESPONSE:**  Plaintiff objects to this Document Request to the extent that it seeks information

that is not relevant to this action, immaterial, or not reasonably calculated to lead to the discovery

of admissible evidence in this action.   Plaintiff further objects to this Document Request to the

extent that it is overbroad and unduly burdensome because it does not contain a topical, temporal

or geographical limitation.   Plaintiff objects to this Document Request to the extent the use of

"Plaintiff's Marks" is overbroad and unduly burdensome.  Plaintiff is withholding materials on

the basis of the foregoing objections.

30.     Produce a copy of all documents, other than those produced to any of the foregoing

requests, upon which Plaintiff intends to rely in connection with this Court proceeding, including

without limitation documents and things Plaintiff may offer as evidence to support its contention

that it holds superior rights in each of the Plaintiff's Marks.

**RESPONSE:**  Plaintiff objects to this Document Request to the extent the use of "Plaintiff's

Marks" is overbroad and unduly burdensome.  Plaintiff further objects to this request as

premature.  Subject to and without waiver of the foregoing objections and the General

Objections, Plaintiff reserves the right to produce documents in response to this Document

Request once discovery has concluded.

31.     Produce all documents or communications relating or referring to any alleged damage

or injury that Plaintiff has alleged suffered or will suffer as a consequence of the alleged use of

any of the Plaintiff's Marks or any mark confusingly similar thereto by Defendants.

**RESPONSE:** Plaintiff objects to this Document Request to the extent the use of "Plaintiff's Marks" is overbroad and unduly burdensome. Plaintiff further objects to this request as premature. Subject to and without waiver of the foregoing objections and General Objections, Plaintiff reserves the right to produce documents in response to this Document Request once discovery has concluded.

32.     Produce all documents identified in response to Defendants' First Set of Interrogatories to Plaintiff not produced in response to the above requests.

**RESPONSE:** Subject to and without waiver of the General Objections, Plaintiff will produce documents in response to this Document Request, to the extent such documents exist.

Dated:  New York, New York
        August 9, 2017                              REED SMITH LLP

                                          By:   s/ Sarah Levitan
                                                Peter D. Raymond (admitted *pro hac vice*)
                                                Sarah Levitan, Esq.
                                                599 Lexington Avenue
                                                New York, New York 10022
                                                Tel: (212) 521-5400

                                                Tracy Zurzolo Quinn, Esq.
                                                Princeton Forrestal Village
                                                136 Main Street, Suite 250
                                                Princeton, New Jersey 08540
                                                Tel: (609) 987-0050

                                                *Attorneys for Plaintiff*
                                                *Industria de Alimentos Zenú S.A.S.*

TO:   Mark J. Ingber
      The Ingber Law Firm
      Schoolhouse Plaza
      374 Millburn Avenue, Suite 301
      Millburn, New Jersey  07041

      *Attorney for Defendants Latinfood U.S. Corp.*
      *d/b/a Zenú Products Co. ("Latinfood") and*
      *Wilson Zuluaga*