# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| |
|---|
| INDUSTRIA DE ALIMENTOS ZENÚ S.A.S. |
| Plaintiff, |
| v. |
| LATINFOOD U.S. CORP. d/b/a ZENÚ PRODUCTS CO. and WILSON ZULUAGA, |
| Defendants. |

Civil Action No: 2:16-cv-06576 (KM) (MAH)

## PLAINTIFF'S RESPONSE TO DEFENDANTS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, plaintiff Industria de Alimentos Zenú S.A.S. ("Plaintiff") hereby responds to defendants Latinfood U.S. Corp. d/b/a Zenú Products Co. ("Latinfood") and Wilson Zuluaga (with Latinfood, "Defendants") Second Set of Document Requests ("Document Requests") as follows:

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

Plaintiff objects to the following definitions set forth by Defendants in their Document Requests:

1.      Plaintiff objects to Defendants' definition of "Plaintiff" to include counsel for Plaintiff, as counsel does not maintain business records or non-privileged materials for Defendants.  Plaintiff Industria de Alimentos Zenú will provide documents and information from any parent, subsidiary, principal, officer, director, employees or staff members.

2.      Plaintiff objects to Defendants' definition of "control" to include counsel for Plaintiff, as counsel does not maintain business records or non-privileged materials for

Defendants.  Plaintiff Industria de Alimentos Zenú will provide documents and information from any parent, subsidiary, principal, officer, director, employees or staff members.

## **GENERAL OBJECTIONS**

These General Objections form a part of each response.  Thus, the absence of a reference to a General Objection should not be construed as a waiver of the General Objections to a specific Document Request.

1.      Plaintiff objects to the Document Requests to the extent that they seek information that is not relevant to this action, immaterial, or not reasonably calculated to lead to the discovery of admissible evidence in this action.

2.      Plaintiff objects to the Document Requests to the extent that they are vague, ambiguous and, thus, not susceptible to a reasoned interpretation or response.

3.      Plaintiff objects to the Document Requests to the extent that they are overbroad, unduly burdensome, oppressive, unreasonably cumulative and/or duplicative.

4.      Plaintiff objects to the Document Requests to the extent that the documents sought are not within Plaintiff's possession, custody or control.

5.      Plaintiff objects to the Document Requests to the extent that they seek documents that are publicly available or already or equally in the Defendants' possession, custody or control.  Likewise, Plaintiff objects to the Document Requests to the extent that the information sought is clearly in the possession of a party other than Plaintiff.

6.      Plaintiff objects to the Document Requests to the extent that they seek documents from a time period not relevant to this action.

7.      Plaintiff objects to the Document Requests to the extent that they seek confidential business, financial and/or proprietary information.

8.      Plaintiff objects to the Document Requests to the extent that they seek information about Plaintiff's sales and products without a geographical limitation.

9.      Plaintiff objects to the Document Requests to the extent that they seek documents protected by the attorney-client privilege both under federal law and pursuant to N.J.S.A. 2A:84-A-20, the work-product doctrine and/or other applicable privileges or immunities.  Such information shall not be provided in response hereto, and inadvertent disclosure of the same shall not be deemed a waiver of any such privilege or immunity.

10.     Plaintiff objects to the Document Requests to the extent that they seek documents already produced to Defendants in connection with the proceeding before the Trademark Trial and Appeal Board, Proceeding No. 92059947, and to the extent that they seek documents already produced in this litigation.  As set forth by Magistrate Judge Hammer in the scheduling conference on April 5, 2017, such duplicative discovery should be avoided.  Accordingly, any documents already produced to Defendants shall not be provided in response hereto.

11.     Plaintiff objects to the definitions and instructions provided in the Document Requests to the extent that they exceed the requirements established by the Federal Rules of Civil Procedure and/or the Local Rules of this Court.

12.     No response or objection made herein, or lack thereof, shall be deemed an admission by Plaintiff as to the existence or nonexistence of certain documents.

