UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| **INDUSTRIA DE ALIMENTOS ZENU S.A.S.,** | : : : : | |
| **Plaintiff,** | : : | Civil Action No. 16-6576 (CCC) (MAH) |
| v. | : : : | **ORDER** |
| **LATINFOOD U.S. CORP. d/b/a ZENÚ PRODUCTS CO., et al.,** | : : : | |
| **Defendants.** | : : | |

This matter having come before the Court on Defendants' motion for reconsideration of this Court's Order allowing Plaintiff to file a reply in support of its application for attorneys' fees [D.E. 333];[1]

and the Court having reviewed Plaintiff's opposition [D.E. 336];[2]

---

[1]   On October 20, 2023, Plaintiff filed two declarations in support of its renewed application for attorneys' fees.  *See* Decl. of Sam Kadosh, D.E. 324; Decl. of James P. Flynn, D.E. 325.  In response, on November 3, 2023, Defendants filed a letter requesting the Court strike Plaintiff's submission, arguing it was Plaintiff's "third bite of the fee application apple."  *See* Defs.' Letter, D.E. 326.  Defendants further argued that the format of Plaintiff's application constituted an impermissible reply.  *Id.*  Plaintiff opposed Defendants' position.  *See generally* Pl.'s Letter, D.E. 327.  On November 8, 2023, a telephone conference was held between the parties on the record.  For the reasons set forth therein, the Court ordered Defendants to submit any opposition to Plaintiff's fee application by December 8, 2023, and also ordered Plaintiff to submit any reply by December 22, 2023.  Order, D.E. 332.

On November 14, 2023, Defendants filed the motion for reconsideration.  *See* Mot. for Reconsideration, D.E. 333.  Defendants argue "it was clear error and/or an inadvertent mistake" that the Court permit Plaintiff to file a reply.  Defs.' Letter in Supp. of Mot. for Reconsideration, D.E. 333-1, at 2.  Further, Defendants claim it would "fly in the face of the interests of fairness." *Id.* (internal quotation marks omitted).

[2]   On December 4, 2023, Plaintiff filed a letter in opposition to Defendants' motion.  Opp'n for Mot. for Reconsideration & Supp. of Cross-Motion, D.E. 336.  Plaintiff argues it is common for

and the Court having also reviewed Plaintiff's cross-motion for costs pursuant to 28 U.S.C. § 1927 [D.E. 336; D.E. 337];[3]

and the Court having decided both motions without oral argument pursuant to Federal Rules of Civil Procedure 78 and Local Civil Rule 78.1;

and it being well-settled that a motion for reconsideration is "an extremely limited procedural vehicle[,]" *Resorts Int'l, Inc. v. Greate Bay Hotel and Casino, Inc.*, 830 F. Supp. 826, 831 (D.N.J. 1992);

and in considering whether reconsideration is appropriate courts contemplate whether the movant has demonstrated (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice, *see Beety-Monticelli v. Comm'r of Soc. Sec.*, 343 Fed. App'x 743, 747 (3d Cir. 2009);

and it also being well-established that 28 U.S.C. § 1927 allows for counsel's liability for excessive costs for "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct[,]" 28 U.S.C. § 1927;

---

parties to be able to file replies in support of fee applications, and further asserts the Court acted within its discretion in permitting Plaintiff to file a reply.  *Id.* at 1-2.

[3]  Plaintiff argues that Defendants' motion for reconsideration of a scheduling order "plainly multiplied these proceedings in an unreasonable manner."   Opp'n for Mot. for Reconsideration & Supp. of Cross-Motion, D.E. 336, at 2.  Plaintiff further contends Defendants' motion was filed in bad faith, as evidenced by the lack of fact or law used to support Defendants' request for reconsideration.  *Id.*

and in considering an award of costs under the statute, the Court may not impose such sanctions "absent a finding that counsel's conduct resulted from bad faith, rather than misunderstanding, bad judgment, or well-intentioned zeal[,]" *Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 142 (3d Cir. 2009);

and the Court further noting that to find an attorney sanctionable under § 1927, his or her conduct "must be of an egregious nature, stamped by bad faith that is violative of recognized standards in the conduct of litigation[,]" *Id.*;

and having considered the parties' submissions, the record, and the applicable law;

and the Court finding that Defendants have failed to meet their burden under the standard for reconsideration;[4]

