WRITER'S DIRECT:

Peter D. Raymond
*Partner*
praymond@wmllp.com
212 909-9675 DIR TEL


www.wmllp.com

1 Dag Hammarskjöld Plaza
885 SECOND AVENUE
NEW YORK NY 10017
MAIN TEL 212 909-9500
FACSIMILE 212 371-0320

March 6, 2024

By ECF
Hon. Claire C. Cecchi, U.S.D.J.
United States District Court
for the District of New Jersey
50 Walnut Street
Newark, New Jersey 07102

Re: *Industria de Alimentos Zenú S.A.S. v. Latinfood U.S. Corp. d/b/a Zenú Prods. Co., et al.*, Civil Action No. 2:16-cv-6576-CCC-MAH

Dear Judge Cecchi:

We represent the Plaintiff Industria de Alimentos Zenú S.A.S. ("Industria" or "Plaintiff") in the above-captioned action against the corporate defendant, Latinfood U.S. Corp., and its principal, the individual defendant Wilson Zuluaga (together, "Latinfood" or "Defendants"). We write in response to the Court's February 26, 2024 order (D.E. 351) to provide a brief description of this action to date and the outstanding motions requiring the Court's attention. Among the various rulings made by Judge McNulty in his decision on the summary judgment motions were orders: (i) canceling Defendants' registration of the Zenú trademark and (ii) permanently enjoining Defendants from using the Zenú and Ranchera trademarks. However, the Court stayed its cancellation and injunction orders (collectively, hereinafter, the "Injunction Order") until Plaintiff filed authenticated copies of its Colombian trademark registrations with the Court. The Court also granted Plaintiff's summary judgment motion on their source misrepresentation claim.

Defendants subsequently noticed an interlocutory appeal of the Injunction Order to the Third Circuit and moved for reconsideration of the Court's grant of summary judgment on Industria's source misrepresentation claim only. Defendants also filed a separate motion requesting a stay of the Injunction Order until the adjudication of Defendants' interlocutory appeal of the Injunction Order. Two days after these motions were filed, the Court issued an order extending the stay initially issued in connection with its Injunction Order until the reconsideration motion is resolved. As discussed below, the initial stay of the Injunction Order should be lifted, as Plaintiff has filed proof of its Colombian trademark registrations, the reconsideration motion should be denied, and, to the extent it has not been mooted or otherwise resolved, Defendants' stay motion should also be denied, thus lifting stays now in place in this Court and the Third Circuit.

**Case Background**. Industria is the owner of the ZENÚ and RANCHERA trademarks that have been used by Plaintiff for decades to identify meat, sausage, beans, and other packaged food products in Colombia, South America. *See* D.E. 31 ("Am. Compl."), ¶¶ 1-3. In October 2016, Industria commenced this action for infringement of its ZENÚ and RANCHERA trademarks. Counts 1-4 and 11 of the Amended Complaint arise under the Lanham Act, Counts 5-10 arise under the Copyright Act, and Counts 12-14 allege violations of the Inter-American Convention for Trade Mark and Commercial Protection (the "IAC"). Am. Compl. ¶¶ 126 *et seq.*

After the close of fact discovery, on June 27, 2023, Judge McNulty issued two decisions: (i) a decision denying Defendants' objections to Magistrate Judge Hammer's opinion awarding Industria its attorney's fees and costs as sanctions for Defendants' discovery violations and declining to grant Defendants' cross-motion for sanctions. *See* D.E. 295 (Sanctions Opinion) and D.E. 296 (Sanctions Order) (collectively, the "Sanctions Decision");[1] and (ii) a lengthy decision on summary judgment, which granted in part and denied in part the parties' cross-motions for summary judgment, and which granted third party defendant Cordialsa's motion for summary judgment dismissing Defendants' counterclaim.[2] *See* D.E. 297 (SJ Opinion) and D.E. 298 (SJ Order) (collectively, the "Summary Judgment Decision").

***Summary Judgment Decision***. Both parties moved for summary judgment on Counts 1-4 for trademark infringement under Section 43(a) of the Lanham Act. The Court granted Defendants' motion for summary judgment on Industria's false association and false advertising claims (Counts 1-3). SJ Order at 2. The Court, finding issues of fact, denied both motions for summary judgment on Industria's trade dress infringement claim (Count 4), which remains for trial. *Id.* The Court denied both parties' motions for attorney's fees under the Lanham Act, without prejudice to refiling prior to the entry of final judgment in this case. *Id.* The Court denied Defendants' motion for summary judgment on the ground that some of Industria's claims against Defendants for copyright infringement of its product packaging are time-barred, and limited those claims to cover the period starting April 21, 2014. Thus, Industria's copyright infringement claims (Counts 5-10) likewise remain for trial. *Id.*

The Court granted summary judgment to Industria on its source misrepresentation claim under Section 14(3) of the Lanham Act for cancellation of Latinfood's Zenú trademark registration (Count 11) and conditionally granted summary judgment on Industria's claims for violations of Article 8 of the IAC (Count 12), cancellation of Latinfood's domestic registration of the Zenú trademark (Count 12), and an injunction against Latinfood from using the Zenú and Ranchera trademarks (Count 13). *See* SJ Opinion at 30; SJ Order at 2 (2nd decretal para.). However, the Court stayed its Order on these claims (the "Initial Stay") pending Industria's submission to the Court of evidence of Industria's registration of the Zenú and Ranchera marks in Colombia.[3]

