# THE INGBER LAW FIRM
70 SOUTH ORANGE AVE., SUITE 105
LIVINGSTON, NEW JERSEY 07039

MARK J. INGBER*

TEL: (973) 921-0080
*MEMBER NJ & NY BAR        EMAIL: INGBER.LAWFIRM@GMAIL.COM

February 21, 2025

**VIA ECF**
Hon. Claire C. Cecchi, U.S.D.J.
United States District Court  of New Jersey
50 Walnut Street
Newark, New Jersey 07102

**Re: Industria de Alimentos Zenú S.A.S. ("Plaintiff") v. Latinfood U.S. Corp. d/b/a Zenú Products Co. ("Latinfood") and Wilson Zuluaga (collectively "Defendants"), et al.; Civil Action No. 2:16-cv-06576 (CCC) (MAH)**

Dear Judge Cecchi,

We represent Defendants Latinfood U.S. Corp. and Wilson Zuluaga (collectively "Defendants") in the above captioned action and file this Opposition to Plaintiff Industria de Alimentos Zenú S.A.S. ("Plaintiff") February 18, 2025 letter motion requesting the Court  to vacate the Order extending the current stay.  DE 373.

## Introduction

Plaintiff's motion fails to address or even acknowledge the two conditions Judge McNulty set for lifting the stay he imposed on his Summary Judgement Order.  DE 298. Neither condition has been met.

First, Judge McNulty required Plaintiff to produce certified copies of the asserted Colombian trademark registrations.  DE 297 Pg 23 FN 18. Plaintiff has not done this.

Second, Judge McNulty specifically extended the stay until after resolution of the motion for reconsideration.  DE 304. That motion has not been resolved.

Plaintiff does not have the evidence to support lifting the stay or a denial of the motion for reconsideration, it never did, and its claimed need for a speedy decision stems more from a desire to not have the facts examined closely than any actual harm.

**Condition 1**

> I will stay my ruling and require that Industria make a sufficient showing of authenticity of these documents before granting it judgment on this issue, which is also relevant to other claims.

DE. 297, fn. 18

**Condition 2**

>The 30-day stay of the Court's order (DE 298) is extended pending resolution of the motion for reconsideration (DE 302). Until then, the Court's ruling should not be considered final and definitive as to the relief granted.

DE 304

Moreover, Plaintiff completely ignores Defendants' previous July 19, 2024 letter to the Court requesting a briefing schedule for the parties to elaborate on the state of the evidence before lifting the stay. DE 359. In that letter, Defendants explained in detail that Plaintiff never provided evidence that it owned the relevant Colombian trademark registrations to support lifting the stay. That is, Plaintiff's never met Judge McNulty's first stringent condition for lifting the stay.

Plaintiff certainly has had ample opportunity to explain itself, or contradict Defendants' assertions. It has not. Plaintiff appears to limit its argument in the pending motion to the assertion that it is too late for Defendants to point out Plaintiff's failure. That Plaintiff should get away with it because Defendants did not catch it fast enough.

Plaintiff is wrong. The first condition for lifting the stay (producing certified copies of the Colombian Registrations) was always a requirement on the Plaintiff. It remains a requirement the Plaintiff must meet before the Court lifts the stay regardless of Plaintiff's previously successful attempts to obfuscate.

Defendants retained Margarita Castellanos, Esq., an expert in Colombian trademark law and the IAC to investigate whether Plaintiff complied with Judge McNulty's requirements for lifting the stay. Her declaration is absolutely clear that they have not, and could not, because the registrations they relied on are either expired, for unrelated goods, or owned by a third party. See attached Exhibit 1.

Plaintiff's motion to lift the stay focuses almost exclusively on unrelated third-party issues not relevant to the stay because Plaintiff has not, and cannot explain its failure to submit Colombian trademark registrations capable of supporting Judge McNulty's Order.

The stays have been in place for sixteen months, and Defendants respectfully renew their request for the Court to set a briefing schedule for the parties to elaborate on the state of the evidence. Plaintiff's rush is not to prevent harm, it is to prevent the Court from reviewing the details.

