

WRITER'S DIRECT:

Peter D. Raymond
*Partner*
praymond@wmllp.com
212 909-9675 DIR TEL

www.wmllp.com

1 Dag Hammarskjöld Plaza
885 SECOND AVENUE
NEW YORK NY 10017
MAIN TEL 212 909-9500
FACSIMILE 212 371-0320

March 3, 2025

By ECF
Hon. Claire C. Cecchi, U.S.D.J.
United States District Court
for the District of New Jersey
50 Walnut Street
Newark, New Jersey 07102

Re:   *Industria de Alimentos Zenú S.A.S. v. Latinfood U.S. Corp. d/b/a Zenú Prods. Co., et al.*,
Civil Action No. 2:16-cv-6576-CCC-MAH

Dear Judge Cecchi:

We represent the Plaintiff Industria de Alimentos Zenú S.A.S. ("Industria") in the above-captioned action against Latinfood U.S. Corp. and Wilson Zuluaga (together, "Latinfood" or "Defendants"). We write in further support of Industria's letter motion requesting that the Court lift its sixteen-month stay (Doc. 373, the "Motion"), and in opposition to Defendants' 15-page apparent letter motion to vacate Judge McNulty's June 27, 2023 summary judgment decision, and submission of purported expert testimony fourteen months after the deadline to submit such expert testimony. (Doc. 375, "Opp. Letter").

For the reasons set forth in the Motion and below, the Court should lift the stay on the injunction. This litigation is in its ninth year. Defendants' recent submission is consistent with their conduct throughout – which is to muddy the record and delay the proceedings through endless appeals, which they have all lost. Defendants have exploited this delay to continue to sell millions of dollars of products that infringe on Industria's trademarks.

This case is simple. Industria is the longstanding owner of several of the most well-known food brands in Colombia – ZENÚ and RANCHERA - the equivalent of Nestle and Kraft in the United States. Wilson Zuluaga, who grew up in Colombia, copied Industria's trademarks and packaging verbatim for use in identical products he wanted to sell in the United States. Zuluaga then lied to the U.S. Trademark Office in order to register these stolen marks as his own. On the basis of this undisputed record, Judge McNulty awarded Summary Judgment in Industria's favor, vacated Defendants' trademark registration, and enjoined Defendants from using the ZENÚ and RANCHERA marks.  Judge McNulty issued a stay of the injunction pending Industria's submission of certified copies of its Colombian trademark registrations. Industria submitted those registrations on August 10, 2023 (Doc.316).

Letter to Judge Cecchi
March 3, 2025

Page 2 of 4

**Industria Submitted Its Certified Colombian Registrations in August 2023, Which Latinfood Opposed – Latinfood Cannot Submit An Unauthorized Second Opposition Brief in 2025**

Defendants' first argument for continuing the stay is their patently false assertion that Industria never submitted certified copies of its Colombian trademark registrations. A brief review of Docket No. 316 dispels that myth. In fact, on August 24, 2023, Defendants even submitted arguments in opposition to the Colombian trademark registrations it claims Industria never submitted. (Doc. 319).

Defendants next complain that the certified registrations Industria submitted are not identical to the registrations listed in the Amended Complaint. Defendants were required to make this argument in their August 24, 2023 opposition. But even if the Court were to consider this argument eighteen months after the fact, it has no merit. Trademark filings are routinely renewed and amended, and the certified registrations were filed seven years after the Amended Complaint. It is not unusual or improper for those registrations to change during this time period. The certified registrations submitted by Industria cover the products and trademarks at issue in this action. The only purpose of the filing was to prove that Industria held trademark registrations in Colombia for these two trademarks for years prior to Latinfood's first use of the marks in 2013. Industria's filing clearly showed that it had such registrations.

**The Deadline to Vacate Judge McNulty's Summary Judgment Decision Is Long Past**

Defendants' request to "set a schedule for the parties to fully brief their respective positions on whether Judge McNulty's Summary Judgment Order should be vacated," must be denied because there are no grounds to vacate Judge McNulty's Summary Judgment Order, but in any case, the deadline to do so is long past. FRCP 60(c) provides that a motion to vacate must be brought within a year of the judgment. Judge McNulty's Summary Judgment Order was entered on June 27, 2023, so the deadline to move to vacate expired on June 27, 2024.

