# THE INGBER LAW FIRM

70 SOUTH ORANGE AVENUE
SUITE 105
LIVINGSTON, NEW JERSEY 07039

MARK J. INGBER*

TEL: (973) 921-0080
EMAIL: INGBER.LAWFIRM@GMAIL.COM

*MEMBER NJ & NY BAR

July 11, 2025

**VIA ECF**

Hon. Claire C. Cecchi, U.S.D.J.
United States District Court
for the District of New Jersey
50 Walnut Street
Newark, New Jersey 07102

Re:   *Industria de Alimentos Zenú S.A.S. v. Latinfood U.S. Corp. d/b/a Zenú Prods. Co., et al.*,
Civil Action No. 2:16-cv-6576-CCC-MAH

Dear Judge Cecchi:

We represent Defendants Latinfood U.S. Corp. and Wilson Zuluaga (collectively, "Defendants") in the above-referenced matter. We write in response to Plaintiff Industria de Alimentos Zenú S.A.S.'s June 10, 2025 letter seeking a conference—either in person or by video—to discuss the motions referenced in Plaintiff's March 3, 2025 submission. (ECF No. 376).

Plaintiff's request is a transparent attempt to circumvent the stay previously imposed by Judge McNulty. Notably, Plaintiff omits that Judge McNulty **stayed** his Order *specifically to prevent* the relief Plaintiff again seeks: a ruling without first satisfying the evidentiary burden he required. As this Court is aware, Plaintiff was required to demonstrate that it held the Colombian trademark registrations it claimed in its Complaint. It has never done so.

Indeed, the record contains an unrebutted expert declaration from Margarita Castellanos, a Colombian trademark specialist, who analyzed Plaintiff's claims and concluded that the required Colombian trademark documentation has never been submitted—because it does not exist in the public registry. (ECF No. 375-1). Plaintiff has never provided a counter-declaration or offered any evidence to contradict Ms. Castellanos' conclusions.

Yet, Plaintiff now writes to the Court as if its evidentiary failure does not exist. It does. Plaintiff is not entitled to injunctive relief, and instead of addressing the clear deficiencies identified by Judge McNulty, it simply urges the Court to lift the stay without scrutiny. (ECF No. 376.)

Remarkably, Plaintiff's latest letter comes more than four months after it received Ms. Castellanos' expert analysis—and still provides no explanation for its failure to meet the conditions Judge

McNulty articulated in his stay order (ECF No. 298). The letter does not engage with the substance of the evidence at all. It instead appears to seek an expedited decision while sidestepping the critical issue: Plaintiff has not shown that it owns the trademark rights it asserts.

Accordingly, Defendants renew their request, made in their February 21, 2025 letter (ECF No. 375), for the Court to set a briefing schedule so that the parties may fully address whether Judge McNulty's Summary Judgment Order should be vacated.

We thank the Court for its attention to this matter.


Very truly yours,

THE INGBER LAW FIRM

  /Mark J. Ingber/
By: Mark J. Ingber, Esq.