13.     Plaintiff's failure to object to the Document Requests on a particular ground shall not be construed as a waiver of its right to object on that or any other additional grounds.

14.     Plaintiff reserves the right to modify, amend and/or supplement their responses to the Document Requests at any time both during discovery and at trial.

15.     Plaintiff's responses are made without waiver, and with preservation of, all objections as to competency, relevancy, materiality, privilege and admissibility of the responses and the subject matter thereof as evidence for any purposes in any further proceeding in this action (including the trial of this action) and any other action or proceeding.

## SPECIFIC OBJECTIONS AND RESPONSES

Plaintiff incorporates by reference its General Objections in response to each of the Document Requests set forth below.  Expressly reserving their right to amend and supplement their responses to any and all of these Document Requests, Plaintiff makes the following responses while reserving the right to make additional objections as may be deemed appropriate during the course of these proceedings:

34.     Produce all documents which record, refer to, or relate to the organization, incorporation, structure, operation and activities of Plaintiff in the past 5 years insofar as they relate to any products with Plaintiffs Marks that are distributed/sold and/or services offered by and/or intended to be distributed/sold, offered or promoted by Defendant Industria in the United States, Columbia and in other international territories.

**RESPONSE:**  Plaintiff objects to this Document Request to the extent that it seeks information that is not relevant to this action, immaterial, or not reasonably calculated to lead to the discovery of admissible evidence in this action.  Plaintiff further objects to this Document Request to the extent that it is vague, ambiguous and, thus, not susceptible to a reasoned interpretation or response.  Plaintiff is withholding materials on the basis of the foregoing objections.

35.     Produce all documents which record, refer to, or relate to any licenses, assignments, agreements, contracts, and/or arrangements between Plaintiff and any third party in the past 5

years, which relate in any manner to Plaintiffs Marks including but not limited to, agreements

separately in the United States, Columbia and in other international territories.

**RESPONSE:** Plaintiff objects to this Document Request to the extent that it seeks information

that is not relevant to this action, immaterial, or not reasonably calculated to lead to the discovery

of admissible evidence in this action. Plaintiff further objects to this Document Request to the

extent that it seeks confidential business, financial and/or proprietary information.

Subject to and without waiver of the foregoing objections and the General Objections,

Plaintiff has already produced documents concerning any licenses or assignment of rights in the

ZENÚ or RANCHERA marks, to the extent such documents exist.


36.    Produce all documents which record, refer to, or relate to Plaintiffs use of Plaintiffs

Marks in the past 5 years, in connection with any goods and/or services separately in the United

States, Columbia and in other international territories.

**RESPONSE:** Plaintiff objects to this Document Request to the extent that it is overbroad and

unduly burdensome because it does not contain a topical limitation. Plaintiff further objects to

this Document Request to the extent that it is duplicative of all other Document Requests

pertaining to the Plaintiff's use of the Plaintiff's Marks. Plaintiff is withholding materials on the

basis of the foregoing objections.


37.    Produce all documents and/or communications which record, refer to, or relate to

Plaintiffs decision to allow the cancellation or abandonment of the marks containing the

Plaintiffs Marks in commerce in the United States and Plaintiffs basis for refiling Application for

Plaintiffs Marks.

**RESPONSE:** Plaintiff objects to this Document Request to the extent that it seeks documents protected by the attorney-client privilege and the work-product doctrine as recognized under federal law and pursuant to N.J.S.A. 2A:84A-20 and will be withholding existing privileged documents on these grounds. Subject to and without waiver of the foregoing objections and the General Objections, Plaintiff states that, at this time it is not aware of any non-privileged documents responsive to this request.

38.      Produce all documents, advertisements, sales presentations, and/or communications that record, refer to, evidence, or relate to Plaintiffs use, intent to use, or intent to use or not to use Plaintiffs Marks on any of its products, separately in the United States, Columbia and in other international territories in the past 5 years, including, without limitation, documents reflecting the cause and purpose behind foregoing use of the mark and/or plans in place at the time of abandonment to effectuate commencement.