---

[4] The Court concludes there is no reason to modify or disturb its November 8, 2023 Order. As a preliminary matter, the Court notes that other than a recitation of the standard to request reconsideration, Defendants fail to cite to any law or fact that further elucidates how Plaintiff's reply will "fly in the face of fairness." *See* Mot. for Reconsideration, D.E. 333-1, at 1. Nonetheless, this Court's own review of the facts and applicable law confirm that reconsideration is not appropriate. First, the Court cannot find that allowing Plaintiff the opportunity to respond to Defendants' opposition is in error due to a change in controlling law, newly available evidence, clear error of law, or manifest injustice. *See Beety-Monticelli v. Comm'r of Soc. Sec.,* 343 Fed. App'x at 747. It is well-established that Magistrate Judges possess broad discretion in case management decisions, such as setting a briefing schedule and controlling the allowance of reply briefs or supplemental submissions that might aid the Court in understanding the issues. *See Frazier Industrial Co. v. Frozen Assets Cold Storage LLC*, No. 21-5545, 2023 WL 4526023, at *2 (D.N.J. Jul. 13, 2023). Permitting Plaintiff's reply in this already aged and contentious matter allows this Court to "reach[] a full and final resolution" on the issue of attorney's fees. *See Walgreen Specialty Pharmacy, LLC v. Atrium Admin. Servs., Inc.*, 19-12756, 2020 WL 6042280, at *1 n.1 (D.N.J. Oct. 13, 2020) (where the Court considered the merit arguments set forth in reply briefs because it would aid in its decision). Further, although Plaintiff's application for fees was not submitted as a formal motion, this Court agrees with Plaintiff, that a reply in such fashion is common. *See P.N. Clementon v. Bd. of Educ.*, 02-1351, 2007 WL 1186552, at *1 n.1 (D.N.J. Apr. 20, 2007); *AMA Realty LLC v. 9440 Fairview Ave. LLC*, 13-457, 2020 WL 6559204, at *8 (D.N.J. Nov. 9, 2020) *see also Source Search Techs., LLC v. Kayak Software Corp.,* No. 11-3388, 2016 WL 11745035, at *2 (D.N.J. Dec. 19, 2016). At bottom, this Court concludes that Defendants' motion for reconsideration amounts to mere dissatisfaction with the Court.

and the Court further finding that sanctions under §1927 are not appropriate;[5]

and for good cause shown,

**IT IS on this 6th day of December 2023**,

**ORDERED** that Defendants' motion for reconsideration [D.E. 333] is **DENIED**; and it is further

**ORDERED** that Plaintiff's cross-motion for costs pursuant to 28 U.S.C. § 1927 [D.E. 337] is **DENIED**. Defendants may file opposition to Plaintiff's application for attorneys' fees

---

Accordingly, this Court denies Defendants' motion. *See Harrington v. Bergen County*, No. 14-5764, 2017 WL 2960523, at *1 (D.N.J. July 10, 2017) ("A party's mere disagreement with the Court's decision does not warrant reconsideration." (internal quotations omitted)).

[5] This Court concludes Defendants' conduct in filing their motion for reconsideration does not rise to the requisite behavior needed to impose sanctions under §1927. *See Mogavero v. Seterus, Inc.*, No. 15-1314, 2015 WL 7300501, at * 2 (D.N.J. Nov. 18, 2015) ("The power to grant sanctions under § 1927 is one that courts should exercise only in instances of a serious and studied disregard for the orderly process of justice." (internal quotation marks omitted)). It is apparent from Defendants' November 3, 2023 letter to the Court, as well as the November 8, 2023 telephone conference, that Defendants took issue with Plaintiff's application for fees and its opportunity to reply to any forthcoming opposition by Defendants. *See* Defs.' Letter, D.E. 326. As such, the Court concludes that Defendants' motion for reconsideration reflects Defense counsel's zeal, and does not demonstrate bad faith. *See Lasalle Nat'l Bank v. First Ct. Holding Grp., LLC*, 287 F.3d 279, 289 (3d Cir. 2002) ("[S]anctions may not be imposed under § 1927 absent a finding that counsel's conduct resulted from bad faith, rather than misunderstanding, bad judgment, or well-intentioned zeal."). To be sure, this Court would have appreciated a more thorough analysis or argument in support of their motion for reconsideration. *See Combustion Syss. Servs., Inc. v. Schuykill Energy Resources, Inc.*, 1993 WL 496946, at *2 (E.D. Pa. Nov. 19, 1993) (noting that the Court lacks the time to "undertake legal research to support the moving party's positions"). However, §1927 imposes a lofty standard, and this Court cannot agree that the "paucity" of Defendants' legal arguments is deserving of sanctions under the statute. Opp'n for Mot. for Reconsideration & Supp. of Cross-Motion, D.E. 336, at 2. Nor can the Court conclude that Defendants' actions multiplied proceedings in this action "unreasonably and vexatiously," or that Defendants' purpose was to unnecessarily delay this matter. *See Nahas v. Shore Med. Ctr.*, 13-6537, 2021 WL 3047032, at * 1 (D.N.J. July 20, 2021); *Tiger Supplies Inc. v. MAV Assos. LLC*, No. 15566, 2022 WL 195858, at *2 (D.N.J. Jan. 21, 2022). Therefore, this Court denies Plaintiff's cross-motion for sanctions under §1927.

by or before December 30, 2023.   Plaintiff shall file any reply by or before January 19, 2024.

*/s Michael A. Hammer*
**Hon. Michael A. Hammer,**
**United States Magistrate Judge**