On the source misrepresentation claim, the Court found that Defendants' January 2013 application to the USPTO for registration of the "Zenú" mark was fraudulent on three separate grounds: (i)

---

[1] The Sanctions Decision was based on, *inter alia*, Defendants' concealing the existence of multiple hard drives, withholding relevant Latinfood-related communications stored on Zuluaga's personal Gmail account, continuing to auto-delete electronically stored information despite counsel's litigation hold notice, and failing to produce relevant documents necessitating third party discovery at the Court's instruction. *See* Sanctions Opinion at 2-5. Defendants' objections to Magistrate Judge Hammer's sanctions were rejected by Judge McNulty, who concluded that "Judge Hammer issued a thorough, detailed, and well-reasoned opinion. I find no clear error of fact or error of law, and I agree with Judge Hammer's analysis." *Id.* at 17. Industria's fee application and determination of the amount to be awarded is pending before the Magistrate Judge.

[2] Cordialsa is the marketing arm and distribution company for Grupo Nutresa S.A., the parent company of Industria and Cordialsa. *See*, *e.g.*, D.E. 44 (Am. Partial Answer) at 22-25.

[3] Industria's remaining claims under the IAC Articles 12 (Count 14), 16, 17, and 31 (Count 13) are mooted to the extent they seek the same relief of cancellation and an injunction that was conditionally granted to Industria on its IAC Article 8 and 18 claims in the Summary Judgment Decision.

the Court found that "the record contains clear and convincing evidence that Mr. Zuluaga falsely claimed in his USPTO application that no other corporation had the right to use the Zenú mark in commerce," based upon "overwhelming evidence in the record demonstrating that Latinfood had knowledge of Industria's Zenú mark when it filed its Zenú application with the USPTO." (SJ Opinion at 67 [citing discussion at *id.* at 23-25]); (ii) the Court found that Defendants had fraudulently attached images of Industria's products to show the Zenú mark's use in commerce and had sent its agent, USTM, images of Industria's products to attach to its application (SJ Opinion at 68); and (iii) the Court found that Defendants had falsely stated that they had used the Zenú mark in commerce since 2011, when the evidence demonstrated that Defendants had not used the Zenú mark until 2013, after filing its registration application. *Id.*

***Matters Presently Pending Before the District Court***. On July 11, 2023, Defendants filed two motions: (i) a motion for reconsideration [D.E. 302] of the Court's grant of summary judgment on Industria's source misrepresentation claim (Count 11) under Section 14(3) of the Lanham Act; and (ii) a motion for a stay [D.E. 303] of the Injunction Order pending the outcome of Defendants' appeal of same to the Third Circuit.

On July 13, 2023, the Court entered a Text Order [D.E. 304] extending the Initial Stay pending resolution of Defendants' motion for reconsideration (the "Stay Extension").

On July 27, 2023, notwithstanding the Text Order extending the stay, Defendants filed a Notice of Interlocutory Appeal [D.E. 309] of the Injunction Order. On August 7, 2023, the Third Circuit issued its own order staying the interlocutory appeal noticed by Defendants pending the Court's disposition of outstanding post-decision motions [D.E. 313]. As a result of these orders, there has been no further activity in Defendants' interlocutory appeal of the Summary Judgment Decision to the Third Circuit.

On August 10, 2023, in satisfaction of the condition upon which the Court granted summary judgment, Industria filed certified copies of its ZENÚ and RANCHERA trademark registration certificates issued by the Office of the Superintendent of Industry and Commerce of Colombia, South America, together with certificates of authentication (apostilles) and English translations of the Spanish language documents prepared by an independent third-party vendor (TransPerfect), and requested that the Court lift its stay of its cancellation and injunction order [D.E. 316]. On August 24, 2023, Defendants filed a letter response [D.E. 319]. Thus, the matter is fully briefed and awaits the Court's ruling, such that the Court's Initial Stay of the Injunction Order should be lifted.

In addition, Defendants' motion for reconsideration of the Court's grant of summary judgment on Industria's source misrepresentation claim is fully submitted and presently awaits determination by the Court, which will cause the Stay Extension to be lifted. Finally, to the extent that Judge McNulty did not resolve Defendants' motion to stay the Injunction Order pending adjudication of Defendants' interlocutory appeal, Plaintiff respectfully requests that the motion be denied, and all stays of the Injunction Order are lifted.

We thank the Court for its attention to these matters.

Letter to Judge Cecchi  
March 6, 2024

Page 4 of 4

                                    Respectfully submitted,

                                    WACHTEL MISSRY LLP

                                    By: */s/Peter D. Raymond*  
                                    Peter D. Raymond  
                                    praymond@wmllp.com  
                                    Stella L. Sainty  
                                    ssainty@wmllp.com

                                    *Attorneys for Plaintiff*  
                                    *Industria de Alimentos Zenú S.A.S.*

cc:       All counsel of record (via ECF)