**Procedural History**

Plaintiff, is a foreign corporation organized under the laws of Colombia and with its principal place of business in Medellín, Colombia. DE 297 Pg. 2.

Plaintiff filed its Complaint in October of 2016. DE 1.

On April 21, 2017, Plaintiff filed an Amended Complaint and Jury Demand. DE 31.

Plaintiff admits that it does not advertise or sell trademarked products in the United States. DE 297 Pg. 4.

2

The Amended Complaint identifies "Zenú" and "Ranchera" Colombian trademark registrations which were alleged to be owned by Plaintiff (the "Alleged Colombian Registrations"). Neither the Complaint nor the Amended Complaint rely on any US trademark registrations.

The chart that follows, shows the Colombian registrations identified in the Amended Complaint and is reproduced below.

| | MARK | REGISTRATION NO. | REGISTRATION DATE | GOODS |
|---|---|---|---|---|
| 1 | ZENÚ | 244440 | July 18, 2001 | Coffee tea, cocoa, sugar, rice, tapioca, sago, artificial coffee; flours and cereal preparations, bread, pastry and confectionery, edible ices; honey, golden syrup; yeasts, raising powder; salt, mustard; vinegar, sauces (condiments); spices; ice |
| 2 | ZENÚ | 118651 | August 24, 2002 | Meat, fish, poultry and game; meat extracts; fruits and preserved vegetables dry and cooked; jellies, marmalade fruit sauces; eggs, milk, and milk products; oils and edible fats |
| 3 | ZENÚ | 173308 | January 18, 2005 | Rice, tapioca, sago, artificial coffee; flours and cereal preparations, bread, pastry, and confectionery, |

3

| | | | | |
|---|---|---|---|---|
| | | | | edible ices; honey, treacle, yeast, baking-powder; salt, mustard; vinegar, sauces (condiments); spices; ice |
| 4 | ZENÚ | 67829 | May 28, 2009 | Meat, fish, poultry and game; meat extracts; fruits and preserved vegetables dry and cooked; jellies, marmalades, and fruit sauces; eggs, milk, and milk products; oils and edible fats |
| 5 | ZENÚ and Design | 435990 | June 3, 2011 | Meat, fish, poultry and game; meat extracts; fruits and preserved vegetables frozen, dry and cooked; jellies, jams, compotes; eggs, milk and milk products; oils and edible fats |
| 6 | RANCHERA HAMBURGUESA PREASADA ZENÚ and Design | 455844 | August 28, 2012 | Meat, fish, poultry and game; meat extracts; preserved, frozen, dried and cooked fruits and vegetables; jellies, jams, compotes; eggs, |

| | | | | |
|---|---|---|---|---|
| | | | | edible oils and fats. |
| 7 | RANCHERA HOT ZENÚ and Design | 455846 | August 28, 2012 | Meat, fish, poultry and game; meat extracts; preserved, frozen, dried and cooked fruits and vegetables; jellies, jams, compotes; eggs, edible oils and fats. |
| 8 | RANCHERA MINI ZENÚ and Design | 455849 | August 28, 2012 | Meat, fish, poultry and game; meat extracts; preserved, frozen, dried and cooked fruits and vegetables; jellies, jams, compotes; eggs, edible oils and fats. |
| 9 | RANCHERA SANDUCHE ZENU and Design | 455820 | August 28, 2012 | Meat, fish, poultry and game; meat extracts; preserved, frozen, dried and cooked fruits and vegetables; jellies, jams, compotes; eggs, edible oils and fats. |
| 10 | RANCHERA SUPER ZENU and Design | 454073 | July 31, 2012 | Meat, fish, poultry and game; meat extracts; preserved, frozen, dried and cooked fruits and vegetables; |

| | | | jellies, jams, compotes; eggs, edible oils and fats. |
|---|---|---|---|

On October 10, 2022, both parties moved for summary judgement.  DE 265, 268.

On June 27, 2023, Judge McNulty granted in part Plaintiff's motion for Summary Judgment finding, *inter alia*, that Plaintiffs' motion for summary judgment was granted with respect to Plaintiffs' claims for violation of Article 8 of the Inter American Convention for Trademark and Commercial Protection ("IAC") with respect to the Zenú mark (Count 12) and violation of Article 18 of the IAC with respect to the Zenú mark (Count 13), based on the Alleged Colombian Registrations in the Complaint. DE 297.