**The Deadline For Disclosing Experts Was November 2023 – Latinfood Cannot Designate A New Expert in February 2025**

The Court should similarly reject Latinfood's brand new, unapproved and unseen "expert" report. This Court set deadlines years ago for both parties to designate any experts and discovery of those experts. (Docs. 238, 260, 301, and 321). Latinfood designated its expert on November 30, 2023 (Doc. 335), which was **four months after** Industria submitted its certified Colombian registrations. Latinfood had ample opportunity to designate an expert with respect to these certifications. It did not do in November 2023, and cannot do so in February 2025.

Defendants' unauthorized purported expert report must also be rejected because it offers legal interpretations of the Inter American Convention, which is inadmissible as expert testimony. Defendants' expert improperly criticizes Judge McNulty's interpretation of the Inter American Convention, but it is black letter law that such legal interpretation of a statute or treaty is not a proper subject of expert testimony. *Berkeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 218 (3d Cir.

Letter to Judge Cecchi  Page 3 of 4
March 3, 2025

2006) ("Testimony as to the legal effect of the various SEC pronouncements regarding Rule 144 and Regulation S, are inadmissible as improper legal opinions."); *Moorestown Twp. Bd. of Educ. v. S.D.*, No. 10-0312(RMB), 2010 U.S. Dist. LEXIS 109856, at *14 (D.N.J. Oct. 15, 2010) ("Accordingly, the Court will not admit Plaintiff's proffered testimony insofar as it constitutes statutory interpretation or legal analysis."); *Bammerlin v. Navistar Int'l Transp*. Co., 30 F.3d 898, 900 (7th Cir. 1994) ("[t]he meaning of federal regulations is not a question of fact, to be resolved by the jury after a battle of experts. It is a question of law, to be resolved by the court."); *United States v. Caputo*, 517 F.3d 935, 942 (7th Cir. 2008) ("The 'expert' would have testified about the meaning of the statute and regulations. That's a subject for the court, not for testimonial experts. The only legal expert in a federal courtroom is the judge."); *Stissi v. Interstate & Ocean Transp. Co.*, 765 F.2d 370, 374 (2d Cir.1985) ("When a decision turns on the meaning of words in a statute or regulation, the decision is one of law which must be made by the court.").

**Finally**, Industria fully acknowledged in its Motion that lifting the stay also requires this Court to make a decision on Latinfood's motion to reargue Judge McNulty's decision regarding the source misrepresentation claim. However, that reconsideration motion was fully briefed by August 14, 2023 and simply needs to be decided. Moreover, as the Court will note from Industria's motion papers, Judge McNulty found in Industria's favor on this issue on three separate and independent grounds — any one of which the Court said supported the finding on Industria's behalf. Significantly, in Latinfood's motion to reargue, they only contest two of the three grounds. Therefore, even if Latinfood is correct on both of the two grounds they contest (which they are not), the reconsideration motion would still fail because the third, independent ground was not even contested by Defendants in their reconsideration motion. *See* Docs. 302, 314, and 317. The motion was brought simply to delay this nearly decade-old proceeding.

In sum, the Court has everything it needs in the record to lift the stay of the injunction that Industria fought for nearly a decade to obtain. Judge McNulty's taking Senior Status has already resulted in an additional delay of 16 months, and Latinfood is trying to further delay Industria from getting the injunction entered because they continue to sell millions of dollars of infringing products with Industria's trademarks. Indeed, Defendants' counsel advised the undersigned that their intention is to delay issuance of the injunction for as long as possible so that they can continue to selling infringing products using Industria's ZENÚ and RANCHERA trademarks, regardless of Judge McNulty's rulings that Defendants committed a fraud on the PTO when they filed for a registration in 2013 and that Defendants' use of the two marks violates Industria's rights under the Inter American Conference treaty.

In sum, Plaintiff requests that the Court rule on the reconsideration motion, lift the stay, as extended, and enter the injunction so that Defendants will be compelled to cease their infringing sales.

We thank the Court for its attention to these matters.

Respectfully submitted,

4914-2856-1952, v. 3

Letter to Judge Cecchi
March 3, 2025

Page 4 of 4

**WACHTEL MISSRY LLP**

By: /s/ Peter Raymond
Peter D. Raymond
praymond@wmllp.com

Jason L. Libou (NJ ID # 037442011)
jlibou@wmllp.com

**Gulko Schwed LLP**

Samuel Kadosh (NJ ID # 286862018)
skadosh@gulkoschwed.com

*Attorneys for Plaintiff
Industria de Alimentos Zenú S.A.S.*

cc: All counsel of record (via ECF)

4914-2856-1952, v. 3