**RESPONSE:** Plaintiff objects to this Document Request to the extent that it is vague, ambiguous and, thus, not susceptible to a reasoned interpretation or response. Plaintiff further objects to this Document Request to the extent that it seeks information that is not relevant to this action, immaterial, or not reasonably calculated to lead to the discovery of admissible evidence in this action. Plaintiff further objects to this Document Request to the extent that it seeks confidential business, financial and/or proprietary information. Plaintiff further objects to this Document Request to the extent it is duplicative of Document Request 37. Plaintiff objects to this Document Request to the extent that it seeks documents protected by the attorney-client privilege and the work-product doctrine as recognized under federal law and pursuant to N.J.S.A.

2A:84A-20 and will be withholding existing privileged documents on these grounds.  Because Plaintiff cannot ascertain what information is sought by Defendants in this Document Request, Plaintiff is withholding materials on the basis of the foregoing objections.

39.    Produce all documents which record, refer to, or relate to Plaintiffs sales or intended sales in the past 5 years, of any goods and/or services bearing Plaintiffs Marks as the source identifier, separately in the United States, Columbia and in other international territories.

**RESPONSE:**  Plaintiff objects to this Document Request to the extent that it seeks documents already produced to Defendants in connection with the proceeding before the Trademark Trial and Appeal Board, Proceeding No. 92059947.  Plaintiff further objects to this Document Request to the extent that it seeks documents already produced to Defendants in response to Document Request 6.

Subject to and without waiver of the foregoing objections and the General Objections, Plaintiff has already produced materials pertaining to the sales and promotion of its ZENÚ and RANCHERA-branded products, to the extent such documents exist.

40.    Produce all documents which record, refer to, or relate to any searches, investigations, studies, analyses, or inquiries conducted in the past 5 years, by or on behalf of Plaintiff, or by any person acting for or on its behalf, regarding the availability and/or registrability of Plaintiffs Marks, separately in the United States, Columbia and other international territories.

**RESPONSE:**  Plaintiff objects to this Document Request to the extent that it seeks information that is not relevant to this action, immaterial, or not reasonably calculated to lead to the discovery of admissible evidence in this action.   Plaintiff further objects to this Document Request to the

extent that it seeks documents protected by the attorney-client privilege and the work-product

doctrine as recognized under federal law and pursuant to N.J.S.A. 2A:84A-20 and will be

withholding existing privileged documents on these grounds.  Plaintiff further objects to this

Document Request to the extent that it seeks documents already produced to Defendants in

connection with the proceeding before the Trademark Trial and Appeal Board, Proceeding No.

92059947.

        Subject to the foregoing objections and the General Objections, Plaintiff states that it

is not aware of any non-privileged documents responsive to this Request.


41.     Produce all documents from the past 5 years, which record, refer to, or relate to any

website analytic data regarding Plaintiff's Marks, evidencing user visits for the United States,

Columbia and other international territories separately, and any inquiries received by Plaintiff

from consumers from the United States, Columbia and other international territories separately.

**RESPONSE:**  Subject to and without waiver of the foregoing objections and the General

Objections, Plaintiff has already produced documents to establish the volume of web traffic to

Plaintiff's ZENÚ website, www.zenu.com.co, from users in the United States.


42.     Produce all documents from the past 5 years, which refer to, relate to, or are in any

way concerned with the preparation, filing and/or prosecution of any applications for

registration, state or federal, of marks incorporating Plaintiffs Marks.

**RESPONSE:**  Plaintiff objects to this Document Request to the extent that it is overbroad and

unduly burdensome.  Plaintiff additionally objects to this Document Request to the extent that it

seeks documents protected by the attorney-client privilege and the work-product doctrine as

recognized under federal law and pursuant to N.J.S.A. 2A:84A-20 and will be withholding existing privileged documents on these grounds.