At the time of that Order, Plaintiff had not provided the Court with certified copies of the Alleged Colombian Registrations.

In his Summary Judgment Opinion and Order DE 297-298, Judge McNulty stated that:

> Latinfood argues that it, not Industria, is entitled to summary judgment because Industria has "failed to proffer any certificate of registration documents either in its pleadings or through discovery demonstrating its alleged ownership of any relevant, current Colombian registrations";

DE 297 Pg 22.

The Opinion and Order then explains:

> Latinfood notes that the copies of Industria's registration documents are not properly authenticated as foreign records. … I will treat Industria's proffer as a representation that such evidence of foreign registration could be produced at trial in admissible, authenticated form. …I will stay my ruling **and require that Industria make a sufficient showing of authenticity of these documents before granting it judgment on this issue**, which is also relevant to other claims.

DE 297 Pg 23 FN 18 (emphasis added).

Thus, Judge McNulty, wisely, stayed entry of his Summary Judgment Order until Plaintiff provided certified certificates of the Alleged Colombian Registrations. DE 297 Pg. 23 Fn. 18.  This was Condition 1 for lifting the stay.

On July 13, 2023, Judge McNulty further extended the stay.

> The 30-day stay of the Court's order (DE 298) is extended pending resolution of the motion for reconsideration (DE 302). Until then, the Court's ruling should not be considered final and definitive as to the relief granted.

DE 304.

6

This was Condition 2 for lifting the stay.

On July 24, 2023, (after Condition 2 was implemented) Judge McNulty granted Plaintiff a two-week extension to provide, satisfaction of Condition 1, authentication of the Alleged Colombian Registrations. DE 308.

Judge McNulty made no other rulings.

On August 10, 2023, seven years after filing a complaint seeking cancellation of Latinfood's U.S. Zenu Registration based on Plaintiff's alleged ownership of ZENU trademark registrations in Colombia, Plaintiff first submitted certified Colombian trademark documents to the Court.  DE 316.

On August 24, 2023, Latinfood filed with the Court a response to Industria's August 10, 2023 submission.  DE 319.

On November 29, 2023, this case was reassigned to Judge Cecchi.  DE 334.

On March 6, 2024, Plaintiff first requested that the stay be lifted. DE 353.

On July 19, 2024, Defendants alerted the Court and Plaintiff of Plaintiff's failure to meet the Condition 1 for lifting the stay.  DE 359.  That is, Defendants showed that the documents Plaintiff submitted in DE 316 were not valid Colombian trademark registrations and/or were not the Alleged Colombian Registrations identified in the Complaint.

On July 24, 2024, Plaintiff wrote to the Court explaining that it "specifically declined counsel's request to file a 'joint' letter'."  DE 360.

At that time, Plaintiff had no explanation or response to the specific allegations of DE 359 regarding Plaintiff's failure to provide evidence of valid Colombian trademark registrations to the Court.  Instead, Plaintiff argued that:

> a briefing schedule should be denied, and, any new or different arguments or objections raised defendants' recent July 19 letter, be disregarded as out of time.

DE 360 Pg. 4.

On October 31, 2024 this case was administratively terminated pending mediation.  DE 370.

On February 18, 2025 this case was reopened.

That same day, Plaintiff filed the pending letter motion once again requesting to lift the stay without mentioning either of the Conditions Judge McNulty set for lifting the stay.  DE 373.

Plaintiff also did not address the issues raised seven months before regarding Plaintiff's failure to submit evidence showing its ownership of the Alleged Colombian Registrations (Condition 1), nor did it suggest that the motion for reconsideration was resolved (Condition 2).

Because those conditions have not been met, the stay should not be lifted.