43.    Produce a representative sample of each product which is being used or is intended to be used by Plaintiff in which Plaintiffs use of Plaintiff's Marks appears for the past 5 years, separately for in the United States, Columbia and in other international territories, including the dates of creation, distribution channels and duration of product circulation.

**RESPONSE:**  Plaintiff objects to this Document Request to the extent that it seeks information that is not relevant to this action, immaterial, or not reasonably calculated to lead to the discovery of admissible evidence in this action.  Plaintiff further objects to this Document Request to the extent that it seeks documents already produced to Defendants in connection with the proceeding before the Trademark Trial and Appeal Board, Proceeding No. 92059947.  Plaintiff further objects to this Document request to the extent that it seeks representative samples of Plaintiff's use of "ZENÚ," which have already been produced.

Subject to and without waiver of the foregoing objections and the General Objections, Plaintiff has produced samples of its products bearing the ZENÚ and RANCHERA marks, to the extent such documents exist.

44.    Produce documents with dates of creation, distribution channels and duration for all goods and/or services, in which Plaintiff's Marks appear for the past 5 years, separately for in the United States, Columbia and in other international territories.

**RESPONSE:**  Plaintiff objects to this Document Request to the extent that it seeks information that is not relevant to this action, immaterial, or not reasonably calculated to lead to the discovery

of admissible evidence in this action.  Plaintiff further objects to this Document Request to the

extent it vague, ambiguous and, thus, not susceptible to a reasoned interpretation or response.

Plaintiff further objects to this Document Request to the extent that it is duplicative of Document

Request Number 10.  Plaintiff is withholding materials on the basis of the foregoing objections.


45.     Produce all documents which record, refer to, or relate to Plaintiff's advertising

and/or promotional expenditures, or expected advertising and/or promotional expenditures in the

past 5 years, for any goods offered for sale, sold and/or distributed under the Plaintiff's Marks,

separately for in the United States, Columbia and in other international territories.  This request

includes, without limitation, the advertising medium, the dates of any such advertisements or

promotions, the location of where the advertisements or promotions were disseminated, and the

cost associated with such advertisements and/or promotions.

**RESPONSE:**  Plaintiff objects to this Document Request to the extent that it seeks information

that is not relevant to this action, immaterial, or not reasonably calculated to lead to the discovery

of admissible evidence in this action.  Plaintiff further objects to this Document Request to the

extent that it seeks documents already produced to Defendants in connection with the proceeding

before the Trademark Trial and Appeal Board, Proceeding No. 92059947.  Plaintiff further

objects to this Document Request to the extent that it seeks documents already produced to

Defendants relating to the "ZENÚ" mark.

Subject to the foregoing objections and the General Objections, Plaintiff has produced

documents sufficient to establish Plaintiff's recent advertising expenditures for its ZENÚ and

RANCHERA marks from 2012-2017, to the extent that such documents were not previously

produced to Defendants in the proceeding before the TTAB and to the extent such documents

exist.  Plaintiff is withholding any responsive documents that do not fall within this specified

search on the basis of the foregoing objections.

46.     Produce all documents and communications which record, refer to, or relate to

Plaintiffs past attendance or future intention to attend, any tradeshows or other events in the

United States in the past 5 years, including without limitation, the date of attendance, proof of

attendance (or plans to attend), all products and advertisements included in such attendance (or

planned to include), and any sales data relating to such attendance.

**RESPONSE:**  Plaintiff objects to this Document Request to the extent that it is vague,

ambiguous and, thus, not susceptible to a reasoned interpretation or response.

Subject to and without waiver of the foregoing objections and the General Objections,

Plaintiff has already produced documents responsive to this Document Request, to the extent

such documents exist.

47.     Produce all documents which record, refer to, or relate to the amount of sales (actual

and/or projected) for the past 5 years, by calendar quarter of goods sold by or for Plaintiff

bearing Plaintiff's Marks separately in the United States, Columbia and in other international

territories. This request includes, without limitation, the identification of the goods or services,

the number of units and/or services sold, the dates of the sales, country in which sales made, and

the dollar value of the sales.