**Legal Standard**

NJ district courts have inherent power and discretion to lift a trademark cancellation stay they issued when circumstances have changed such that the court's reasons for imposing the stay no longer exist or are inappropriate. This principle is supported by the inherent power of courts to manage their dockets and ensure fair and efficient adjudication of cases. Courts have wide discretion in determining whether to grant or lift a stay, and such decisions are seldom disturbed absent a patent abuse of discretion. *United States v. $1,879,991.64 Previously Contained in Sberbank of Russia's Interbank*, 185 F. Supp. 3d 493 (D.N.J. May 10, 2016), *Akishev v. Kapustin*, 23 F. Supp. 3d 440 (D.N.J. May 28, 2014).

In *Nasdaq, Inc. v. Miami Int'l Holdings, Inc*., 2021 U.S. Dist. LEXIS 47238, 2021 WL 12111843 (D.N.J. Mar. 10, 2021) it was stated that "the same court that imposes a stay of litigation has the inherent power and discretion to lift the stay".  Indeed, "the same court that imposes a stay of litigation has the inherent power and discretion to lift the stay." *Id.*at *8 (citing *Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 75 (D.D.C. 2002)). It follows that where there are no new circumstances that impose hardship on the plaintiff or that change the court's earlier disposition imposing the stay, the plaintiff's motion to lift the stay should be denied. *Nasdaq, Inc*., 2021 U.S. Dist. LEXIS 47238, at *8.

**Argument**

1.  **The stay should not be lifted because the prescribed conditions for lifting the stay have not been met.**

Judge McNulty imposed two conditions for lifting the stay and neither has been met.

a.  **Condition 1 is not met – the Certified Colombian Registrations are not Provided.**

Condition 1 for lifting the stay was articulated by Judge McNulty in his Summary Judgement Order:

> The documents on which Industria relies (Salazar Decl. Exs. H-M; DE 267-8 - 267-13) are reports from the Superintendency of Industry and Commerce of Colombia. Latinfood asserts that **those documents** are not sufficient because Industria has not produced a certified Certificate of Colombian Registration….

> Out of caution, however, I will stay my ruling and require that Industria make a sufficient showing of authenticity of **these** documents **before** granting it judgment on this issue, which is also relevant to other claims

DE. 297, fn. 18 (emphasis added).

Certified copies of all six documents referenced above by Judge McNulty (DE 267-8 - 267-13) were not produced in DE 316.  Plaintiff did not submit certified copies of Registration 452033 (because it is expired) and did not submit certified copies of Registration 443508 (because it is expired).  Plaintiff never alerted the Court that it had relied on irrelevant and expired registrations. It moved forward and hoped no one would notice.  Plaintiff has never complied with the first requirement for lifting the stay and Plaintiff's pending motion should be denied.

Moreover, the table below shows that the documents submitted by Plaintiff's summary judgment declarant do not support the allegations of the Amended Complaint because they are for unrelated goods, or for logos or phrases not alleged to be infringed.  DE 31.

Plaintiff pulled a switcheroo on Judge McNulty before he ruled on Summary Judgment.  Plaintiff identified the trademarks it relied on its Amended Complaint and then, submitted evidence of different trademarks in its summary judgment application without ever alerting the Court.  And, virtually all of the new registrations submitted, do not support the allegations of the Complaint.

| SJ Doc. Reference | Reg. No. | App. No. | Mark | Support Plaintiff's Allegations? |
|---|---|---|---|---|
| DE 267-8 Exhibit H | 173308 | 94047372 | ZENÚ | No – Does not cover goods at issue in the case.  Not related. |
| DE 267-9 Exhibit I | 307615 | 05046752 | | No – Registration is for a logo mark not alleged to be infringed. Never mentioned in the Amended Complaint. |
| DE 267-10 Exhibit J | 452033 | 12033871 | ZENU ALIMENTA LOS CON CONFIANZA [ZENU NOURISH THEM WITH CONFIDENCE] | No – Registration is for a phrase not alleged to be infringed. Never mentioned in the Amended Complaint. EXPIRED. |
| DE 267-12 Exhibit L | 443508 | 11139969 | | No – No certified copies produced and Registration is for a phrase and logo mark not alleged to be infringed. Never mentioned in the Amended Complaint. EXPIRED. |
| DE 267-13 Exhibit M | 267323 | 00064541 | ZENU, ALIMENTATE CON CONFIANZA [ZENU, NOURISH YOURSELF WITH CONFIDENCE] | No – Registration is for a phrase not alleged to be infringed. Never mentioned in the Amended Complaint. |

9

What seems to have happened is that Plaintiff filed a Complaint and then an Amended Complaint identifying Colombian trademark Registrations that could not support the requested relief. Then, without alerting Defendants or the Court, submitted different Colombian Registrations as support for its summary judgment motion. And then, when the Court required proof of those registrations before lifting the stay, Plaintiff could not provide it.