**RESPONSE:**  Plaintiff objects to this Document Request to the extent that it is overbroad and

unduly burdensome because it seeks more detailed sales information than is relevant to this

action.  Plaintiff further objects to this Document Request to the extent that it is duplicative of

Document Request Number 39.  Plaintiff further objects to this Document Request to the extent

that it seeks documents already produced to Defendants in connection with the proceeding before

the Trademark Trial and Appeal Board, Proceeding No. 92059947.  Plaintiff further objects to

this Document Request to the extent that Plaintiff has already produced documents sufficient to

establish Plaintiff's recent sales of ZENÚ products.

        Subject to and without waiver of the foregoing objections and the General Objections,

Plaintiff has already produced documents sufficient to establish Plaintiff's recent sales of ZENÚ

and RANCHERA products, to the extent such documents were not previously produced to

Defendants in the proceeding before the TTAB.  Plaintiff is withholding any responsive

documents that do not fall within this specified search on the basis of the foregoing objections.


    48.    Produce all documents that record, refer to, or relate to exportation of products

bearing Plaintiffs Marks to and/or from the United States for the past 5 years, including without

limitation the dates of transport and identification of the United States retailers and/or other

wholesale locations. Specifically, documents that record, refer to, or relate to Plaintiffs assertions

in Paragraph 22 of its Amended Complaint, which states that "[f]or several years, Plaintiff has

obtained and packaged some of its products in the United States. These products are then

exported for sale in Colombia."

**RESPONSE:**  Plaintiff objects to this Document Request to the extent that it is overbroad and

unduly burdensome because it seeks more detailed information than is relevant to this action.

Plaintiff further objects to this Document Request to the extent it vague, ambiguous and, thus,

not susceptible to a reasoned interpretation or response.   Plaintiff further objects to this

Document Request to the extent that it seeks documents already produced to Defendants in

connection with the proceeding before the Trademark Trial and Appeal Board, Proceeding No. 92059947. Plaintiff further objects to this Document Request to the extent that Plaintiff has already produced documents sufficient to establish Plaintiff's exportation of ZENÚ products from the United States.

Subject to and without waiver of the foregoing objections, Plaintiff has already produced documents sufficient to establish Plaintiff's exportation of ZENÚproducts from the United States.

49.    Produce all documents from the past 5 years, which record, refer to, or relate to any communication, oral or written, received by Plaintiff from any person, separately in the United States and other international territories which suggests, implies, or infers any connection or association between Defendants and Plaintiff, or which inquires as to whether there is or may be such a connection or association, based upon Plaintiffs and/or its licensees' or sublicensees' use of Plaintiffs Marks and/or any designation that includes Plaintiffs Marks."

**RESPONSE:** Plaintiff objects to this Document Request to the extent that it seeks documents protected by the attorney-client privilege and the work-product doctrine as recognized under federal law and pursuant to N.J.S.A. 2A:84A-20 and will be withholding existing privileged documents on these grounds. Plaintiff further objects to this Document Request to the extent that it seeks documents already produced to Defendants in connection with the proceeding before the Trademark Trial and Appeal Board, Proceeding No. 92059947.

Subject to and without waiver of the foregoing objections and General Objections, Plaintiff has already produced non-privileged documents that are responsive this Document Request, to the extent such documents exist.

50.    Produce all documents from the past 5 years, which record, refer to, or relate to any instance or occurrence of likelihood of confusion and/or actual confusion on the part of any person, separately in the United States, Columbia and other International territories, between Defendants' use of Plaintiffs Marks, and any of Plaintiffs Marks or potential marks.

**RESPONSE:**  Plaintiff objects to this Document Request to the extent that it seeks documents protected by the attorney-client privilege and the work-product doctrine as recognized under federal law and pursuant to N.J.S.A. 2A:84A-20 and will be withholding existing privileged documents on these grounds.  Plaintiff further objects to this Document Request to the extent that it seeks documents already produced to Defendants in connection with the proceeding before the Trademark Trial and Appeal Board, Proceeding No. 92059947.  Plaintiff further objects to this Document Request to the extent that it is duplicative of Document Request Number 49.