Based on the above, and the limited time Defendants had to respond to Industria's alleged certified Colombian registrations in 2023, Defendants has now secured the services of a Colombian trademark expert, Margarita Castellanos, a Senior Partner at the Castellanos Law Firm, who specializes in trademark law and has over 30 years of experience advising both national and foreign clients on issues relating to IP law in Colombia. See Expert Declaration of Margarita Castellanos ("Castellanos Decl.") dated February 18, 2025. Ms. Castellanos reviewed the official Colombian trademark office records for each of the trademarks shown in the Amended Complaint and Plaintiff's follow up submission including Docket Entries 31, 81, 297, 298, 304, 316, 319, and 359 to determine the status of these registrations and evaluate whether they support Judge McNulty's Order. Her complete analysis is shown in Exhibit 1.

Moreover, in the present case, the absence of accurate trademark documentation directly impacts the court's ability to make an informed decision, thus necessitating the maintenance of the stay.

Additionally, the Lanham Act stipulates that to state a plausible claim to cancel a trademark, the moving party must meet statutory requirements, including having standing to seek cancellation and stating a valid ground for cancellation. *Bhasin v. C&H Clubs United States, Inc.*, 2017 U.S. Dist. LEXIS 218485, at *4 (C.C.D. Oct. 31, 2017). Industria's failure to provide accurate trademark documentation undermines its standing and the validity of its claim, further supporting the argument against lifting the stay.

Plaintiff's failure to provide accurate copies of its claimed trademarks is a significant procedural deficiency that hinders the court's ability to fulfill its statutory duties under Federal law. This deficiency justifies the continuation of the stay on the trademark cancellation. Therefore, the court should deny the Plaintiff's motion to lift the stay until accurate trademark documentation is provided.

### b. Condition 2 is not met – the Motion for Reconsideration is not Resolved.

While the Court was waiting for Condition 1 to be resolved, Judge McNulty added a second condition for lifting the stay.

> The 30-day stay of the Court's order (DE 298 ) is extended pending resolution of the motion for reconsideration (DE 302 ). Until then, the Court's ruling should not be considered final and definitive as to the relief granted.

DE 304.

It is clear that the Second Condition did not exhaust the First Condition because after the Second Condition was entered, Judge McNulty extended the time for the First Condition to be met. DE 308.

When specifically ordered by the Court, a stay cannot be lifted before the resolution of the motion for reconsideration. The Court's discretion under Rule 54(b) and the standards set forth in 11 U.S.C. 362 provide a robust framework for ensuring that stays are managed appropriately, taking into account the specific circumstances and the need for justice. Here, it is undisputed that motion for reconsideration has not been resolved.  The evidence in this opposition is further proof that it should be resolved in Defendants' favor.

**2. The stay should not be lifted because the Amended Complaint does not support the relief requested.**

The chart below reproduces each of the ten (10) Registrations relied on by Plaintiff in the Amended Complaint DE 31, and shows that none of them support Plaintiff's requested relief.  Plaintiff dumped many Spanish language documents on the Court but never explained to Judge McNulty that it was providing information for registrations that were never mentioned in the Amended Complaint.  Of the ten Registrations relied on in the Amended Complaint, the Plaintiff never provided any additional information to the Court in DE 316 for seven (7) of the Registrations.  All ten (10) of the Registrations fail to support the relief requested as shown in the relevant column of the chart below.