Subject to and without waiver of the foregoing objections and the General Objections, Plaintiff has already produced non-privileged documents related to any perceived consumer confusion regarding Defendants' use of the ZENÚ or RANCHERA marks, to the extent such documents exist.  Plaintiff is withholding any responsive documents that do not fall within this specified search on the basis of the foregoing objections.

51.    Produce all documents which record, evidence, refer to, or relate to Plaintiff's allegation in its Amended Complaint Paragraph 72 that Defendants attempted to procure 400,000 of Plaintiff's labels from Plaintiff's own ZENÚ label provide in Medellín, Colombia beyond bates number: IAZ DNJ0002359.

**RESPONSE:** Plaintiff objects to this Document Request to the extent that it seeks documents protected by the attorney-client privilege and the work-product doctrine as recognized under federal law and pursuant to N.J.S.A. 2A:84A-20 and will be withholding existing privileged documents on these grounds.

Subject to and without waiver of the foregoing objections and the General Objections, Plaintiff has already produced non-privileged documents concerning Defendants' attempts to procure Plaintiff's ZENÚ labels from its provider in Medellín, Colombia, to the extent such documents exist.

52.    Produce all documents from the past 5 years which record, refer to, or relate to any inquiry, investigation, evaluation, analysis, or survey conducted by Plaintiff or any person acting for or on behalf of Plaintiff regarding any issues involved in this proceeding.

**RESPONSE:** Plaintiff objects to this Document Request to the extent it vague, ambiguous and, thus, not susceptible to a reasoned interpretation or response. Plaintiff further objects to this Document Request to the extent that it seeks documents protected by the attorney-client privilege and the work-product doctrine as recognized under federal law and pursuant to N.J.S.A. 2A:84A-20 and will be withholding existing privileged documents on these grounds. To the extent this Document Request seeks expert disclosures, this Document Request is also premature.

Subject to and without waiver of the foregoing objections and General Objections, Plaintiff states that it is not aware of any non-privileged documents related to any investigation or analysis of Defendants' conduct or its impact.

53.    Produce all documents from the past 5 years which record, refer to, or relate to any inquiry, investigation, evaluation, analysis, or survey conducted by Plaintiff or any person acting for or on behalf of Plaintiff with respect to Plaintiff's fame and assertions that Plaintiff's Marks are among the most well-known trademarks for sausages and meat products in the United States.

**RESPONSE:**  Plaintiff states that it has never asserted that Plaintiff's Marks are among the most well-known trademarks for sausages and meat products in the United States, and that there are therefore no documents responsive to this Request.

54.    Produce all documents from the past 5 years, which record, evidence, refer to, or relate to Plaintiff's allegations in its Amended Complaint that Defendant has "been selling what, upon information and belief, are sub-par meat products bearing the RANCHERA mark, and thereby adversely affecting the future market of Plaintiffs RANCHERA products."

**RESPONSE:**  Plaintiff objects to this Document Request to the extent that it seeks documents protected by the attorney-client privilege and the work-product doctrine as recognized under federal law and pursuant to N.J.S.A. 2A:84A-20 and will be withholding existing privileged documents on these grounds.  Plaintiff further objects to this Document Request to the extent that it seeks documents that are already in Defendants' possession.

Subject to and without waiver of the foregoing objections and the General Objections, Plaintiff has already produced documents responsive to this Request.

55.    Produce all press releases, articles and clippings relating to or commenting on goods or services marketed or sold under Plaintiff's Marks in the United States in the past 5 years.

**RESPONSE:** Plaintiff objects to this Document Request to the extent that it seeks information that is not relevant to this action, immaterial, or not reasonably calculated to lead to the discovery of admissible evidence in this action.

Subject to and without waiver of the foregoing objections and the General Objections, Plaintiff will produce documents responsive to this Document Request, to the extent such documents exist.