| | Mark | Reg. No. | Certified Copies Produced in DE-316? | Support Plaintiff's Allegations? |
|---|---|---|---|---|
| 1 | ZENÚ | 244440 | No | No - Registration is <u>EXPIRED</u> and not relevant because the registration did not cover meat or meat products. |
| 2 | | 118651 | No | No, Registration is <u>EXPIRED</u> – and not relevant to this case as the mark is for the following ZENU logo which was not shown or alleged infringed in the Amended Complaint |
| 3 | ZENÚ | 173308 | Yes | <u>not relevant</u> to this case as the goods and |

| | | | | |
|---|---|---|---|---|
| | | | | services covered by the Registration are limited to the products comprised in class 30 and do NOT cover meat or meat products. |
| 4 | ZENÚ | 67829 | Yes | Not Relevant as Registration is owned by third party Industrias Alimenticias Noel S.A. (not Plaintiff). |
| 5 | ZENÚ and Design | 435990 | Yes | Not Relevant - mark was only Registered in Colombia as of November 30, 2011, which is after the January 1, 2011 first use date claimed in Defendant's United States Registration No. 4,402,942 for Zenu. |
| 6 | RANCHERA HAMBURGUESA PREASADA ZENÚ and Design | 455844 | No | Registration is EXPIRED |
| 7 | RANCHERA HOT ZENÚ and Design | 455846 | No | Registration is EXPIRED |
| 8 | RANCHERA MINI ZENÚ and Design | 455849 | No | Registration is EXPIRED |
| 9 | RANCHERA SANDUCHE ZENU and Design | 455820 | No | Registration is EXPIRED |
| 10 | RANCHERA SUPER ZENU and Design | 454073 | No | Registration is EXPIRED |

|  |  |  |  |
|---|---|---|---|
|  |  |  |  |

### 3. The stay should not be lifted because Plaintiff obfuscated its lack of Registrations.

The charts in this opposition make clear that Plaintiff obfuscated its lack of supporting Registrations.  Plaintiff has yet to explain why its Amended Complaint included seven (7) expired trademarks, and three (3) that did not support its allegations.

Similarly, Plaintiff has yet to explain why it never informed the Court that it was providing different Registration certificates, other than what was relied on in the Amended Complaint.

Plaintiff has also yet to explain why it represented that it had produced all certified copies of the relevant Registrations when it clearly had not.

If Plaintiff had explanations for this, they would have presented them to the Court.  Instead, Plaintiff continually relies only on its false claim that Defendants waited too long to object.  In a case that has been pending for almost nine years, Plaintiff should not get away with failing to support its claims, and failing to meet the conditions for lifting the stay, because they were able to successfully fool the Court and Defendants for a few months.

### 4. The stay should not be lifted because the motion for reconsideration should be decided in Defendants' favor

The expert on Colombian trademark law and the IAC has also pointed about what appears to be a mistake in Judge McNulty's application of the IAC.

According to Ms. Castellanos analysis:

> Article 18 of the Inter American Convention for Trademark and Commercial Protection ("IAC"), is limited to commercial names as opposed to trademarks. Commercial names in this context refer to the owner's name of the merchant. Commercial name is not another expression for trademark. In my opinion, Judge McNulty erred by comparing Defendant's use of certain Zenu and Ranchera marks with Plaintiff's trademarks instead of comparing Defendant's use of Zenu and Ranchera marks with Plaintiff's commercial name. DE 297 at Pg. 29.

Ms. Castellanos concludes that this issue should be reviewed closely to avoid affirming an error:

> Judge McNulty compares the accused product names (Zenú and Ranchera) with the alleged product names of the Plaintiff (Zenú and Ranchera) instead of comparing the accused product names (Zenú and Ranchera) with the commercial name of the Plaintiff (Industria De Alimentos Zenu S.A.S.). It is our opinion the difference between the correct application of the analysis of Article 18 of the IAC and the way that it was mistakenly applied by Judge McNulty is significant and that a correct application of the analysis may yield a different conclusion.

Castellanos Decl. at pg. 19.

Justice would not be served by lifting a stay (while a motion for reconsideration is pending) while there is evidence that the underlying analysis was performed at least partially incorrectly.

### 5. The stay should not be lifted because the third-party litigations referenced in Plaintiffs' motion are irrelevant.