56.    Produce documents identifying the current address and contact information of John Joiro, aka John Jairo.

**RESPONSE:** Plaintiff objects to this Document Request to the extent that it seeks documents protected by the attorney-client privilege and the work-product doctrine as recognized under federal law and pursuant to N.J.S.A. 2A:84A-20 and will be withholding existing privileged documents on these grounds.  Subject to and without waiver of the foregoing objections and the General Objections, Plaintiff states that, at this time it is not aware of any non-privileged documents responsive to this request.

57.    Produce all documents, which support Plaintiffs claims "that in December 2014 Mr. John Joiro, who identified himself as a Latinfood sales person stated that Latinfood had full rights to distribute the ZENU product line. Plaintiff further states that several store owners that offer Defendants' products for sale appear to believe the[y] carry the ZENO product line from Colombia."

**RESPONSE:** Plaintiff objects to this Document Request to the extent that it seeks documents protected by the attorney-client privilege and the work-product doctrine as recognized under

federal law and pursuant to N.J.S.A. 2A:84A-20 and will be withholding existing privileged

documents on these grounds.  Subject to and without waiver of the foregoing objections and the

General Objections, Plaintiff states that, at this time it is not aware of any non-privileged

documents responsive to this request.

58.    Produce all documents in the past 5 years, concerning Plaintiff as a party to any

litigation in Columbia involving Plaintiff's Marks, including marks incorporating Plaintiff's

Marks.

**RESPONSE:**  Plaintiff objects to this Document Request to the extent that it seeks information

that is not relevant to this action, immaterial, or not reasonably calculated to lead to the discovery

of admissible evidence in this action. Plaintiff further objects to this Document Request to the

extent that it seeks documents protected by the attorney-client privilege and the work-product

doctrine as recognized under federal law and pursuant to N.J.S.A. 2A:84A-20.

Subject to and without waiver of the foregoing objections and the General Objections,

Plaintiff will produce documents responsive to this Document Request, to the extent such

documents exist.

59.    Produce all documents concerning any Subpoena or other legal document served on

Two Way Solutions, SAS ("TWS") in the past 5 years by Plaintiff and each/or any of its agents;

representatives, employees, shareholders, directors, officers, members, managers, partners,

servants, parents, subsidiaries, affiliates, predecessors-in-interest, successors-in-interest,

attorneys, and any other person acting, directly or indirectly, on behalf of or in concert with the

foregoing.

**RESPONSE:** Plaintiff objects to this Document Request to the extent that it seeks information that is not relevant to this action, immaterial, or not reasonably calculated to lead to the discovery of admissible evidence in this action. Plaintiff further objects to this Document Request to the extent that it seeks documents protected by the attorney-client privilege and the work-product doctrine as recognized under federal law and pursuant to N.J.S.A. 2A:84A-20.

Subject to and without waiver of the foregoing objections and the General Objections, Plaintiff will produce documents responsive to this Document Request, to the extent such documents exist.

60.     Produce all documents produced in response to said Subpoena or other legal document which was served on TWS by Plaintiff and each/or any of its agents; representatives, employees, shareholders, directors, officers, members, managers, partners, servants, parents, subsidiaries, affiliates, predecessors-in-interest, successors-in-interest, attorneys, and any other person acting, directly or indirectly, on behalf of or in concert with the foregoing.

**RESPONSE:** Subject to the General Objections, Plaintiff will produce documents responsive to this Document Request, to the extent such documents exist

61.     Produce all documents which may demonstrate that Defendants obtained "ZENU" labels and/or "ZENU" labeled goods from TWS or any other non-United States company.

**RESPONSE:** Plaintiff objects to this Document Request to the extent that it seeks documents protected by the attorney-client privilege and the work-product doctrine as recognized under federal law and pursuant to N.J.S.A. 2A:84A-20 and will be withholding existing privileged documents on these grounds.

Subject to and without waiver of the foregoing objections and the General Objections, Plaintiff has already produced non-privileged documents responsive to this request, to the extent such documents exist.