Rather than address the issues Plaintiff raised last July regarding Plaintiffs' failures of proof (DE 359), Plaintiff's motion focuses on a litigation between Latinfood and a third party. Plaintiff acknowledged that Judge McNulty's Order is stayed and that any registrations that may be effected by that Order are not yet effected.

Plaintiff represents that it "recently discovered" the litigation with El Ranchero Foods LLC but failed to advise the Court that Plaintiff's counsel spoke with Defendants' counsel on January 8, 2025 about this issue. At that time, the parties discussed that if Plaintiff had any issues with that case, they were able to intervene. Defendants maintained that it was Plaintiff that had committed the fraud by seeking to obtain relief based on trademarks that were not relevant or that it did not own. Plaintiff's position at that time was that it was Defendants fault for not demanding the registrations in discovery. That assertion was not factually or legally correct.

Further, the El Ranchero Foods case was resolved shortly after filing without any payment to Defendants. Lifting the stay will not affect that case. Plaintiff does not explain how removing a trademark infringer from the market harms Plaintiff. If Plaintiff had a complaint about the litigation in the Latinfood U.S. Corp. v. El Ranchero Foods LLC matter, Plaintiff certainly could have raised it before the parties or the Court there.

### 6. The stay should not be lifted because the balance of hardships favors maintaining the stay.

In the District of New Jersey, when determining whether to maintain a stay of a trademark cancellation order, the court considers several factors, particularly focusing on the balance of hardships between the parties. The primary consideration is to ensure that the issuance of an injunction would not harm the alleged infringer more than a denial would harm the mark's owner. This involves balancing the relative harm to the parties, i.e., the potential injury to the plaintiff if an injunction does not issue versus the potential injury to the defendant if the injunction is issued *Vista India v. Raaga, LLC*, 501 F. Supp. 2d 605, 624 (D.N.J. Aug. 6, 2007).

In assessing the balance of hardships, the court examines the specific evidence of hardships presented by both parties. For instance, in *Quickie Mfg. Corp. v. Libman Co.*, 180 F. Supp. 2d 636 (D.N.J. Jan. 10, 2002), the court considered the substantial investments made by the defendant and the potential layoffs of employees if an injunction were issued, which outweighed the speculative harm claimed by the plaintiff. 651-652. Similarly, in *Power Survey, LLC v. Premier Util. Servs., LLC*, 61 F. Supp. 3d 477 (D.N.J. Nov. 21, 2014), the court found that the balance of hardships favored the plaintiff because the injunction would only affect a minor part of the defendant's business, whereas the plaintiff would face a greater comparative hardship without the injunction. Id. at 486.

14

Overall, the balance of hardships is a critical factor in the court's decision to maintain a stay, ensuring that the relief granted does not disproportionately harm one party over the other *Vista India*, 501 F. Supp. 2d at 624, *Quickie Mfg. Corp.*, 180 F. Supp. 2d at 651, *Power Survey, LLC v. Premier Util. Servs., LLC*, 61 F. Supp. 3d at 487.

Defendants submit that if the stay is lifted without the benefit of the Court reviewing the above evidence it will cause irreparable harm and suffering to Defendants' business and family. Defendants have been using the Zenú and Ranchera marks for over fourteen years and the products sold under those marks now represent half of Defendants' overall business. The consequence of lifting the stay is likely to be that Defendants will be unable to survive as a business entity. This, of course, will have disastrous consequences not only to Latinfood and Mr. Zuluaga but also to their employees, and to those who rely on Latinfood and their employees for support. The balance of equities tips decidedly in favor of continuing the stay pending the Court's review of the above evidence and the resolution of Defendants' Motion for Reconsideration.

## Conclusion

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's current motion to vacate the Order extending the current stay. DE 373. Defendants also request that in view of the foregoing, that the Court set a schedule for the parties to fully brief their respective positions on whether Judge McNulty's Summary Judgment Order should be vacated.

Respectfully submitted,

THE INGBER LAW FIRM

  /Mark J. Ingber/

By: Mark J. Ingber, Esq.


cc: Peter Raymond, Esq. and all counsel for Plaintiff (via ECF)

15