62.     Produce all documents which may demonstrate that Defendants obtained "RANCHERA" labels and/or "RANCHERA" labeled goods from TWS or any other non-United States company.

**RESPONSE:** Plaintiff objects to this Document Request to the extent that it seeks documents protected by the attorney-client privilege and the work-product doctrine as recognized under federal law and pursuant to N.J.S.A. 2A:84A-20 and will be withholding existing privileged documents on these grounds.

Subject to and without waiver of the foregoing objections and the General Objections, Plaintiff has already produced responsive to this request, to the extent such documents exist.

63.     Produce all litigation hold notices sent to Plaintiff and CORDIALSA USA, INC. in this lawsuit.

**RESPONSE:** Plaintiff objects to this Document Request to the extent that it seeks documents protected by the attorney-client privilege and the work-product doctrine as recognized under federal law and pursuant to N.J.S.A. 2A:84A-20 and will be withholding existing privileged documents on these grounds.

64.     Produce all documents concerning any instructions given to Plaintiff and to CORDIALSA USA, INC. to preserve documents for this lawsuit.

**RESPONSE:** Plaintiff objects to this Document Request to the extent that it seeks documents protected by the attorney-client privilege and the work-product doctrine as recognized under federal law and pursuant to N.J.S.A. 2A:84A-20 and will be withholding existing privileged documents on these grounds..

65.    Produce all documents relating to goods or services marketed or sold under Plaintiffs Marks in the United States for the past 5 years through Danielito's of Miami, Florida. This request includes, without limitation, the identification of the goods or services, the number of units and/or services sold, the dates of the sales, country in which sales made, and the dollar value of the sale

**RESPONSE:** Subject to and without waiver of the foregoing objections and the General Objections, Plaintiff states that, at this time it is not aware of any documents responsive to this request.

66.    Produce all documents relating to goods or services marketed or sold under Plaintiff's Marks in the United States for the past 5 years through the following website: http://www.colombianimports.net/search.html?search%5Bkeywords%5D=zenu&_a=category&token=0466444de188b3526bb1ca13a3c79ce4.  This request includes, without limitation, the identification of the goods or services, the number of units and/or services sold, the dates of the sales, country in which sales made, and the dollar value of the sales.

**RESPONSE:** Subject to and without waiver of the foregoing objections and the General Objections, Plaintiff states that, at this time it is not aware of any documents responsive to this request.

67.     Produce all documents which record, refer to, or relate to the relationship and communications between Plaintiff and Danielito's for the past 5 years.

**RESPONSE:** Subject to and without waiver of the foregoing objections and the General Objections, Plaintiff states that, at this time it is not aware of any documents responsive to this request.

68.     Produce all documents identified in response to Plaintiffs Second Set of Interrogatories to Defendant not produced in response to the above requests.

**RESPONSE:** Subject to and without waiver of the General Objections, Plaintiff will produce documents in response to this Document Request, to the extent such documents exist.

Dated: New York, New York
        October  29, 2018                         REED SMITH LLP

                                    By:    *s/* Sam Kadosh
                                           Peter D. Raymond (admitted *pro hac vice*)
                                           Samuel Kadosh, Esq.
                                           599 Lexington Avenue
                                           New York, New York 10022
                                           Tel: (212) 521-5400

                                           David G. Murphy, Esq.
                                           Princeton Forrestal Village
                                           136 Main Street, Suite 250
                                           Princeton, New Jersey 08540
                                           Tel: (609) 987-0050

                                           *Attorneys for Plaintiff*
                                           *Industria de Alimentos Zenú S.A.S.*

TO:    Mark J. Ingber
The Ingber Law Firm
Schoolhouse Plaza
374 Millburn Avenue, Suite 301
Millburn, New Jersey  07041

*Attorney for Defendants Latinfood U.S. Corp.*
*d/b/a Zenú Products Co. ("Latinfood") and*
*Wilson Zuluaga*